# LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

Fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

April 15, 2013

***KRISS v. BAYROCK GROUP LLC*** **(10-CV-3959)**

Hon. Lorna G. Schofield
Federal District Judge, SDNY
New York, New York 10007

**REQUEST FOR STAY OR FORBEARANCE**

**BY PACER**

Dear Judge Schofield:

On April 8, 2013 your honor ordered Plaintiff to send (i) to all defendants or counsels, letters sent the court the preceding week; and (ii) to defendant Sater or counsel, a redacted and a first amended complaint. Plaintiffs complied with the April 8 order and so counsel for Mr. Sater has had the redacted and first amended complaints as of April 12. Accordingly, his response will be due in three days, on April 18.

On April 12, 2013, Walter Saurack, counsel for certain defendants including Bayrock Group LLC, a New York limited liability company, sent a partially *ex parte* letter to the court requesting his clients be allowed to review that amended complaint on grounds it may contain "privileged or confidential" communications.

The undersigned wish to respond in detail to Mr. Saurack's letter, but have filings due this Friday, April 19, in a related matter in the U.S. Supreme Court and before Judge Glasser. We take no view whether, but do not concede, Mr. Saurack's letter is properly before the court as to procedure and form, but if the court intends to entertain it, **we request the court forbear from taking any action in response to it until we have been allowed through and including April 22, 2013 to respond to it**. No harm can come.

Moreover, to confirm the importance of a detailed response, the court should note the following. There is much more but that must wait the time to collect and present all documents and arguments:

First, we believe plaintiff Kriss controls Bayrock Group LLC. To say Mr. Saurack is acting against Mr. Kriss's wish in trying to cover up criminal conduct of Mr. Schwarz, Mr. Halberg, Mr. Arif, and Mr. Sater in their conduct of Bayrock is to say something of heroic understatement. And even if any information were possibly privileged, which we deny, besides crime fraud exception Mr. Kriss asserts fiduciary waiver.

Second, Mr. Saurack failed to inform the court that **three years ago Julius Schwarz, Bayrock's CEO and house General Counsel, willfully and intentionally destroyed any claim to privilege or confidentiality when over several days he purposely transmitted the complaint, with all that purportedly "privileged or confidential" information in it, to dozens of persons, including to Mr. Sater**. Mr. Schwarz, $720,000 year general counsel formerly at Akerman Senterfitt as a partner and before that at Wachtell, obviously knew what he was doing when he broadcast it. Mr. Saurack should have disclosed this. He should have told the court that he was asserting claims of privilege that he himself knew his client had intentionally waived years ago, and Mr. Saurack knew this because he himself prepared, and in one case at least signed, affidavits admitting the intentional disclosures, one, originally filed on Judge Glasser's docket in November 2010, is attached, Exh. A, and one the court will find in its files we filed here in October 2010.

/s/ Frederick M. Oberlander
Counsel for Plaintiffs

/s/ Richard E. Lerner
Co-Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
United States, plaintiff,

    -against-

Felix Sater, defendant.
----------------------------------------------------------X

Felix Sater, petitioner,

    -against-

Frederick M. Oberlander, Jody Kriss and
Chudi Ejekam, non-party respondents.
----------------------------------------------------------X

98-CR-1101

**Declaration of Julius R. Schwarz**

# Filed Under Seal

# EXHIBIT A

    I, Julius R. Schwarz, being duly sworn, depose and say under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

    1.    I am an attorney admitted to practice law before the courts of the States of New York and Florida.

    2.    I am currently employed as Executive Vice President and General Counsel of Bayrock Group LLC.

    3.    On May 12, 2010 I received an email from the Miami, Florida law firm of Akerman Senterfitt LLP, with the following attachments: The Southern District of New York complaint in the matter of *Kriss et al. v. Bayrock Group LLC et al.*, together with Exhibits A through E thereof.

    4.    After receipt of the email, I forwarded it, with all attachments, on May 12, 2010 to the following individuals: (i) one email was sent to Felix Sater, a former Bayrock Group, LLC employee and a named defendant, Brian Halberg, a then in-house attorney at Bayrock Group, LLC and a named defendant, and Mel Dogan, counsel for Tevfik Arif and a named defendant (in each case it was sent in the "to" or "cc" list); and (ii) another email was sent to Teddy Klinghoffer and Andrew Smulian, a senior partner and the Chairman, respectively, of Akerman Senterfitt LLP. Akerman has and continues to represent Bayrock Group, LLC and certain affiliated entities on various matters. I also forwarded the complaint without the attachments on May 12, 2010 to Adam Gilbert, partner at Nixon Peabody LLP, former counsel for Bayrock Group, LLC and a named defendant in the complaint, and on May 13, 2010 I forwarded the complaint without the attachments to the following individuals: (1) Alex Salomon of the accounting firm Salomon & Company, a named defendant and the accounting firm representative for Bayrock Group, LLC and certain of its affiliated entities in one email; and (2) another email was sent to Craig Brown and Bruce Stachenfeld, partners and attorneys at Duval & Stachenfeld LLP, and Elliot Pisem, partner at Roberts & Holland LLP, each of whom are named defendants and prior counsel to Bayrock Group, LLC and certain of its affiliated entities (in each case it was sent in the "to" or "cc" list). On May 17, 2010, I forwarded an email to all of the above referenced persons with a copy of the Order from Judge Buchwald barring further dissemination of the complaint.

I state the foregoing under penalty of perjury this 17th day of November 2010.

_____
Julius R. Schwarz