USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 23, 2013

SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: zjasper@ssbb.com
Direct Dial: (212) 404-8752

July 22, 2013

*Via Email (Schofield_NYSDChambers@nysd.uscourts.gov)*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al.*</u>

Dear Judge Schofield:

    This office represents defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock").

    Pursuant to this Court's Order of July 19, 2013 (Dkt. No. 50), we write regarding the Court's request that the parties submit a proposed Order of reference. On July 18, 2013, Bayrock submitted a proposed Order of reference, which incorporated Plaintiffs' proposed comment. Plaintiffs then sought additional leave for the submission of the proposed Order. The Court extended the deadline for the parties' submission until 5:00 pm today. Despite the Court's July 16 and July 19 Orders, Bayrock has not received any alternative proposed language for the draft Order from Plaintiffs.

    Instead, Plaintiffs sent the undersigned's Firm a letter demanding that it withdraw immediately from this litigation. Plaintiffs audaciously state that they would not discuss language of a proposed Order of reference unless this Firm "satisfied" Mr. Lerner that the undersigned's Firm takes its ethical responsibilies "seriously." Plaintiffs state:

> To keep this brief, I am tasking Mr. Lerner today with reaching out to you to discuss what must be the immediate resignation of you and your firm. I am preparing a version of this letter and a proposed reference order for the Court. I will exchange drafts with you later today if in good faith you have satisfied Mr. Lerner that you take your ethical issues seriously and want out of this without the

liability already attached to you growing even worse than it already is" (copy attached)[1].

Rather than respond to Plaintiffs' coercive threats, Bayrock requests that as a result of Plaintiffs' failure to meet and confer, that they be deemed to have waived any comments on Bayrock's proposed Order of reference.

If the Court considers Plaintiffs' apparent objection that Judge Maas should have a hearing on the crime fraud exception to the attorney-client privilege, Bayrock avers that such a hearing is inappropriate and premature.

Cases permitting a hearing on disclosure of privileged documents pursuant to the crime/fraud exception do so when a party comes to the Court with clean hands in discovery proceedings. *See e.g.* (*Amusement Industry, Inc. v. Stern*, --- F.R.D. ----, 2013 WL 498724 S.D.N.Y., February 11, 2013). Here, Plaintiffs' First Amended Complaint ("FAC") is based primarily upon converted privileged and confidential information, and they are attempting to justify after-the-fact their use of this protected information. Indeed, Plaintiffs apparently concede that the FAC and the Original Complaint are based on converted, privileged material. Before they are entitled to litigate the crime-fraud exception, however, the Complaint to the extent that the Court allows it to survive (which as set forth in Bayrock's May 9, 2013 correspondence to the Court Bayrock avers should not be the case), should be purged of privileged and confidential information, the protected documents should be disgorged and returned to Bayrock, and Plaintiffs should be ordered to attempt to obtain the information through discovery proceedings like any other litigant.

Had the Plaintiffs followed the prior suggestion of this Court and purged the Complaint of privileged and confidential information, it likely would have resembled a Complaint filed in a prior action by Plaintiff Kriss in the Chancery Court of Delaware. The Court in that action found years ago that Plaintiff Kriss' claim should have been arbitrated; and his discovery requests for privileged information under the crime-fraud exception likely also would have been subject to arbitration. Rather than heed the suggestions and orders of this Court and the Delaware Chancery Court, Plaintiffs have for years wasted and continue to waste the Court's and Defendants' time and resources by attempting to file a complaint containing converted privileged information.

Additionally, before the crime-fraud exception is litigated, Plaintiffs' counsel would have to be disqualified because they already have reviewed and in fact converted the privileged and confidential documents at issue. They should not be permitted to use the unfair advantage they obtained in converting the privileged and confidential information to their clients' benefit. Plaintiffs should be forced to retain new counsel who is untainted by knowledge of the converted information.

---

1   Should Plaintiffs seek a pre-motion conference to disqualify the office of the undersigned, counsel will respond under separate cover at that time.

    Rather than holding a hearing on condoning Plaintiffs' unauthorized use of converted privileged and confidential information, the hearing should be held on what material in the FAC is privileged and how it was obtained. Then, the Complaint should be dismissed or, in the alternative, limited to information derived from public sources. Only if the FAC survives, and remains before the Court should the Court even entertain any requests by Plaintiffs to litigate the crime-fraud exception. Accordingly, Bayrock respectfully urges that the Court enter its proposed Order of reference.

Respectfully submitted,

Zoë E. Jasper

cc:  Frederick M. Oberlander, Esq. (*via* e-mail, fred55@aol.com)