**MEMO ENDORSED**

# LAW OFFICES OF FREDERICK M. OBERLANDER, P.C.

FREDERICK M. OBERLANDER
ATTORNEY AT LAW

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

fred55@aol.com

November 19, 2013

Via Email and Fax to (212) 805-6724

Hon. Magistrate Frank Maas
United States District Court S.D.N.Y
New York, NY 10007-1312

Not Sent by ECF in Caution

Re: *Kriss et al. v. Bayrock Group LLC, et al.* 10-cv-3959

FRCP 6 Second Request for Enlargement of Time to Complete Filing Opposition Papers from Nov. 15th to Nov. 19th for Counsel Illness

Dear Magistrate Maas:

This evening, at 9:00 pm, counsels emailed the affidavit of lead Plaintiff Jody Kriss, along with 100 pages of exhibits, in opposition to Bayrock Group's motion. We received their papers a bit later.

We are finalizing the accompanying memorandum of law, and a few remaining exhibits thereto. However, we beg the court's indulgence in allowing us to email it tomorrow.

We have had to do massive work because Bayrock's motion is procedurally improper yet we cannot risk standing on assertion of that impropriety. Inter alia they have asked for dispositive relief on the merits, seeking specific performance of a contractual confidentiality provision yet have not answered and so not counterclaimed in breach for it, making this effectively *inter alia* a motion for summary judgment in lieu of a complaint (or counterclaim), which exists in New York procedure but does not in federal practice in this manner. That in turn implicates Plaintiffs' rights to jury trial of facts relevant to any issues that would be preclusive as to contract claims for damages in excess of $20 and moreover anything adjudicating the merits is outside the scope of reference, especially requests for injunctive relief, which are in there too. And there are at least two motions for contempt sanctions buried in their papers as well, though not properly presented as such, which don't come close to satisfying Local Rule 83.6 requirements but no attorney would simply say, "Wrong form and you didn't serve it right either" and risk an adverse determination of waiver

Because we have chosen to do as much of point by point denial as possible rather than simply say, "this is wrong, they can't do this," and frankly was an amazing job to get it into 25 pages, so we may avoid any issue of waiver and because Mr. Lerner was indeed far more ill than thought and is only able to work well a few hours a day, we believe this is good cause to ask for a brief additional extension.

We regret having to make this request for an additional day's time but assure the court we have done our best and we don't believe Bayrock can be prejudiced, though at this hour of course we have not been able to get their consent, which we will forward in the morning if they don't decline.

Respectfully submitted,

/s/ Frederick M. Oberlander
Counsel for Plaintiffs

/s/ Richard Lerner
Co-Counsel

**APPLICATION GRANTED
SO ORDERED**

Frank Maas, USMJ 11/20/13