# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)                                        212.826.0357 TEL
MONTAUK, NEW YORK 11954                                            212.202.7624 FAX
                                                                   FRED55@AOL.COM

June 11, 2014

Hon. Frank Maas, U.S.M.J.
Southern District of New York                          re: 10-CV-3959 *Kriss v. Bayrock*
By ECF and fax to (212) 805-6724

## REQUEST FOR URGENT STAY OR ABEYANCE

Dear Judge Maas:

We most respectfully request additional time to comply with all aspects of the court's Order of May 29, 2014, ECF 68 (the "Order") pertaining to disclosure of sources for allegations in the FAC.

Because of the grave ethics and privilege issues raised, and the possibility of even inadvertent but still irreparable harm in the performance of what *may* require, at least as we now think we understand it, a huge disclosure, we have retained independent ethics counsel, Pery D. Krinsky, Esq., to assist and advise plaintiffs' counsel regarding the ethical implications raised in connection with counsel's obligations in responding to the Order.

Mr. Krinsky requires several more days, at a minimum, to familiarize himself with the facts of the case, and formulate an opinion as to a course of conduct to ensure that counsels' actions are consistent with its ethical obligations, and that its clients' interests are protected – while absolutely ensuring that counsels' conduct complies with Your Honor's order.

This request has been necessitated, in part, by Mr. Krinsky's pre-existing teaching and litigation schedule during and over the last approximately ten days, including, but not limited to, his required appearances with a lawyer-client for an all-day deposition at the Grievance Committee for the Second Judicial Department; with a lawyer-client for an all-day deposition at the Departmental Disciplinary Committee for the First Department; with a lawyer-client for an all-day proffer session at the United States Attorney's Office, Southern District of New York; with a lawyer-client for a half-day proffer session at the Manhattan District Attorney's Office; his required responses to two Orders to Show Cause and five answers, on behalf of attorney-clients, to attorney disciplinary complaints; and his teaching ethics CLE programs for the New York State Bar Association and the New York County Lawyers' Association.

Accordingly please note that on Monday, June 9th, we advised counsel for Bayrock and for Mr. Sater that we wished to arrange a telephonic conference with your honor for this purpose. However, Bayrock's counsel has advised that he could not set aside any time for a conference call for several days and still now has not yet advised us he is available, while Mr. Sater's counsel has declined to advise whether he wished to participate in a conference call.

   We request that the court so-order this letter, staying, or abeying compliance with, those disclosure aspects and directing that we report back to Your Honor by Tuesday, June 17, 2014, as to the issues identified and reported directly by our outside ethics counsel, Mr. Krinsky, to the Court, and whether he will require more time to complete his analysis of the ethics-related issues raised herein, and how much time may be necessary to fully comply with the Court's directive.

   And we request the court schedule a telephonic conference for June 18th, 2014, or as soon thereafter as counsel may be heard.

*****

   Finally, we have styled this a request for a stay or abeyance rather than a request for enlargement pursuant to FRCP 6 so we may advise Judge Schofield if the court grants same and request she also stay the running of the FRCP 72 review period accordingly. Nevertheless as FRCP 6 would legitimately provide the same practical relief by enlarging time, in other words is co-extensive as to remedy, we also seek this relief thereunder and we respectfully note that as this request is made before expiration of the original deadline, pursuant to 6(b)(1), esp. 6(b)(1)(A), it is properly by letter not motion, and the applicable standard includes good cause, as has been shown. No prior request has been granted on this issue and as noted counsels have not responded on point.

Respectfully submitted,

/s/

Frederick M. Oberlander

Of counsel: Richard E. Lerner

cc: (via email)
   Pery Krinsky, Esq.
   Walter Saurack, Esq.
   Nader Mobargha, Esq.