SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

June 12, 2014

**By ECF**

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

>    Re:    1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al.*
>              <u>Plaintiffs' request for an "urgent stay" of the May 29 Order</u>

Dear Judge Maas:

  We represent defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock"). We write to oppose Plaintiffs' letter request, filed yesterday, for an "urgent stay or abeyance" of the May 29, 2014 order (the "Order") directing them to disclose the specific sources of the allegations in the First Amended Complaint ("FAC").

  Plaintiffs' letter requests a stay of the Order so that Plaintiffs may have more time to consult with "ethics counsel" who will conduct an "analysis of the ethics-related issues raised herein". There is no good cause to grant such relief. Plaintiffs' letter demonstrates that Plaintiffs have no intention of complying with the order to disclose their sources. Instead, they apparently intend to argue the merits of the Order, despite the Court's specific warning that it "expects to receive a chart, not further argument concerning the propriety of the FAC, from Plaintiffs' counsel." (Order at 13.)

  The Court's Order could not be clearer. After finding that "Plaintiffs have flouted my [September 13, 2013] directive and Judge Buchwald's prior request [to provide the specific sources for the allegations]", the Court ordered:

> I will afford Plaintiffs and their counsel one last opportunity to comply with the directive that they cite the specific sources of each of the allegations to which the Defendants have objected in Exhibit A on privilege, work product, or confidentiality grounds. Plaintiffs are directed to provide a chart containing this detailed information by June 12, 2014. On the chart, the factual source for each contested allegation is to be identified with sufficient specificity that the Court and opposing counsel can determine whether documents that arguably are privileged or work product or sealed were relied upon as the basis for the allegation.

1962345_1

SATTERLEE STEPHENS BURKE & BURKE LLP

Hon. Frank Maas
June 12, 2013
Page 2

> So that there will be no ambiguity, Plaintiffs are cautioned that if they fail to comply with this directive, I will recommend that the proposed FAC and all prior pleadings be dismissed with prejudice. In that regard, the Court expects to receive a chart, not further argument concerning the propriety of the FAC, from Plaintiffs' counsel.

(Order at 12-13.)

As discussed in the Order, this is not the first time that Plaintiffs have been ordered to provide this information and not the first time that Plaintiffs have refused to comply. Judge Buchwald first strongly suggested that Plaintiffs do so in her letter dated December 16, 2010. Plaintiffs were then ordered to do so by this Court in its September 13, 2013 order. This is merely the latest instance of Plaintiffs' disregard of the Court's orders. A stay is not warranted because the Order is not under review; Plaintiffs have not appealed or moved for reconsideration.

Plaintiffs have failed show good cause for additional time at this juncture to consider "ethics-related issues". The Court ordered Plaintiffs to disclose this information nine months ago. Judge Buchwald suggested Plaintiffs do so in 2010. To the extent that Plaintiffs' counsel have any ethical concerns about disclosure, they have been well aware of them for years and could have addressed them long ago. We also note that this is at least the seventh time in this or related cases that Plaintiffs' counsel has requested "urgent" or eleventh-hour relief.[1]

Plaintiffs have flouted the Order to disclose the sources for the allegations in the FAC and have shown no good cause for their continued non-compliance. Bayrock requests that this Court deny Plaintiffs' request for an "urgent stay or abeyance" and that plaintiffs comply with the Order.

Respectfully submitted,

Walter A. Saurack

cc: (*via email*) Frederick M. Oberlander, Esq.
    Richard Lerner, Esq.
    Michael Beys, Esq.

---

[1] Plaintiffs' counsel also mischaracterizes our exchange on this matter. I was not contacted about this issue until Monday, and at that time plaintiffs' counsel represented only that they were seeking "clarification" of the Order via a conference with the Court and possibly an extension of time to comply. Plaintiffs' counsel did not state that he was seeking time to consult with "ethics counsel." I informed him that in my view, the Order was clear, that I was not available for a conference for the next several days and that any requests for additional time should be made in writing to the Court, per Your Honor's individual practices.

1962345_1