# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

www.ssbb.com

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

June 13, 2014

**By ECF**

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al*.
              Plaintiffs' failure to comply with the May 29th Order

Dear Judge Maas:

      We represent defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock").  We write to request dismissal of the FAC, per the Court's May 29, 2014 order (the "Order") for Plaintiffs' failure to comply with the Order.

      The Order is the third time in three years that Plaintiffs have been directed to disclose the sources for the allegations in the FAC, and the third time Plaintiffs have failed to comply.  Judge Buchwald "strongly suggested" Plaintiffs do so in her December 16, 2010 letter.  This Court ordered Plaintiffs to do so in its September 13, 3013 Order.  Finally, finding that Plaintiffs "flouted" the September 13 Order by submitting an "incomprehensible" color-coded FAC which disclosed nothing, this Court gave Plaintiffs "one last opportunity" to comply by June 12, or otherwise the FAC would be dismissed.  (Order at 10, 12.)

      The Order was quite clear in what the Court required:

> [T]he Court must know the specific source of each of the allegations challenged by the Defendants. Only in this manner will the Court be able to determine whether the public sources upon which Plaintiffs allegedly rely acquired the information impermissibly, through Plaintiffs' leaks of information from the Bernstein hard drive, or legitimately through other means.  As the matter now stands, the Court cannot determine the extent of their improper reliance on purloined documents, if any, and whether the FAC should be dismissed or other sanctions should be imposed.
>
> In these circumstances, I will afford Plaintiffs and their counsel one last opportunity to comply with the directive that they cite the <u>specific sources</u> of each of the allegations to which the Defendants have objected in Exhibit A on privilege, work product, or confidentiality grounds. Plaintiffs are directed to provide a chart containing this <u>detailed information</u> by June 12, 2014. On the chart, the factual source for each contested allegation is to be identified with

sufficient specificity that the Court and opposing counsel can determine whether documents that arguably are privileged or work product or sealed were relied upon as the basis for the allegation.

So that there will be no ambiguity, Plaintiffs are cautioned that if they fail to comply with this directive, I will recommend that the proposed FAC and all prior pleadings be dismissed with prejudice. In that regard, the Court expects to receive a chart, not further argument concerning the propriety of the FAC, from Plaintiffs' counsel.

(Order at 12-13) (emphasis added).

Plaintiffs' submission fails to comply in every way.

- First, Plaintiffs' chart flouts the Order by failing to specify the specific public source for each allegation claimed to be have been derived, in whole or in part, from a public source. This is exactly what the Order found deficient in the color-coded FAC: "Plaintiffs simply have indicated whether there allegedly are public sources for some or all of the allegations set forth therein. There has, however, been extensive press coverage of this and the related lawsuits. Accordingly, merely noting that a particular factual assertion can be partially or wholly corroborated from a public source says virtually nothing about its actual provenance." (Order at 11) (Citations omitted). Despite this specific directive, Plaintiffs' chart discloses no specific public source but simply notes that a paragraph is sourced from "DOCUMENTS, INCLUDING FOR WHICH THERE ARE PUBLIC SOURCES (PENDING SUPPLEMENTAL DESCRIPTION)". The chart merely restates in chart form what the Court found deficient in the color-coded FAC.

- Second, Plaintiffs' chart is incomprehensible, just as the Court judged the color-coded FAC to be. It indicates in many entries, for example, that the source of a paragraph is "ATTORNEY CLIENT COMMUNICATIONS (KRISS), WORK PRODUCT, DOCUMENTS, INCLUDING FOR WHICH THERE ARE PUBLIC SOURCES (PENDING SUPPLEMENTAL DESCRIPTION)" (e.g., ¶ 12). This entry is repeated hundreds of times throughout the chart. Other incomprehensible entries include "COMMUNICATIONS WITH, SELF-DOCUMENTING EMAILS PROVIDED BY, AND SATER CRIMINAL DOCUMENTS NOW FREELY USALBLE PROVIDED BY BERNSTEIN" (e.g., ¶ 130) and "BASIS IS OVERLAPPING BETWEEN BERNSTEIN AND OTHERS AND PUBLIC SOURCES AND PLAINTIFFS HAVE NOT YET COMPLETELY SEPARATED THE COMPONENTS" (e.g., ¶ 131). The chart utterly fails to comply with the Court's directive that "the factual source for each contested allegation is to be identified with sufficient specificity that the Court and opposing counsel can determine whether documents that arguably are privileged or work product or sealed were relied upon as the basis for the allegation." (Order at 12.) Again,

>   Plaintiffs' chart appears to be merely the color-coded FAC already judged to be deficient in chart form.

- <u>Third</u>, despite Court's disapproval of Plaintiffs' failure to provide any information on "material objected to pursuant to Rule 12(f)" (Order at 10), Plaintiffs have again failed to provide information on the sources of those paragraphs.

- <u>Fourth</u>, Plaintiffs have defied the Court's directive that they not submit "further argument" by submitting a three-page, single-space cover letter arguing both the permissibility of their use of purloined documents and the merits of the Order.

- <u>Fifth</u>, in spite of the Court's denial of Plaintiffs' June 11 request for an "urgent stay or abeyance" of the Order so that Plaintiffs could consult with "ethics counsel", Plaintiffs have refused to provide the sources for many paragraphs on the grounds of "ethical constraints" and have indicated that they intend to change the submission after consultation with ethics counsel.1  (Plaintiffs' cover letter at 1.)

Plaintiffs' submission fails to comply with the Order in every respect and thus the FAC should be dismissed.  The FAC should also be dismissed because it is clear, despite the chart's attempt to obfuscate the fact, that the FAC is overwhelmingly sourced directly from purloined documents obtained from Bernstein.  Plaintiffs' counsel admits in the cover letter that Bernstein provided information used in the FAC.  (Plaintiffs' cover letter at 1.)

Accordingly, for the foregoing reasons, Bayrock respectfully requests that the FAC in this matter and all prior pleadings be dismissed with prejudice, per the Court's prior Order.

>   Respectfully submitted,
>
>   Walter A. Saurack

cc: (*via email*) Frederick M. Oberlander, Esq.
    Richard Lerner, Esq.
    Michael Beys, Esq.

---

1 In spite of the Court's denial of their request for a stay or enlargement of time to respond, Plaintiffs have also asked again for an enlargement of time until Monday, June 16, in their cover letter. (Plaintiffs' cover letter at 3.)

1963324_1