UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. L. KRISS and MICHAEL "CHUDI" EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;<br><br>Plaintiffs,<br><br>v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br><br>Defendants,<br>and<br><br>BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC;<br><br>Nominal Defendants (Derivative Plaintiffs). | No. 10-CV-3959 |

**BAYROCK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE'S ORDER**

# TABLE OF CONTENTS

                                                                                                  **PAGE**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

    POINT I
THE COURT SHOULD NOT SET ASIDE THE MAGISTRATE'S NON-
DISSEMINATION ORDER ................................................................................................. 4

        A.     THE STANDARD FOR REVIEW ................................................................. 4

        B.     A MAGISTRATE JUDGE HAS THE INHERENT POWER TO ISSUE
               SUCH A NON-DISSEMINATION ORDER ................................................. 4

        C.     A COURT HAS THE AUTHORITY TO REGULATE A PARTY'S USE
               OF DOCUMENTS ACQUIRED OUTSIDE OF DISCOVERY ...................... 6

    POINT II
THE MAGISTRATE DID NOT ERR IN SEALING THE COMPLAINT
IN *KRISS 2* ........................................................................................................................... 8

    POINT III
THE COURT SHOULD NOT GRANT PLAINTIFFS' REQUEST
FOR ADDITIONAL TIME ................................................................................................. 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bridge C.A.T. Scan v. Technicare,*
 710 F.2d 940 (2d Cir. 1983) .................................................................................. 6, 7

*Chambers v. NASCO, Inc.,*
 501 U.S. 32 (1991) ....................................................................................................4

*Fayemi v. Hambrecht & Quist, Inc.,*
 174 F.R.D. 319 (S.D.N.Y. 1997) ..............................................................................7

*Gumbel v. Pitkin,*
 124 U.S. 131 (1888) ..................................................................................................4

*Herrera v. Clipper Grp., L.P.,*
 97-CIV-560 (SAS), 1998 WL 229499 (S.D.N.Y. May 6, 1998) ...............................8

*Int'l Products Corp. v. Koons,*
 325 F.2d 403 (2d Cir. 1963) .....................................................................................4

*Pure Power Boot Camp v. Warrior Fitness Boot Camp,*
 587 F.Supp.2d 548 (S.D.N.Y. 2008) .........................................................................4

*Sackman v. Liggett Group, Inc.,*
 173 F.R.D. 358 (E.D.N.Y. 1997) ..............................................................................9

*Smith v. Armour Pharmaceutical Co.,*
 838 F. Supp. 1573 (S.D.Fla.1993) ........................................................................5, 7

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,
AFL-CIO,*
 948 F.2d 1338 (2d Cir. 1991) ...................................................................................4

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ..................................................................................................4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 72 ...................................................................................4

Defendants Bayrock Group LLC ("BG"), Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC ("Bayrock") submit this memorandum of law in opposition to Plaintiffs' June 12, 2014 motion for relief from a magistrate's non-dispositive pre-trial order dated May 29, 2014 (the "May 29 Order").

## **PRELIMINARY STATEMENT**

Plaintiffs' motion for relief from the magistrate judge's order is completely without merit. Judge Maas's May 29 Order challenged by Plaintiffs found that Plaintiffs had "flouted" the Court's September 13, 2013 Order to disclose the sources used in Plaintiffs' First Amended Complaint ("FAC") and gave them "one final opportunity" to comply by submitting a compliant chart by June 12, 2014. Plaintiffs do not challenge this part of the Order. What Plaintiffs challenge is the corollary directive to that Order that, pending the Court's determination of whether Plaintiffs improperly used Bayrock's privileged and confidential information as the basis for the FAC, Plaintiffs are "directed not to disseminate further the contested information." (May 29 Order at 14.)

