UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. KRISS et al.<br>*Plaintiffs*<br><br>vs.<br><br>BAYROCK GROUP LLC et al.<br>*Defendants* | 10-CV-3959 (LGS-FM)<br><br>PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE'S NON-DISPOSITIVE PRE-TRIAL ORDER DENYING FRCP 6 ENLARGMENT |

### NOTICE

### PLAINTIFFS' MOTION FOR RELIEF FROM CERTAIN ASPECTS OF MAGISTRATE'S NON-DISPOSITIVE PRE-TRIAL ORDERS

### AFFIRMATION AND MEMORANDUM OF LAW

### FRCP §§6, 72
### 26 U.S.C. 636

FREDERICK M. OBERLANDER
LAW OFFICE OF FREDERICK M. OBERLANDER, PC
28 Sycamore Lane (Post Office Box 1870)
Montauk, New York 11954
Telephone:   (212) 826-0357
Facsimile:   (212) 202-7624
Email:       fred55@aol.com

*Counsel for Plaintiffs*

RICHARD E. LERNER
LAW OFFICE OF RICHARD E. LERNER, PC
501 Fifth Avenue, Suite 300
New York, NY 10017
Telephone:   (917) 584-4864

Email:       richardlerner@msn.com

*Co-Counsel for Plaintiffs*

# NOTE

This "appeal" is quite likely to become moot in the not too distant future, and we noted this fact to the court this even date in a request to enlarge time (FRCP 72) to file it to extend to the next "appeal" actually filed – if any – from a related magistrate order.

Accordingly we apologize but have no alternative, the court not having ruled on that request, but to protect the record by filing this, though we hope the court on approving that request then deems this "appeal" stayed accordingly so counsels and the court need not spend time on it until and unless it is necessary.

## INTRODUCTION

On May 29, 2014, Magistrate Judge Maas issued an order (the "Order") directing plaintiffs to submit, by June 12, 2014, certain documents and related information, noting that they faced quasi-criminal sanction if they failed to comply. The documents and information required cross-correlation with some 500 allegations in a 168 page complaint.

On June 9, 2014, having concluded that the submission appeared to require violating attorney client privilege and confidentiality and work product protection, and in any event by then aware that complying with production would be absolutely impossible in the time allowed, pursuant to the magistrate's individual rules, counsel for plaintiffs requested opposing counsel join them and their outside ethics counsel in a telephonic conference with chambers to seek clarification whether the Order did, and if so did intentionally rather than by error, require such violations of their cilents' and their rights, and if so counsels would need an enlargement of time to deal with the situation., if necessary by mandamus, and as noted would need an enlargement of time in any event given the amount of work.

Opposing counsel refused to participate in any such call, in fact noting that he would be "too busy" to make time for any such call for the rest of the week, and declined to consent to enlargement.

The emails below are true and correct copies of those exchanged by counsels, preserved as business records in the normal and ordinary course by undersigned:

**From: fred55@aol.com [mailto:fred55@aol.com]**
**Sent: Monday, June 09, 2014 12:46 PM**
**To: Walter Saurack; richardlerner@msn.com**

We are going to request a telephone conference with Magistrate Maas to clarify his directive. We presume You wish to be included. Please advise your schedule. Mr. Lerner will handle the issue whether counsel for Felix Sater must be involved.

=====

Any requests to the Judge should be made in writing.  I am unavailable for a call the next few days.  In our view, the May 29, 2014 Memorandum Decision and Order is clear and requires no further explanation.

**Walter A. Saurack, Esq.**
**Satterlee Stephens Burke & Burke LLP**
**230 Park Avenue, Suite 1130**
**New York, New York 10169**

Plaintiffs then, on June 11, 2012, sent a letter request for enlargement (proper form pursuant to FRCP 6(b) to Magistrate Maas, explaining the situation, especially the privilege and work product implications, asking the magistrate to enlarge time sine die so they and ethics counsel might have a conference with the court to clarify these issues, and in any event because the work assigned by the Order simply couldn't be completed in the time allowed, *a fortiori* given the client protections necessary.

Exhibit "1" hereto is a true and correct copy of that letter request.

On June 12, 2012, the magistrate denied the request by endorsing the letter with "Denied." Exhibit "2" hereto is a true and correct copy of that denial.

Plaintiffs "appeal" therefrom that denial.

## JURISDICTION

Relief is sought pursuant to FRCP §72, which provides in pertinent part:

(a) **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## STANDARD OF REVIEW

Absent constitutional issues such as prior restraint, in general a district judge may (indeed, must, *supra*) modify or set aside a non-dispositive magistrate's order only if it is "clearly erroneous [as to the factual findings] or contrary to law [as to the legal conclusions]." See 28 U.S.C. §636(b)(1)(A)[1].

All argument herein was preserved below.

---

[1] "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

# ARGUMENT

**The Standard for Enlargement Is Good Cause,
Which Was Shown**

FRCP 6(b)(1)(A) provides that "When an act may or must be done within a specified time, thea court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request was made, before the original time, or its extension, expires.

Here, the request was made before expiration of the original time. Accordingly, the first question for review is whether the magistrate's finding of lack of good cause was clearly erroneous, and the second is whether the magistrate failed to apply that standard (in other words, there is nothing in the record that indicates the magistrate applied the "good cause" standard and, even if he did, there is nothing in the record that indicates whether, and if so why, the magistrate found lack of "good cause").

In short, there is nothing to review, for the magistrate made no findings at all as to cause, simply endorsing the order as "Denied." There simply is no finding capable of appellate review.

Nor is there anything in the record that bespeaks of anything other than good cause. For example, the docket reflects that the last time plaintiffs requested an enlargement in this action was in December 2013, when they received an additional few days to complete a reply briefing, so there is no plausible basis to assert any pattern or abuse here.

Accordingly, there is nothing to uphold, and the order denying enlargement must be reversed. (Respectfully, we believe your honor is precluded from reviewing the record to see whether the magistrate *could have* found lack of good cause, as that would be de novo review; the issue is whether the magistrate properly *did find* lack of good cause, or even found it at all).

We note finally that, in our subsequent FRCP 6 request made after denial of the first (the request denied was for a sine die enlargement; the second, which the magistrate has not disposed of, was for an enlargement of a time certain, specifically three days), our submission, Exhibit 3, explained in even more detail the enormous work required, especially considering the quasi criminal "stakes."

Indeed, as this is written, compliance with what we believe the Order may have required (because without the conference for clarification there was no way to be sure, and still is not) is still not

finally complete (though very nearly so) because of the massive work: to date, counsels have expended a total of 280 hours in compliance, and the total will surely exceed 300, possibly well exceed it depending on pending matters before the magistrate, and that time is beyond any possible effort that could have brought it to completion in the two week deadline the magistrate declined to extend.

*****

Wherefore, Plaintiffs ask for all relief herein previously requested, including reversal of the magistrate's denial or the equivalent declaration that it was error, plus all other relief as the court deems just and proper.

The undersigned certify and attest under penalty of perjury pursuant to 28 USC §1746 that all facts alleged herein, and all documents embedded and attached, are true and correct to the best of their knowledge.

Dated June 26, 2014

**THE LAW OFFICE OF FREDERICK M. OBERLANDER P.C.**

/s/ Frederick M. Oberlander
*Attorneys for Plaintiffs*

Post Office Box 1870
28 Sycamore Lane
Montauk, NY 11954
212.826.0357  Tel.
212.202.7624  Fax.
fred55@aol.com

**THE LAW OFFICE OF RICHARD E. LENER P.C.**

/s/ Richard E. Lerner
*Of Counsel*