UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. KRISS et al.<br>*Plaintiffs*<br><br>vs.<br><br>BAYROCK GROUP LLC et al.<br>*Defendants* | 10-CV-3959 (LGS-FM)<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE'S NON-DISPOSITIVE PRE-TRIAL ORDER**<br><br><u>**PLAINTIFF'S REPLY IN SUPPORT**</u> |
| J. KRISS et al.<br>*Plaintiffs*<br><br>vs.<br><br>BAYROCK GROUP LLC et al.<br>*Defendants* | 13-CV-3905 (LGS-FM)<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATES NON-DISPOSITIVE PRE-TRIAL ORDER**<br><br><u>**PLAINTIFF'S REPLY IN SUPPORT**</u> |

**PLAINTIFFS' MOTION FOR RELIEF FROM CERTAIN ASPECTS OF MAGISTRATE'S NON-DISPOSITIVE PRE-TRIAL ORDERS**

---

**ORAL ARGUMENT WILL BE REQUESTED BY ECF LETTER**

---

**FRCP §§7, 72
26 U.S.C. 636
U.S.CONST. AMENDMENTS I, V**

**FREDERICK M. OBERLANDER**
**LAW OFFICE OF FREDERICK M. OBERLANDER, PC**
28 Sycamore Lane (Post Office Box 1870)
Montauk, New York 11954
Telephone:   (212) 826-0357
Facsimile:   (212) 202-7624
Email:         fred55@aol.com

*Counsel for Plaintiffs*

**RICHARD E. LERNER**
**LAW OFFICE OF RICHARD E. LERNER, PC**
501 Fifth Avenue, Suite 300
New York, NY 10017
Telephone:   (917) 584-4864

Email:         richardlerner@msn.com

*Co-Counsel for Plaintiffs*

In his article *Reversing the Magistrate Judge*, 36 Litigation 8 (2010), Magistrate Cole writes:

> [M]ost judges detest what they perceive as the "growing incivility among contending lawyers which mars our justice system and harms clients and the public interest." … They continue to subscribe to the sentiments expressed by Chief Justice Warren Burger…
>> [G]ood manners, disciplined behavior, and civility…prevent lawsuits from turning into combat…lawyers who know how to think but have not learned to behave are a menace and a liability, not an asset, to the administration of justice.
>
> [Y]our brief to the district judge should sedulously avoid any personal attack on your adversary—Justice Antonin Scalia prefers the term "colleague"…your brief should avoid descriptions of your opponent or his positions as deceptive, deceitful, disingenuous, or despicable…This does not mean that your brief…cannot point out that a position is frivolous or unsupported or based on a distortion of the record or that the cases don't begin to support the principles…

Regrettably, such aspirations have long ago waved goodbye to this case. And as much as we would like to observe them, we cannot now, for we have a higher goal, in fact a duty, to report misconduct, relevant here because, *first*, the unlawful and transparently invalid prior restraint issued by the Magistrate was procured through the deceit of counsel for Bayrock Walter Saurack, who submitted intentionally or at best recklessly false papers in support of his motion for it; and *second*, that deceit should not have been allowed to persist, and would not have but for the Magistrate's error in failing to take up our allegations that Mr. Saurack's papers were fatally defective because of their misrepresentations, lack of proper affidavit support, and his lack of capacity to submit them in the first place.

These underlying principles were propounded in our Motion: The Magistrate, relying on "inherent powers," unlawfully (at the least in excess of, if not entirely devoid of, authority) issued a prior restraint on extra-judicial dissemination of documents obtained outside court process – an action held unlawful by the Second Circuit in *Bridge CAT Scan v. Technicare*, 710 F.2d 940 (2d Cir. 1983), a case where a district judge did the same thing by "inherent powers," because **the movant could not lawfully seek such relief, and the court could not lawfully order it, until he had formally sued or counterclaimed – an action *more* unlawful here as the Second Circuit further held such order could only be in the form of an *injunction*, which the Magistrate lacked authority to issue**.

Moreover, even if he had the authority to issue an injunction and it was within the scope of reference and movant Bayrock had actually sued or counterclaimed and sought injunctive relief as an ultimate remedy – which again is **required** by *Bridge* – there are no findings in the record to support such an injunction, even as a preliminary injunction; there were no hearings, there was no bond; etc.

But far more pernicious to due process is that Bayrock was permitted to seek what they themselves admitted in their papers was an injunction without adequate, if any, evidence; without suffering challenge or confrontation; and that Mr. Saurack took advantage of the situation to commit fraud.

That they were permitted to base their request on 500 "objections" of which only 90 – not even 1/5th of them – were supported by an affidavit is "mere" error, correctible by this court.

That that affidavit was not struck, but permitted to stand without challenge even though submitted by a bookkeeper whom Kriss testified by affidavit (which Bayrock didn't deny) never attended a business function and knew nothing of the firm's affairs, is "mere" error, correctible by this court.

