# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

June 30, 2014

**By ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al.*
      Plaintiffs' reply on their motion for relief from magistrate's order

Dear Judge Schofield:

We represent defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock"). We write regarding Plaintiffs' reply in support of their motion for relief from certain aspects of magistrate's pre-trial orders.[1]

Bayrock unfortunately is compelled to direct the Court's attention to portions of Plaintiffs' reply submission that violate this Court's prior orders.

Plaintiffs have publicly filed as Exhibit 3 to their reply papers a sealed complaint in the related action 13-cv-3905, *Kriss et al. v. Bayrock Group LLC et al.* ("*Kriss II*") The complaint (*Kriss II* ECF No. 51) was sealed by Judge Maas in his May 29, 2014 Order. (*Kriss II* ECF No. 69.)

While the exhibit purports to exclude two pages which contain Bayrock's privileged and confidential information, that does not excuse the violation of the sealing order. The sealing order sealed the entire complaint, not simply those pages. Plaintiffs are well aware that the complaint is sealed because one of the arguments in their motion is that the sealing was improper. It is for this Court – not Plaintiffs – to decide whether the order was proper and Plaintiffs may not disregard the order in the meantime.

Plaintiffs compound their violation by also attaching as Exhibit 1 to their reply papers a video demonstrating exactly how the sealed complaint can be accessed on a shadow PACER website, recapthelaw.org. They, thereby, effectively provide the public an instructional video on how to access Bayrock's privileged information, which they made public despite Judge Maas' contemporaneous review of a motion for sanctions relating to the disclosure of the same

---

1 Plaintiffs' reply submissions are largely devoted to *ad hominem* attacks upon the undersigned.

1972761_2

SATTERLEE STEPHENS BURKE & BURKE LLP

Hon. Lorna G. Schofield
June 30, 2014
Page 2

materials. Furthermore, as the video scrolls through the entire sealed complaint not excluding the pages containing Bayrock's privileged and confidential information like Exhibit 3, Plaintiffs violate the sealing order a second time by making the privileged and confidential information public in this exhibit.

Plaintiffs (who improperly publicly filed the complaint in the first place, resulting in its appearance on the shadow website), should be ordered to take steps to have the sealed complaint removed from the website. Plaintiffs cannot claim that documents should lose their sealed status because the "genie is out of the bottle" when they are responsible for the improper disclosures.

In the meantime, Bayrock respectfully requests that Exhibits 1 and 3 to Plaintiffs' reply papers be immediately stricken or sealed.

This is not the first time that Plaintiffs and their counsel have allegedly violated sealing orders. As the Court is aware, much of the tortured procedural history of this suit has concerned Plaintiffs' counsels' alleged violations of a sealing order in a criminal case in the Eastern District of New York. Plaintiffs' counsel is currently facing a criminal investigation and civil contempt proceedings concerning those violations. Considering Plaintiffs' history of violations and the flagrant nature of Plaintiffs' and their counsels' violation of the sealing order in their reply papers, this Court should consider sanctions against Plaintiffs and their counsel.

Respectfully submitted,

Walter A. Saurack

cc: (*via email*) Frederick M. Oberlander, Esq.
    Richard Lerner, Esq.
    Michael Beys, Esq.

1972761_2