# Frederick M. Oberlander, Esq.

28 Sycamore Lane, Montauk, NY                                                                 212.826.0257 Ph - 212.202.7624 Fx

Plaintiffs ask oral argument on issues below, expedited as their constitutional rights were infringed.

**(1) Prior restraint**. The magistrate purported to issue an injunction barring plaintiffs from extra-judicial dissemination of information the record and his order confirm was obtained without court process. That it's an injunction no matter how styled is clear from case law[1]. That it's void because a magistrate lacks authority to issue injunctions is clear from statute[2]. That it would be void if issued by a judge is clear from precedent[3]. That it would be invalid if issued by a judge is clear from the record.

The constitutional injury is so deep, the error so profound, argument may be a right. For example, Bayrock's papers say "the court can protect its own process, which justifies extra-judicial prior restraint or Bayrock would be irreparably injured." Nevermind that's not the law, who says they'd be irreparably injured? There's no evidence. We don't issue prior restraints from attorneys' unsworn memoranda, we have First Amendment adversarial due process. *Princess v. Carroll Anne*, 393 US 175 (1978).

In *POM Wonderful*, 005533 (DC Civ. 2010) a judge sealed documents which had been publicly filed for days, then ordered a journal not to publish what it had read in them. From the transcript:

> Counsel:   *In 80 years, the Supreme Court has never upheld the kind of prior restraint…being sought here.*
> Court:       *If I'm throwing 80 years of First Amendment jurisprudence on its head, so be it … None of that jurisprudence… is dealing with this issue - the integrity of the functioning of the court system.*

Before this court too throws 80 years of First Amendment jurisprudence on its head, we ought to argue it so juristic common sense may prevail. A prior restraint on extra-judicial speech of fact learned outside court, without First Amendment due process, by scheduling order? By a magistrate without authority to enjoin anything? And to listen to Bayrock, subject only to clearly erroneous review though it restricts speech so must be reviewed *de novo*? *Bose v. Consumer,* 466 U.S. 485 (1984). That's not throwing away First Amendment jurisprudence, that's throwing away the First Amendment, and the Fifth.

---

[1] The Supreme Court held orders affecting *intra*judicial rights aren't injunctive, orders affecting *extra*judicial rights are); see *Bridge Cat Scan*, 710 F.2d 940 (CA2 1983) (no authority to issue order restricting extra-judicial dissemination of fact obtained outside court, even if stolen, by protective order or inherent powers, may only issue as injunction after due process).
[2] 28 U.S.C. §636.
[3] *Bridge*, supra n.1 (order barring extra-judicial speech of documents obtained outside court process and used in complaint could only issue as injunction after full pleading in complaint or counter-claim followed by prior restraint due process.

If it wants to try to shut Kriss up, Bayrock has no excuse for not filing a plenary action against him, or answering this one and counterclaiming, for a permanent injunction and trying case to **prove** the law may bar Kriss from saying what he would outside of court, not just **argue** it in an incompetent, unsworn memorandum. They have no right to ask this court to disregard due process so they may avoid examination under oath in the disinfectant of sunshine and confront Kriss's unassailable argument that what he would say tells of their billion dollar financial crime, money laundering, tax fraud, and bank fraud, perpetrated with Sater, in full view of the government, which facilitated his role in it.

**Sealing**. The original sealing of the 3905 FAC was unlawful for failures to record findings capable of review after a public hearing and to make redactions instead of total sealing. We respected it. But this is now moot; the FAC is in the public domain, and not put there by us. We wish to argue the unlawfulness of the sealing under "evading review but capable of repetition" doctrine as not one line quotes from privileged communications, and even if one or two do, 98% don't, so there was no lawful basis to seal it, let alone entirely, and almost every document here is similarly unlawfully sealed entirely.

**Flouting**. We would also argue how a **suggestion** in an undocketed fax by Judge Buchwald on December 15, 2010 that prior to filing a FAC plaintiffs send her certain explanatory material can have been "flouted" when it wasn't a directive or order and by years of docketed leaves such FAC wasn't due and filed for three more years, **by which time Judge Buchwald had resigned the case, taking her suggestion with her**, as had Judge Engelmayer, who had replaced her. And we wish to argue (1) how we can have willfully violated an order of Judge Maas when the record shows (but not on the docket; these too are missing) that on October 7, 2013 we wrote within days of Bayrock's October 4 objection to our production, explained why we felt we had complied, said we'd do more if the judge disagreed, and explained we were constrained by clients' rights; and (2) how finding what in this circuit must be *subjective* bad faith to justify quasi-criminal inherent powers opprobrium (willfully violating orders) was made without our being heard, with experts, as to reasonableness, motive, and intent.

----------

/s/ Frederick M. Oberlander                                                                  June 30, 2007
/s/ Richard E. Lerner