# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)                                                      212.826.0357 TEL
MONTAUK, NEW YORK 11954                                                          212.202.7624 FAX
                                                                                 FRED55@AOL.COM

**By Hand**                                                                      July 1, 2014
Hon. Lorna G. Schofield, U.S.D.J.
Southern District of New York                                 re: 10-CV-3959 *Kriss v. Bayrock*
Thurgood Marshall Courthouse                                      13-CV-3959 *Kriss v. Bayrock*
40 Centre Street, New York NY

## COURTESY COPIES OF MOTION PAPERS

Dear Judge Schofield:

We submit these four binders pursuant to your honor's Individual Rules for courtesy copies:

1. The FRCP 72 motion papers, with all exhibits included and tabbed:
    a. Plaintiffs' motion for relief from the order of Magistrate Frank Maas:
    b. The Bayrock defendants' and defendant Sater's separate opposition papers;
    c. Plaintiffs' consolidated reply to all oppositions.

2. The *underlying* motion papers and exhibits, submitted to Magistrate Maas with respect to:
    a. <u>Plaintiffs'</u> motion to disqualify the Satterlee Stephens firm;
    b. The Bayrock defendants' opposition thereto;
    c. Plaintiffs' reply papers.

3. The *underlying* motion papers and exhibits, submitted to Magistrate Maas with respect to:
    a. <u>The Bayrock defendants'</u> motion to disqualify current counsel(s)
    b. Plaintiffs' opposition thereto;
    c. The Bayrock defendants' reply papers.

4. The December 10, 2010 fax from Judge Buchwald, "suggesting" *but not "ordering"* that prior to filing one, a new, amended complaint might be provided to her for her review.

5. October 4, 2013 letter from Bayrock's counsel Satterlee Stephens, objecting to plaintiffs' color-coded annotations, and requesting identification of specific sources, i.e., **the persons** who provided documents to plaintiffs' counsel. Additionally, the letter requested that it be treated as a motion if the Court deemed it appropriate; however, Magistrate Maas never advised that he would treat the letter as a motion.

6. Plaintiffs' counsel's October 7, 2013 letter response, objecting to "letter motions," and reiterating our understanding of the order, that **the annotations were to identify what**

      came from Bernstein and what came from **"other than Bernstein,"** that is, what **persons** were the sources, not what documents, and why requiring identification of individuals who were clients and what if any documents they gave counsel would violate privilege. Again, Magistrate Maas failed to give notice that he would treat the Bayrock defendants' letter as a formal motion.

7. Plaintiffs' counsel's further letter October 10, 2013, noting, *inter alia*, the Bayrock defendants' knowledge that 700 pages of documents were **publicly** filed in Delaware Chancery court in 2009, by both Kriss **and Bayrock**, which documents formed the basis for almost half of the allegations in the FAC.

These documents (4 – 7) are included, and attached hereto, first, because the Magistrate radically changed the order from the first version in September to the current version in May, now requiring massive document production, and that runs to any finding of "flouting," because documents were never requested initially which is obvious from the fact that Bayrock itself never thought so either[1] and the word "document" doesn't appear anywhere in the order or their own letter objection; and second, as it appears that, despite the fact that Magistrate Maas stated on the record that he doesn't accept letter motions, and despite plaintiffs' objection, he did indeed treat the Bayrock defendants' letter as a motion, without giving notice to the plaintiffs. All of these attachments (4 – 7) are necessary, we submit, for the Court's review of the Magistrate's "findings," "conclusions," and anything based upon "facts accepted as true for the present purposes," (May 29, 2014 order, DE 68, p.2), in particular as to statements that any order was "flouted" and, as well, that a mere suggestion was "flouted."

                                Respectfully submitted,

                                /s/ Frederick M. Oberlander
                                /s/ Richard E. Lerner

cc:    Via ECF
       (Without courtesy copies and exhibits,
       which shall be hand delivered to the Court today)

---

[1] "The Bayrock Entities currently are only aware (and indeed Plaintiffs admit) that Bernstein was a source of the privileged and confidential information used in the FAC, but Plaintiffs' submission plainly indicates that others similarly provided this information. **The Bayrock Entities are entitled to know who these individuals are** so they may pursue appropriate action, including, but not limited to, seeking the dismissal of the FAC." ¶6 at page 3.