# FREDERICK M. OBERLANDER, ESQ.

28 SYCAMORE LANE, MONTAUK, NY                    212.826.0257 PH - 212.202.7624 FX

July 1, 2014

Hon. Frank Maas
U.S. Magistrate Judge, SDNY

Re:  Kriss v. Bayrock, 10-cv-3959 & 13-cv-3905

Dear Judge Maas:

We reply to opposing counsel Walter Saurack's letter of June 17, 2014 requesting striking the FAC as a sanction for failure to comply with this court's order of May 29, 2014, ECF 68 (the "Order").

As before we begin by objecting to the fatally defective form of their letter[1]. Accordingly, we respectfully reserve the right to insist on proper form and procedure or, if the court should accept their request despite its improper form and consider it as a motion, that it must be taken as it stands, devoid of memorandum or affirmation, and that we then be given adequate time to respond formally.

We trust that the Court will recognize that plaintiffs have gone to great lengths to comply with the Order. We are faced, however, with a damned-if-you-do-damned-if-you-don't attitude from defense counsel, with castigating letters demanding our heads in response to every showing of good faith.

---

[1] FRCP 7(b) provides, "A request for a court order must be made by motion." SDNY Local Rule 7.1(d) permits letter motions, but only for such matters as allowed by ECF rules on letter motions or a judge's individual rules on letter motions. ECF rules for letter motions restrict letter motions to a specified list* which does not include the relief requested. Your Honor's individual rules do not themselves allow letter motions, and Judge Schofield's allow only those the ECF rules do. And of course this court requires pre-motion conference and letters. And, The transcript of the September 11, 2013 status conference before your honor reflects this colloquy:

>     MR. OBERLANDER:    [W]e have objected to the idea of asking for Article III relief in the form of unsworn letters …That things should be done by formal motion practice. So we don't believe that there is actually any real motion before anybody anywhere.
>
>     THE COURT:            I agree. (Sept. 11, 2013 transcript, at p.9).

---------------

* Adjourn Conference, Change Attorney Name on Roll, for Conference (two variants), for Extension of Time (several variants), for Leave to File Excess Pages, to Reopen Case.

On Thursday, June 12th, acknowledging it was incomplete because there simply was not sufficient time, and assuring that we were undertaking substantial efforts to complete the chart, we submitted the first part of the revised chart with several hundred responses. Immediately, defense counsel wrote a letter, saying, in sum, "They admit it was incomplete. Strike their complaint."

We followed with an additional submission the next day, Friday, June 13th, an updated chart, including several hundred further responses. Again, counsel wrote a letter saying, in sum, "You see, again it is incomplete. They admit it."

We completed the chart on the next business day, Monday, June 16th, and again counsel wrote a letter, saying, in sum, "Too late. Strike the complaint."

*****

Any request for sanctions, especially of that severity, raises extremely grave substantive and procedural issues. In letters this past week from undersigned counsels and ethics counsel, we discussed the procedural issues, including quasi-criminal due process. For brevity we defer further comment on such until the return of ethics counsel and clarification on scheduling orders, conference, and of course whether their letter requests are properly disregarded for improper form.

And we respectfully suggest that awaiting such coordinated response from all sides is far more efficient than daily letter diatribes.

We do however need to comment on the substantive issues. Every request of opposing counsel presupposes both a significant failure to comply as well as a significant culpable mental state, which for convenience we'll assume is "willful."

Other than as to time, we do not believe there is a failure to comply at all. (Obviously the time is taking longer than the order provided.) The Order expressly required that plaintiffs provide the specific source for some 600 allegations in the FAC. Clearly that source is either attorney/client communication or something else, and clearly much – but not all – of that something else is a document.

The chart identifies which allegations are cognizably based at least in part on attorney/client communication and which are cognizably based on inferential reasoning, aka counsel's work product extrapolating from information.

That leaves documents (other than those which are, or embody, attorney/client communications).

**The set of all documents on which the allegations are cognizably based at least in part numbers in the hundreds. The total pages are in the thousands.**

Respectfully, what did opposing counsel and the court think we could do when the answer to the question, "What documents did you rely on," is, to paint a picture, "That three foot tall, 100 pound stack of 200 documents over there?"

Opposing counsel may have assumed that there is one document per allegation. That is error, and we're not responsible for it. For one example, there are two documents, Mr. Kriss's partnership contract and the Bayrock Group LLC operating agreement – both of them tendered into the public record in 2009 by Bayrock defendants themselves in Delaware – which influence probably half if not more of the allegations. Obviously a complaint based in large part on allegations of breach of contract and breach of fiduciary duty arising from LLC member and manager agreements and status duties, and on allegations of tax fraud based on willful and intentional failure to follow the rules for partnership taxation, is going to rely pervasively on the information in those two documents, and work product extrapolations therefrom, throughout its hundreds of allegations.

Accordingly, every allegation in the chart is cited to a group of documents which together comprise those documents on which it is based. Of course there will be overlap. **But this is producing exactly what the court asked for, which is a list of every document of cognizable import so that the court and opposing counsel can determine whether those documents are arguably privileged, confidential, or work product. Nothing else is to be done, this is necessary and sufficient**.

Earlier today, we went well beyond the call of duty and disclosed one of the categories, or groups, one of the largest, at 700 pages. And in response, counsel wrote to the court saying, in sum, "The complaint should be stricken because the plaintiffs are submitting the actual documents that were relied upon in the drafting of the complaint, rather than giving a line-by-line recitation linking each document to the relevant allegation." But you see that is not true, every allegation linking to those documents is indeed charted as such.

And rather than properly moving to strike, counsel says in a mere letter that ethics counsel Pery Krinsky, Esq.'s letter should be disregarded because he hasn't "appeared." This is ironic, since Mr. Saurack himself stated in a May 12, 2014 letter to Judge Schofield that he has not "appeared" and is not appearing in Kriss II, yet has asked both your honor and Judge Schofield for Article III relief there.

We regrettably must give notice that we intend to make a formal, proper motion, upon promotion conference, for the relief, and a scheduling order, the relief including an order sanctioning Mr. Saurack for defrauding the court, for arguing throughout these proceedings that documents like, e.g., Kriss's partnership contract and the Bayrock LLC agreement are "confidential," as are facts in allegations based upon them, without disclosing that his own client made them public by publishing them to the world in Delaware, instead allowing the court to presume that only undersigned filed documents there and did so corruptly to boot. There is ample precedent in case law to support sanction for **exactly** such fraud.

/s/ Frederick M. Oberlander
/s/ Richard E. Lerner