UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. L. KRISS and MICHAEL "CHUDI" EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;<br><br>                      Plaintiffs,<br><br>                      v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br><br>                      Defendants,<br>and<br><br>BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC;<br><br>                      Nominal Defendants (Derivative Plaintiffs). | No. 10-CV-3959 |

## BAYROCK'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE'S ORDER DENYING REQUEST FOR URGENT STAY

Defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC ("Bayrock") submit this memorandum of law in opposition to Plaintiffs' June 26, 2014 motion for relief from Judge Maas's denial of their request for an urgent stay or abeyance of his May 29, 2014 order (the "May 29 Order").

## PRELIMINARY STATEMENT

Plaintiffs' motion for relief from the magistrate judge's denial of their request for an urgent stay is yet another meritless motion. First, the motion is duplicative because Plaintiffs requested the same relief, based on the same argument, in the motion for relief they filed on June 12. It is unclear why Plaintiffs thought it necessary to waste the parties and the Court's time with another motion on this issue. Second, Judge Maas was well within his broad discretion over scheduling matters to deny Plaintiffs' eleventh-hour request for a stay or additional time. There is no "good cause" to grant Plaintiffs more time. This is the third time Plaintiffs were requested to provide this information. Judge Buchwald first requested Plaintiffs do so in December 2010 and Judge Maas ordered Plaintiffs to do so in September 2013. It was only because Plaintiffs failed to comply with his first order that Judge Maas had to order Plaintiffs again to comply in his May 29 Order. Accordingly, Plaintiffs' motion should be denied.

## STATEMENT OF FACTS

A statement of relevant facts was set forth in the May 29 Order and Bayrock's opposition to Plaintiffs' motion for relief from the May 29 Order. Bayrock refers this Court to those statements. Bayrock provides this supplemental statement of facts to correct certain misrepresentations in Plaintiffs' motion.

1971919_1

Contrary to Plaintiffs' statement of facts, counsel for Bayrock did not refuse to consent to enlargement. When they contacted Bayrock's counsel, Plaintiffs' counsel represented that they were seeking a telephonic conference with Judge Maas to "clarify" his May 29 Order:

**From:** fred55@aol.com [mailto:fred55@aol.com]
**Sent:** Monday, June 09, 2014 12:46 PM
**To:** Walter Saurack; richardlerner@msn.com
**Subject:** 10 cv 3905

We are going to request a telephone conference with
Magistrate Maas to clarify his directive. We presume
You wish to be included. Please advise your schedule.

Mr. Lerner will handle the issue whether counsel for
Felix Sater must be involved.

In any event please be aware we will be requesting a
Brief enlargement depending on the magistrates response.

Counsel for Bayrock then responded:

**From:** Walter Saurack
**Sent:** Monday, June 09, 2014 5:43 PM
**To:** 'fred55@aol.com'; richardlerner@msn.com
**Cc:** 'Nader Mobargha'; 'Michael P. Beys'
**Subject:** RE: 10 cv 3905

Any requests to the Judge should be made in writing. I am unavailable for a call the next few days. In our view, the May 29, 2014 Memorandum Decision and Order is clear and requires no further explanation.

There was no response from Plaintiffs' counsel to this email and no request to Bayrock's counsel to consent to an enlargement of time. Instead, Plaintiffs submitted on June 11, 2014 their letter motion to Judge Maas which Judge Maas denied.

## ARGUMENT

## THE COURT SHOULD NOT GRANT PLAINTIFFS' REQUEST FOR ADDITIONAL TIME

### A.   The Standard for Review

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A), a district judge may modify or set aside any part of a magistrate's order that is "clearly erroneous or contrary to law." "Scheduling matters [such as requests for stay or enlargement of time] may surely be left to the sound discretion of the Magistrate Judge and may be reversed only when that discretion is abused." *Smith v. Montefiore Med. Ctr.-Health Servs. Div.*, 94 CIV. 7645 (SAS), 1997 WL 711053 (S.D.N.Y. Nov. 13, 1997) (denying motion for relief from magistrate judge's denial of extension of time to amend complaint).

### B.   There is No Good Cause for Granting Plaintiffs' Request for Additional Time

Plaintiffs' motion is duplicative of their June 12 motion, in which they also appealed from Judge Maas's denial of their request for stay or enlargement of time. It is unclear why Plaintiffs have made this duplicative motion. For the same reasons set forth in Bayrock's opposition to that motion (*see* Bayrock's brief at 13), the motion should be denied. There is no good cause for stay or enlargement of time. Plaintiffs have had many months to prepare a chart as they were originally ordered to do so in September 2013 and even before that by Judge Buchwald in December 2010, when she asked plaintiffs to provide public sources for their allegations. If Plaintiffs' counsel had any ethical concerns about disclosure, they have been well aware of them for years and could have addressed them long ago. We note also that Plaintiffs represented to Judge Maas

3

that the chart they submitted on June 16 was "final" but they now claim that it "is still not finally complete". (Pls. Br. at 5-6.)

## CONCLUSION

Accordingly, Bayrock respectfully requests that the Court deny Plaintiffs' motion for relief.

Dated: New York, New York
       July 1, 2014

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
    Walter A. Saurack
    230 Park Avenue, Suite 1130
    New York, New York  10169
    Tel: (212) 818-9200

*Attorneys for Bayrock*