# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)  212.826.0357 TEL
MONTAUK, NEW YORK 11954  212.202.7624 FAX
fred55@aol.com

**Via ECF and By Hand**
**(With Documents for *In Camera* Review)**  July 9, 2014

Hon. Frank Maas, U.S.M.J.
Southern District of New York  re: 10-CV-3959 *Kriss v. Bayrock*

Re:  Request for pre-motion conference for protective order
     *in re* compelled production of documents

Dear Judge Maas:

    We have previously, on June 12, 13, and 15, 2014, produced to court and opposing counsel an updated chart citing the sources *qua* individuals, *qua* work product, and *qua* documents, the last organized by category.

    *As noted, the requested production could not be done any other way.* Most if not almost all of the allegations in question derive their existence from many sources, including many documents. For example, allegations of Bayrock's numerous multi-million dollar bank frauds are based on loan applications, representations and warranties submitted to induce closing, as well as many, many documents that show the fraud. For example, the documents that describe the members' ownership interests in the companies which, because they vary wildly from what was given the lenders, thus show that the loan applications were falsified may thus become part of the basis for those allegations And where the fraud involved hiding Felix Sater's ownership of, or in, the firm(s), which involved hiding his federal racketeering conviction, that brings in more. Accordingly, one single, seemingly simple allegation, that Bayrock's Executive VP and General Counsel perpetrated bank fraud by fraudulently inducing a loan, can be sourced to many, many documents and other information.

    (The Second Circuit disclosed in 2011 that plaintiffs' allegations included that Sater defrauded lenders, customers, etc by concealing his conviction; moreover, his sentencing transcript, public since March 2013 on 98-CR-1101 (EDNY), contains his own admission in allocution that he built Bayrock with his own two hands and in doing so caused banks to lend by concealing his conviction, thereby admitting that he knew that they would not lend to Bayrock if they knew of his criminal past and so admitting his culpable, specific intent, all a matter of public record.)

    In short, it is simply not the case that any significant number of allegations can be sourced to one document, let alone one page in one document, and a production intended to so resemble fails before it starts.

Previously we tendered into court the first of the category binders, consisting of that public information we relied on which was filed by both plaintiffs and Bayrock itself six years ago in Delaware and has been available on Lexis ever since, and from which the FAC took form. Because that set of documents is public and obviously known to Bayrock, and obviously is replicated in a large part of the FAC, we saw no harm in delivering the same to opposing counsel.

We now submit the next three sets of binders, which with the first delivered 10 days ago is comprised of some 300 documents and 5,000 pages. (Parenthetically, these binders together account for about 93% of the total production; in other words, there is very little left, mostly isolated documents about Bayrock co-venturer Michael Samuel and Bayrock minority partner Elizabeth Thieriot, but it is the most difficult to produce because those few documents are buried inside a haystack of files that are very time consuming to search through).

**However, because of the issues of privilege and work product protection, and because opposing counsel claims (without explanation) that it is improper for us to produce the actual documents (but doesn't say what we were supposed to produce if not those; there is no distinction (besides paper consumption) between producing documents and producing a list of documents, and producing actual documents is even more specific, in accord with the directive for maximum specificity), we request that before this production is turned over to opposing counsel the court order that the production of these documents (or the equivalent production of a list of these documents pursuant to some definitive list of descriptors) was compelled by order of the court and thus in producing them under order counsels (1) have not violated their client's privilege or their, or counsels', rights to have counsels assert work product protection; and (2) have not waived their clients' privilege or their, or counsels' rights to have counsels assert work product protection and accordingly prohibiting any adverse inference or other adverse use.**

As a request for confirming or protective order must be made by motion, we respectfully request a pre-motion conference so that we may proceed with any turnover to opposing counsel.

(Arguably, though we do not agree or concede the point, what we request could be deemed pursuant to FRCP 26, or something in FRCP 26 to 37, in which case the putative movant must, pursuant to Local Rule 27.2, first request informal conference with the court by letter-motion for a pre-motion discovery conference. We don't think that applies but if the court disagrees we ask this be deemed such a letter-motion. Respectfully, this all seems to be a distinction without a difference.)

**PURSUANT TO 28 USC 1746, THE UNDERSIGNED ATTEST UNDER PENALTY OF PERJURY THAT TO THE BEST OF THEIR KNOWLEDGE NOT ONE PAGE OF ONE DOCUMENT PRODUCED TO DATE AMONG THE 5,000 OR MORE PAGES IS SOURCED TO MR. BERNSTEIN.**

Respectfully submitted,

/s/ Frederick M. Oberlander
/s/ Richard E. Lerner

cc: Via ECF (Without enclosures)