UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. L. KRISS and MICHAEL "CHUDI" EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;<br><br>       Plaintiffs,<br><br>       v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOM B; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br><br>       Defendants,<br>  and<br><br>BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC<br><br>       Nominal Defendants (Derivative Plaintiffs). | No. 10-CV-3959 |

**BAYROCK'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE MAAS'S
JANUARY 14, 2015 REPORT AND RECOMMENDATION**

Defendants Bayrock Group LLC ("BG"), Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC (individually and collectively, "Bayrock") submit this limited objection to Magistrate Judge Maas's January 14, 2015 Report and Recommendation (the "Report and Recommendation"), which determined that Plaintiffs and Plaintiffs' counsel failed to comply with his May 29, 2014 order (the "May 29 Order") and recommended that as a sanction, striking from the First Amended Verified Complaint ("FAC") all of the paragraphs to which Bayrock objected on the ground that they were based on Bayrock's purloined privileged and/or confidential information.

## OBJECTIONS

### I. THE COURT SHOULD NOT STRIKE THE OBJECTED-TO PARAGRAPHS IN THE FAC BUT INSTEAD DISMISS THE FAC WITH PREJUDICE.

While Bayrock agrees wholly with Judge Maas's conclusions that Plaintiffs and Plaintiffs' counsel failed to comply with the May 29 Order and that sanctions are warranted, Bayrock disagrees with Judge Maas's determination as to the proper sanction. Bayrock believes that Plaintiffs' brazen noncompliance with the May 29 Order (in addition to Plaintiffs' misconduct in using Bayrock's purloined privileged and/or confidential information) deserves a stronger penalty than striking the objected-to paragraphs – the FAC should be dismissed with prejudice.

While dismissal with prejudice is a strong sanction, it is warranted in this case. As Judge Maas put it, Plaintiffs' counsel Frederick Oberlander wrongfully "combed through Bayrock's confidential files as some sort of self-appointed inspector general" (Report and Recommendation at 12) and used that information to draft the FAC. Oberlander, however, was not the only wrongdoer here. Plaintiff Jody Kriss also was a knowing participant in the improper behavior. It was Kriss who, upon learning that Joshua Bernstein was wrongfully in the possession of a hard drive containing Bayrock's privileged and/or confidential information, persuaded Bernstein to

share the documents with him and Oberlander by promising Bernstein a share of the anticipated damages. (Affidavit of Joshua Bernstein ¶ 11, attached as Exhibit 3 to the Declaration of Walter Saurack (the "Saurack Declaration"), submitted in support of Bayrock's motion for relief dated October 18, 2013.) Case law supports dismissal with prejudice when the misconduct has been so egregious. *See e.g., Lipin v. Bender*, 84 N.Y.2d 562, 572 (1994)(affirming dismissal with prejudice when there was "no question that plaintiff knowingly and deliberately intruded herself into plainly private communications between defendants and their attorney, and by retaining and hand-copying the documents preserved the information gleaned for maximum advantage to herself (and maximum disadvantage to defendants) in the litigation. Similarly, there is no question that the information was used to that end."); *Perna v. Electronic Data Sys. Corp.*, 916 F. Supp. 388, 400, 401 (D.N.J. 1995) (dismissing complaint because "scandalous" misconduct of reviewing opposing party's privileged material was "an interference with the judicial process and the orderly and fair administration of justice"); *Jackson v. Microsoft Corp.*, 211 F.R.D. 423, 432 (W.D. Wash. 2002) (when plaintiff had acquired and reviewed two CDs containing 10,000 of defendant's e-mails, which included privileged attorney-client communications and confidential information, including trade secrets, dismissal of plaintiff's complaint was warranted).

In addition, Plaintiffs and their counsel should not be permitted to proceed with the action because they cannot erase from their minds what they improperly learned from Bayrock's privileged and/or confidential information. Any further prosecution of this action will inevitably be tainted. Courts have dismissed actions for just this reason. *Lipin*, 84 N.Y.2d at 572-73 (affirming dismissal of Plaintiff's action after Plaintiff had wrongfully accessed defendants' privileged and confidential information because "[p]laintiff's knowledge of course can never be purged."), *see also Matter of Beiny*, 129 A.D.2d 126, 142 (1st Dep't 1987) (disqualifying law

2
2115913_4

firm who had reviewed opposing party's privileged documents because "there is no way of assuring that the tainted knowledge will not subtly influence its future conduct of the litigation."). Judge Maas recognized in the Report and Recommendation the impossibility of Plaintiffs prosecuting the action in an "untainted" manner, acknowledging that "without an indication of what [plaintiffs'] other sources are, it is impossible to conduct an inquiry to determine whether the FAC is so tainted by Mr. Oberlander's decision to forage through the Bernstein Information as to preclude the further prosecution of this suit." (Report and Recommendation at 20.)

