# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)                                                                           212.826.0357 TEL
MONTAUK, NEW YORK 11954                                                                          212.202.7624 FAX
                                                                                                              FRED55@AOL.COM

February 18, 2015

Hon. Lorna G. Schofield, U.S.D.J.
Southern District of New York                                    re: 10-CV-3959 *Kriss v. Bayrock*

**Request for a Second Enlargement of Time**                    **Ex Parte pursuant to FRCP 6**
**Of Three Business Days to File Objections**
**To R&R**

Dear Judge Schofield:

       We previously requested, ECF 99, an enlargement of time from January 28 to February 18 to submit plaintiffs' objections to Magistrate Judge Frank Maas's January 14, 2015 Report and Recommendation, ECF 97, which enlargement the Court granted on January 22nd, ECF101.

       Recognizing that the Court stated in its endorsed order that no further enlargements would be granted absent "extraordinary" circumstances, we make this request for a further enlargement of three business days pursuant to Rule 6, which provides that an enlargement of time, requested, as we do here, prior to the expiration of the specified time within which an act must be completed, may be granted upon "good" cause. Respectfully, notwithstanding the provisions of Rule 6, we take the court's admonition seriously, but note that given the situation and what is at stake, under the facts this satisfies the extraordinary-circumstances requirement that Your Honor has imposed, over and above the good-cause test set forth in Rule 6.

       Given the gravity of the issues raised by the Magistrate R&R, which recommends striking of allegations in a complaint due to alleged violations of court orders, which sanctions are quasi-criminal and further implicate issues of ethics, civil rights, and access to courts, my colleague Mr. Lerner and I have retained a number of experts, including Pery Krinsky, in sanctions and privilege; Jeffrey Hoffman

of Blank Rome, in criminal and civil sanctions; Steven Nevas, past chair of the Yale Law School First Amendment Clinic and expert in civil rights law; and Professor William Simon of Columbia Law School and Stanford University, in ethics, who has been advising us in this case since 2008.

Such concerns are brought into greater focus by the fact that Bayrock's counsel has uploaded this evening their own objections to the R&R, submitting that the plaintiffs' complaint should be stricken in its entirety because of allegedly wrongful conduct[1].

Each of these individuals must review the objections before they are submitted. While we have spent a great deal of time consulting with Messrs. Hoffman, Krinsky, and Nevas over the past several weeks, we have been unable to speak yet with Professor Simon, whom we have first heard back fromh yesterday. We expect all of them, however, to complete their review of the final papers by Friday, in the worst case Monday, and we therefore request the Court grant until Monday, February 23rd, to upload the plaintiffs' objections to the R&R. The court may be assured that if it is at all possible to do so we will upload sooner.

                              Respectfully submitted,

                              /s/ Frederick M. Oberlander

Of counsel: Richard E. Lerner

cc:     Counsel (via ECF)
        Magistrate Maas (via email)

---

[1] Obviously it will be impossible to address Bayrock's objections in our objection. So, simply as a courtesy to the court we note that we will reply to their objections in accordance with FRCP 72(b). We presume of course that the court will accept their papers though they never asked for an enlargement and so there can be no prejudice in giving us the extra few days as they will still have the opportunity to reply to ours.