SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

February 19, 2015

**By ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al*.
              Plaintiffs' Request for a Second Enlargement of Time to File Objections
              To Judge Maas's Report and Recommendation

Dear Judge Schofield:

      We represent defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock"), and write in response to Mr. Oberlander's letter filed February 18 at 11:48 p.m., requesting a second enlargement of time in which to file objections to Judge Maas's January 14, 2015 Report and Recommendation. Bayrock opposes the request.

      As an initial matter, Plaintiffs' request violates Your Honor's Rule B.2 which requires that a party seek its adversary's consent for an extension of time. Plaintiffs' counsel never contacted me requesting consent for an extension.

      In the order granting the first extension to February 18, 2015, which was per Plaintiffs' January 22, 2015 request, this Court stated that no further requests will be granted absent "extraordinary circumstances." (Dkt. No. 101.) The excuse Mr. Oberlander provides in his letter motion falls far short of that standard. The only excuse Mr. Oberlander provides is that he needs additional time to further consult with various legal "experts."

      Plaintiffs and their counsel have been aware of this deadline, which was the date of their own choosing, for several weeks now. They have had over a month to prepare their objections to Judge Maas's Report and Recommendation. Mr. Oberlander provides no reason why such consultation with legal experts, which by his own admonition has been ongoing "over the past several weeks" utilizing "a great deal of time", could not have been done in the ample time allotted. Plaintiffs' circumstances are not "extraordinary" in the least, but completely ordinary – counsel who simply has no regard for Court orders or deadlines and who procrastinates in preparing papers even after being given additional time to do so.

2136161_2

This is not the first time that Mr. Oberlander has claimed the need to consult with legal experts as the basis for an eleventh-hour request for enlargement of time. He made the same request to Judge Maas on June 11, 2014, for more time to comply with Judge Maas' May 29, 2014 Order to disclose sources for the First Amended Verified Complaint, claiming he needed additional time to consult with legal experts, including Mr. Pery Krinsky, also a purported legal expert consulting on the objections. (Dkt. No. 69.) Plaintiffs' response was due by June 12 and Mr. Oberlander claimed, as he does here, that the "grave" issues at stake required more time for Mr. Krinsky to review the matter. As here, Mr. Oberlander failed to explain why such review could not have been completed within the ample time given. Judge Maas denied the request. (Dkt. No. 71.)

Plaintiffs' previous request for additional time to consult with "legal experts" makes it even clearer that the grounds for this request are pre-textual. Plaintiffs have apparently been consulting with Mr. Pery Krinsky since June 2014 on "ethics" issues. It is thus even more questionable why additional time for consultation is needed at this juncture. We note that requesting extensions of time at the eleventh hour appears to be Plaintiffs' *modus operandi*. Plaintiffs have made last-minute requests for extensions of time numerous times in this action (*see, e.g.*, Dkt. Nos. 65, 66, and 69.)

Furthermore, an enlargement of time would be prejudicial to Bayrock. Bayrock complied with the Court's order and filed its objections on February 18.[1] Plaintiffs will have the advantage of seeing Bayrock's objections when filing their own objections. It is unfair that Plaintiffs will have an additional opportunity to respond to Bayrock's objections, while Bayrock does not have the same opportunity to respond to Plaintiffs' objections, simply because it complied with the Court order and timely filed its objections.

Accordingly, Bayrock respectfully requests that this Court deny Plaintiffs' second request for an enlargement of time.

Respectfully submitted,

Walter A. Saurack

---

[1] In his letter Mr. Oberlander suggests that Bayrock's objections were untimely because "they never asked for an extension" beyond the original due date (Oberlander letter fn. 1). However, Bayrock notified the Court that it would not object to Plaintiffs' original request for an extension of time as long as the extension applied to all parties (Dkt. No. 100) and this Court's January 22 order made it clear that the enlargement of time to file objections applied to "any objections". (Dkt. No. 101.)