UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. L. KRISS and MICHAEL "CHUDI" EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;<br><br>                Plaintiffs,<br><br>                v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOM B; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br><br>                Defendants,<br>    and<br><br>BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC<br><br>                Nominal Defendants (Derivative Plaintiffs). | No. 10-CV-3959 |

**BAYROCK'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE MAAS'S JANUARY 14, 2015 REPORT AND RECOMMENDATION**

2138486_9

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC (individually and collectively, "Bayrock") submit this response to Plaintiffs' objections ("Pls. Objections")[1] to Magistrate Judge Maas's January 14, 2015 Report and Recommendation (the "Report and Recommendation").

## RESPONSE TO PLAINTIFFS' OBJECTIONS

As Judge Maas explained in his Report and Recommendation, despite multiple orders to disclose the sources of the First Amended Complaint ("FAC") by paragraph, Plaintiffs foisted reams of incomprehensible materials upon the Court, *e.g.*, a byzantine color-coded FAC, a chart with vague descriptions of documents types, and nine binders of unindexed, uncategorized documents. Plaintiffs plainly had no intention of complying with Judge Maas's orders. They instead surmised that creating confusion would mask and ultimately excuse their misconduct. Judge Maas, however, was not fooled by Plaintiffs' disingenuous responses and recommended that Plaintiffs be sanctioned for their blatant disregard of his orders.

The motive behind Plaintiffs' obstructionism is laid bare in their Objections, in which they admit that only 11 out of 600 objected-to paragraphs in the FAC came from public sources (the rest likely tainted by Plaintiffs' use of purloined privileged and/or confidential documents). Instead of disclosing this information when ordered to do so by Judge Maas or Buchwald, Plaintiffs wasted the Court's and Bayrock's time with a year-and-half of needless protracted litigation. Accordingly, this Court should accept Judge Maas's Report and Recommendation and sanction Plaintiffs. Further, as Bayrock explained in its objections, given the gravity of

---

[1] In their objections, Plaintiffs purport to represent "hundreds of banks, customers and other creditor victims" of alleged fraud by Bayrock. It is entirely unclear why Plaintiffs believe they have standing to represent these unnamed alleged parties.

Plaintiffs' misconduct and admitted wrongdoing in using purloined documents, this Court should dismiss the FAC with prejudice.

I.     **PLAINTIFFS FAILED TO COMPLY WITH JUDGE MAAS'S ORDERS.**

Since Plaintiffs were first directed in 2010 to demonstrate that their complaint was based on public sources, as opposed to purloined privileged and confidential documents, Plaintiffs have engaged in obstructionism, delay and non-compliance. This is evident in the following timeline.

- **December 16, 2010** – After sealing the original complaint because it contained privileged and confidential information, Judge Buchwald strongly urged Mr. Oberlander to send his new "proposed complaint to me with specific citation to publicly available sources for any allegation (by paragraph) which makes reference to information or documents which are generally treated as sealed or privileged." (Report and Recommendation at 4)

- **April 2, 2013** – Rather than comply with Judge Buchwald's request and provide "specific citation[s]," Plaintiffs draft and ask for permission to file the FAC which contains even more Bayrock privileged and confidential information.

- **May 9, 2013** – Bayrock submits a letter to the Court objecting to the filing of the FAC because it is based on purloined privileged and confidential documents. Bayrock also submits as Exhibit A a chart listing approximately 600 paragraphs of the FAC it believed were derived from purloined privileged and confidential information.

- **September 12, 2013** – Following a conference on the matter, Judge Maas orders Plaintiffs to provide an annotated Exhibit A "detailing any sources of information other than [Bernstein] for the allegations in the referenced paragraphs of the [FAC]." (September 12 Order at 1.) (Dkt. No. 60)

- **September 30, 2013** – Instead of "detailing" sources, Plaintiffs submit a bizarrely color-coded FAC where the coding was explained as 1) Bernstein, 2) Bernstein plus "sourceable" to other public sources, 3) materials other than Bernstein, 4) materials other than Bernstein plus "sourceable" to public sources, 5) Bernstein and others, 6) Bernstein and others and "sourceable" to other public sources, and 7) Bernstein or Bernstein and others but Plaintiffs did not know which.

