# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)                                                                             212.826.0357 TEL
MONTAUK, NEW YORK 11954                                                          212.202.7624 FAX
                                                                                                    FRED55@AOL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/15

March 15, 2015

Hon. Lorna G. Schofield, U.S.D.J.
Southern District of New York                                            *Kriss v. Bayrock* 10-cv-3959

**Request for (1) Oral Argument with respect to Objections to R&R ECF 97**
                    **(2) Immediate Teleconference re Defendant Sater's March 13 Submission**
                    **(3) Leave to Correct Errata in Reply previously filed as ECF 112**

Dear Judge Schofield:

**First**, we ask for teleconference re the March 13, 2015 submission by Defendant Sater, ECF 101. Though it was improper, if the Court considers it –even if doesn't – we must have 14 days to respond.

**Second**, we reaffirm our request for oral argument as to the objections filed with respect to Magistrate Maas's Report and Recommendation of January 14, 2015, ECF 97.

**Third**, We ask leave to re-file our reply, ECF 112 containing four errata. We made two block quotes from two cases but inadvertently chopped off the case citations, and we also mis-numbered a footnote.

*****

**The March 13 Submission** is improper. It can't be a reply to any objection to the R&R: It's out of time, triple the length your honor ordered, and doesn't discuss or dispute anything Plaintiffs or Bayrock wrote in their objections, but instead is entirely new matter such that, were it a reply to ordinary opposition papers, it would be stricken, or entitle us to sur-reply. Perhaps it's a month-late objection.

Whatever it is, it's presentation of new matter is legally challenged embarrassment, to us and, we think, to the dignity of the court, so much so that we ourselves are saddened to have to deal with it.

For example, besides dredging up statements in papers in other cases years ago to ask the FAC be struck for them, it says the FAC must be struck because we wrote an Op Ed in a political journal opposing the Lynch nomination, apparently arguing *sub silentio* the novel legal theory that among a court's previously unknown inherent powers are those of a commissar of thought police in some judicial secretariat of political correctness.

It says the FAC must be struck as it's not a complaint, but an instrument of extortion. Nevermind that, per *Noerr Pennington*, filing a complaint is not sanctionable unless it is a sham, devoid of legal merit and filed only for improper purpose, *Sussman v. Bank of Israel*. 56 F.3d 450 (CA2 1995). Nevermind that the R&R *declined* Rule 11 sanctions as the complaint was *not* found meritless. Off with its head!

*The court cannot unring a bell hanging around the neck of a horse already out of the barn being carried on a ship that has sailed.* Thus, we ask urgent teleconference or affirmation by endorsement hereof to confirm our right to respond to it within 14 days, even if your honor intends to strike it, because the damage has been done and you cannot unread it, and its vitriol, so we must be entitled to purge, if that's even possible and the taint is not forever irreparable, and *a fortissimo* if your honor intends to consider it.

**Oral Argument.** There's no better example of the need for this than Bayrock's Reply, ECF 113. We were ordered to make a light contention interrogatory response, ECF 68 at 12-13, 21-22,, and did, *lawfully* using category binders, ECF 107 at fn.9 and pg. 15 et seq.; ECF 112 at 3, and listing *every* source, not only where allegations came from documents in specific binders but also where they came from a client or work product. Yet Bayrock asks we be sanctioned for not producing even one "specific factual source" without even bothering to explain or define just what such a thing might be.[1]

It's a lot easier to try to get away with litigation by sound bite in papers, hoping that repeating the meme that we didn't produce a "specific factual source" gains cognitive traction before anyone stops to think just what *is* a "specific factual source" if not the documents and client witnesses we relied on – all of which we produced – than it is to get away with it in argument faced with questioning like:

> **"Counselor, what's a specific factual source they should have, but didn't, produce? What else could there *be* besides documents, witnesses, and opinion work product based on such? Didn't they produce all that for 600 challenges?"**
>
> **"Yes, but…"**
>
> **"Isn't it true that near every document produced was written by your own client, so your client can't claim not to understand them or that they're unusable?"**
>
> **"Yes, but…"**
>
> **"And you admit that the term 'specific factual source' was not defined anywhere?"**
>
> **"Yes, but…"**
>
> **"And you admit that counsels told you of their uncertainty as to what was required and asked you to consent to conference with the court to clarify, but you refused?"**
>
> **"Yes, but…"**

*****

**Errata.** We ask leave to replace our Reply ECF 112 by the version in Exh. 1, correcting four errata.[2]

Respectfully submitted,

/s/ Frederick M. Oberlander
/s/ Richard E. Lerner

---

Application DENIED in part as follows:
1. Request for telephone conference and leave to respond to the filing at Dkt. No. 115 (incorrectly identified as Dkt. No. 101 in this letter) is DENIED. Defendant Sater's filing is untimely and will not be considered by the Court. Accordingly, any response is unnecessary.
2. Request for oral argument on the Report and Recommendation at Dkt. No. 97 is DENIED.
3. Leave to file a corrected reply is DENIED as moot because the corrected reply is already on the docket as Attachment 1 to Dkt. No. 116.

Dated: March 16, 2015
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**