# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)                                 212.826.0357 TEL

MONTAUK, NEW YORK 11954                                    212.202.7624 FAX

FRED55@AOL.COM

March 20, 2015

Hon. Lorna G. Schofield, U.S.D.J.

Southern District of New York                            *Kriss v. Bayrock* 10-cv-3959

**AFFIDAVIT RESPONSE TO ECF 118**
**REQUEST FOR PRE-MOTION CONFERENCE AND STAY AND ABATEMENT**
**PENDING MOTION(S) FOR MISTRIAL, DISQUALIFICATION, AND SANCTIONS**

Dear Judge Schofield:

## AFFIDAVIT RESPONSE

Pursuant to order ECF 118, we separately filed affidavits confirming under penalty of perjury counsels' continuing representation of plaintiffs in this matter. Because your honor's language called for a legal conclusion it was modified slightly to conform to and state the facts underlying your honor's request.

## BACKGROUND

Pursuant to Individual Rule III.A.1, plaintiffs request immediate conference prior to moving for a civil mistrial and for your honor's disqualification on grounds of irreparable taint, bias, the appearance of bias, and the irremediable presence of facts and circumstances which create an unconstitutionally high probability of bias, as measured from the viewpoint of a hypothetical disinterested observer.

We request April 3, the earliest date by your rules, but urge your honor to accelerate this with an earlier date. And, as such a disqualification necessarily disrobes the mantle of impartiality otherwise presumed and so bars the judge from any further action in the case, we believe your honor must stay or abey all proceedings of any kind pending resolution of these allegations with all deliberate speed.

## BACKGROUND

On Friday, March 13, Defendant Sater filed ECF 115, seeking enhanced sanctions with respect to an R&R, ECF 97. It made unsworn allegations of criminal acts supposedly committed by counsels, including that this litigation was an act of extortion and that they no longer represented their clients.

On Monday, March 16, Plaintiffs filed ECF 116 objecting that ECF 115 was out of time *re* the R&R and asking to respond whether or not the court considered it as its allegations were so reprehensible that, even if the court didn't consider it, the court couldn't forget it, leaving irreparable taint.

On Tuesday, March 17, 2015, the court denied Plaintiffs' request to respond because the court ruled that Sater's filing would not be considered. ECF 117.

On Thursday, March 19, the court ordered, ECF 118, that counsels individually swear to the court's own prepared language under penalty of perjury that they had the authority to represent their clients.

## ANALYSIS

Any factor or combination of factors which unduly or improperly influences, or ought to influence, a judge, and which deprives her of the ability to "hold the balance nice, true and clear" denies the aggrieved party the most important guarantee of due process: a fair trial before an impartial tribunal.

When such improper influence occurs, as it has here, the aggrieved party's recourse includes motions for the judge's disqualification and for a mistrial, which though not the same, are related. We presume the court's familiarity with the rules of disqualification and mistrial, so only summarize them here.

Substantively, the fundamental issue is not one of *actual* bias, but the *appearance* of bias. The appearance of impartiality is of equal systemic constitutional importance as is its reality. The Supreme Court has made clear for decades that a sufficiently non-zero *probability* of bias, as measured through the eyes of a hypothetical, informed objective observer, is a due process violation[1], whether the matter be civil or criminal. Of course, there are other grounds for disqualification, including Canons imposed upon the judge and various statutory and common-law bases. **In short, while *actual* bias is sufficient, it is not necessary; the mere *appearance* of bias, which is simply a "fuzzy" way of what is more precisely stated as the cognizably non-trivial *probability* of bias, is also sufficient, either on due process or less formidable statutory, ethical, and common-law grounds**

Procedurally, while there are various rules, in general, and in brief, a motion for relief must be brought reasonably contemporaneously with the occurrence of the (most recent) offending conduct or event.

Mistrial is thus a related situation of unfairness, where fairness has been rendered impossible by any act, not just judicial bias. Of course, when as in this case the mistrial results from an act itself causing judicial bias, both mistrial and disqualification must be had. This confirms that judicial bias may exist without fault; it's clear that the statutes concur by implying bias situationally, for example implying bias by ownership of financial interest in or closeness of relationship to a party. 28 U.S.C. §455(b).

## PRÉCIS

We intend to assert apparent *and* actual bias, and, statutorily, under §455 *and* §144, the latter *requiring* removal. And nothing *requires* extra-judicial basis rather than basis manifestly clear from proceedings.[2]

We intend also to assert there has been a mistrial. In all cases, grounds triggering and justifying this stem from, though are not limited to, the issuance of that order which is ECF 118.

