USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/23/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JODY KRISS, et al.,                                           :
                                      Plaintiffs,             :
                                                              :       10 Civ. 3959 (LGS) (FM)
                   -against-                                  :
                                                              :       OPINION AND ORDER
BAYROCK GROUP, LLC, et al.,                                   :
                                      Defendants.             :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

On July 23, 2013, this matter was referred to Magistrate Judge Frank Maas for general pretrial supervision and to resolve the objections of Defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively, "Bayrock") to the public filing of Plaintiffs' operative First Amended Complaint ("FAC"). Before the Court is Judge Maas' Report and Recommendation, dated January 14, 2015, (the "Report") recommending that each paragraph to which Bayrock has objected be struck. Both Plaintiffs and Bayrock, respectively, have filed objections to the Report. For the reasons that follow, the Report is adopted in its entirety.

I.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) governs review "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge." Under Rule 72(a) a district court reviews a magistrate judge's orders for clear error. Here, even though no dispositive motion was referred to Judge Maas, the Report recommends exercising the Court's

inherent powers to sanction Plaintiffs in a manner that may prove dispositive.[1]  Accordingly, and in the fullness of caution, the Report and its ultimate recommendation are reviewed under the de novo standard of Rule 72(b).  A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Under Rule 72(b), the court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  See 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.  *Feliciano v. Comm'r of Soc. Sec.*, No. 10 Civ. 3151, 2011 WL 6399512, at *3 (S.D.N.Y. Dec. 20, 2011).  Finally, "an unsuccessful party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate."  *Marache v. Akzo Nobel Coatings, Inc.*, No. 08 Civ. 11049, 2010 WL 3731124, at *3 (S.D.N.Y. Sept. 7, 2010) (quoting *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)); *accord Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (summary order) (noting the "district court did not abuse its discretion in refusing to consider" an argument where the objector failed to raise it before the magistrate judge).

---

[1] The Report also references the uncertainty in this Circuit concerning the authority of a Magistrate Judge to sanction a litigant (as opposed to recommending such a sanction) under the Court's inherent powers.

## II. DISCUSSION

Familiarity with this case and its procedural history, detailed in the Report and Judge Maas' opinion dated May 29, 2014, is assumed. *See Kriss v. Bayrock Grp. LLC*, No. 10 Civ. 3959, 2014 WL 2212063 (S.D.N.Y. May 29, 2014); *see also Kriss v. Bayrock Grp. LLC*, No. 13 Civ. 03905, 2014 WL 715660 (S.D.N.Y. Feb. 25, 2014). Facts are recounted only to the extent necessary to resolve the parties' objections to the Report.

### A. Procedural Issues

This matter was referred to Judge Maas for, among other things, resolution of Bayrock's objections to the public filing of the FAC on the ground that it contains allegations based on information Plaintiffs' counsel obtained unlawfully from Joseph Bernstein, a former Bayrock employee. Because Plaintiffs repeatedly failed to comply with -- even defied -- Judge Maas' orders, he was unable to determine which contested allegations in the FAC, if any, may be filed publicly on the docket and form the basis for the action to proceed. The Report recommends exercising the Court's inherent powers to sanction Plaintiffs by striking from the FAC every allegation subject to an objection from Bayrock.

Pursuant to Rule 72(b), and as instructed in the Report, any objections to the Report were due no later than January 28, 2015. By letter dated January 21, 2015 (but filed on January 22, 2015), Plaintiffs requested an extension until February 18, 2015, because, among other reasons, "it will take much time to prepare our objections" and "we need time to coordinate with our First Amendment and ethics counsels in re issues to be addressed in the objections." Plaintiffs stated, however, that "we won't go over [page] limit." On January 22, 2015, Plaintiffs' application was granted, and the deadline for objections was extended to February 18, 2015, the date that Plaintiffs had requested. Bayrock timely filed objections on February 18, 2015 ("Bayrock's Objections"), but Plaintiffs did not.

At 11:49 p.m. on February 18, 2015, Plaintiffs filed a letter explaining that, given the "quasi-criminal" sanctions recommended by the Report, Plaintiffs had been in consultation with experts on privilege, sanctions, the First Amendment and ethics; each expert "must review the objections before they are submitted"; Plaintiffs had been unable to consult with one of their experts in time for the submission; and all experts were expected to complete their "review of the final papers" by February 20, 2015.  An Order was issued on February 19, 2015, advising that "objections not docketed on ECF by 3 pm Eastern Time on February 20, 2015, will be disregarded as untimely."  At 2:58 p.m. on February 20, 2015, Plaintiffs submitted a 33-page brief, which (contrary to the representation in their first request for extension) exceeded the 25-pages permitted by the Court's Individual Rules.  Further, the submission was via email, and not filed on ECF as had been ordered.

