SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

www.ssbb.com

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

March 27, 2015

*Via* ECF

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al.*

Dear Judge Schofield:

This office represents defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock"). We write in response to the plaintiffs' Letter Motion for Enlargement ( (Dkt # 134).

Bayrock consents to a thirty day extension of all deadlines so as to allow plaintiffs' new counsel time to become familiar with the facts in this case, conditioned upon a forty day extension of the non-dissemination order in Judge Maas's May 29, 2014 Order (the "May 2014 Order") (Dkt. No. 68) and of Bayrock's deadline (per Your Honor's March 23 Order (Dkt # 127)) to move for an Order 1) barring plaintiffs from disseminating and 2) directing plaintiffs to return purloined privileged and confidential information (the "Purloined Materials").

Bayrock, however, has serious concerns about the implications of Mr. Oberlander's discharge, which states that plaintiffs Ejekam and Kriss have discharged Mr. Oberlander from representing "their personal interests." It appears that he still is purporting to represent Bayrock derivatively. Additionally, it is unclear whether Richard Lerner is still representing Ejekam and Kriss either directly or derivatively in this lawsuit. We ask that Messrs. Oberlander and Lerner be ordered to clarify the scope of plaintiffs' representation in this lawsuit.

If Mr. Oberlander claims he still represents Bayrock derivatively,[1] it is entirely unclear how he has the authority to do so when he no longer represents the personal interests of Ejekam and Kriss, which would necessarily include their rights as purported members of Bayrock.

---

1 As Judge Maas said in his May 2014 Order "[i]t thus is by no means clear that they have in fact asserted derivative claims brought on behalf of Bayrock or its subsidiaries, rather than simply bringing a direct suit on behalf

SATTERLEE STEPHENS BURKE & BURKE LLP                                    Page 2
  The Honorable Lorna G. Schofield
  March 27, 2015

       Bayrock also is concerned about the dissemination of the Purloined Materials to Ejekam's and Kriss's new counsel.  If they are provided to new counsel, he may become subject to the same disqualification motion that Bayrock intends to raise against Messrs. Lerner and Oberlander should they remain as counsel in this lawsuit.

       Lastly, to the extent the Court permits Messrs Lerner and Oberlander to withdraw entirely from this case per Local Civil Rule 1.4, such withdrawal should be conditioned upon their remaining subject to this Court's jurisdiction with respect to the Purloined Materials and any additional appropriate sanctions related to their misconduct.


Respectfully submitted,


Walter A. Saurack

---

of disgruntled shareholders."   (Order at 17, Dkt # 68.)  Additionally, Bayrock contests Kriss and Ejekam's standing to file a derivative suit on behalf of the company.