BEYS LISTON MOBARGHA & BERLAND LLP

Michael P. Beys
646.755.3605 (Direct)
mbeys@beysstein.com

March 27, 2015

**By ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

>   Re:   *Kriss et al. v. Bayrock Group LLC et al.*, 10 Civ. 03959 (LGS)
>         <u>F. Oberlander's Letter March 26, 2015, ECF No. 134</u>

Dear Judge Schofield:

   We are co-counsel to defendant Felix Sater in the above-captioned action and write with respect to Mr. Oberlander's letter to the Court, dated March 26, 2015 (ECF No. 134), stating that, "Messrs. Ejekam and Kriss have discharged me from representing their personal interests in this matter," and seeking adjournments *sine die* on a variety of matters.

   As set forth below, the timing, wording and substance of Mr. Oberlander's statements are suspect and raise more questions than they answer.  In fact, the Court will recall that just two weeks ago, on March 13, 2015, we wrote that, "Messrs. Oberlander and Lerner may not even represent the named plaintiffs anymore… [and] may well be misleading the Court about the status of their representation of plaintiffs." (ECF No. 115 at 7).  We therefore request a court conference as soon as the Court can schedule one to resolve this important issue that goes directly to the continued viability of this case as a whole.

   As to timing, just one week ago, on March 20, 2015, Mr. Oberlander submitted an affidavit to the Court, swearing to the fact that he "continue[s] to represent and [has] never been discharged from representing" both Mr. Kriss and Mr. Ejekam; he even attached a signed declaration of Mr. Kriss, dated March 16, 2015, in support of his affidavit; and although he was unable to obtain a signed declaration from Mr. Ejekam, purportedly because the latter was "traveling … between Africa and South American [sic]," he swore that he had "communicated with him as recently as two days ago on the matter and confirm there has been no change in my status."  (ECF No. 121).  Mr. Lerner submitted a nearly identical affidavit, also on March 20, stating that he too "continue[d] to represent [plaintiffs] as co-counsel to Mr. Oberlander."  (ECF No. 122).  Then, on March 20 and March 22, Messrs. Oberlander and Lerner jointly submitted papers in support of a motion for a mistrial, to recuse Your Honor, and for sanctions, claiming

Page 2

"apparent *and* actual bias" (emphasis in original), because Your Honor asked them to swear as to the status of their representation of plaintiffs. (ECF No. 123, 124 and 125). Finally, on March 21 Mr. Oberlander apparently obtained the signature of Mr. Ejekam and electronically filed an update to his original affidavit. (ECF No. 131).

Given our initial belief that Messrs. Oberlander and Lerner did not represent Messrs. Kriss and Ejekam, (ECF No. 115), their sworn affidavits on March 20, just six days before their apparent discharge on March 26, along with their motion to recuse Your Honor for even questioning the status of their representation, are extremely dubious and should be addressed further.

Equally troubling are other statements or omissions in Mr. Oberlander's letter of March 26.

<u>First</u>, he states that he has been discharged from representing plaintiffs' "personal interests," only. He conveniently is silent as to whether he still represents plaintiffs in any derivative capacity, particularly given his repeated claims, restated just recently, to represent "Plaintiffs Jody Kriss, Michael Ejekam, and, through them, the hundreds of banks, customers, and other creditor victims of [Bayrock's] criminal frauds, [] as derivative plaintiffs." (ECF No. 114 at 1). The Court and counsel are all just left to wonder whether he intends to remain in the case on behalf of phantom "derivative plaintiffs," and continue to wreak havoc on our court system, even without real clients to represent.

<u>Second</u>, Mr. Lerner has been entirely silent as to his status, leaving the Court to wonder whether or not he too will remain in the case. Your Honor asked him directly to swear to the status of his representation, which he did last Friday. It follows therefore that he should now state his position, in writing, as to the current status of his representation. In an email communication with the undersigned at 10:47 am this morning, Mr. Lerner stated as follows:

> My appearance has been as co-counsel to Fred Oberlander, who is counsel of record. Since he is counsel of record, he's the one who would have to sign the substitution form. Upon his substitution out of the case, that would effectuate my substitution out of the case as well. I think my signature on any substitution form would be gratuitous, but once Mr Oberlander and Mr Simon negotiate the terms of substitution, I will sign (or authorize it to be signed for me, if I'm unavailable to sign).

We question Mr. Lerner's qualification of being merely "co-counsel to Fred Oberlander," and dispute his implicit argument that somehow the rules do not apply to him because of his "co-counsel" status. He should have to state his position in writing and, should the Court make further inquiry, as requested here, should have to appear and give answers on the record.

Page 3

In light of their well-documented history of violating court orders and abusing the court system, the Court should not accept Mr. Oberlander's apparent discharge at face value and make further inquiry on the record in open court.  The Court should similarly not accept Mr. Lerner's silence on this important matter and require him to address the status of his representation in writing and on the record.

Accordingly, we hereby request the Court to schedule a status conference or take whatever other action it deems appropriate, to make further inquiry of Messrs. Oberlander and Lerner as to the status of their representation of plaintiffs Kriss and Ejekam.

                                          Respectfully submitted,

                                          /s/ Michael P. Beys

                                          _____
                                          Michael P. Beys
                                          *Counsel for Defendant Felix Sater*

cc.    Robert S. Wolf, Esq. (via ECF)
        Walter A. Saurack, Esq. (via ECF)
        Frederic M. Oberlander, Esq. (via ECF)
        Richard E. Lerner, Esq. (via ECF)
        Bradley Drew Simon, Esq. (via ECF)