

BLANK ROME llp
COUNSELORS AT LAW

*Simon Miller*
*(212) 885-5467*
*sjkmiller@blankrome.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/1/2015

May 1, 2015

**VIA ECF AND EMAIL (Schofield_NYSDChambers@nysd.uscourts.gov)**

Honorable Lorna Schofield
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   RE: Jody Kriss, et al. v. Bayrock Group LLC, et al., Case No. 10 CV 3959
      (LGS)(FM) ("Kriss I") / Jody Kriss, et al. v. Bayrock Group LLC, et al.,
      Case No. 13 CV 3905 (LGS)(FM) ("Kriss II")

Dear Judge Schofield:

   We represent Frederick Oberlander, Esq., formerly counsel for the plaintiffs in the above referenced matter ("Oberlander").  We write pursuant to 28 U.S.C. § 636(b)(1) to object to so much of an Order dated April 30, 2015 ("Order") issued by United States Magistrate Judge Frank Maas which, amongst other things, purports to order Oberlander to surrender to the Court, without maintaining any copy, documents in their possession, custody or control (the "Bernstein Materials") including his attorney work product derived therefrom ("Oberlander Work Product") which Oberlander obtained from Joshua Bernstein, a former employee of certain of the corporate defendants or his counsel (collectively the "Documents").[1]  A copy of the Order is annexed hereto as Exhibit A.  Because the Order, which Oberlander submits is both invalid and outside scope of the reference made and authority given to Judge Maas, calls for Oberlander to comply by May 1, 2015, we respectfully request, pursuant to the Court's individual rules of practice I(B)(3) and III(A)(1), an emergency telephone conference with the Court (a) for a pre motion conference with respect to Oberlander's motion to vacate or reject the Order and (b) to request a stay of this directive so that we may submit a more full written objection to the Order.

---

[1] This office received a copy of the Order faxed from Judge Maas' chambers at approximately 2:30 pm yesterday.

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • Shanghai • Washington • Wilmington



Honorable Lorna Schofield
May 1, 2015
P a g e | **2**

In summary, the Order, in relevant part, comprises a mandatory injunction issued against Oberlander, who has now been substituted as counsel from Kriss I.[2]  The Order requires Oberlander to relinquish possession of the Documents notwithstanding that there has been no adjudication, evidentiary hearing or factual findings in this Court as to Oberlander's rights to maintain possession of the Documents.  Indeed, Oberlander's right to submit objection to the Order was expressly conditioned upon him first complying with it.

The Order was issued without formal pleading seeking any relief which implicates Oberlander's rights to retain any of the Documents which are the subject of the injunction.  As such, jurisdiction over the subject matter of the dispute has not properly been placed before this Court or, by designation, before Judge Maas.

Moreover, even if there had been a properly presented justiciable issue regarding Oberlander's rights to retain the Documents, this Court's orders of reference issued with respect to both Kriss I and Kriss II did not convey sufficient authority to Judge Maas to issue this mandatory injunction.  Most importantly, 28 U.S.C. § 636(b)(1) expressly exempts from matters which may be referred to a magistrate "a motion for injunctive relief."  28 U.S.C. § 636(b)(1).

The orders of reference issued by this Court similarly did not refer the subject of the Order's injunction to Judge Maas.  This Court's order dated July 23, 2013 in Kriss I referred to Judge Maas "for resolution [] the issues that are the basis for the Bayrock Defendants' objections to the public filing of the [First Amended Complaint] FAC."  See July 23, 2013 Order attached as Exhibit B.  The issues referred to came from letters sent by the Bayrock Defendants in which they objected to the inclusion in the FAC of certain documents and information they claimed was improperly obtained as part of the Bernstein Materials.  They requested, by letter rather than formal motion, the dismissal of the FAC or striking of the allegedly offending allegations.  That reference was completed by the issuance of Judge Maas' Report and Recommendation dated January 14, 2015, which this Court confirmed by Order dated March 23, 2015.

The second order of reference issued in Kriss I, dated July 23, 2013 was a standard order of reference conveying "General Pretrial Supervision."  That order of reference, by its terms and nature, only relates to the issues raised by the pleadings in the case.  A similar order of reference over pretrial matters was issued by this Court on June 6, 2014 with respect to Kriss II.  As noted, the issue of Oberlander's right to retain the Bernstein Materials and the Oberlander Work Product has not been made a case or controversy in either the Kriss I or the Kriss II matters.  Accordingly, it cannot be covered by these orders of reference, even if it were a matter over which this Court had jurisdiction, which we respectfully submit, it does not.

