**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JODY KRISS and MICHAEL "CHUDI"    :
EJEKAM, et al.,    :
   :
   :    10cv3959-LGS-FM ("Kriss I")
               Plaintiffs,    :
  -against-    :
   :
BAYROCK GROUP LLC, et al.,    :
   :
               Defendants.    :    **ECF FILING**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JODY KRISS, et al.,    :
   :    13cv3905-LGS-FM ("Kriss II")
               Plaintiffs,    :
  v.    :
   :
BAYROCK GROUP LLC, et al.,    :
   :
               Defendants.    :
   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF FREDERICK OBERLANDER'S OBJECTION TO AND MOTION TO SET ASIDE THE APRIL 30, 2015 ORDER OF THE HONORABLE UNITED STATES MAGISTRATE JUDGE FRANK MAAS

**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

*Attorneys for Frederick Oberlander*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ......................................................................................................3

ARGUMENT.........................................................................................................................4

POINT I        BECAUSE OBERLANDER'S RIGHT TO POSSESS AND USE
THE DOCUMENTS HAS NOT BEEN PROPERLY
PRESENTED TO THIS COURT FOR ADJUDICATION, THERE
WAS NEITHER PERSONAL NOR SUBJECT MATTER
JURISDICTION TO ISSUE SO MUCH OF THE ORDER AS
COMPRISED AN INJUNCTION (a) REQUIRING
OBERLANDER TO SURRENDER POSSESSION OF THE
DOCUMENTS AND (b) PROHIBITING OBERLANDER FROM
DISSEMINATING THE DOCUMENTS......................................................5

POINT II      BECAUSE OBERLANDER OBTAINED THE DOCUMENTS
OUTSIDE OF THE JUDICIAL PROCESS, NEITHER RULE 26
NOR THIS COURT'S INHERENT EQUITABLE POWER
GIVES THE COURT AUTHORITY TO ISSUE SO MUCH OF
THE ORDER AS INTERFERES WITH OBERLANDER'S
CONTINUED POSSESSION AND USE OF THE DOCUMENTS
OUTSIDE THE COURTROOM ..................................................................9

POINT III     BECAUSE THE ORDER WAS OUTSIDE THE SCOPE OF
REFERENCE WHICH THIS COURT DID MAKE AND,
UNDER 28 U.S.C. § 636, COULD MAKE TO THE
MAGISTRATE JUDGE, THE ORDER SHOULD BE "SET
ASIDE" ..................................................................................................11

CONCLUSION......................................................................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bank of Montreal v. Optionable, Inc.,*
   2013 WL 5943992 (S.D.N.Y. 2013)...................................................................10

*Bose Corp. v. Consumers Union,*
   466 U.S. 485 (1984)..........................................................................................4

*Bridge C.A.T. Scan Associates v. Technicare Corporation,*
   710 F.2d 940 (2d Cir. 1983)..............................................6, 7, 8, 9, 10

*Carroll v. Princess Anne,*
   393 U.S. 175 (1968).........................................................................................8

*Fayemi v. Hambrecht and Quist, Inc.,*
   174 F.R.D. 319 (S.D.N.Y. 1997) .....................................................................10

*Fort Wayne Books v. State,*
   489 U.S. 46 (1989)...........................................................................................8

*Fuentes v. Shevin,*
   407 U.S. 67 (1972)...........................................................................................8

*International Products Corp. v. Koons,*
   325 F.2d 403 (2d Cir. 1963)..................................................................8, 9, 10

*Procter & Gamble v. Bankers Trust,*
   78 F.3d 219, 226 (2d Cir. 1996).......................................................................8

*Providence Journal Company,*
   820 F.2d 1342 (1st Cir. 1986)..........................................................................8

*Seattle Times Co. v. Rhinehart,*
   467 U.S. 20 (1984).........................................................................................10

STATUTES

28 U.S.C. § 636...............................................................................................3, 11

28 U.S.C. § 636(a)(1)...........................................................................................13

28 U.S.C. § 636(b)...............................................................................................11

28 U.S.C. § 636(b)(1) ....................................................................................1, 3, 12

28 U.S.C. § 636(b)(1)(A)......................................................................................11

ii

## OTHER AUTHORITIES

Fed. R. Civ. P. 7 .......................................................................................................................... 5

Fed. R. Civ. P. 26 ........................................................................................................................ 6

Fed. R. Civ. P. 26(c) .................................................................................................................. 10

Fed. R. Civ. P. 26(c)(7) ............................................................................................................... 6

