UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
JODY KRISS and MICHAEL "CHUDI"         :
EJEKAM, et al.,                        :
                                       :   10cv3959-LGS-FM ("Kriss I")
                    Plaintiffs,        :
     -against-                         :
                                       :
BAYROCK GROUP LLC, et al.,             :
                                       :
                    Defendants.        :   ECF FILING
------------------------------------ X
JODY KRISS, et al.,                    :
                                       :   13cv3905-LGS-FM ("Kriss II")
                    Plaintiffs,        :
     v.                                :
                                       :
BAYROCK GROUP LLC, et al.,             :
                                       :
                    Defendants.        :
                                       :
------------------------------------ X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FREDERICK OBERLANDER'S OBJECTION TO AND MOTION TO SET ASIDE THE APRIL 30, 2015 ORDER OF THE HONORABLE UNITED STATES MAGISTRATE JUDGE FRANK MAAS**

BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

*Attorneys for Frederick Oberlander*

# TABLE OF CONTENTS

POINT I - THIS COURT'S INHERENT EQUITABLE POWER TO SANCTION DOES NOT EXTEND TO RESTRICTING THE USE, OUTSIDE OF JUDICIAL PROCEEDINGS, OF DOCUMENTS AND INFORMATION OBTAINED OUTSIDE THE COURT PROCESS...................................................................................3

POINT II - THERE HAS BEEN NO FINDING OF FACT THAT OBERLANDER LACKS THE RIGHT TO KEEP AND USE THE BERNSTEIN MATERIALS OUTSIDE THIS COURT PROCEEDING AND NO HOLDING THAT OBERLANDER IS REQUIRED TO RETURN SUCH DOCUMENTS ............................................................5

POINT III - THIS COURT HAS ALREADY ISSUED A SANCTION ADDRESSING THE BERNSTEIN MATERIALS AND THE ORDER OF REFERENCE OF THAT ISSUE TO THE MAGISTRATE WAS OVER......................................................6

POINT IV - NEITHER THIS COURT NOR THE MAGISTRATE COULD GRANT WHAT AMOUNTS TO A MANDATORY INJUNCTION................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bridge CAT Scan Associates v. Technicare Crop.*,
   710 F.2d 940 (2d Cir. 1983)......................................................................................2, 3, 4

*Fayemi v. Hambrecht & Quist, Inc.*,
   174 F.R.D. 319 (S.D.N.Y. 1997) ...................................................................................4, 5

*Klay v. United Healthgroup, Inc.*,
   376 F.2d 1092 (11th Cir. 2004) ........................................................................................8

*Patchen v. Government Employers Ins. Co.*,
   759 F. Supp.2d 241 (E.D.N.Y. 2011) ...............................................................................8

*Pure Power Boot Camp, et al .v. Warrior Fitness Boot Camp, et al.*,
   587 F. Supp.2d 548 (S.D.N.Y. 2008)................................................................................4

*Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*,
   893 F.Supp. 285 (S.D.N.Y. 1995) ....................................................................................8

*In re Zyprexa Injunction*,
   474 F. Supp.2d 385 ...........................................................................................................4

**Statutes**

28 U.S.C. § 636(b)(1) ..........................................................................................................2, 8

Non-party movant Frederick Oberlander, formerly counsel to Plaintiffs in the above captioned matters, respectfully submits this Reply Memorandum of Law in further support of his motion, pursuant to Fed. R. Civ. Pro. 72(a), to set aside so much of the April 30, 2015 Order of the Honorable Magistrate Judge Frank Maas (the "April 30, 2015 Order") as enjoins Oberlander from continued possession and use of documents and information Oberlander obtained from Joshua Bernstein prior to commencement of this litigation (the "Bernstein Materials").

Defendants accuse Oberlander of obtaining the Bernstein Materials wrongfully but have not sued him for this allegedly tortious prelitigation conduct. Apparently recognizing that, as a result, this Court (and Magistrate Judge Maas) lacks subject matter jurisdiction over Oberlander's right to retain and use the Bernstein Materials and, therefore, has no legal basis for issuing the mandatory injunction embodied in the April 30, 2015 Order, Defendants argue that the April 30, 2015 Order was a "sanction" against Oberlander to punish him for the manner in which he allegedly obtained the Bernstein Materials. They argue it was within the Court's "inherent" equitable authority to issue the sanction against Oberlander, notwithstanding the fact that the Court's jurisdiction over the subject matter has not properly been invoked. In essence, they seek to obtain recourse for an alleged prelitigation tort without invoking the Court's plenary remedial authority, thereby evading Oberlander's due process rights and rights to a jury which a plenary action would afford.

