UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KRISS, et al.

                Plaintiffs,                        **SDNY Docket Nos.:**
    v.                                                10-cv-3959
                                                                 13-cv-3905

BAYROCK GROUP LLC, et al.,

                Defendants.
------------------------------------------------------------------------X

# Non-Party Respondent *Pro Se* Richard E. Lerner's Reply Memorandum

                                                          **THE LAW OFFICE OF RICHARD E. LERNER, P.C.**
                                                           1375 Broadway, 3rd Floor
                                                          New York, New York 10018
                                                          (917) 584-4864

June 9, 2015

**Introduction**

I submit this memorandum in reply to the memoranda submitted in behalf of Felix Sater and the Bayrock defendants *in re* the April 30, 2015 order of Magistrate Maas. To avoid overlap, I adopt and incorporate by reference all argument in the reply memorandum of non-party Frederick Oberlander, where appropriate as if denominated in my own behalf, and add the following, as to which I attest that I make all factual assertions herein under penalty of perjury, per 28 U.S.C. § 1746, based upon, and to the best of my, personal knowledge.

Like Mr. Oberlander, I have not been sued for misappropriation or conversion of the Bernstein Materials, so maintain that this court would lack equity (subject matter) jurisdiction to enter the order against me had your honor issued it, and surely lacked it when the magistrate did.

Clearly, anyone including Bayrock (assuming it has the capacity, which it may not; see *infra*); who can well plead a cause of action against me for conversion or misappropriation (though it would be difficult, as the acquisition of the Bernstein material occurred months before I ever heard of Mr. Oberlander and Bayrock) can if timely done sue me in a proper forum.

Just as clearly, assuming that forum were a court of plenary jurisdiction, they could seek money damages and equitable (injunctive) relief in the form of TRO, preliminary injunction, and permanent injunction. If that be a New York state court, the New York State Constitution would afford me the right to a jury trial on the legal issues, and if that be a federal court, the Seventh Amendment would do the same. And in either case the statutes and rules of procedure would afford me due process, including the right to, for example, disclosure.

Neither Bayrock nor Sater has done so. No one knows why. But we do all now know that they want the result, *just not the process*. That is, they want the remedy they'd hope to get in such a suit without having to go through the due litigation process to get it.

1

**Even as a Sanction, the Order Violates My Seventh Amendment**
**Jury and Fifth Amendment Due Process Rights**

So they did a remarkable thing. Piggybacking off the magistrate's order of indeterminate etiology (the magistrate said it had been issued without findings to support it based on the stated legal grounds that he could issue it because "he was a federal judge"), and realizing that as they had never sued me there was no case or controversy between them and me which properly invoked the powers of an Article III court to adjudicate, this is what they've done. They invented a theory that they could get the same relief that they could only hope for as a plenary litigant suing me, by calling what the magistrate ordered an inherent power sanction, and saying that's what he had intended to do, and that he did issue it, and that it was proper for him to have done so – notwithstanding that neither I nor Mr. Oberlander had notice of its pendency, description of its basis, or an opportunity to be heard unless we first gave up the documents.

The ramifications of such a concept – that someone aggrieved by a prelitigation tort can, instead of suing to get *substantive* relief from an Article III court and having to deal with due process and rights to a jury trial, can get the exact same relief by calling it a *sanction* and asking for it summarily under the inherent equity authority of the court – are staggering:

Someone sues you for colliding with their car? Don't counterclaim; move for sanctions, argue that they wrongfully trespassed against your chattel so should pay damages as a sanction. Someone libels you? Don't sue, move for sanctions for their wrongful prelitigation defamation and ask the court to order them not to do it again, because, after all, it's not an injunction (and a prior restraint at that) but it's a sanction, kind of a rocket docket way of evading the due process of an actual law suit.

I respectfully submit that the magistrate never said any such thing, never said this was a sanction, so cannot be charged with coming up with this bizarreness. The idea that the order was

2

a sanction, and perfectly valid, *though it duplicated exactly what defendants should only be able to get after actual plenary litigation*, lies entirely in their own perfervid thoughts.

