# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

**Richard E. Lerner, Esq.**
1375 Broadway, 3rd Floor
New York, New York 10018
Phone: 917.584.4864
Fax: 347.824.2006
richardlerner@msn.com

**Via ECF**                                                                                          June 11, 2015

Honorable Lorna Schofield, USDJ
U.S. District Court, SDNY
500 Pearl Street
New York, New York

                              **Re:   Kriss v. Bayrock Group, Docket Nos. 10-cv-3959 & 13-cv-3905**

Dear Judge Schofield:

      I, a non-party *pro se* respondent in this matter, write pursuant to your honor's individual rules to request oral argument with respect to my objection to and request to set aside the April 30, 2015 order issued by United States Magistrate Judge Frank Maas.

      Also, I respectfully ask leave to submit a two-page letter to address a seminal case that will aid the court in its deliberations – *viz.*, *Berry v. Midtown Service Corp.*, 104 F.2d 107 (2d Cir. 1939). In *Berry*, the judgment debtor defendant stripped himself of his assets during a stay of execution that had been granted to him at his request. The plaintiff creditor moved for contempt. The Second Circuit hold that there was no basis for contempt because there was no order directed to the defendant, only to the plaintiff. The stay only barred the plaintiff from taking steps to enforce the judgment; it did not bar the defendant from alienating his assets.

      The Second Circuit then noted that: *(a)* as a matter of due process, no order can be implied and then used as the basis for contempt; and *(b)* in any event, ***if the defendant had done anything wrong***, even though inside the litigation itself (and not pre-litigation as is alleged by Sater and Bayrock), ***it was a self-standing tort*** (*i.e.*, fraudulent transfer).

      As an independent tort, it was the plaintiff's right to bring a plenary action against the defendant for relief, rather than try to get the relief without plenary process by invoking what the plaintiff believed to be the "inherent" authority of the court. The Second Circuit deemed such authority to be non-existent, as should this court, as I (and Mr. Oberlander) have argued.

      If such leave is not granted, I ask that this letter serve as notice that I will address *Berry* at oral argument, if granted.

                                         Respectfully submitted,

                              **THE LAW OFFICE OF RICHARD E. LERNER, P.C.**

                                             Richard E. Lerner

cc: Via ECF