# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

July 1, 2015

**By ECF**

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al.*

Dear Judge Maas:

      This office represents defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively herein, "Bayrock"). We write pursuant to the June 19, 2015 Order (Dkt. No. 171) to identify the paragraphs in plaintiffs' proposed Second Amended Complaint ("SAC") to which Bayrock objects on the basis that the paragraphs incorporate information from the First Amended Complaint ("FAC") that was stricken by the Court.

      The SAC paragraphs objectionable on this basis are paragraphs 9, 69, 151-153, 171-174, 201, 206-207, 211, and 248.

      As a review of the paragraphs will demonstrate, they incorporate the same information that was stricken from the FAC. For example, paragraph 211 makes allegations regarding the alleged roles of Bayrock's attorneys in an investment deal with FL Group. This same information was alleged in stricken paragraphs of the FAC, which were based on privileged and confidential information. Other SAC paragraphs identified above make allegations regarding the FL Group investment, Satter's involvement in Bayrock, and the structure of certain investments and business deals by Bayrock that are also based on stricken paragraphs of the FAC.

      We request that plaintiffs strike the above-identified SAC paragraphs from the SAC. While plaintiffs may protest that they cannot adequately plead their claims without pleading such information, this is simply the inevitable consequence of their misconduct. This Court in its Report and Recommendation to strike the objected-to paragraphs in the FAC recognized that the sanction of striking "may leave significant factual gaps" (Dkt. No. 97 at 21) in the complaint, but found the sanction appropriate nonetheless because of plaintiffs' repeated refusal to comply with its orders.

2243428_1

      Given the privileged nature of the identified paragraphs, we intend to discuss the specifics of the paragraphs telephonically with plaintiffs' counsel in an effort to resolve any disputes before submission of the joint letter on July 17. Should any issues remain after efforts to resolve them, we ask leave to file the July 17 joint letter under seal.

      In addition to striking these paragraphs from the SAC, Bayrock requests that the Court order plaintiffs to pay Bayrock's attorneys' fees for the nearly five years it was forced to litigate plaintiffs' misuse of its privileged and confidential information. Plaintiffs should not be permitted to proceed without any penalties after nearly five years of "willful and vexatious defiance of court orders" (as Judge Schofield found in her Order adopting the Report and Recommendation (Dkt. No. 126 at 10)) simply by hiring new counsel and proposing to amend their complaint. Accordingly, before permitting plaintiffs to proceed with any amended complaint (with paragraphs objected to by Bayrock stricken), this Court should order plaintiffs to reimburse Bayrock for its attorneys' fees.

      Respectfully submitted,

Walter A. Saurack