UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JJ KRISS and MICHAEL "CHU'DI" EJEKAM, et al.,

        Plaintiffs,

vs.

BAYROCK GROUP LLC, et al.,

        Defendants,

and

BAYROCK GROUP LLC, et al.,

        Nominal Defendants.
-----------------------------------------------------------------X

10 Civ. 3959 (LGS) (FM)

**AFFIDAVIT OF JODY L. KRISS**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

Jody L. Kriss, being duly sworn, deposes and says:

1. I am a plaintiff in the above-captioned action. This affidavit is based on my personal knowledge unless otherwise stated.

**Legal Representation in This and in Related Actions**

2. From the time this action was brought, until late March 2015, I was represented in this action by attorney Frederick M. Oberlander.

3. I retained Bradley D. Simon of the law firm Simon & Partners LLP to represent me in this action in late March 2015.

4. During the year 2010, I was represented by Stamatios Stamoulis of Stamoulis & Weinblatt LLC ("Stamoulis"), in proceedings before Judge I. Leo Glasser in

*United States v. Felix Sater*, 98-CR-1101 ("the Glasser Proceedings"). During 2011 and 2012, I was not represented by counsel in connection with the Glasser Proceedings.

5. During the years 2012 through 2014, and from January 1, 2015, through and until August 31, 2015, I was not represented by counsel in the action before Judge Brian M. Cogan of the Eastern District of New York, *In Re Motion for Civil Contempt by John Doe*, 12-MC-557 (the "EDNY Action").

6. Between 2010 and 2015, I was not represented by counsel in connection with appeals to the U.S. Court of Appeals for the Second Circuit brought by other parties in connection with either the Glasser Proceedings or the EDNY Action.

## Facts Concerning Documents Joshua Bernstein Obtained from Defendants Felix Satter and Bayrock Group, Inc.

7. In connection with the Glasser Proceedings I attended one hearing that took place on June 21, 2010, at which I gave testimony. I may have attended another hearing or conference. I do not recall, at any hearing, Judge Glasser – or any other individual – ordering, instructing or asking me to conduct a search of my electronic devices to retrieve any copies of documents (1) emailed or otherwise provided to me by Oberlander or Joshua Bernstein ("Bernstein"), a former employee of Defendant Bayrock Group, Inc. ("Bayrock"), (2) that Bernstein had obtained illegally or improperly from Bayrock or Defendant Felix Satter ("Sater"), or (3) from the 1998 criminal case against Sater (the "Sater case").

8. I do not recall Oberlander or Stamoulis instructing or asking me to conduct a search of my electronic devices to retrieve any copies of documents (1) emailed or otherwise provided to me by Oberlander or Bernstein, (2) that Bernstein had obtained illegally or improperly from Bayrock or Sater, or (3) from the Sater case. I do

2

not recall either of them informing me that I was under any obligation to conduct such a search, or to retrieve such documents.

9. I do not recall receiving any written decision or order from Judges Glasser or Cogan, or from the Second Circuit, ordering me to conduct a search of my electronic devices to retrieve any copies of documents (1) emailed or otherwise provided to me by Oberlander or Bernstein, (2) that Bernstein had obtained illegally or improperly from Bayrock or Sater, or (3) from the Sater case.

10. In April 2015, Mr. Simon instructed me to conduct a thorough search of my electronic devices to retrieve any copies of documents (1) emailed or otherwise provided to me by Oberlander or Bernstein, (2) that Bernstein had obtained illegally or improperly from Bayrock or Sater, or (3) from the Sater case. I did so and discovered that several documents meeting that description were saved on my electronic devices. Prior to the time I made this discovery, I was unaware that those copies existed on my devices. Pursuant to Mr. Simon's request, I printed out a copy of each document I discovered, and deleted the electronic version of the document. I provided the print-outs to Mr. Simon. It is my understanding that he had these delivered to counsel for Defendants in this action on or around May 1, 2015.

11. As I testified in the Glasser Proceedings, Oberlander emailed documents to me relating to the Sater case for the purpose of reviewing them in connection with approving the First Amended Complaint filed in this action (the "FAC"). At no time have I disseminated or distributed the documents that Oberlander emailed to me. Between the time I reviewed those documents in connection with approving the FAC and

3

the time Mr. Simon requested that I conduct the search, I did not read, review or access the documents.

12. The cyber-defamation campaign against me and my firm described in the affidavit of Bradley D. Simon of today's date has caused myself and my firm ERP irreparable harm. The many defamatory websites, postings, "articles" and blogs published online have damaged my reputation in my field of work, real estate investment and development. Because of these online publications, I have lost numerous business opportunities and suffered substantial financial injury.

_____
Jody L. Kriss

Sworn to before me this
28th day of September, 2015

_____
Notary Public

FRANZINE FELICIA ALVAREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6261116
Qualified in Kings County
My Commission Expires May 07, 2016

4