*[Handwritten note, top left:]* Application granted. Plaintiffs' reply due on or before 3/19/12

*[Handwritten signature:]* Andrew 7 Cato

So-ordered 3/13/12

# SANFORD WITTELS & HEISLER, LLP

1350 Avenue of the Americas, 31st Floor
New York, NY 10019
(646) 723-2947
Fax: (646) 723-2948
Email: snurhussein@swhlegal.com
www.swhlegal.com

| | | |
|---|---|---|
| 1666 Connecticut Ave. NW<br>Suite 300<br>Washington D.C. 20009<br>Fax: (202) 742-7776 | 440 West Street<br>Fort Lee, NJ 07024<br>Fax: (201) 585-5233 | 555 Montgomery Street<br>Suite 1206<br>San Francisco, CA 94111<br>Fax: (415) 391-6901 |

March 9, 2012



RECEIVED
MAR 09 2012
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

**VIA E-MAIL**
Honorable Andrew L. Carter, Jr.
U.S.D.C. – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   da Silva Moore, et al v. Publicis Groupe SA, et al. (11-cv-1279) (ALC) (AJP)

Dear Judge Carter,

Plaintiffs respectfully request an opportunity to file a ten-page reply brief in response to Defendant MSLGroup's Opposition to Plaintiffs' Rule 72(a) Objection to Magistrate Judge Peck's February 8, 2012 Ruling. (Doc. 104.) Much like the filing of a sur-reply to a motion, the filing of a reply brief is not anticipated under Rule 72, and thus its filing is within the broad discretion of the Court. *Cf. Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co.*, 2012 U.S. Dist. LEXIS 1741, at *2 (S.D.N.Y. Jan. 6, 2012). For the reasons set forth below, good cause and the interests of justice support granting leave to Plaintiffs to file a reply brief.

On February 22, 2012, Plaintiffs filed their Rule 72(a) Objection to ESI rulings made by Magistrate Judge Peck at a February 8, 2012 conference. Plaintiffs were ordered to file their Objection within 14 days of the conference, even though Magistrate Judge Peck had not yet issued a written opinion. (Doc. 90.) On February 24, 2012, two days after Plaintiffs filed their Objection, Magistrate Judge Peck issued his written opinion, which expanded on the reasoning for the ESI rulings he had made from the bench. (Doc. 96.) Among other things, Magistrate Judge Peck's written opinion relied on a number of articles that were not addressed in the parties' submissions or at the February 8, 2012 conference, and made "observations" about Plaintiffs' pending Rule 72(a) Objection. (*Id.*) Prior to the filing of their Objection, Plaintiffs could not anticipate that Magistrate Judge Peck would expand on his rulings, or that he would comment on Plaintiffs' Objection. As the objecting party, Plaintiffs ought to be able to squarely address Magistrate Judge Peck's complete rulings.

1

*[Stamp, bottom right:]*
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-13-12

Moreover, while Plaintiffs were denied an opportunity to respond to Magistrate Judge Peck's written opinion, MSL had the benefit of filing its opposition approximately two weeks after the written opinion had been issued. Indeed, MSL's opposition brief and supporting expert declarations not only reference, but also largely rely upon Magistrate Judge Peck's observations regarding Plaintiffs' Objection. Because MSL has already had an opportunity to consider and rely on Magistrate Judge Peck's written opinion, the filing of a reply brief would cause no prejudice to MSL.

Therefore, because Plaintiffs' request is supported by good cause and the interests of justice, and because MSL will not be prejudiced, Plaintiffs respectfully request that the Court grant leave to Plaintiffs to file a reply brief.

Respectfully Submitted,
/s/ Siham Nurhussein

Siham Nurhussein

CC:   All counsel of record (via email)
    Magistrate Judge Peck (via facsimile)