

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert S. Wolf
Direct: 212.554.7825; Fax: 917.301.7784
rwolf@mosessinger.com

October 9, 2015

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Kriss et al. v. Bayrock Group, LLC, et al.*, **Index No. 10 Civ. 3959 (LGS) (FM)**

Dear Judge Schofield:

    We represent defendant Felix Sater in the above-captioned litigation. We write in response to Plaintiffs' letter, submitted yesterday, October 8, 2015 (ECF No. 192), objecting to the filing of a Reply in Support of Defendant Felix Sater's Objections to Magistrate Judge Maas's August 13, 2015 Report and Recommendation (ECF No. 191).

    Throughout the history of this case there have been numerous replies filed by both parties, mostly Plaintiffs, in connection with Fed.R.Civ.P. Rule 72 objections (*See, e.g.*, ECF No. 83-84, 93, 165). Additionally, the Court has on occasion set briefing schedules in connection with Rule 72 filings which included deadlines for reply papers (*See, e.g.*, ECF No. 78, 155). In both instances, no requests for leave to file replies were required or made, no objections were made by any opposing parties, and all such replies were accepted by the Court even in the absence of a briefing schedule.

    Because the Court has consistently conducted the case in such a manner, we did not believe that leave to file a reply in support of Defendant's Objections was required, nor does Rule 72 or the Court's individual practices otherwise prohibit such a filing. Certainly, there was no intent to be presumptuous by counsel, and in the event that the Court may believe leave should have been sought, this letter respectfully requests such relief and the acceptance of our Reply.

    Plaintiffs' counsel appears to have either disregarded contrary case history and practice, or failed to review such contrary case history and practice before making their application to strike. Either scenario renders Plaintiffs' letter as disingenuous, and eerily similar to the antics of prior counsel. Plaintiffs' attached letter from an altogether different case is wholly irrelevant. Additionally, Plaintiffs' Response to our Objections raises novel arguments alleging that Mr. Sater has "unclean hands," something that was not raised in the proceedings before Magistrate Judge Maas and is addressed in our Reply.

    For the foregoing reasons, we respectfully request that Plaintiffs' request be denied.



       The Court's consideration is greatly appreciated.

       Respectfully,

       _____/S/_____
       Robert S. Wolf

cc:    All parties via ECF