Such an order is well within a magistrate judge's inherent powers to control its own process and prevent abuses, and is particularly appropriate here given Plaintiffs' history of misconduct. If Judge Maas was unable to issue such a directive, his forthcoming decision on whether Plaintiffs improperly used Bayrock's privileged and confidential information as the basis for the FAC, and appropriate sanctions, would be pointless; Plaintiffs could have disseminated the documents wherever they chose with impunity, and Bayrock would have already been irrevocably harmed. The risk that Plaintiffs would do just that is quite high – Plaintiffs' counsel is the subject of a criminal

1

investigation in the Northern District of New York for disseminating information sealed as part of a criminal proceeding, and civil contempt proceedings before Judge Brian Cogan in the Eastern District of New York concerning the same matter. It should also be noted that this Court on several occasions also ordered Plaintiffs not to disseminate the FAC or predecessor pleadings based on the same risk.

There being no basis for Plaintiffs' motion to set aside the Magistrate's May 29 Order, it should be denied.

## STATEMENT OF FACTS

A statement of the facts pertinent to the May 29 Order at issue in this motion was set forth in the May 29 Order, and Bayrock refers this Court to that statement. Bayrock provides this supplemental statement of facts to discuss the order and subsequent events.

On May 29, 2014, Judge Maas issued an order which, for the third time, directed Plaintiffs to disclose the sources of the allegations in the FAC (the "May 29 Order"). The May 29 Order found that Plaintiffs "flouted my [September 13, 2013] directive and Judge Buchwald's prior request [to provide the specific sources for the allegations]" by submitting an "incomprehensible" color-coded FAC which failed to disclose "whether documents that arguably are privileged or work product or sealed were relied upon as the basis for the allegation", as the September 13 Order required. (May 29 Order at 12.) Judge Maas gave Plaintiffs "one last opportunity" to comply by June 12, 2014 or otherwise the FAC would be dismissed. (*Id.* at 10, 12.)

Because Plaintiffs had failed to comply with the September 13 Order, the Court reserved decision on the portion of Bayrock's motion seeking sanctions for Plaintiffs' use of Bayrock's privileged and confidential materials and requesting the return of such

2

materials, pending the Court's determination as to the "impropriety of the Plaintiffs' acquisition of the documents until such time as the Plaintiffs comply with the Court's order [to provide the sources of the allegations of the FAC]". (*Id.* at 13-14). Pending Plaintiffs' new submission and the Court's decision after considering such submission, the Court ordered that "Plaintiffs are, however, directed not to disseminate further the contested information." (*Id.* at 14.)

On June 11, 2014, Plaintiffs filed a letter request for an "urgent stay or abeyance" of the May 29 Order so that so that Plaintiffs may have more time to consult with "ethics counsel" who will conduct an "analysis of the ethics-related issues raised" and report back to the Court on a "possible" date for Plaintiffs' submission by June 17. Judge Maas summarily denied the request. On June 12, Plaintiffs submitted an admittedly "incomplete" chart, another admittedly "incomplete" chart on June 13, and a supposedly "complete" chart at 11:29 p.m. on June 16. After reviewing Plaintiffs' charts, Bayrock submitted letters to Judge Maas objecting to the charts as non-compliant with his Orders because, *inter alia*, they failed to provide specific sources for the allegations in the FAC, as the May 29 Order required.

Also on June 12, Plaintiffs filed this motion for relief from Judge Maas's May 29 Order, primarily, that part of the order which precludes them from "disseminat[ing] further the contested information" pending the Court's decision on the impropriety of Plaintiffs' use of Bayrock's privileged and confidential material.

1965398_4

# ARGUMENT

# POINT I

## THE COURT SHOULD NOT SET ASIDE THE MAGISTRATE'S NON-DISSEMINATION ORDER

### A. The Standard for Review

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A), a district judge may modify or set aside any part of a magistrate's order that is "clearly erroneous or contrary to law." Contrary to Plaintiffs' argument, the proper standard is not "de novo" because, for the reasons set forth below, this is not an injunction providing for a prior restraint.