That that affidavit simply says, e.g, that a certain statement is work product or privileged because one can "see" that is so, a conclusory affirmation the Second Circuit has held blatantly inadequate, *U.S. v. Construction Products*, 73 F.3d 464 (CA2. 1996), is "mere" error, correctible by this court.

But that Mr. Saurack's accompanying submission requesting relief is in significant part predicated upon fraud is not "mere" error, it is a serious offense and ought to be treated as such.

The 500 objections include Mr. Saurack's assertions that allegations in the FAC as to Kriss's membership interests, details of his partnership contract and excerpts from it, and the like are "trade secret/proprietary/confidential." These are representations to the court that the underlying details have been kept confidential by Bayrock and that the confidentiality has financial value. For one example, allegation 665 in the FAC is a block quote from Kriss's contract, objected to on these grounds.

**So why didn't Mr. Saurack tell the court that in mid-2009, Bayrock, by its counsel Young Conaway, introduced that contract into Delaware Chancery case 4154-VCS, *Kriss v. Bayrock*, by publicly filing it online, and it's been publicly available for five years, to this day?**

Exhibit 2 is a true set of documents publicly filed by Bayrock in that action, downloaded from *Lexis*, not just the contract, but affidavit and memorandum, describing the compensatory arrangements between Bayrock companies and Kriss. H**ow are these (and related) matters trade secret, proprietary, and confidential in 2014 when Bayrock broadcast them to the world in 2009?**

This is **beside** the fact that Kriss publicly filed 600 pages of similar Bayrock documents in that case, all then served on Bayrock, and Bayrock never once sought a protective order, or to seal them,

or even objected at all to any of them, thus waived all such claims. **This is Bayrock itself broadcasting five years ago what it now demands be the basis of sanctions against Kriss for filing today**.

This is not a request for sanctions or to strike or to refer for discipline. We have not the space. No, this is more important. This is why we do not operate courts to award remedies – let alone prior restraints – without due process, which includes at a bare minimum, *a fortiori* in a prior restraint – the opportunity to confront and challenge evidence, and here, there wasn't even any evidence to begin with. **Against our objections, a magistrate judge lacking all pretense of authority to do so has without due process entered an illegal prior restraint injunction based on uncorroborated allegations of a mere attorney, not attested to, and now proven at least in part to be rank fraud**.

This court should not perpetuate the error. In prior filings in 2013, Mr. Saurack obtained the removal of a filing from the public docket based on a mere unsubstantiated mere letter, despite our objections that hearings and findings were required, and now, emboldened, his entire memorandum in opposition to this Motion is predicated on allegations of fact dehors the record, not substantiated[1] and not attested to. Even if his credibility were not destroyed, this court cannot properly consider any of what he says, but given his record of fraud before Judge Maas that should be even more the case.

> Referring again to *Reversing the Magistrate Judge* Magistrate Cole writes:
>
> [S]uppose your opponent relies on a citation…that…excludes a critical portion of the text through the use of ellipses…without even signifying…the quote is incomplete… don't resort to an ad hominem attack…find a case…comment[ing] on the…conduct…quote the words…"[s]trategic omissions do not" change the real meaning of clauses or phrases.…courts have frowned on incomplete quotations…The judge will get the point…

We'll oblige. Thus we note that our "colleague" Mr. Saurack has in his papers grossly misstated the law by, *inter alia*, incomplete quotation from what for him is a lynchpin case, *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319 (S.D.N.Y. 1997), Mr. Saurack says *Fayemi* limits the holding of Bridge (which is not possible, as *Fayemi* is a mere magistrate order and can't limit appellate authority) and allows an inherent powers prohibition against extra-judicial use of information obtained outside of court process. [Opp. Br. Pg. 7]. But here's what it really says, as Magistrate Cole would approve:

---

[1] For example, he states we have a long history of making Bayrock confidential information public, such as filing in Delaware, then claiming such information is public and fair game. As noted, not only did we file public information in Delaware to which they never objected – which confirms it's fair game – **so did they**. Again ,you'd think he'd have mentioned that.

> *Bridge*…is…distinguishable…because it implicated First Amendment concerns. There, the protective order initially obtained by the defendant precluded disclosure **outside** the litigation of information…obtained independent of discovery, and it therefore threatened to infringe the plaintiff's free speech rights…Here, the defendants seek only dismissal of the complaint or an order precluding use of the information **in** this litigation, and First Amendment principles are…not in issue.

Without discussing why Magistrate Francis believed that dismissing a complaint does not implicate the First Amendment, considering that the Supreme Court has suggested the right to petition clause may be co-extensive with the free speech clause (Justice Scalia said it may be even more exalted), the point is that *Fayemi* correctly observed that its holding was not inconsistent with *Bridge* because it was not purporting to restrict disclosure outside of court which it could not lawfully do without proper **plenary** pleading on the merits for injunctive relief and attendant First Amendment due process

Mr. Saurack conflates cases restricting **outside** speech where there **was** plenary pleading and First Amendment due process, so are inapposite here, with cases restricting use of information **inside** court, and with hand-waving tries to mix them into a stew, arguing that the 200 year history of First Amendment litigation and due process as to prior restraint and injunctive relief can be ignored, as well as all fact-finding, by a magistrate's directive "to prevent injustice" based on unsupported **and fraudulent** allegations which, if the court grants oral argument, Mr. Saurack may be asked to explain.