Judge Maas declined to recommend dismissal with prejudice citing the Second Circuit's preference that litigation be resolved on the merits and that dismissal only be used in "extreme situations". (Report and Recommendation at 15 (citations omitted).) Bayrock would submit that, given Plaintiffs' egregious misconduct in accessing purloined documents and repeatedly defying numerous court orders to specify the sources of the FAC, such an "extreme situation" exists here. Judge Maas also declined to recommend dismissal because it was possible that Plaintiffs may have viable claims and "a good faith basis for asserting those claims, wholly apart from any information that Mr. Oberlander appropriated from the Bernstein hard drive." (*Id*.)

However, Plaintiffs have had more than enough opportunities to pursue their allegedly viable claims, as the Court has time and again given them "one more chance" to comply with Court orders. Yet, presented with each opportunity to move forward with their claims, Plaintiffs chose instead to defy Court orders every time. If Plaintiffs' allegedly viable claims are dismissed, Plaintiffs have only themselves to blame.

Further, dismissal with prejudice is warranted because the stricken FAC ultimately would be dismissed. Striking the objected-to paragraphs removes approximately 50 percent of the FAC

3

and leaves the remainder incomprehensible and devoid of any viable causes of action. The FAC would not survive under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, the Court should dismiss the FAC.

## II. THE COURT SHOULD NOT PERMIT PLAINTIFFS TO AMEND THE FAC.

Alternatively, if this Court accepts Judge Maas' Report and Recommendation and strikes the objected-to paragraphs of the FAC, Plaintiffs should not be given a further opportunity to amend the FAC. Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15(a)(1) permits one amendment "as a matter of course." Rule 15(a)(2) states that all other amendments require the "the opposing party's written consent or the court's leave."

Plaintiffs already had one opportunity to amend their complaint, and should not be given another. Plaintiffs filed the original complaint in this action (the "Verified Complaint") on May 10, 2010. The Verified Complaint used Bayrock's privileged and/or confidential information, as well as information from a sealed criminal case. When alerted to the fact that references to sealed criminal case documents had been quoted in and attached to pleadings in a civil case, Judge Buchwald, then presiding over this action, immediately ordered the sealing of the Verified Complaint and enjoined its further dissemination. (*See* May 14, 2010 Order, attached as Exhibit 13 to the Saurack Declaration.) Judge Buchwald then ordered Plaintiffs to file a redacted complaint which did not contain the protected documents or information, and then further sent a letter to Mr. Oberlander urging that he submit his new "proposed complaint to me with specific citation to publicly available sources for any allegation (by paragraph) which makes reference to information or documents which are generally treated as sealed or privileged." (*See* December 16, 2010 letter from Judge Buchwald to Frederick Oberlander, attached as Exhibit 6 to the Saurack Declaration). In that same letter, Judge Buchwald also referred Mr. Oberlander to an article in U.S. Law Week titled *Model Rule 1.14 The Elegant Solution to the Problem of*

4

*Purloined Documents* (Vol. 79, No. 18, at 1618) (stating that the proper route for an attorney who receives purloined documents is to promptly notify the person from whom the documents were taken and if the attorney is going to refuse to return the documents, keep the documents segregated until the dispute over the documents is resolved by a ruling by a tribunal). (*Id*.) Rather than comply with Judge Buchwald's strongly worded recommendation that plaintiffs expunge any privileged and/or confidential information from an amended complaint and cite public sources for their allegations, Kriss and Oberlander instead sought permission from the Court to file the FAC, which contains essentially the same privileged and/or confidential information.

This procedural history demonstrates that Plaintiffs have already had an opportunity to amend and wasted it by attempting to file the FAC which still contained privileged and/or confidential information. Plaintiffs undoubtedly would only abuse another opportunity to amend and rewrite the same factual allegations stricken from the FAC, thereby undermining the Court's sanction.

Further, as discussed above, Plaintiffs and Plaintiffs' counsel's misbegotten knowledge cannot be erased from their minds. Even if Plaintiffs are instructed not to use the information learned from Bayrock's privileged and/or confidential information, their knowledge will inevitably affect the drafting of any amended complaint. *See Lipin*, 84 N.Y.2d at 572-73 ("Plaintiff's knowledge of course can never be purged."), *Beiny*, 129 A.D.2d at 142 ("[T]here is no way of assuring that the tainted knowledge will not subtly influence [counsel's] future conduct of the litigation."). Accordingly, this Court should not provide Plaintiffs further leave to amend.

## CONCLUSION

Accordingly, Bayrock respectfully requests that this Court accept Judge Maas's Report and Recommendation, except rather than strike the FAC the paragraphs to which Bayrock objected on the basis of privilege and/or confidentiality, dismiss the FAC with prejudice.

Dated: New York, New York
February 18, 2015

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
Walter A. Saurack
230 Park Avenue, Suite 1130
New York, New York 10169
212. 818.9200

*Attorneys for Baryock*