- **May 29, 2014 –** Judge Maas finds in a written decision that instead of providing "specific factual sources for the information set forth in the challenged paragraphs of the FAC, Plaintiffs simply have indicated whether there allegedly are public sources for some or all the allegations". (May 29 Order at 11.) He orders Plaintiffs to provide "an updated chart identifying in detail the source(s) of each contested paragraph of the FAC" by June 12, 2014. (*Id*. at 21-22.)

2

2138486_9

- **June 11, 2014** – Instead of providing "specific factual sources," Plaintiffs submit a last-minute request for "urgent stay" or extension of time so that Plaintiffs could consult with "ethics" counsel, who would report back by June 17 as to a possible time to comply.

- **June 12, 2014 –** Judge Maas denied the request. (Dkt. No. 71)  Instead of providing "specific factual sources" plaintiffs then submit an admittedly "incomplete" chart.

- **June 13, 2014** – Instead of providing "specific factual sources," Plaintiffs submit another admittedly "incomplete" chart.

- **June 16, 2014** – Plaintiffs submit a supposedly "complete" chart at 11:29 p.m.  Instead of providing "specific factual sources," the chart provides vague descriptions such as "attorney client communication", "work product", "FL transaction documents", and "Self documenting email."

- **June 30, 2014** – Without further orders from Judge Maas, and well past his June 12, 2014 submission deadline, Plaintiffs send a letter to Judge Maas notifying him that they would be submitting binders of documents allegedly relied upon in preparation of the FAC.

- **July 1, 2014** – Instead of providing "specific factual sources," Plaintiffs submit a so-called "Binder 5" of documents that were allegedly relied upon in preparation of the FAC.  The documents were not matched to paragraphs of the FAC.  (Dkt. No. 88)

- **July 9, 2014 –**  Instead of providing "specific factual sources," Plaintiffs provide eight more binders to the Court (but not to Bayrock), and state that all the binders in total represented "93%" of the documents relied upon in the drafting of the FAC.  Mr. Oberlander represents under penalty of perjury that none of the documents came from Bernstein.  (Dkt. No. 94)

Neither the color-coded FAC, nor the chart, nor the document production complied with Judge Maas's orders because they did not fulfill the basic directive to state where Plaintiffs obtained the information that formed the allegations in the FAC.  The color-coded FAC only makes claims as to whether a paragraph can be corroborated with a public source, but does not state what that source is.  Plaintiffs' chart does not indicate where the vaguely described documents came from – whether they were public (unlikely), or obtained from Bernstein, or obtained from another source.  The uncategorized documents do not indicate the source of the document, nor are they linked to particular paragraphs of the FAC.

In addition, Plaintiffs' multiple responses are facially inconsistent, calling into doubt the trustworthiness of Plaintiffs' responses.  For example, in the letter accompanying the binders,

3

Plaintiffs' counsel claimed under penalty of perjury that none of the documents allegedly used to draft the FAC were "sourced to… Bernstein." (Dkt. No. 94.) Conversely, Plaintiffs' color-coded FAC indicated that several allegations were sourced solely to Bernstein.

Multiple orders made it crystal clear that Plaintiffs were to identify the source of each allegation in the FAC so that the Court could determine which allegations were improperly based on information purloined from Bayrock and which were not, *e.g.*, from a public source. (*See e.g.*, the May 29 Order at 10 ("The purpose of requiring Plaintiffs to identify source materials for each contested allegation identified in Exhibit A to the Bayrock May 9 Letter was so that the Court could determine whether any of those allegations were based solely on information obtained from Bernstein.")) Plaintiffs' submissions are useless for that purpose.