By itself ECF 118 is ground enough. The court has done what it may not. It has repudiated its order. Unless the court is in possession of information, other than from Sater's filing, calling into question our right to appear in behalf of our clients, in which case the court is acting in response to an *ex parte* or other communication or source undisclosed and unknown to us and thus acting in violation of due process, the court must be acting in response to Sater's filing, which questions our representation without evidentiary support and without sworn verification and thus without *prima facie* establishment.

That means the court has considered that which it has said on the record it would not. It has repudiated its order. No one questions the right of the court to police its process against fraud. We question its

---

[1] *Caperton v. A.T. Massey Coal*, _ U.S._, 129 S.Ct. 2252 (2009); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

[2] "There is not much doctrine to the doctrine…opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias…motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias…challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible…" *Liteky v. United Stats,* 510 U.S. 540, 554 (1994).

right to do so in the summary manner it has, clearly in response to allegations we were not permitted to answer because, we were promised, neither it nor anything else in that filing would be given consideration, **allegations which have been held by this court to not be before it.**

Yes there is prejudice, as we will demonstrate at conference and in motion. *Inter alia* we were deprived of the opportunity to serve a Rule 11 motion triggering a 21-day safety valve in which Sater could have withdrawn his letter in whole or in part. There is more, but space does not permit.

But the issue isn't one of prejudice, but the appearance thereof and the lack of fair play. The issue is also one of mistrial, so it is an issue of multiple constitutional dimension, for there are on the docket 5,000 words of sanctionable vitriol to which we've been ordered not to reply but which has obviously influenced the court. No objective person, and no client of ours, can believe that the court's actions don't radiate an impermissibly high probability that the rest of the letter, the accusations of extortion, for example, have also irremediably influenced the court (hardly surprising, as that was its obvious intent). In short, the taint is pervasive, especially, in the mind of the court, from which it cannot be cleansed. That is a mistrial requiring at a minimum the accompanying substitution of your honor.

None of that should be read to suggest the court is motivated invidiously. But that is not required. Rather, what is required is something perhaps more easily understood by that hypothetical man in the street charged by the concepts of decency and fair play as the determiner of the probability of bias.

The court's order ECF 118 does not stand alone. It stands on the shoulders of all that has gone before it. Its contents, calling counsel extortionists, justify the imposition of extreme sanctions including striking any answer.[3] They deserve full consideration as proof of unclean hands and any imposition of sanctions against us must take that into account. And we will introduce evidence that in fact Sater is again (if he ever stopped) controlling Bayrock, so this should be imputed to them as well.

But there is more. One year ago, Sater and his attorneys – and note we are swearing to this, though they never swear – embarked upon a campaign of witness intimidation, obstruction, and harassment, threatening their economic lives and as our clients and their wives and children believed (and quite reasonably given that Sater is a twice convicted mobster with a felony conviction for assault with a deadly weapon) was intended, their physical lives. They explicitly threatened harm if, in pertinent example, Mr. Ejekam did not cause the related case *Kriss II* to end. Yet your honor declined our request for an immediate hearing on this matter with the comment that whatever your obligation was to ensure a fair trial, it did not extend to the pre-discovery phase. See 13-3905 ECF 49 at 62.

Without question emboldened by this court's ruling, for the past year this campaign of coercion has accelerated to where now over 100 web pages are maintained and thousands of emails and document drops made all calling Mr. Kriss a fraud and extortionist in this litigation to force him to withdraw, traceable to Sater and his counsels. And now, in light of the R&R and your honor's response to Sater's letter, taking action solely in response to it while ordering us not to reply, the court's view that it need not exercise its inherent powers to investigate and sanction the ongoing felony obstruction, coercion, tampering, and obstruction of the parties before it but has no problem considering whether, for example, actions taken in filings in Delaware 7 years ago deserve pre-litigation sanction, is not tenable.

Wherefore the above, plaintiffs respectfully request the captioned relief, that a pre-motion conference be held as expeditiously as possible and that all further action be stayed or abeyed pending same.

Respectfully submitted,

/s/ Frederick M. Oberlander, *Counsel for Plaintiffs*
/s/ Richard E. Lerner, *Co-counsel*

---

[3] *Maus v. Ornsein*, 513 Fed. Appx. 872, 2013 U.S. App. LEXIS 5468 (CA11 2013).