Later that day, Plaintiffs filed a letter on ECF explaining that the objections had been filed "under seal" pursuant to the Local Rules "out of caution and professional relations with" counsel for Bayrock, who Plaintiffs believe "should have a chance to read it before it's made public" because the submission may implicate other sealed documents.  However, the Individual Rules require a party to seek the Court's leave before filing documents under seal.  The letter also promised that if Plaintiffs did not hear otherwise from the Court or Bayrock by February 23, 2015, they would "upload the identical file, which may be confirmed by the /A metadata, at the end of the day."

On February 24, 2015, Plaintiffs filed their "Corrected" objections to the Report on ECF.  Again contrary to their prior representation, this document was neither submitted on February 23, 2015, nor "identical" to their February 18 submission, and included an errata sheet purporting to correct certain "orhographic [sic] and lexical errors."

4

Finally, on February 25, 2015, Plaintiffs were granted leave to file a reply to Bayrock's objections no later than March 4, 2015, and not to exceed 5 pages. Plaintiffs' reply, timely filed on March 4, 2015, spanned 7 pages.

Plaintiffs' apparent defiance of the Court's orders and rules -- continuing a pattern of such behavior detailed more fully in the Report -- are sufficient cause to disregard Plaintiffs' objections in their entirety. Nevertheless, in the interests of justice, this Opinion considers the first 25 pages of Plaintiffs' February 20 submission ("Plaintiffs' Objections") and the first five pages of Plaintiffs' Reply, which are the portions within the Court's page limits.

Any objections contained in Plaintiffs' or Bayrock's Objections and not specifically addressed below have been considered de novo and rejected.

### B. Bayrock's Objections

Bayrock objects to the Report's ultimate recommendation that the contested allegations in the FAC be struck. Bayrock argues that, instead, the FAC should be dismissed in its entirety. The Report appropriately finds that remedy to be too extreme.

Bayrock also argues that if the Report is adopted, Plaintiffs should not be granted leave to amend. Any ruling on amending the FAC after striking the contested allegations is premature absent a motion seeking leave to amend. Accordingly, Bayrock's Objections are rejected.

### C. Plaintiffs' Objections

Plaintiffs make a series of objections to the Report. First, "[n]otwithstanding their detailed objections," Plaintiffs make generalized objections "to every finding of fact" and "every conclusion of law." Such conclusory objections are insufficient to trigger de novo review and are rejected. *See, e.g.*, *Feliciano*, 2011 WL 6399512, at *3.

Plaintiffs argue that (1) they complied with Judge Maas' orders and any finding of non-compliance is based on Judge Maas' "flip-flopping" on what was required of them; (2) Judge

Maas' orders required an "impossible production"; (3) at most, Plaintiffs were negligent, and accordingly the Report's "quasi-criminal" sanctions are inappropriate; (4) "[d]ue process violations abound"; (5) Judge Maas relied on a deceitful affidavit; (6) Judge Maas should have recused himself; (7) Judge Maas unfairly implied that Plaintiffs' counsel gave Bernstein incompetent advice; and (8) Bayrock's various objections to public filing of the FAC are meritless.  These objections are rejected.[2]

> 1. *Compliance with Judge Maas' Orders and Impossibility*

Plaintiffs argue that the root of the problem is not their refusal to comply with Judge Maas' orders, but that his orders were insufficiently clear and constantly morphing.  The argument, based on unreasonable semantics, cannot survive scrutiny.  Judge Maas made clear what Plaintiffs were to do -- identify specific public sources for each allegation in the FAC objected to by Bayrock.  Plaintiffs have consistently defied the Court's requests and orders.

The idea that Plaintiffs should identify a public source for each of their allegations originated in 2010 with Judge Buchwald, who was then presiding over the case.  In a letter to Plaintiff's counsel on December 16, 2010, Judge Buchwald wrote, "To avoid any further issues I would suggest that, before filing the new [amended] complaint, you submit your proposed complaint to me *with specific citation to publicly available sources for any allegation* (by paragraph) which makes reference to information or documents which are generally treated as sealed or privileged."[3]  (emphasis added).  Judge Buchwald's request was unambiguous.  While Plaintiffs ultimately filed the FAC, they did not follow Judge Buchwald's suggestion.  Plaintiff's counsel later explained to Judge Maas, at a September 11, 2013, conference, that he had not

---

[2] Defendant Sater's untimely submissions dated March 13, 2015, in response to Plaintiffs' Objections are not considered in this Opinion.

[3] Judge Buchwald's letter, which was not filed on the docket, is attached to this Opinion as Exhibit A.

complied because Judge Buchwald had merely made a suggestion and never issued an order, and that had Judge Buchwald issued such an order, he would have taken the matter to the Supreme Court.