---

[2] Oberlander's substitution from Kriss I has been approved by the Court.



Honorable Lorna Schofield
May 1, 2015
P a g e | **3**

    To the extent that a Court has inherent authority to control and administer the administration of its cases and its courtroom, we respectfully submit that such authority does not extend to the injunction issued against Oberlander.  As noted, Oberlander is no longer counsel of record in Kriss I and, accordingly, is no longer a part of that proceeding.  His continued possession of the Bernstein Materials and the Oberlander Work Product has no implications on the continued proceedings before the Court.  Moreover, since the Court has ruled on the extent to which those materials can be used in connection with the FAC, that issue is no longer before the Court.  Finally, since the issue of ownership of and rights to control such documents are not properly before the Court at this time, this Court's jurisdiction has not been invoked and there is, accordingly, no need to take any action to preserve the Court's jurisdiction with respect thereto.

    We note that in addition to the foregoing, it is important to note that in addition to the Bernstein Materials, the Order directs Oberlander to surrender his own attorney work product to the extent derived from such materials.  This raises substantial questions of privilege belonging to Oberlander's clients.  Beyond that, there is a practical problem of requiring Oberlander to cull through and analyze all his work papers to determine whether any aspect of them is derived from some part of the thousands of pages of materials at issue here.

    Finally, we respectfully submit that the issuance of the Order with the requirement that the injunction be complied with <u>as a condition</u> to Oberlander's right to submit opposition raises substantial substantive and procedural due process issues which, by themselves, would amply justify a stay of enforcement of the mandatory injunctive component of the Order.  *See, e.g., Weitzman v. Stein,* 897 F.2d 653, 657 (2d. Cir. 1990)("<u>Rule 65 of the Federal Rules [**11] of Civil Procedure</u> provides that "no preliminary injunction shall be issued without notice to the adverse party." <u>Fed.R.Civ.P. 65(a)</u>.  The purpose of this requirement is to give the opposing party a "fair opportunity to oppose the motion for a preliminary injunction," 7-Pt. 2 *Moore's Federal Practice* para. 65.04[3], at 65-81 (2d ed. 1989), and the court must allow that party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction, *see* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2949, at 468 (1973).  Even if labeled merely a "preservation order," an order requiring a party, during the pendency of the litigation, to "hold and retain" assets within his control is an injunction implicating due process concerns. *See <u>SEC v. Levine,</u>* <u>881 F.2d 1165, 1177 (2d Cir. 1989)</u>; <u>*United States v. Moya-Gomez,* 860 F.2d 706, 725-26 (7th Cir. 1988)</u>, *cert. denied,* <u>492 U.S. 908, 106 L. Ed. 2d 571, 109 S. Ct. 3221 (1989)</u>. Such an order cannot properly be entered without notice.").



Honorable Lorna Schofield
May 1, 2015
P a g e | **4**

We apologize to the Court for the emergent and summary nature of this request and will make ourselves available today at anytime the Court is available. We thank the Court for its kind attention and consideration of our request.

Respectfully submitted,

Simon Miller

Frederick M. Oberlander, Esq. (by email)
Bradley D. Simon, Esq. (by email)
Walter Saurack, Esq. (by email)
Michael P. Beys, Esq. (by email)
Robert Wolf, Esq. (by email)

Application GRANTED in part. The deadlines stated in Paragraphs 6 and 7 of Judge Maas' Order dated April 30, 2015 (Dkt. No. 142 in Kriss I, and Dkt. No. 105 in Kriss II), are hereby STAYED. No later than May 14, 2015, Counsel for Mr. Oberlander may file formal objections to those paragraphs, in twelve-point double spaced Times New Roman font and not in excess of 15 pages. Any responses shall follow the same formatting and page restrictions, and shall be filed no later than May 29, 2015. Any reply, formatted in the same way and not to exceed 8 pages, shall be filed no later than June 5, 2015.

The remaining deadlines in Judge Maas' April 30 Order remain in effect. All future submissions must be filed on ECF in accordance with the Court's Individual rules.

The Clerk of Court is directed to file this Order in 10 Civ. 3959 and 13 Civ. 3905.