Fed. R. Civ. P. 30(b) ................................................................................................................... 9

Fed. R. Civ. P. 41(a)(1)(A) ......................................................................................................... 3

Fed. R. Civ. P. 72 ................................................................................................................... 4, 13

iii

## PRELIMINARY STATEMENT

Non-party Frederick Oberlander, formerly counsel for the Plaintiffs in each of the above captioned matters ("Oberlander"), respectfully submits this motion, pursuant to Fed. R. Civ. Pro. ("FRCP") 72 and 28 U.S.C. § 636(b)(1), objecting to so much of the April 30, 2015 Order (the "Order") issued by United States Magistrate Judge Frank Maas as purports to (a) order Oberlander to surrender to the Court, without maintaining any copy, documents in his possession, custody or control (the "Bernstein Materials") which Oberlander obtained prior to these actions from Joshua Bernstein, a former employee of certain of the corporate Defendants and his attorney work product derived therefrom ("Oberlander Work Product") (collectively, the "Documents") and (b) prohibit Oberlander from disseminating the Documents and information contained therein. A copy of the Order is annexed to the accompanying declaration of Simon Miller, dated May 14, 2015 ("Miller Dec.") as Exhibit A.

Oberlander respectfully submits that the Order should be set aside by this Court, as having been issued in the absence of all authority or jurisdiction to do so for these reasons. First, the Court lacks jurisdiction over the subject matter at issue: i.e. Oberlander's right to possess the Documents and disseminate the information contained therein. No formal pleading seeking to challenge Oberlander's right to possess and use the Documents or any other relief with respect thereto has been put before this Court by the Defendants or anyone else. Accordingly, there is no underlying claim for relief which could provide a basis for the Court to issue what amounts to a (a) mandatory injunction depriving Oberlander of this property and (b) a prohibitory injunction prohibiting him from exercising his First Amendment right to disseminate the information contained therein. Of course, to the extent that anyone would bring a claim for relief against

1

Oberlander, they would need to bring a plenary action against him personally and obtain personal jurisdiction over him by means of service of process.

Second, even if the Defendants had properly invoked this Court's jurisdiction over the subject matter of the Order (and obtained jurisdiction over Oberlander), the Order deprives Oberlander of both property rights (the Documents) and First Amendment rights of free speech (prohibition against dissemination) without evidentiary hearing, factual findings or even the barest of procedural or substantive due process protections. This concern is doubly implicated with respect to those Documents which are Oberlander's own attorney work product. Requiring him to relinquish possession of these documents risks the attorney client privilege which attaches to many of those materials.

Third, the Court's equitable jurisdiction or inherent authority to control and administer the cases in its courtroom does not extend to the injunctions included in the Order. Well-settled Second Circuit precedent holds that while a court has inherent power to regulate use or disclosure of court documents or documents obtained through the judicial discovery process, that power may not be used to prohibit the use and dissemination outside the courtroom of documents which were obtained outside the judicial process. *See Bridge C.A.T. Scan Associates v. Technicare Corporation*, 710 F.2d 940 (2d Cir. 1983); *International Products Corp. v. Koons*, 325 F.2d 403 (2d Cir. 1963). There is no dispute that Oberlander obtained the Bernstein Materials outside the judicial process.[1]

---

[1] To the extent there was an issue with respect to Oberlander's previous use of the Documents in connection with these cases, that issue was previously adjudicated by this Court in its March 23, 2015 Order confirming the January 14, 2015 Report and Recommendation of Magistrate Judge Maas.

2

Fourth, beyond the fact that the Court lacked subject matter or equitable jurisdiction to issue the injunctions in the Order, this Court's orders of reference did not convey sufficient authority to Magistrate Judge Maas to issue the Order.[2]

## STATEMENT OF FACTS

While these matters have been pending respectively for almost five (5) (Kriss I) and two (2) years (Kriss II), in the interests of economy, we respectfully assume the Court's familiarity with the prior proceedings.[3] The instant matter arises out of the recent discharge and substitution of non-party Oberlander as counsel for Plaintiffs in both actions. This discharge occurred shortly after the March 23, 2015 Decision and Order (the "March 23, 2015 Order") of this Court which, among other things, confirmed the January 14, 2015 Report and Recommendation of Magistrate Judge Maas (the "January 14, 2015 Report"). In the March 23, 2015 Order, this Court adopted Judge Maas' recommendation that, in response to the objections of the Bayrock Defendants raised by letter in May 2013, a substantial majority of the allegations made in the FAC should be stricken based on the Court' finding that counsel for the Plaintiffs had failed to adequately demonstrate to the Court the publicly available sources for information contained in such allegations.

Following the March 23, 2015 Order, Magistrate Judge Maas scheduled a status conference for April 14, 2015 presumably to address how the two cases would proceed. A copy of the transcript from that conference is annexed to the Miller Dec. as Exhibit B (the "Transcript"). At the April 14, 2015 conference, new counsel for Plaintiff appeared as did

---

[2] Most importantly, 28 U.S.C. § 636, which authorizes a District Court to refer certain matters to a Magistrate either to determine or to hear and report, expressly prohibits reference of a "motion for injunctive relief." 28 U.S.C. § 636(b)(1). Other than this Court's July 23, 2013 reference of Defendant Bayrock's objections raised by letter to certain matters which were included in the FAC, this Court has simply issued standard form orders referring "General Pretrial Supervision" to the Magistrate. Such general references did not convey sufficient authority on the Magistrate Judge to issue the portion of the Order to which Oberlander objects.

[3] Upon information and belief, Kriss II will imminently be discontinued.

Oberlander.  In response to new counsel's presentation of the substitution of counsel, counsel for

Defendant Bayrock and Sater objected and requested that the Court order Oberlander (and the

Plaintiffs) to return the Documents and be precluded from disclosing the contents thereof.

Transcript at page 23.  Despite noting that no complaint had been brought for this relief against

either the Plaintiffs or Oberlander, the Court nevertheless orally directed Oberlander to turn over

to the Court the Documents within 14 days, to refrain from keeping any copies thereof and to

refrain from disseminating copies of the Documents.  On April 30, 2015, the Court embodied

this oral directive in the Order.

## ARGUMENT

Pursuant to FRCP 72, Oberlander, a non-party, respectfully objects to so much of the

Order as (a) directs him to surrender possession of the Documents and (b) prohibits him from

disseminating the Documents or the information contained therein.  FRCP 72 makes clear that

this Court may "modify or set aside any part of the [O]rder that is clearly erroneous or is contrary

to law."  FRCP 72.  As the Order was issued without evidentiary record or factual findings, this

Court's review of the Order is purely a legal question calling for *de novo* review.[4]  Because the

Order is, as a matter of law, an action taken by the Magistrate Court without authority, this Court

should set it aside.

---

[4] It is important to note that, regardless of the standard of review which would ordinarily apply to a Magistrate's order under FRCP 72, review of an order which amounts, as the Order does, to a prior restraint on free speech (or in any way infringes on First Amendment rights) is *de novo* as to both issues of law and fact.  *See Bose Corp. v. Consumers Union*, 466 U.S. 485, 508-510 (1984).

4

## POINT I

**BECAUSE OBERLANDER'S RIGHT TO POSSESS AND USE THE DOCUMENTS HAS NOT BEEN PROPERLY PRESENTED TO THIS COURT FOR ADJUDICATION, THERE WAS NEITHER PERSONAL NOR SUBJECT MATTER JURISDICTION TO ISSUE SO MUCH OF THE ORDER AS COMPRISED AN INJUNCTION (a) REQUIRING OBERLANDER TO SURRENDER POSSESSION OF THE DOCUMENTS AND (b) PROHIBITING OBERLANDER FROM DISSEMINATING THE DOCUMENTS**

In the Order, Magistrate Judge Maas issued, among other things, what amounted to a mandatory injunction ordering Oberlander to surrender possession of the Documents and enjoining him from further dissemination of the Documents. As noted above, the Order arose from the April 14, 2015 conference at which Defendants' counsel objected to Oberlander's substitution as counsel and made the oral request that he be required to return the Documents to Defendants. Transcript p. 23. Critically, no pleading or claim for relief has been asserted by Defendants in this matter against any party, let alone Oberlander, a non-party. Certainly, no claim for the relief Defendants orally sought at the April 14, 2015 conference, i.e. adjudication of Oberlander's right (or lack thereof) to possess or use the Documents and permanent injunctive relief directing return of the Documents, has been properly presented to the Court. Accordingly, the Court lacked subject matter jurisdiction to hear it or to issue relief with respect to it as the Order purports to do. Stated differently, since Defendants did not bring any claim for relief against Oberlander, the Court had no basis for awarding it.

The Second Circuit's decision in *Bridge C.A.T. Scan Associates v. Technicare Corporation*, 710 F.2d 940 (2d Cir. 1983), makes the foregoing point explicitly in remarkably similar circumstances to the matter at issue here. In *Bridge C.A.T. Scan*, the plaintiff sued a CAT scan manufacturer for breach of contract and negligent design. As an exhibit to its first amended complaint, the plaintiff attached a document containing certain information about the defendant's business it had obtained prior to the commencement of the litigation. Arguing that the material

5

in the exhibit comprised proprietary data and trade secrets, the defendant moved for a protective order enjoining the plaintiff from using this information for any purpose or from disseminating to anyone.   The defendant also suggested that the plaintiff had obtained the information via improper means.

Although the defendant argued that the Court had the authority to issue the protective order under its "general equity jurisdiction," the District Court issued a protective order under FRCP 26(c)(7) which prohibited the plaintiff from disclosing the information contained in the exhibit.

On appeal, the Second Circuit ruled that the District Court lacked the authority to enjoin the plaintiff from using or disseminating the information in the exhibit outside the courtroom to the extent it was not obtained through the discovery process, whether under FRCP 26 or its general equity jurisdiction.  In considering the extent of the District Court's equity jurisdiction, the Second Circuit noted that "[i]t is of course true that in appropriate circumstances a person may, by invoking the court's equity powers, obtain an injunction against use or disclosure of his trade secrets . . ." *Id.* at 946.  The Second Circuit, however, held as follows:

> The district court in the present case, however, was in no position to grant an injunction against disclosure of the trade data pursuant to its equity powers, for the evidence before it could not justify the granting of such relief.  <u>Preliminarily we note that [defendant] Technicare had not filed a counterclaim against [plaintiff] Bridge for misappropriation of information, so any issue as to trade secrets was completely collateral to the underlying dispute, and the court had no basis for granting such relief as an incident to any rights asserted in the action.</u>

*Id.* (emphasis added).

The Court continued to explain that the factual record before the district court was insufficiently developed to support the protective order in any event as no discovery had

6

occurred with respect to any claimed misappropriation as well as a variety of other factual matters which should have been considered.  The Court concluded by noting the following:

> These are among the appropriate matters for the court's consideration if Technicare should file an appropriate counterclaim against Bridge and move for a preliminary injunction.  On the present record, however, the district court could not properly enjoin disclosure of the trade data.

*Id*. at 947.

Here, as in *Bridge CAT Scan*, the defendants have filed no pleading against Oberlander (or the plaintiffs) for misappropriation of the Documents or for any other relief.  Accordingly, they have not properly put the issue of Oberlander's possession or use of the Documents before this Court or otherwise properly invoked this Court's jurisdiction.  Indeed, Defendants have not, through service of process, acquired personal jurisdiction over Oberlander, in his personal capacity, at all.  Accordingly, the Magistrate Judge was without jurisdiction to issue the injunctions against Oberlander contained in the Order.

Far from being a mere formalistic argument, however, the requirement that the Defendants file an appropriate pleading to invoke the Court's jurisdiction and acquire jurisdiction over Oberlander through service of process before they can obtain relief from the Court is a fundamental assurance that Oberlander (or anyone else against whom relief is sought) receives all appropriate procedural due process protections which are the hallmark of the judicial system.  In this instance, due process concerns are all the more acute as the effect of the Order would be to deprive Oberlander both of his possessory interest in property (the Documents) and his First Amendment rights to disseminate the information contained in such property.[5]  *See Bridge CAT Scan*, 710 F.2d at 945 ("The district court's rejection of Bridge's First Amendment

---

[5] Moreover, to the extent that the Order directs Oberlander to surrender possession of the Oberlander Work Product which contain confidential attorney-client communications, without due process, it also implicates the due process rights of individuals other than Oberlander.

contention rested on the observation that this case does not involve considerations of journalism. This, however, was too restrictive a view of the First Amendment, which in addition to freedom of the press, also guarantees freedom of speech. The district court . . . failed to note that *Koons* held squarely that the prior restraint on the defendants' First Amendment right to disseminate documents obtained outside the discovery process was beyond the court's power."); *see also International Products Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963).

In the context of a potential deprivation of First Amendment rights in the form of a prior restraint, the extent of due process required exceeds that ordinarily required. For prior restraints such as those created by the Order, core speech is implicated and strict scrutiny applies. The Court must make record evidentiary findings at a clear and convincing level of a compelling interest more important than that of the First Amendment, and imminent, grave harm that is avoidable in no other less restrictive manner. *Carroll v. Princess Anne*, 393 U.S. 175 (1968). Nor in such cases can the argument be made that the order is merely "preserving the status quo," for when the order is a private restraint the status quo is not preserved because the person who would speak no longer can, an irreparable constitutional insult.[6] The same is also true of orders that deprive one of the possession of expressive materials.[7]

Here, as in *Bridge CAT Scan*, constitutionally adequate procedural due process requirements were not met. Oberlander was given no formal notice of the possibility that, even though he would no longer be counsel in the instant matters, he would nonetheless be (a) deprived of property he acquired outside the judicial process and (b) precluded from exercising

---

[6] *Procter & Gamble v. Bankers Trust*, 78 F.3d 219, 226 (2d Cir. 1996) (court cannot maintain prior restraint, however briefly, long enough to study the question without offending the First Amendment in the normal course, but must take up the matter with emergency speed in full resolution thereof). *See Providence Journal Company*, 820 F.2d 1342 (1st Cir. 1986).

[7] *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Fort Wayne Books v. State*, 489 U.S. 46 (1989).

his First Amendment rights with respect to such property or the information contained therein.[8]

No adjudication of wrongdoing by evidentiary hearing took place and no factual findings were

made to support the issuance of the Order. Beyond the fact that the Court lacked subject matter

jurisdiction over the matters in the Order relating to Oberlander and personal jurisdiction over

Oberlander via service of process, no appropriate due process was afforded to Oberlander (even

the "plain vanilla" requirements of Rule 65 were not met) and, accordingly, the Order was

constitutionally invalid.

## POINT II

## BECAUSE OBERLANDER OBTAINED THE DOCUMENTS OUTSIDE OF THE JUDICIAL PROCESS, NEITHER RULE 26 NOR THIS COURT'S INHERENT EQUITABLE POWER GIVES THE COURT AUTHORITY TO ISSUE SO MUCH OF THE ORDER AS INTERFERES WITH OBERLANDER'S CONTINUED POSSESSION AND USE OF THE DOCUMENTS OUTSIDE THE COURTROOM

While it is well settled that this Court and, to the extent of this Court's reference, the

Magistrate Judge has inherent or equitable power to regulate the administration of its cases and

its courtroom (*see, e.g., International Products Corp. v. Koons*, 325 F.2d 403, 407-8 (2d Cir.

1963), that inherent authority does not extend to barring a party, or in this case a non-party, from

possessing or use documents or information which were obtained outside the judicial process.

In *Bridge CAT Scan*, the Second Circuit addressed directly the distinction between a

Court's inherent authority to control the use and disclosure of court filings and documents

obtained in discovery and documents obtained outside the court process. Drawing on its earlier

precedent, the Court held that the distinction was as follows:

> . . . the court has inherent equitable power to prohibit a party from abusing
> the judicial process by disseminating information or representations clothed in an
> official-looking document on file with the court; but, in light of First Amendment
> considerations, the court generally has no such power to prohibit dissemination of

---

[8] Indeed, this Court's March 23, 2015 Order vacating a prior restriction on dissemination conveyed the opposite.

9

144840.00601/100335389v.1

the information itself, stripped of its judicial garb, if that information has been gathered independently of judicial processes.

*Bridge CAT Scan*, 710 F.2d at 946.

In *Koons*, the Second Circuit considered the extent to which a district court could enjoin dissemination of deposition testimony and certain documents marked as exhibits at the deposition. The Court held as follows:

> The portion of the order which seals the deposition [ ] and limits defendants and others in their use of information obtained therefrom was plainly authorized by F.R.Civ. Proc. 30(b), and we entertain no doubt as to the constitutionality of a rule allowing a federal court to forbid the publicizing, in advance of trial, of information obtained by one party from another by use of the court's processes. Whether or not the Rule itself authorizes so much of the order as also seals all affidavits submitted by defendants on various motions, we have no question as to the court's jurisdiction to do this under the inherent "equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." [citation omitted].

325 F.2d at 407. The Court continued, however, to find that the prohibition on dissemination of documents obtained prior to discovery amounted to a prior restraint on free speech:

> What causes concern here is that the order went further and curtailed disclosure of information and writings which defendants and their counsel possessed before they sought to take [the] deposition. We fail to see how the use of such documents or information in arguing motions can justify and order preventing defendants and their counsel from exercising their First Amendment rights to disclose such documents and information free of governmental restraint.

*Id.* at 407-408.

See also *Bank of Montreal v. Optionable, Inc.*, 2013 WL 5943992 (S.D.N.Y. 2013)("[a]s the Supreme Court ruled in *Seattle Times*, 'where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery and *does not restrict the dissemination of the information if gained from other sources,* it does not offend the First Amendment'")(emphasis in original) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984)); *compare Fayemi v. Hambrecht and Quist, Inc.*, 174 F.R.D. 319, 325

10

(S.D.N.Y. 1997)("[t]he *Bridge* case is further distinguishable from the instant action because it implicated First Amendment concerns. There, the protective order initially obtained by the defendant precluded disclosure outside the litigation of information that had been obtained independent of discovery, and it therefore threatened to infringe the plaintiff's free speech rights. Here, the defendants seek only dismissal of the complaint or an order precluding use of the information in this litigation, and First Amendment principles are therefore not in issue.").

Here, there is no dispute that Oberlander obtained the Bernstein Materials outside of the judicial process in this matter. Indeed, no discovery had taken place, service of a complaint is not even complete and defendants have not joined issue. Accordingly, there is no authority for the Court to preclude his use of the Document outside the context of court proceedings in which he is no longer counsel, let alone to deprive him of possession of them.

## POINT III

### BECAUSE THE ORDER WAS OUTSIDE THE SCOPE OF REFERENCE WHICH THIS COURT DID MAKE AND, UNDER 28 U.S.C. § 636, COULD MAKE TO THE MAGISTRATE JUDGE, THE ORDER SHOULD BE "SET ASIDE"

Beyond the Constitutional and jurisdictional infirmities which characterize it, the Order was an invalid exercise of the Magistrate's authority in as much as the portion objected to here exceeded the orders of reference issued by this Court and was outside the scope of matters which could be referred to a Magistrate judge. Moreover, so much of the Order as prohibited Oberlander from disseminating the Documents conflicted, in effect, with this Court's March 23, 2015 Order which vacated so much of a May 29, 2014 Order of the Magistrate Judge as prohibited dissemination of the challenged materials.

28 U.S.C. § 636, entitled "Jurisdiction, powers, and temporary assignment," sets forth the powers conferred on a United States Magistrate. Subsection 636(b) sets forth the matters over

11

which a District Court judge may designate a Magistrate to act.  Subsection 636(b)(1)(A) states, in pertinent part, that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, . . ."  Emphasis added.

Here, the Court issued two orders of reference in Kriss I and one order of reference in Kriss II.  Copies of each are annexed to the Miller Dec. respectively as Exhibits C, D, E. The first order of reference, dated July 23, 2013, issued in Kriss I referred to Judge Maas "for resolution [] the issues that are the basis for the Bayrock Defendants' objections to the public filing of the FAC." The issues referred to came from letters sent by the Bayrock Defendants in which they objected to the inclusion in the FAC of certain documents and information they claimed was improperly obtained as part of the Bernstein Materials.  They requested, by letter rather than formal motion, the dismissal of the FAC or striking of the allegedly offending allegations.  That reference was completed by the issuance of Judge Maas' Report and Recommendation dated January 14, 2015, which this Court confirmed by Order dated March 23, 2015.

The second order of reference issued in Kriss I, dated July 23, 2013 was a standard order of reference conveying "General Pretrial Supervision." That order of reference, by its terms and nature, only relates to the issues raised by the pleadings in the case.  A similar order of reference over pretrial matters was issued by this Court on June 6, 2014 with respect to Kriss II.  As noted, the issue of Oberlander's right to retain the Bernstein Materials and the Oberlander Work Product has not been made a case or controversy in either the Kriss I or the Kriss II matters. Moreover, to the extent that it was raised, albeit outside this Court's jurisdiction, by a putative motion for an injunction by certain Defendants, it could not have been referred to Magistrate

12

Judge Maas. 28 U.S.C.§ 636(b)(1). Accordingly, it cannot be covered by these orders of reference, even if it were a matter over which this Court had jurisdiction, which we respectfully submit, it does not. *See supra* Point I.

Moreover, the effect of the Order in this respect is inconsistent with this Court's March 23, 2015 Order which vacated a prior ban on dissemination of the information which was annexed to or incorporated into the FAC. A copy of the March 23, 2015 Order is annexed to the Miller Dec. as Exhibit F.

## CONCLUSION

For the foregoing reasons, non-party Frederick Oberlander respectfully requests that, pursuant to FRCP 72 and 28 U.S.C. § 636(a)(1), this Court set aside paragraphs 6 and 7 of the Order.

Dated: New York, New York
       May 14, 2015

**BLANK ROME, LLP**

By:

Simon Miller
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Frederick Oberlander*

13