While it is true that this Court has inherent equitable power over its own process, controlling case law, including the cases cited by Defendants, makes clear that such power does not extend as far as Defendants argue. A Court may exercise control over how parties use documents which they obtained through the court's process, even outside the judicial proceedings and a Court may exercise control over how parties use documents in judicial proceedings which

1

they obtained outside the court's process. However, the Court's inherent authority does not extend to restricting use *outside the judicial proceedings* of information which is obtained *outside the court's process*. *See Bridge CAT Scan Associates v. Technicare Crop.*, 710 F.2d 940 (2d Cir. 1983). That is the effect of the April 30, 2015 Order and, accordingly, it is respectfully submitted that it was not a valid exercise of the Court's inherent power and, at a minimum, an encroachment on Oberlander's First Amendment rights.

Beyond that critical and dispositive fact, whether the April 30, 2015 Order is considered an injunction or a sanction, it was outside the scope of reference which this Court made to the Magistrate Judge and, therefore, absent a referral by consent which never happened, the Magistrate was without power to issue the April 30, 2015 Order. If it was an "injunction," it (a) failed to make the requisite findings to support injunctive relief, most notably a finding that Defendants were likely to succeed on their non-existent claim for relief, (b) was never referred to Magistrate Maas by this Court and (c) could not have been referred to Magistrate Maas pursuant to 28 U.S.C. § 636(b)(1). If it was a "sanction," it was outside the scope of this Court's July 23, 2013 order of reference because that reference ended with the Magistrate's January, 2015 Report and Recommendation which recommended the sanction of striking a substantial number of allegations in the FAC and this Court's March 23, 2015 Order adopting such recommendation.

Defendant Sater's opposition amounts to nothing more than a smear campaign without any legal argument designed to taint Oberlander in the eyes of the Court. First, counsel for both defense groups argue that Judge Glasser has already ruled that Oberlander has no right to keep the Bernstein Materials. This is utterly false and based on a total distortion of the record before Judge Glasser. Sater's opposition does, however, make two points worth noting. First, Sater's counsel argues that the so-called "Sater documents," a small subset of the Bernstein Materials consisting

2

of approximately five documents relating to Sater's criminal proceedings in the Eastern District of New York, have been the subject of numerous orders and proceedings in that Court including a motion for civil contempt currently pending before Judge Cogan relating to Oberlander's use of the "Sater documents." While Oberlander will vigorously defend what he believes is a meritless motion, whatever its merits, it is abundantly clear that the issue of Oberlander's use of the "Sater Documents" and any potential sanction flowing therefrom is currently before another District Court and should not the subject of proceedings before this Court.

Second, Sater's counsel argues that "the Court should not ignore what this case is really about – a scheme to extort the defendants [in this case]." This assertion is ironic given that Defendants have never asserted a claim for relief against Oberlander despite ample opportunity.[1] While it is perhaps understandable from a tactical perspective that Defendants would like to focus the Court's attention on Oberlander and away from the allegations against their respective clients, the only "case" before this Court at this time are the claims embodied in the FAC.

## POINT I - THIS COURT'S INHERENT EQUITABLE POWER TO SANCTION DOES NOT EXTEND TO RESTRICTING THE USE, OUTSIDE OF JUDICIAL PROCEEDINGS, OF DOCUMENTS AND INFORMATION OBTAINED OUTSIDE THE COURT PROCESS

Oberlander's Main Memorandum of Law demonstrated that a District Court's inherent authority "over its own process" does not extend to the use outside of court proceedings of documents or information obtained outside the judicial process. *See Bridge CAT Scan Associates v. Technicare Crop.*, 710 F.2d 940 (2d Cir. 1983). In opposition, the Bayrock Defendants attempt to distinguish the Second Circuit's holding in *Bridge* on the ground that *Bridge* did not involve

---

[1] In contrast, Defendants have previously sued Bernstein and plaintiff Jodi Kriss with regard to the Bernstein Materials and Defendant Sater recently commenced an action in Israel against one of the plaintiffs in Kriss II for defamation. Upon information and belief, his complaint attached/referenced many of the same documents at issue here.

3

information obtained by "improper means." Defendants misstate the *Bridge* case and otherwise fail to distinguish that controlling case.

While the Court in *Bridge* did acknowledge that there was no evidence of wrongdoing in the manner in which the plaintiff obtained the documents at issue, that was because the "record before the district court when it made its ruling was quite undeveloped." *Bridge,* 710 F.2d at 947. The *Bridge* Court continued that proof of misappropriation, which had been alleged, would certainly be relevant "if Technicare shall file an appropriate counterclaim against Bridge and move of a preliminary injunction." *Id.* However, barring such a pleading and motion, the Second Circuit confirmed that the District Court could not restrict use outside litigation of information obtained outside the Court's process.

Each of the cases cited by Bayrock is consistent with this principle. *See* Bayrock Def. Opp. Br. p. 6-7; *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 325 (S.D.N.Y. 1997)(court's inherent authority limited to limiting use <u>in the litigation</u> of documents obtained outside the litigation process); *Herrera v. The Clipper Group, L.P., et al.,* 1998 WL 229499 (S.D.N.Y. 1998)(same); *Pure Power Boot Camp, et al .v. Warrior Fitness Boot Camp, et al.*, 587 F. Supp.2d 548 (S.D.N.Y. 2008)("Defendants . . . appeal only to the Court's inherent equitable authority to preclude evidence wrongfully obtained, outside of the litigation process, from being used in the litigation.")[2]; *In re Zyprexa Injunction*, 474 F. Supp.2d 385, 417 (court imposes limitations on use of documents <u>obtained in discovery</u> pursuant to a protective order).[3]

---

[2] Unlike the instant case, the District Court in *Pure Power* adopted a report from the Magistrate Judge (Katz) which recommended, among other things, that the plaintiff to return and destroy a single document. Significantly, and also unlike here, the plaintiff raised no objection to any part of the Magistrate's report or recommendations. Moreover, that order was based on a specific privilege review of the specific document which review rejected virtually all defendants' efforts to preclude other documents.

[3] Bayrock also refers to an "order" of Judge Glasser directing Oberlander to return the Pre-Sentence Report ("PSR") of Defendant Sater. Unlike the documents at issue here, the PSR is a court document belonging to no party. Issues relating to its use are wholly different from the matters at issue here. *See Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir. 1983).

4

Indeed, the Court in *Fayemi*, recognized the precise distinction between the sanction it sought to impose as compared to the type of sanction sought by Defendants.

> The *Bridge* case is further distinguishable from the instant action because it implicated First Amendment concerns. <u>There, the protective order initially obtained by defendant precluded disclosure outside the litigation of information that has been obtained independent of discovery, and it therefore threatened to infringe the plaintiff's free speech rights</u>. Here, the defendants seek only dismissal of the complaint or an order precluding use of the information in this litigation, and First Amendment principles are therefore not in issue.

*Fayemi*, 174 F.R.D. at 325 (emphasis added).

### POINT II - THERE HAS BEEN NO FINDING OF FACT THAT OBERLANDER LACKS THE RIGHT TO KEEP AND USE THE BERNSTEIN MATERIALS OUTSIDE THIS COURT PROCEEDING AND NO HOLDING THAT OBERLANDER IS REQUIRED TO RETURN SUCH DOCUMENTS

Contrary to Defendants' assertion, there has been no factual finding that Oberlander lacks the right to retain and use the Bernstein Materials which could operate as collateral estoppel in this Court. As a preliminary matter, as noted above, there is no claim for relief pending before this Court to which collateral estoppel could attach. More significantly, a review of the full transcript from Judge Glasser rather than the excerpted page offered and the record of proceedings before Judge Glasser makes clear that (a) no factual findings were made and (b) Judge Glasser <u>never</u> "ordered [Oberlander] to return the documents at issue here." Sater Opp. Br. p. 6. Moreover, the Second Circuit has expressly referred all issues relating to allegations of misuse by Oberlander of the Sater Documents to Eastern District Judge Brian Cogan before whom proceedings are pending.

Defendants argue that pages 19 and 20 from the transcript of a July 20, 2010 conference before Judge Glasser amounted to a factual finding that Oberlander was a "converter" (Sater Opp. Br. p. 3) of the Bernstein Materials and a holding that Oberlander had "no legal right to them." Bayrock Opp. Br. 9. First, Judge Glasser only ever had before him consideration of the four or

5

five so-called "Sater documents." Second, the full transcript from the July 20, 2010 court conference demonstrates that no factual finding was being made. See Exhibit G to accompanying Affirmation of Simon Miller, dated June 9, 2015. This was to be an argument of the motion from Defendant Sater for a preliminary injunction brought on by Order to Show Cause on May 18, 2010 seeking to restrict Oberlander's use of the Sater Documents.[4] At the July 20, 2010 hearing, Sater's attorneys requested the opportunity to put in further papers on their motion. Judge Glasser granted this application and, accordingly, did not rule on the preliminary injunction motion and, by extension, held no evidentiary hearing and made no findings of fact.

During that conference, however, the Court, starting at page 16, noted several things including that (a) he could not locate an order sealing the record of the Sater criminal proceedings, (b) he questioned whether such an order, if it existed, would have bound Oberlander, (c) he noted that he had an affidavit from Sater regarding Bernstein's conduct and positing that such affidavit could give rise to an "inference" that Bernstein "may have improperly obtained those [Sater] documents," (d) if such inference was born out, what possible claims might exist against Bernstein and Oberlander. This type of hypothetical musing is nothing close to a "factual finding" as might result from an actual determination of a preliminary injunction motion following an evidentiary hearing.[5]

**POINT III - THIS COURT HAS ALREADY ISSUED A SANCTION ADDRESSING THE BERNSTEIN MATERIALS AND THE ORDER OF REFERENCE OF THAT ISSUE TO THE MAGISTRATE WAS OVER**

In response to Oberlander's showing that Magistrate Judge Maas lacked the power to issue the April 30, 2015 Order, Bayrock argues that its October 18, 2013 unfiled motion properly placed

---

[4] Sater's counsel argues that the May 18, 2010 Order to Show Cause comprised an order directing Oberlander to return the Sater Documents. That is not true. The May 18, 2010 Order to Show Cause merely set down for hearing Sater's motion which sought that relief. The only document Judge Glasser ever ordered turned over was the PSR.
[5] In fact, Judge Glasser never ruled on Sater's preliminary injunction motion and, accordingly, never made a final factual finding.

6

this issue before Magistrate Judge Maas.[6] Bayrock argues further that the Magistrate could hear this "motion" pursuant to this Court's order of reference, dated July 23, 2013. Bayrock Opp. Br. p. 11. That reference, however, was concluded well in advance of the April 30, 2015 Order.

As the Court will recall, the July 23, 2015 Order of Reference sought to address the issue of what sanction, if any, should be issued against Plaintiffs relating to the use of the Bernstein Materials in the FAC. In that regard, Bayrock sought a variety of relief including, dismissal of the FAC or striking allegations in the FAC, among other things. Magistrate Judge Maas issued his Report and Recommendation dated January 14, 2015 recommending the sanction of striking a substantial number of the allegations in the FAC and, otherwise, denying Defendants' requests for other sanctions. Dkt. No. 97. This Court adopted such Report by Order dated March 23, 2015. Dkt. 126. This concluded the July 23, 2013 reference. There was, accordingly, nothing before the Magistrate to support his issuance of the April 30, 2015 Order.

## POINT IV - NEITHER THIS COURT NOR THE MAGISTRATE COULD GRANT WHAT AMOUNTS TO A MANDATORY INJUNCTION

As demonstrated above, to the extent the April 30 Order was a "sanction," it was beyond the Court's inherent authority. More properly construed, however, the April 30 Order amounted to a mandatory injunction. This injunction could not be granted.

The April 30, 2015 Order, in as much as it directed Oberlander, who had been discharged as counsel, to surrender possession of the Bernstein Materials which he had obtained outside the judicial process, it comprised a mandatory injunction. None of the requisites for granting such an injunction, however, exist.

---

[6] Contrary to Bayrock's counsel's assertion, Oberlander did object to Magistrate Maas' consideration of their October 18, 2013 unfiled motion. First, Oberlander served papers in opposition to such motion. However, like the motion itself, those papers were never made part of the Court's official record or filed on ECF. Second, Oberlander specifically filed an objection to the May 29, 2014 Order of Magistrate Judge Maas. Dkt. 73. This Court did not rule on that motion until its March 23, 2015 Order in which the Court found it to be "moot." Dkt. 127.

7

Most fundamentally, to grant an injunction, whether preliminary or permanent, there must be a valid underlying claim for relief which could support a finding of either "likelihood of success on the merits" or "actual success on the merits." *See Patchen v. Government Employers Ins. Co.*, 759 F. Supp.2d 241, 251 (E.D.N.Y. 2011)("[a]s for the plaintiffs' request for injunctive relief, the plaintiffs presently have no valid causes of action pending before the Court, and therefore have no basis for injunctive relief"); *Klay v. United Healthgroup, Inc.*, 376 F.2d 1092 (11th Cir. 2004)("any motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits."); *see also Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F.Supp. 285, 293 (S.D.N.Y. 1995). Related to the point made in Oberlander's main brief that no "case or controversy" relating to his use of the Bernstein Materials is properly before this Court for adjudication, this argument demonstrates that an Order enjoining dissemination of the Bernstein Materials and/or requiring Oberlander to surrender them cannot be issued without an underlying claim for relief satisfying Fed. R. Civ. P. 12(b).[7]

Dated: New York, New York
      June 9, 2015

**BLANK ROME, LLP**

By: _____
    Simon Miller
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Frederick Oberlander*

---

[7] Of course, Defendants do not dispute that 28 U.S.C. § 636(b)(1) prohibits the reference of a motion for a preliminary injunction to a Magistrate Judge.

144840.00601/100494082v.1