**Even as a Sanction, the Order Violates My First Amendment**
**Speech and Petition and Fifth Amendment Property Deprivation Rights**

The order – and I respectfully ask the court to remember that it includes among its prohibitions the retention and use of my own, and Mr. Oberlander's own, work product as to documents in the public domain – is a prior restraint and a deprivation of expressive property, and the content of the expression restrained and confiscated is the utmost core, protected speech. I have briefed, and before that noted in my emergency request for stay May 1, 2015, the procedural and substantive issues implicated by the prior restraint nature of the order. However, I update that argument to include a new development which further demonstrates that the enjoined speech is of paramount public concern.

Defendant Sater himself admits that his case has been something of a cause célèbre, in the press and before Congress; indeed he complains of it in his opposition papers. That alone shows the public concern, but of note is a recent EDNY opinion by Judge Gleeson in which his honor admits that, at the request of then United States Attorney, now Attorney General Loretta Lynch, he facilitated the continued work as a federal return preparer of a felon he had secretly convicted of tax crime by, *inter alia*, ordering that he could hide his conviction from his employers.[1] In other words, the public now knows there is a secret case in the EDNY wherein the DOJ asked for and received court leave to allowed a convicted tax preparer to continue to prepare taxes while defrauding clients by concealing the material fact of his conviction, just as in the

---

[1] *See Jane Doe v. USA* 14-MC-1412 (EDNY) (JG), decision and order of May 21, 2015:"Yet last year the IRS recertified a tax preparer despite its knowledge of his recent felony conviction in my courtroom for preparing a fraudulent tax return for a major drug trafficker. In that case, the United States Attorney urged me to allow the defendant to continue to work as a tax preparer without any notice to his clients of his recent conviction for being a fraudulent tax preparer. The government's assertion in this case that the public interest requires home health care agencies to know about Doe's minor criminal conduct in 1997 thus rings somewhat hollow."

3

case at bar Felix Sater was allowed to continue at Bayrock while defrauding banks of over a billion dollars.

The Bernstein materials, of course, not to mention my and Mr. Oberlander's derivatives thereof, document Sater's crimes at Bayrock. As such, and given not only Congressional interest in Mr. Sater[2] but also the widespread coverage of Judge Gleeson's *Doe* decision in which he held that district courts have the inherent authority to destroy (expunge) court records of convictions, make them even more a topic of public concern.

Effectively equal, though of different constitutional basis, is that not only would my speech be restricted by the order, as well as my right to petition in my own behalf and that of my clients,[3] in any forum, in state court or in Israel or anywhere else, but so would my property rights.[4]

---

[2] The court is asked to take judicial notice of the May 1, 2015 testimony before the House Judiciary Committee, Subcommittee on the Constitution of former Federal Judge Paul Cassell, who was asked by the subcommittee about the Felix Sater case. \Thus, the more fundamental First Amendment right of petition is also implicated, because the documents at issue are germane to my right to petition the government for redress of grievances, and to provide information to Congress that I believe (upon the authority of Justice Scalia)[2] deem relevant to a Congressional inquiry

http://judiciary.house.gov/index.cfm/hearings?ID=B855D611-BAC2-4F83-9D95-29A2873851D9. Questioning regarding the Sater case begins at about the 31/32 minute mark. Judge Cassell's written testimony can be found here: http://judiciary.house.gov/_cache/files/678b1baa-2d63-4a18-9651-832780ff38f0/05012015-cassell-testimony.pdf. His testimony about the Sater case begins at PDF page 60.

The court's attention is most respectfully referred to footnote 431, wherein Judge Cassell acknowledges that but for the courageous work of two attorneys – Oberlander and Lerner – the information regarding the courts' and the Justice Department's blatant violations of the CVRA and MVRA would not have come to light.

[3] In *Burough of Duryea v. Guarnieri*, 564 U.S. ____ (2011), Justice Scalia (concurring in judgment and partially dissenting) opined that freedom of petition is more fundamental than freedom of speech. This is germane not merely because of Judiciary Committee's interest in the Felix Sater case, and not merely because of any private bill I have a right to present to Congress, but also because, as noted I am counsel of record in a New York State Supreme Court proceeding initiated by Salvatore Lauria against Plaintiff Kriss concerning the very Bernstein Materials themselves.

[4] As noted in my original papers, my possessory right in the Bernstein Materials, even if challenged, let alone my ownership right, to property cannot be interfered with, even for a minute, without Fifth Amendment due process, as it is a constitutionally protected interest, and as the process due depends on the property at stake, with expressive property implicating the same speech and petition rights as would its content alone, that must be at the least coterminous with the due process requirements of a prior restraint. The Supreme Court has held that where seizures or other deprivations of chattel which is expressive (books, scripts, documents) is so intimately interwoven with the First Amendment that full adversarial due process resulting in ultimate, not preliminary, constitutional adjudication must occur before any deprivation however temporary. *Fort Wayne Books v. Indiana*, 489 U.S. 46 (1989).

4

**Other Points**

<u>The Order fails as an injunction</u> for all the reasons stated by Mr. Oberlander plus the failure to require the posting of a bond and also for failure to give me notice that such might occur, and of the legal basis for it – whether inherent authority, or §1927, or Rule 11 – and given an opportunity to be heard. I was not given such. Indeed, the calendar notice prior to the hearing before the magistrate said nothing of the sort. Rather, the notice (DE139) says only "Procedural and scheduling issues for both matters will be addressed at the [April 14, 2015] conference."

<u>Sater's papers should be deemed stricken</u>. The court will recall that Mr. Sater already agreed, by letter to the court dated April 18, 2013 (never docketed), that the FAC could be publicly filed, and acknowledged that issues concerning the so-called "Bernstein documents" were for Bayrock to address. "[W]e respectfully request that the Court grant Bayrock the opportunity to review the Amended Complaint to allow Bayrock to challenge Oberlander and Lerner's use of illegally obtained, privileged information." (The letter does not appear on the docket). Because the court did grant that relief to Bayrock, there is a judicial estoppel, and Sater should not now be heard to object to the public dissemination of what two years ago he said was fine with him.

<u>If the Order is a Sanction, It Was Penal</u>. In the *Mackler* cases, *Mackler Productions, Inc. v. Cohen*, 146 F. 3d 126 (2d Cir. 1998), and 225 F. 3d 136 (2d Cir. 2000), the Second Circuit held that the same considerations that may classify a supposed civil contempt remedy as penal instead of civil apply to sanctions remedies, and a few thousand dollars of non-compensatory sanction award may taint the entire proceeding as criminal and void for lack of criminal due process.

In this case, the confiscation, even temporary, of my intellectual work product is the confiscation of extremely valuable property worth far more than a few thousand dollars and so must be no less penal than in *Mackler*.

5

## In Closing

As I have only 8 pages, I am unable to respond to the misstatements of fact in defendants' opposition papers. It takes far more to disprove than it does to just make a statement – or a lie. Most importantly, I have never been ordered by any court (other than by the magistrate) to return documents. Nor did Judge Glasser find any of the documents to have been "stolen."

If this court does not set aside the order or require plenary suit against me (if there is jurisdiction), without waiving jurisdiction (and subject matter jurisdiction is not waivable to begin with), I ask discovery and evidentiary hearing, with the burden on proponents of the injunction, rather than upon me (the magistrate clearly erred in placing the burden of proof on me to establish my rights to our documents and intellectual property and even disputed property). And I ask the opportunity to challenge the capacity of Mr. Saurack to appear here in Bayrock's behalf. In the case of a limited liability company, the capacity to appear is governed by state law, FRCP 17. As noted in papers, including an affidavit of Kriss, in various motions and oppositions and replies, none docketed by Judge Maas, on information and belief Bayrock is no longer, and has not been for years, capable of being operated in conformity with its operating agreement and so can neither hire counsel nor conduct litigation. Were I representing plaintiffs, this objection would be timely made in a responsive pleading to any answer or counterclaim. If this court, despite all that Mr. Oberlander and I have argued, allows any of this process to continue against us, I must be afforded the right to then refute the capacity of Bayrock to ask for any relief against me.

The magistrate's order is *ultra vires*, thus void. Even if it were not, it is unconstitutional and thus invalid, transparently so. I join with Mr. Oberlander in requesting that it be "set aside."

Dated: New York, New York
      June 9, 2015

_____
Richard E. Lerner

6