### B. A Magistrate Judge Has the Inherent Power to Issue Such a Non-Dissemination Order

Plaintiffs' first argument is that the order is an injunction which requires evidentiary hearing and due process before it could be issued. (Pls. Br. at 10-11.) However, the non-dissemination order was not an injunction but as the May 29 Order explained, a directive pursuant to a court's power to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

It is well-settled that courts have inherent equitable authority "over their own process, to prevent abuses, oppression, and injustices." *Int'l Products Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (*quoting Gumbel v. Pitkin*, 124 U.S. 131 (1888); *see also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (Courts' inherent power to sanction stems from "the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pure Power*

1965398_4

*Boot Camp v. Warrior Fitness Boot Camp*, 587 F.Supp.2d 548, 568 (S.D.N.Y. 2008) (finding that court had inherent equitable powers over party's use of stolen information); *Smith v. Armour Pharmaceutical Co.*, 838 F. Supp. 1573, 1578 (S.D.Fla.1993).

It is self-evident that Judge Maas's May 29 Order falls within this category. Plaintiffs' counsel time and again have demonstrated their disregard for court authority by distributing materials under seal. As the May 29 Order took note, Judge Glasser had to order Plaintiffs' counsel Oberlander from disseminating sealed materials concerning defendant Felix Sater. (May 29 Order at 4.) Due to the flagrant violation of the sealing orders in place in a criminal case, a civil contempt case was begun against Plaintiffs' counsel for disclosing such documents, *In re Motion for Civil Contempt by John Doe*, 12-mc-00557-BMC (E.D.N.Y.). Subsequently, the U.S. Attorney for the Northern District of New York commenced a criminal investigation into Plaintiffs' counsel's disclosure of sealed documents. That investigation is currently ongoing. The civil contempt case is currently stayed pending the results of the investigation.

Moreover, Plaintiffs also have a long history of making Bayrock's confidential documents public, such as in complaints publicly filed in the Delaware Chancery Court, and then claiming that such information is "public" and thus "fair game" for Plaintiffs to use.[1] In the May 29 Order, Judge Maas specifically noted that there had been extensive news coverage of the lawsuit (due to Plaintiffs) and held that Plaintiff could not use this as an excuse for using privileged and confidential information in the FAC: "Merely

---

[1] It should also be noted that Plaintiffs are attempting to use the same tactic in this very motion; they claim that the sealed complaint in a duplicative action they filed, *Kriss et al. v. Bayrock Group LLC et al.*, No. 13-cv-3905 ("*Kriss 2*"), which replicates privileged information contained in the FAC, should be made publicly available because "the genie out of the bottle" after they improperly publicly filed it. *See* Point II, *infra*.

noting that a particular factual assertion can be partially or wholly corroborated from a public source says virtually nothing about its actual provenance." (May 29 Order at 11.)

Judge Maas thus had more than ample reason to believe that a non-dissemination order was necessary in order to protect the proceedings before him. This Court also came to the same conclusion; before this Court referred the matter to Judge Maas, it also ordered Plaintiffs not to file or serve the FAC except on Bayrock. (May 31, 2013 Order (ECF No. 38)) If Judge Maas could not issue the non-dissemination order, his review of whether Plaintiffs improperly based the FAC on purloined documents and if so, a levy of sanctions, would be pointless. What good would it do Bayrock if Judge Maas eventually ordered Plaintiffs to return Bayrock's privileged and confidential documents, if in the meantime, Plaintiffs were free to disseminate the materials with impunity? Bayrock would already be irrevocably harmed by the dissemination of its sensitive privileged and confidential information. Plaintiffs' abuse of the judicial process is exactly what a court's inherent authority "over their own process, to prevent abuses, oppression, and injustices" was meant to address.

### C. A Court has the Authority to Regulate a Party's Use of Documents Acquired Outside of Discovery

Plaintiffs also challenge the non-dissemination order on the grounds that a Court may control information obtained through discovery but may not prohibit a party's "extra-judicial dissemination of information obtained without the use of court process." (Pls. Br. at 1). Such a distinction, however, is not supported by law.

Plaintiffs cite *Bridge C.A.T. Scan v. Technicare*, 710 F.2d 940 (2d Cir. 1983) for the proposition that a court may not regulate a party's dissemination of materials it has acquired through extra-judicial process. However, a key foundation of the Second

6

1965398_4

Circuit's holding was that there was no evidence that plaintiff "had come by the information by other than legitimate means." *Id.* at 946. The same cannot be said here. Plaintiffs' counsel has in fact admitted through the various charts and color-coded FAC submitted that he used converted Bayrock privileged and confidential information in the FAC.

In fact, courts in this circuit have specifically recognized this limitation on *Bridge's* holding. *See Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 324 (S.D.N.Y. 1997). In *Fayemi*, plaintiffs made this same argument that the court could not exercise control over information obtained outside the discovery process, citing *Bridge*. *Id.* at 324. The court held that it could, explaining,

> In [*Smith v. Armour Pharmaceutical Co.*, 838 F.Supp. 1573, 1578 (S.D. Fla. 1993)], the court posed a hypothetical situation that presents the issue starkly: "Suppose a plaintiff burglarized a defendant's premises and secured privileged documents. Could one seriously contend that a court could not prohibit the use of those documents in the proceeding before it simply because the documents were not obtained through the court's discovery process?" *Smith*, 838 F. Supp. at 1578. The facts alleged by the defendants in this case closely track the *Smith* hypothetical. And, as in that case, the court here has the inherent authority to sanction a party who attempts to use in litigation material improperly obtained outside the discovery process.

*Id.* at 324 (citations omitted).

The *Fayemi* court concluded that *Bridge* did not apply because "the court in *Bridge* specifically found that the party seeking the protective order had presented no evidence that its adversary had obtained the information wrongfully."[2] *Id.*; *see also*

---

[2] The *Fayemi* court noted that there were First Amendment issues in *Bridge* not present in that case because the *Fayemi* plaintiffs sought only dismissal of the complaint or an order precluding use of the information in litigation. 174 F.R.D. at 325. There are no First Amendment concerns here. Plaintiffs have cited no authority for the proposition that plaintiffs have an unfettered First Amendment right to use stolen privileged documents. Furthermore, a court may, as part of its inherent power, make non-dissemination orders when plaintiffs have shown that they intend to make an end-run around the multiple orders in this case that the FAC and the Verified Complaint be sealed by claiming that they were not disseminating the FAC, merely the *information* contained in it. Plaintiffs have already attempted this – they commenced the

7

*Herrera v. Clipper Grp., L.P.*, 97-CIV-560 (SAS), 1998 WL 229499, at *2 (S.D.N.Y. May 6, 1998) ("The discovery process is not meant to be supplemented by the unlawful conversion of an adversary's proprietary information.") (holding that the court had inherent authority over party's use of stolen information and imposing sanctions).

## POINT II

### THE MAGISTRATE DID NOT ERR IN SEALING THE COMPLAINT IN *KRISS 2*

In a duplicative action, *Kriss et al. v. Bayrock Group LLC et al.*, No. 13-cv-3905 ("*Kriss 2*")[3], Plaintiffs' counsel filed an initial complaint which included several paragraphs disclosing Bayrock's privileged and confidential information. Bayrock had already objected to the inclusion of the same information in the FAC. Knowing that this information was sealed in the FAC, Plaintiffs nevertheless publicly filed the complaint. When Bayrock discovered that its privileged and confidential information had once again been made public by Plaintiffs, Bayrock notified the Court, which ordered the complaint sealed. (*Kriss 2* ECF No. 69.) Plaintiffs then filed a "substitute complaint" voluntarily under seal because, by Plaintiffs' own admission, it replicates "extensive portions, several hundred paragraphs" of the FAC. (*Kriss 2* ECF No. 67.) Plaintiffs' motion seeks to have the initial complaint, but not the substitute complaint, in *Kriss 2* unsealed.

Plaintiffs' motion also requests that the *Kriss 2* complaint "be unsealed immediately because it is publicly available." (Pls. Br. at 15.) Plaintiffs claim it is publicly available because before the complaint was sealed, it was uploaded to the public

---

*Kriss 2* action and filed a complaint which, by their own admission, replicates "extensive portions, several hundred paragraphs of the First Amended Complaint" ("FAC") in this matter. (*Kriss 2* ECF No. 67.)
[3] This matter has also been referred to Judge Maas as a related case.

"recapthelaw.com" website.[4] This is Plaintiffs' and their counsel's *modus operandi* – to deliberately make confidential or sealed information public, and then argue that they should be allowed to use the improperly obtained information on the grounds that the "genie is out of the bottle." (Pls. Br. at 15.) They did so in the actions filed in the Delaware Chancery Court, apparently in the E.D.N.Y. (where sealing issues are still pending before Judge Glasser), and they do so now.[5]

First, as Judge Maas explained, because it contains many of the same allegations as the FAC, whether the *Kriss 2* complaint should be publicly available cannot be determined until Plaintiffs make a compliant submission regarding the sources for their allegations. (May 29 Order at 21.) Second, privileged documents do not lose their privilege through public disclosure of a stolen privileged document. *See Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 365 (E.D.N.Y. 1997). Third, it is unclear whether such document is publicly available on this website; a search of it did not turn up any *Kriss 2* documents. Fourth, this Court should not reward Plaintiffs' misbehavior by granting their request; instead, Plaintiffs and their counsel should be sanctioned because they knowingly filed a complaint in *Kriss 2* which contained Bayrock's privileged and confidential information which this Court had already ordered sealed.[6]

---

[4] The correct website appears to be www.recapthelaw.org.
[5] Plaintiffs also take issue with the sealing of the motion papers considered in the May 29 Order. (Pls. Br. at 15.) The May 29 Order specifically explained that the Court could not rule on whether the motion papers could be made public until Plaintiffs made a compliant submission, which Plaintiffs have not. (May 29 Order at 21.)
[6] Plaintiffs assert that Kriss needs this material unsealed so that he can defend himself in a New York State Court suit. (Pls. Br. at 12.) The orders in this case do not preclude Kriss from engaging in discovery proceedings in the State suit. Discovery, rather than what Plaintiffs have done here, using converted privileged and confidential materials, is the proper procedure for gathering materials for one's defense.

9

1965398_4

# POINT III

## THE COURT SHOULD NOT GRANT PLAINTIFFS' REQUEST FOR ADDITIONAL TIME

Plaintiffs also request relief from the Magistrate's order, which denied them additional time to comply with the Magistrate's May 29 Order by submitting a chart indicating the sources of the allegations in the FAC.[7] (Pls. Br. at 3.) To the extent that this motion is to have the June 16 submission considered timely, Plaintiffs have had many months to prepare a chart as they were originally ordered to do so in September 2013 and even before that by Judge Buchwald in December 2010, when she asked plaintiffs to provide public sources for their allegations. If Plaintiffs' counsel had any ethical concerns about disclosure, they have been well aware of them for years and could have addressed them long ago. To the extent that Plaintiffs are still requesting additional time to prepare a chart, this motion is moot because Plaintiffs have represented that the chart they submitted on June 16 was "complete."

---

[7] Plaintiffs' motion also makes two additional arguments which require only a summary response. First, Plaintiffs argue that the "magistrate erred in slurring Plaintiffs with accusations of 'flouting' orders." (Pls. Br. at 15.) It is unclear what relief, if any, Plaintiffs are requesting through this part of the motion. To the extent that Plaintiffs appear to be taking issue with the magistrate's choice of words, Plaintiffs' motion is frivolous and requires no response. Second, Plaintiffs argue that the magistrate erred in failing to consider their arguments that Plaintiffs' counsel had the right to use Bayrock's privileged and confidential information. (Pls. Br. at 12-13.) The May 29 Order deferred consideration of such arguments until Plaintiffs complied with the order to submit a chart stating the sources for the allegations of the FAC so that the Magistrate could determine whether, in fact, Plaintiffs used Bayrock's privileged and confidential information as a source of the FAC. (May 29 Order at 13.)

10

## **CONCLUSION**

Accordingly, Bayrock respectfully requests that the Court deny Plaintiffs' motion for relief.

Dated: New York, New York
       June 23, 2014

                                          SATTERLEE STEPHENS BURKE & BURKE LLP

                                          By: _____
                                               Walter A. Saurack
                                               230 Park Avenue, Suite 1130
                                               New York, New York 10169
                                               Tel: (212) 818-9200

                                               *Attorneys for Bayrock*