In short, Mr. Saurack hopes the court will fail to notice that it is he, and he alone, who made this problem. He is correct that there are situations where use outside of court can be enjoined (but never by a magistrate). All he need do is file an answer and counterclaim, demand injunctive relief, and move for a preliminary injunction. Then he can have his shot. Instead, for four years he has done nothing, including the last year since his client was served. Or, as he claims this court lacks jurisdiction as the case is arbitrable, he can file an arbitration and try to get injunctive relief there. What he cannot do is avoid actual plenary pleading, disclosure, and factual hearings and simply whine that the documents were stolen (there's no finding on the record of such, of course) and so he is entitled to relief merely by unsupported allegations without suing for it – particularly when his allegations are fraud.

We also note that *Bartnicki v. Vopper*, 532 U.S. 514, holds that information of public concern may be publicly disseminated without harm even if it was stolen (in *Bartnicki*, illegally interecepted), and known to be by the disseminator, if the disseminator did not himself steal it.

It was error for the magistrate to let him get away with that. But that isn't the only occasion of such error, as we now reply *in re* the issue of the sealing of the FAC in *Kriss II*. It violates the First Amendment right of access (applicable to complaints, *Lugosch v. Pyramid Co.*, 435 F.3d 110 (CA2 2006)) to entirely seal a document when redactions suffice, even if it contains classified information. *US v. Aref*, 533 F.3d 72 (2d Cir. 2008). How did the magistrate justify sealing the entirety, all 142 paragraphs, of the FAC because Mr. Saurack objected to two sentences? We would like to refute his finding that it was the least restrictive means to prevent imminent injury, see *Lugosch*, but there is none. But here is something better. As we said in our Motion, someone (not us) accessed the complaint while it was on PACER (we violated no order putting it there) through *Recap the Law*, which is publicly accessible. It is there, perhaps forever. We are not responsible and never heard of *Recap the Law* until June 8, 2014, after the complaint got there. Exhibit 1 is a video showing it there and how we downloaded it. Exhibit 3 is the complaint. There is nothing in there privileged, and virtually all of it discusses corrupt conduct by part of courts and attorneys, all a matter of public record, often for years. The sealing was unlawful.

Last, as to Mr. Saurack's point of the finding of flouting, we did object, as it is pure legal error to issue a finding of willfulness (which requires the knowing violation of a legal duty, with corrupt motive) without due process and an opportunity to be heard to explain the good faith attempt made.

*****

Something has gone badly wrong in this case, witness tampering that goes unanswered even though not denied, injunctions *ultra vires* with no factfinding, and so on. An author recently wrote,

> [M]ost of the acts of intimidation were frightening. They made executives and employees fear for their safety and their livelihood. Most alarming to me was the veneer of lawfulness and the perversion of legal process. I came away from the experience with a new appreciation for societies that aspire to be governed by the rule of law.
>
> [W]e often forget that underlying our work is the rule of law. A society governed by the rule of law is one in which everyone, including government officials, must obey the law, and in which the laws are clear, prospective, predictable, and fairly enforced. Aristotle said that the only stable state is one in which all men are equal before the law. Similarly, Cicero said that we are in bondage to the law so that we might be free. Although we may not always achieve complete adherence to the rule of law in our society, as lawyers we should trumpet its value and defend it when it is threatened. My experience abroad showed me just how precious a thing the rule of law is and how different a place the world can be when it goes missing.

*****

And so we ask, perhaps rhetorically, perhaps not, "What is the 'Rule of Lawlessness?'"

**\*\*\*\*\***

Wherefore, Plaintiffs reiterate their request for all relief previously requested, including modification of or equivalent *vacatur* as to all objections beyond that of the prior restraint, remand or directed unsealing as to the sealed documents, plus all other relief as the court deems just and proper.

The undersigned attest under penalty of perjury pursuant to 28 USC §1746 that all factual allegations herein are true and correct to the best of their knowledge, and further attest under penalty of perjury pursuant to 28 USC §1746 that all factual allegations contained in their Motion in chief filed June 12, 2014 are true and correct to the best of their knowledge.

Dated June 27, 2014

**THE LAW OFFICE OF FREDERICK M. OBERLANDER P.C.**

/s/ Frederick M. Oberlander
*Attorneys for Plaintiffs*

Post Office Box 1870
28 Sycamore Lane
Montauk, NY 11954
212.826.0357  Tel.
212.202.7624  Fax.
fred55@aol.com

**THE LAW OFFICE OF RICHARD E. LENER P.C.**

/s/ Richard E. Lerner
*Of Counsel*