The motive behind Plaintiffs' elaborate yet unresponsive submissions becomes clear after reviewing Plaintiffs' Objections – Plaintiffs were trying desperately to hide the fact that almost none of the paragraphs of the FAC were based on public sources so as to avoid sanctions for use of Bayrock's purloined privileged and/or confidential documents. In their objections, Plaintiffs reveal that only 11 paragraphs out of the 600 at issue were based on public sources that were not documents made public only because Plaintiffs improperly publicly filed them in Delaware state court.[2] (Pls. Objections at 12 (claiming 100 of the allegations had "public" sources, but that 89 of those were sourced documents only made public in Delaware court)).

Plaintiffs could have disclosed this in 2010 or 2014 by responding to Judge Buchwald's strong recommendation or Judge Maas's orders. In addition, as demonstrated in their objections,

---

[2] As explained in Bayrock's prior submissions, the documents filed in Delaware state court are not public. They are privileged and/or confidential documents that are only allegedly "public" because Plaintiffs themselves improperly publicly filed them, *e.g.*, in Delaware state court. Privilege indisputably is not waived when a party's documents are stolen from them and made public without its permission. *Lanza v. New York State Joint Legislative Comm. on Gov't Operations*, 3 A.D.2d 531, 533 (1st Dep't 1957), *aff'd*, 3 N.Y.2d 92, 143 N.E.2d 772 (1957). In addition, were such documents nonetheless to be considered public, that would mean, according to Plaintiffs admission that 500 of the 600 objected-to paragraphs would have no public source whatsoever.

4

Plaintiffs clearly had the information at hand to provide detailed sources for other paragraphs of the FAC.  Instead, Plaintiffs wasted at least a year and a half of the Courts' and Bayrock's time.  As a result of Plaintiffs' defiance and that the Court still cannot tell what allegations are sourced from Bernstein or public sources, Judge Maas was left with no choice but to recommend that Plaintiffs be sanctioned.

Plaintiffs' refusal to comply with orders is merely the latest example of their misbehavior, their original being the use of purloined privileged and/or confidential Bayrock information.[3]  As explained in its limited objections, Bayrock believes that this Court should issue a stronger sanction than that recommended by Judge Maas – dismissing the FAC outright and with prejudice.  Not only would it be difficult to find a more egregious example of non-compliance with court orders and procedures,[4] but allowing Plaintiffs to proceed with a modified FAC with the stricken paragraphs would still result in undue prejudice to the Defendants because the Plaintiffs would be proceeding with a cause of action predicated on and inexorably influenced by Bayrock's purloined privileged and/or confidential information.  *See Lipin v. Bender*, 84 N.Y.2d 562, 572-73 (1994) ("Plaintiff's knowledge of course can never be purged.").

Accordingly, Bayrock respectfully requests that this Court accept Judge Maas's Report and Recommendation, except rather than strike the FAC the paragraphs to which Bayrock objected on the basis of privilege and/or confidentiality, dismiss the FAC with prejudice.

---

[3] The rest of Plaintiffs' objections are devoted to arguments that the documents are no longer privileged (waiver, crime-fraud exception, and others) and to arguments that Plaintiffs were not given proper "due process" with regard to the Bernstein Affidavit. (Pls. Objections at 26-35.)  Due process considerations are irrelevant because Mr. Oberlander has admitted the critical parts of the Bernstein Affidavit.  Furthermore, these arguments are irrelevant to the review of Judge Maas's Report and Recommendation because Judge Maas's recommendation for sanctions was not based on substantive findings, but instead on Plaintiffs' clear and willful defiance of his orders.  Although Bayrock cannot address Plaintiffs' arguments due to space limitations, Plaintiffs have repeatedly raised these issues in the past, and Bayrock's arguments in response can be found in Bayrock's papers in support of its motions for relief and in opposition to Plaintiffs' motion to disqualify, submitted to Judge Maas.

[4] In fact, at the behest of Judge Cogan in the Eastern District of New York Plaintiffs' counsel remains under investigation by the U.S. Attorneys' Office in the Northern District of New York for criminal contempt for refusals to comply with court orders.

Dated: New York, New York
March 6, 2015

SATTERLEE STEPHENS BURKE & BURKE LLP

By:________________________________________
Walter A. Saurack
230 Park Avenue, Suite 1130
New York, New York 10169
212. 818.9200

*Attorneys for Bayrock*