At the September 11, 2013, conference, Judge Mass ordered: "for the paragraphs where the BayRock defendants say it's either a trade secret or privileged information or both, you [i.e., Plaintiffs] need to provide a public source for that if there is one." In response, Plaintiffs' counsel said, "I think we are in complete agreement." Later in the conference, Judge Maas instructed Plaintiffs to "address whether [for] the paragraphs that the Bayrock defendants" complained of, "was there a public source also for the information?"

Plaintiffs argue that Judge Maas' order at the conference required no more than identifying *whether* the sources of information were public or not, not what they were. However, Plaintiffs did not appear to misunderstand the order at the conference itself:

> [Plaintiff's Counsel]: Now, this is just the markup and response back to what they claim, right? In other words, this is their paragraph. They're saying, "We don't like this; we don't like this" and I'm saying, "I don't care; we have a right."
> THE COURT: No, you are not saying, "We have a right," You are giving me --
> [Plaintiff's Counsel]: Why we think we have the right.
> THE COURT: No. No. *You're giving me a source*.
> [Plaintiff's Counsel]: Only where it came from?
> THE COURT: *The source*.
> [Plaintiff's Counsel]: *That's much simpler, yes*.(emphases added).

Further, any ambiguity that may have existed at the end of the conference was definitively resolved by Judge Maas' written order of September 12, 2013, (the "September 12 Order") which stated, "Pursuant to the conference held on September 11, 2013, it is hereby ORDERED that . . . [b]y September 2013, the Plaintiff shall serve via email" a response "*detailing any sources of information* other than Joseph Bernstein for the allegations" in the objected to paragraphs of the FAC. (emphasis added).

7

In their Objections, Plaintiffs all but concede that they knowingly defied the September 12 Order.  Plaintiffs admit that the September 12 Order did not align with their interpretation of what Judge Maas had asked them to produce.  "Still, [they] interpreted this order to mean" what they wanted it to mean; Plaintiffs "chose the simpler, 'whether' rather than the 'detail.'"  Having made this choice, Plaintiffs produced a virtually incomprehensible color-coded "map" of the FAC in response to the September 12 Order.

Plaintiffs now complain that they are being sanctioned for misunderstanding the difference between "whether" and "detail."  That is incorrect.  Plaintiffs are being sanctioned for engaging in a pattern of arguing implausible and unsupported interpretations of court orders rather than following them.

On May 29, 2014, Judge Maas issued a Memorandum Decision and Order (the "May 2014 Order") providing Plaintiffs "one last opportunity to comply with the directive that they cite the specific sources of each of the allegations to which the Defendants [had] objected."  Plaintiffs complain that this order also was unclear because the "decretal language" asked for "[**t**]**he** factual source for each contested allegation . . . to be identified with sufficient specificity that the Court and opposing counsel can determine whether" objectionable sources "were relied upon as the basis for the allegation."(emphasis added).  Focusing on the May 2014 Order's use of the singular article "the," Plaintiffs argue that such an order "makes no sense unless allegations have only one source."  They further complain that the May 2014 Order is also unclear as to whether Plaintiffs were required to submit one source per allegation or every source for each allegation.

Such feigned confusion is untenable.  The actual "decretal language" of the May 2014 order under the heading "Conclusion" forecloses even the possibility of ambiguity: "Plaintiffs

are directed to submit to the Court by June 12, 2014 an updated chart identifying *in detail* the *source(s)* of each contested paragraph of the FAC." (first emphasis in original).

Again, Plaintiffs ignored the clear language of the May 2014 Order in favor of their own baseless interpretation; over a period of days that extended past the deadline, they submitted (and later updated) a chart that was no more helpful or responsive than the color-blocked FAC. For example, the following entry regarding Paragraph 386 of the FAC, which Plaintiffs highlight in their Objections as compliant with the May 2014 Order, is typical:

> ATTORNEY CLIENT COMMUNICATION (KRISS), WORK PRODUCT, BAYROCK PARTNERSHIP AND SUBSCRIPTION DOCUMENTS AND RELATED EMAILS, MANY PUBLICLY SOURCEABLE (DEL. CH.).

As the Report correctly observes, "these broad descriptions obviously are of no assistance to the Court in resolving the fundamental question of whether the Plaintiffs' allegations are based on" non-public contested information.

Plaintiffs then proceeded to engage in what can only be viewed as an unsolicited document dump upon the Court -- they sent multiple binders consisting of thousands of pages. Plaintiffs insisted that the documents in the binders formed the basis for the FAC, but failed to tie a single document to a single allegation because, and they repeat this argument in their Objections, there exist simply too many sources to tie any to each allegation. According to the Objections, even a "little allegation, such as 'clearly there was no debt' could be based on a dozen documents which together, in the attorney's mind, enable the allegation." Therefore, by Plaintiffs' logic, it was better to provide every document to the Court and identify none, rather than connect the sources to the allegations in any meaningful way as the Court had ordered.

As should be clear, no order of the Court has ever required Plaintiffs to produce the "nine binders of documents, none of which are Bates-stamped." Rather, Plaintiffs were asked only to list specific public documents underlying each contested allegation in the FAC in order to

9

substantiate whether any public sources could sustain the allegations.  Plaintiffs could have detailed at least one public source per allegation to enable such verification.  Instead they effectively chose to ensure that no verification whatsoever could occur.

In short, Plaintiffs have repeatedly and vexatiously defied the Court's orders.  They must now face the consequences.

### 2. *The Appropriateness of the Sanction*

Plaintiffs contend that at most they have been negligent in failing to follow the Court's orders, and there has been no finding of bad faith.  Accordingly, Plaintiffs argue, sanctions under the inherent powers of the Court are inappropriate.

"Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith."  *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  "Courts' inherent powers include the power to dismiss a party's claims and to strike a party's pleadings for failure to obey court orders."  *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10 Civ. 2709, 2013 WL 1195603, at *5 (S.D.N.Y. Mar. 25, 2013).  To the extent Plaintiffs object to the Report because it makes no explicit finding of bad faith, any such defect is cured by the following finding: based on the record in this case, Plaintiffs' conduct has been more than negligent and meets the standard for willful and vexatious defiance of court orders.  Striking the contested allegations may have been too extreme a remedy in a different case, but it is justified here for the reasons stated in the Report.

Plaintiffs' objections based on due process are similarly rejected.  First, Plaintiffs' claim that they had no notice of the sanctions is baseless.  The May 2014 Order warned them that failure to comply would result in a recommendation of outright dismissal with prejudice.  Accordingly, they had adequate notice of sanctions much more severe than the Report ultimately recommends.  Second, Plaintiffs argument that Judge Maas refused to clarify what was required

10

of them is belied by the record.  The orders were unamabiguous that Plaintiffs were to specify public sources for each contested allegation.  Third, Plaintiffs argue that it was error for Judge Maas to mischaracterize Bernstein's affidavit to suggest that Plaintiffs' counsel provided "incompetent or manipulative advice."  The Report does not mischaracterize the affidavit.  Further, as noted in May 2014 Order, Plaintiffs' counsel "largely agrees with Bernstein's recollection of the events."

       3.   *Remaining Objections*

Plaintiffs' objections to the merits of Bayrock's arguments about the contested allegations in the FAC are rejected as irrelevant to the issue here -- whether Plaintiff complied with Judge Maas' repeated orders to produce specific public sources for allegations in the FAC.  The Report's recommended sanction is strengthened by Bayrock's claims of privilege and work product, but does not depend on them.  Rather, the Report recommends exercising the inherent powers of the Court in sanctioning Plaintiffs for consistently flouting orders of the Court as fully described above.

Finally, any suggestion that Judge Maas should have recused himself is rejected.  Plaintiffs argue that Judge Maas was "apparently involved in the procurement of the [Bernstein] affidavit years ago" and therefore "as a fact witness to conspiracy to commit subornation," he "ought to disqualify himself."  Plaintiffs do not identify any legal basis for their argument, but appear to rely on 28 U.S.C. § 455(b)(3), which mandates recusal "[w]here [a judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  However, where, as here, "a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).  To the extent Plaintiffs rely on 28 U.S.C. § 455(a)

on the theory that Judge Maas' "impartiality might reasonably be questioned," such reliance is similarly misplaced because"[l]ooking at the facts fully," no "objective, disinterested observer" would  question Judge Maas' impartiality.  *In re Certain Underwriter*, 294 F.3d 297, 306 (2d Cir. 2002).  In sum, Plaintiffs fall far short of showing any colorable basis for Judge Maas' recusal.

### III.    CONCLUSION

Almost five years after this case was first filed, and despite over one hundred  entries on the docket, there has been virtually no progress.  No complaint has been docketed publicly.  No defendant other than Bayrock has been served.  Therefore, even as a matter of case administration, quite apart from sanctions, the remedy recommended in the Report is appropriate to overcome this impasse and move the case forward.

For the foregoing reasons, the Report is ADOPTED in its entirety as the decision of the Court.  Each paragraph, footnote and exhibit in the FAC to which Bayrock has objected on privilege, work product, or confidentiality grounds as listed in footnote 8 of the Report is hereby STRUCK.  No later than March 30, 2015, Plaintiffs shall file on ECF and serve on all Defendants the FAC with the paragraphs, footnotes and exhibits listed in footnote 8 of the Report redacted.

SO ORDERED.

Dated:  March 23, 2015
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**