Dated: May 1, 2015
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# Exhibit  A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x

JODY KRISS and MICHAEL "CHUDI"          :
EJEKAM, et al.,
                                        :
                    Plaintiffs,
                                        :    10cv3959-LGS-FM ("Kriss I")
          -against-
                                        :
BAYROCK GROUP LLC, et al.,
                                        :
                    Defendants.
                                        :
-------------------------------------------x    **ORDER**

JODY KRISS, et al.,
                                        :
                    Plaintiffs,
                                        :
          -against-
                                        :    13cv3905-LGS-FM ("Kriss II")
BAYROCK GROUP LLC, et al.,
                                        :
                    Defendants.
                                        :
-------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

In accordance with my rulings during the conference held on April 14,

2015, and recognizing that some time has elapsed before the entry of this formal order, it

is hereby ORDERED that:

1. Frederick M. Oberlander and Richard E. Lerner are relieved as counsel for Plaintiffs for all purposes in Kriss I.

2. By June 5, 2015, Plaintiffs shall file under seal their second amended complaint in Kriss I.

3. A telephone conference shall be held on June 15, 2015, at 3 p.m., in Kriss I. Counsel for the Plaintiffs shall initiate that call.

4. By May 1, 2015, Messrs Oberlander and Lerner shall identify the Plaintiffs, if any, that they represent in <u>Kriss II</u>. Messrs Oberlander and Lerner further shall specify the capacity in which each such Plaintiff intends to proceed. If counsel fail to comply with this order the Court will recommend that <u>Kriss II</u> be dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

5. By May 1, 2015, Mr. Simon shall ensure that the Plaintiffs return to the Defendants all documents in their possession, custody, or control, that Messrs Oberlander and Lerner furnished to them, and that were obtained from Bernstein or his counsel, including but not limited to documents downloaded from the Bernstein hard drive.

6. By May 1, 2015, Messrs Oberlander and Lerner shall surrender to the Court, to be placed under seal, all documents in their possession, custody, or control, and any work product derived therefrom, that they obtained from Bernstein or his counsel, including but not limited to documents downloaded from the Bernstein hard drive. Messrs Oberlander and Lerner shall neither maintain a copy of, nor disseminate, any of these documents.

7. Provided that they timely comply with paragraph 6, by May 5, 2015, Messrs Oberlander and Lerner may explain, in writing, why the materials surrendered should be returned. Opposing counsel may respond to any such submission by May 12, 2015.

8. By May 14, 2015, any objections to this order shall be submitted to Judge Schofield. Counsel are cautioned, however, that any objections will not stay the deadlines stated herein, nor shall the Court grant any such stays or extensions.

SO ORDERED.

Dated:     New York, New York
           April 30, 2015

FRANK MAAS
United States Magistrate Judge

Copies to All Counsel via ECF and Facsimile

# Exhibit  B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                         :
JODY KRISS, *et al.*,                 :
                    Plaintiffs,    :
                                           :            10 Civ. 03959 (LGS)
              -against-           :
                                           :                 ORDER
BAYROCK GROUP, LLC, *et al.*,      :
                    Defendants.  :
                                           :
----------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   7/23/13
```

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 9, 2013, Defendants Bayrock Group LLC, Bayrock Spring Street

LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC

(collectively, the "Bayrock Defendants") submitted a letter to the Court stating objections to the

filing of Plaintiffs' proposed First Amended Complaint ("FAC") on the grounds that the FAC

contained privileged, trade secret and other proprietory and confidential information that was

misappropriated from Bayrock.

       WHEREAS, on May 31, 2013, the Court granted Plaintiffs leave to file the FAC under

seal and ordered that Plaintiffs shall not serve the FAC on any defendants except the Bayrock

Defendants.

       WHEREAS a conference was held before the Court on July 16, 2013, at which the Court

ordered the parties to submit proposed language for an order of reference to Magistrate Judge

Maas for resolution of the issues that are the basis for the Bayrock Defendants' objections to the

public filing of the FAC no later than July 18, 2013, at 12:00 noon.

       WHEREAS, on July 17, 2013, the Bayrock Defendants submitted proposed language in

compliance with the Court's July 16, 2013 Order.

WHEREAS, on July 19, 2013, the Court granted Plaintiffs' request for an extension of time, until July 22, 2013, in which to submit proposed language for an order of reference to Magistrate Judge Maas.  Plaintiffs have failed to submit the proposed language.

Accordingly, it is hereby

**ORDERED** that this case is referred to Magistrate Judge Maas for resolution of the issues that are the basis for the Bayrock Defendants' objections to the public filing of the FAC.

**ORDERED** that time for the Bayrock Defendants to file an answer or otherwise respond to the FAC is stayed pending further order of the Court.

SO ORDERED.

Dated: July 23, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE