USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JODY KRISS, et al.,                                         :
                                Plaintiffs,                 :
                                                            :     10 Civ. 3959 (LGS) (FM)
                -against-                                   :
                                                            :     <u>**OPINION AND ORDER**</u>
BAYROCK GROUP, LLC, et al.,                                 :
                                Defendants.                 :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

On July 23, 2013, this matter was referred to Chief Magistrate Judge Frank Maas for general pretrial supervision. Before the Court is Judge Maas' Report and Recommendation, dated August 13, 2015, (the "Report") recommending that the proposed Second Amended Complaint, with certain redactions, (the "SAC") be accepted for filing and that Plaintiffs be required to serve it promptly on all Defendants. For the reasons that follow, the Report is adopted in its entirety and appended hereto.

**I.      BACKGROUND**

Familiarity with this case and its procedural history is assumed. *See Kriss v. Bayrock Grp. LLC*, No. 10 Civ. 3959, 2014 WL 2212063 (S.D.N.Y. May 29, 2014); *see also Kriss v. Bayrock Grp. LLC*, No. 13 Civ. 3905, 2014 WL 715660 (S.D.N.Y. Feb. 25, 2014). The facts relevant to this motion are as follows:

**A.     Relevant Procedural History**

This action was filed on May 10, 2010. No complaint has yet been publicly filed, and Defendants have not been served because of the concern that the complaint -- most recently, the First Amended Complaint ("FAC") -- was based on privileged and confidential information improperly obtained by Plaintiffs' prior counsel. On May 9, 2013, Defendants Bayrock Group

LLC, Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac LLC (collectively, "Bayrock") objected to the public filing of Plaintiffs' FAC. Bayrock objected to specific paragraphs, stating that the FAC included on its face, and was otherwise derived from, "misappropriated Bayrock attorney-client privileged communications, attorney work product materials, [and] confidential and proprietary Bayrock information."

After several failed efforts to compel Plaintiffs to identify a public source for each paragraph that Bayrock had challenged, Judge Maas issued a Report and Recommendation ("R&R") dated January 14, 2015, recommending that those paragraphs be struck and that Plaintiffs be ordered to file and serve the redacted FAC. In an Opinion and Order dated March 23, 2015 (the "March 23 Order"), I adopted the Janaury 2015 R&R in its entirety and rejected Plaintiffs' request for leave to amend as premature before seeking leave to amend before Judge Maas.

In March 2015, Plaintiffs discharged their previous lawyer and retained a new lawyer, who requested that "in lieu of filing the existing [FAC] with Court ordered redactions, that we have an opportunity to file a new vastly streamlined second amended complaint, which will contain none of the objectionable paragraphs, footnotes and exhibits." Judge Maas instructed Plaintiffs to file under seal the proposed SAC. Plaintiffs filed a significantly revised complaint and provided courtesy copies to Defendants with a chart identifying the origin of the information to which Defendants had objected in 2013. Defendants expressed skeptisim that some of the allegations were based on Plaintiff Kriss's recollection, as Plaintiffs' chart asserted. However, Defendants merely identified information they believed to be from the FAC and derived from the Bernstein hard drive, rather than identify any privileged information in the SAC. Plaintiffs

offered to redact from the SAC certain language in paragraphs 100, 248(b) and 248(d) to which Defendants had objected.

### B.     The Report and Objections

The Report recommends that the SAC be filed with the agreed-upon redactions. The Report finds that Plaintiffs' new counsel has "deconstructed the rather complex claims advanced by his predecessors, returned any allegedly purloined documents in the plaintiffs' possession, drafted a clear (albeit lengthy) SAC, dismissed a related action [13 Civ. 3905] that also had been stalled, and provided every indication that the plaintiffs are now prepared to prosecute this case without further delay." The Report further finds no reason to delay adjudication on the merits by having the parties brief whether leave to amend the FAC should be granted. [Dkt. 178 at 4]. The Report also recommends denying Plaintiffs' fee application without prejudice to renewal.

On September 14, 2015, Defendant Felix Sater timely filed objections to the Report requesting that the proposed SAC not be accepted for filing, that the action be dismissed with prejudice as a sanction, or that Plaintiffs be required to make a formal motion for leave to amend the pleadings, and that Defendants be awarded attorneys' fees as a sanction. On September 29, 2015, Plaintiffs filed a response to Defendant Sater's objections.

## II.    LEGAL STANDARD

Whether the standard of review should be the "clearly erroneous or contrary to law" standard or the de novo standard is unclear in this instance, which involves the lifting of a Rule 11 sanction. *See Kiobel v. Millson*, 592 F.3d 78, 79-80, 85 (2d Cir. 2010) (declining to decide "whether the District Judge applied the correct standard of review [the "clearly erroneous or contrary to law" standard] to the Magistrate Judge's determination that Rule 11 sanctions were warranted"); *see generally* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Judge Maas chose to frame his decision as an R&R, which must be adopted by the district court to be effective, rather than

as an order, which is effective on its own. In an abundance of caution, the Report is reviewed de novo.

## III. DISCUSSION

Plaintiff is granted leave to file and serve the SAC with the agreed upon redactions.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he permissive standard of rule 15 is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks and citations omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). However, courts have "considerable discretion to deny amendment when there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) (internal quotation marks, brackets and citations omitted).

Defendants can make a colorable argument of at least undue delay -- if not bad faith and dilatory motive; this case has been pending for more than 5 years, and the operative complaint has not yet been publicly filed nor have Defendants been served. Nevertheless, Plaintiffs have discharged their prior counsel and their new counsel seems intent on proceeding with the case, instead of having it balance inert in some limbo. The parties dispute whether Plaintiffs themselves (rather than their prior counsel) have been bad actors in the events that brought the case to its current posture. "[T]he rule that the sins of the lawyer are visited on the client does not apply in th[e] context [of sanctions], and a court must specify conduct of the [client] herself

4

that is bad enough to subject her to sanctions." *Gallop v. Cheney*, 660 F.3d 580, 584 (2d Cir. 2011) (per curiam), *vacated in part on other grounds*, 667 F.3d 226, 231 (2d Cir. 2012) (quoting *In re Porto*, 645 F.3d 1294, 1304 (11th Cir. 2011)).  Rather than devote many more hours to tangential matters, it is preferable in the exercise of the Court's discretion to honor the presumption of adjudication on the merits, grant leave to amend, and move forward with exhortations to all to move as quickly as possible on the substance of the claims and defenses.

Sater objects to the Report's recommendation to grant leave to amend on the ground that to do so in effect reverses the sanction imposed in the March 23 Order requiring Plaintiffs to file the FAC stripped of the offending allegations.  He argues that such a reversal violates the law of the case doctrine.  Sater's argument is unpersuasive.

"The doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should [generally] continue to govern the same issues in subsequent stages of the same case." *Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) (alterations in original).  Law of the case is a discretionary doctrine and does not limit the court's power. *Arizona v. California,* 460 U.S. 605, 618-19 (1983).  A court may modify its prior rulings in the face of "cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (internal quotation marks and citation omitted).

The March 23 Order was both a sanction and a case management tool based on the circumstances at the time, specifically the need to advance the case despite the obstacle of allegedly privileged information being disclosed in the complaint.  Those circumstances have changed.  Plaintiffs' prior counsel, who did not abide by Court orders to identify a public source for each allegation in the FAC, has been removed as Plaintiffs' counsel.  New counsel has

proffered a significantly revised SAC, cited a permissible source for each allegation, conferred with Defendants' counsel about the sources, and agreed to redact certain allegations. Defendants have not identified any privileged information in the SAC that can be substantiated. Finally, the SAC provides a means for the case to proceed on the merits. In short, the case is now in a posture to advance. These circumstances provide a compelling reason to deviate from the prior ruling.

Sater also objects to the R&R because it would permit Plaintiffs to amend the complaint without making a formal motion, allegedly in defiance of the March 23 Order. This argument misconceives the Order and the applicable law. The March 23 Order denied the request for leave to amend absent a motion in order to have the issue adjudicated first by Judge Maas, consistent with the Order of Reference for general pretrial supervision, and not to require a "formal" motion. Plaintiffs made an application by letter for leave to amend the FAC, which the Report recommended granting. "[A] lack of a formal motion is not sufficient ground for a district court to dismiss without leave to amend." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

Sater also objects that the R&R denied the request for attorneys' fees without prejudice. Sater is incorrect that "there are no outstanding issues with regard to Plaintiffs' misconduct." Plaintiffs dispute that they have engaged in any misconduct relevant to this case. Further proceedings at this juncture to resolve these factual issues would likely serve as a distraction from the progress of the case when it is now finally poised to proceed. For that reason, the request for a sanction of attorneys' fees is denied without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Report is ADOPTED in its entirety.

- Plaintiffs' application for leave to amend the FAC is granted.  No later than November 23, 2015, Plaintiffs shall (i) file on ECF the SAC, redacting the agreed-upon language in paragraphs 100, 248(b) and 248(d); and (ii) file an unredacted version of the SAC under seal.

- Plaintiffs shall serve the SAC promptly on each of the Defendants.

- The application to require a formal motion for leave to amend is denied.

- The application for attorneys' fees as a sanction for the delays in the filing of the Complaint is denied without prejudice and may be renewed, if appropriate, after discovery is complete.

SO ORDERED.

Dated: November 9, 2015
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7

```
USDC SDNY
DOCUMENT
ELECTRONICALLY
FILED    08/13/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

J.L. KRISS and MICHAEL "CHUDI"          :
EJEKAM,
                                        :    **REPORT AND**
                    Plaintiffs,              **RECOMMENDATION**
                                        :    **TO THE HONORABLE**
        -against-                            **LORNA G. SCHOFIELD**
                                        :
BAYROCK GROUP LLC, et al.,                   10cv3959-LGS-FM
                                        :
                    Defendants.
------------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

        On January 14, 2015, after four years of dilatory and sometimes bizarre conduct by the plaintiffs' former counsel, I recommended to Your Honor that many paragraphs of the plaintiffs' first amended complaint ("FAC") be stricken. (See ECF No. 97) ("R&R"). The defendants had challenged the contents of those paragraphs as based on information that was privileged and obtained improperly by one of the plaintiffs' attorneys, Frederick Oberlander, Esq. My recommendation, however, was not predicated on a finding that the challenged paragraphs contained privileged information; rather, it was an outgrowth of counsels' abject disregard of several orders that were intended to help determine whether there had, in fact, been any impropriety affecting those paragraphs of the FAC. (See id. at 21 (observing that I could have used a less blunt instrument "had there been compliance with my [o]rders" since "I would have been able to consider, on a paragraph by paragraph basis, whether Bayrock's challenges were warranted"); see also ECF No. 140 at 43 (stating that my recommendation to redact the FAC did not constitute a finding with respect to the issues of privilege or work product")).

        In an Opinion and Order dated March 23, 2015, Your Honor adopted my R&R, agreeing that the sanction imposed was a consequence of plaintiffs' counsels' decision to "repeatedly and vexatiously def[y] the Court's orders." (ECF No. 126 ("Order") at 10). In response to the defendants' argument that the plaintiffs should not be afforded any opportunity to amend the FAC, (ECF No. 102 at 4-5), Your Honor held that "[a]ny ruling on amending the FAC after striking the contested allegations [would be] premature absent a motion seeking leave to amend." (Id. at 5). Finally, Your Honor directed that by March 30, 2015, the plaintiffs "file on ECF and serve on all Defendants the FAC with the [stricken] paragraph, footnotes, and exhibits . . . redacted." (Id. at 12).

On March 26, 2015, four days prior to the deadline for filing and serving the redacted FAC, Mr. Oberlander notified the Court that the plaintiffs had discharged him. (See ECF No. 134). That same day, Bradley D. Simon, Esq., filed a notice of appearance on the plaintiffs' behalf. (ECF No. 133). Mr. Simon then requested additional time to comply with your Order, indicating that he hoped to file a "new vastly streamlined second amended complaint ["SAC"]," devoid of any "objectionable paragraphs, footnotes and exhibits." (ECF No. 135). In light of these developments, I scheduled a further conference for April 14, 2015, and directed that, "[i]n the interim, no further papers shall be served or filed." (ECF No. 139).

On April 14, I instructed Mr. Simon to file the proposed SAC under seal by June 5, 2015, (see ECF Nos. 140 at 39-40, 142), and he agreed to furnish courtesy copies of the SAC to counsel for defendants Bayrock and Sater, the only defendants who had seen the FAC. Mr. Simon subsequently furnished the Court and defense counsel with a copy of the SAC and, as directed, filed the original under seal. (ECF No. 160). In the SAC drafted by Mr. Simon, the plaintiffs press four civil RICO claims, as well as state law claims.

During a follow-up telephone conference on June 15, counsel for Sater and Bayrock expressed continuing concern that the SAC might contain or be sourced from privileged materials that Mr. Oberlander had obtained improperly from the Bernstein hard drive. Accordingly, I afforded those defendants an opportunity to identify "specific paragraphs" in the SAC that they believed had been "sourced from privileged documents." (ECF No. 171). I cautioned their counsel, however, that they would bear the burden of demonstrating that the SAC improperly incorporated privileged information.

On July 1, 2015, counsel for Sater and Bayrock identified a total of forty-eight paragraphs that they considered objectionable.[1] Counsel for Bayrock also requested an award of fees "for the nearly five years it was forced to litigate plaintiffs' misuse of its privileged and confidential information." (Bayrock July 1 Letter at 2). Although their continuing objections were narrower than those they previously had pressed, my statement that the defendants had the burden of demonstrating the improper use of privileged materials evidently fell on deaf ears. Rather than identifying paragraphs of the SAC that allegedly contained privileged information, Bayrock's counsel simply specified paragraphs that they believed contained information from the FAC. (See Bayrock July 1 Letter at 1) ("As a review of the paragraphs [alleged to be objectionable] will

---

[1] See letter to the Court from Walter A. Saurack, Esq., dated July 1, 2015 ("Bayrock July 1 Letter") at 1; letter to the Court from Michael P. Beys, Esq., dated July 1, 2015 ("Sater July 1 Letter") at 1.

demonstrate, they incorporate the same information that was stricken from the FAC."). Although Sater's counsel purported to identify paragraphs "sourced from privileged documents," they cited no basis for asserting that the materials were privileged. It thus appears that their true objection to those paragraphs again was simply that they were "derived . . . from the purloined [Bernstein] hard drive." (See Sater July 1 Letter at 1).

On July 8, 2015, in the plaintiffs' responsive letter, Mr. Simon provided the sort of information that the Court had been seeking from plaintiffs' prior counsel for more than one full year. (See letter from Bradley D. Simon to the Court dated July 8, 2015 ("Pls.' July 8 Letter")). Specifically, Mr. Simon furnished the Court with a chart identifying an allegedly untainted source of information for the allegations in each paragraph to which the defendants objected, and he also expressed a willingness to delete certain language from paragraphs of the SAC that the defendants continued to challenge. (See id. at 4-21).

Ultimately, in their portion of a joint letter to the Court dated July 17, 2015, Bayrock's counsel acknowledged that they could not "say at this time that the SAC was directly sourced from privileged and confidential documents, absent extensive discovery." (Joint letter to the Court dated July 17, 2015 ("July 17 Joint Letter") at 4). Bayrock's counsel nevertheless repeated what has by now become a familiar mantra, complaining that the paragraphs to which they objected had been sourced from paragraphs of the FAC that the Court previously had stricken. Bayrock's counsel further protested that the plaintiffs could not "simply wipe the slate clean after years of misconduct simply by hiring new counsel." (Id.). Sater's counsel similarly maintained that the SAC was tainted by plaintiffs' prior counsels' actions. Sater's counsel also joined in Bayrock's application for fees. (Id. at 4-5). In a separate submission dated the same day, Sater's counsel also urged the Court to dismiss this case with prejudice based upon the plaintiffs' decision to file the SAC in lieu of compliance with the portion of your Order that had directed them to "file on ECF and serve on all Defendants the FAC with the [stricken] paragraphs, footnotes and exhibits . . . redacted." (Letter to the Court from Robert S. Wolf, Esq., dated July 17, 2015 (quoting Order at 12).

I am not wholly unsympathetic to the defendants' views regarding the conduct of this case. This lawsuit was filed more than five years ago, and for practically that entire time the defendants have had to deal with a uniquely opaque and prolix opaque complaint, as well as the antics of the plaintiffs' prior counsel. It also is true that the plaintiffs are, at least to some extent, attempting to wipe the slate clean by hiring new counsel. Nevertheless, once the plaintiffs's original lawyers withdrew, their new counsel acted swiftly to redirect the course of this litigation. Among other things, over the past five months, Mr. Simon has deconstructed the rather complex claims advanced by his predecessors, returned any allegedly purloined documents in the plaintiffs' possession,

drafted a clear (albeit lengthy) SAC, dismissed a related action that also had been stalled, and provided every indication that the plaintiffs are now prepared to prosecute this case without further delay. In light of these changed circumstances, the more equitable course is that "[t]he sins of [prior] counsel . . . not be visited upon [their] client[s] so as to vitiate the latter's cause of action." T. Grant Co. v. Haines, 531 F.2d 671, 677 (2d Cir. 1976); see also Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (noting the Second Circuit's "preference that litigation disputes be resolved on the merits," with dismissal employed as a remedy "only in extreme situations").

There further does not appear to be any reason to delay adjudication of this matter on the merits further by having the parties engage in extensive briefing as to whether leave to amend the FAC should be granted. If discovery reveals that the plaintiffs played a role in their prior counsels' misconduct, or are pursuing this litigation for improper purposes, the SAC could still be dismissed as a sanction. See El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 552-57 (D.N.J. Oct. 17, 2011); Jackson v. Microsoft Corp., 211 F.R.D. 423, 430-33 (W.D. Wash. 2002). Here, such a determination cannot be made without at least some discovery. Moreover, to pursue their RICO and other claims, the plaintiffs will have to survive the inevitable motion to dismiss. An interim motion would merely cause further delay. Accordingly, at this stage, the best course is to have the SAC publicly filed and served on the numerous defendants who have yet to be served. The defendants will then be able to contest the sufficiency of the complaint through a motion to dismiss. I therefore recommend that Your Honor grant the plaintiffs leave to file and serve the SAC. See Found. Ventures, LLC v. F2G, LTD., No. 08 Civ. 10066 (PKL), 2010 WL 3187294, at *11 (S.D.N.Y. Aug. 11, 2010) ("[T]he Court may grant leave to amend sua sponte."); S. Illinois Laborers' & Employers Health & Welfare Fund v. Pfizer Inc., No. 08 CV 5175 (KMW), 2009 WL 3151807, at *1 n.3 (S.D.N.Y. Sept. 30, 2009) (same); see also Fed. R. Civ. Pro. 15(a)(2) ("The court should freely give leave when justice so requires.").

Bayrock and Sater object to this course of action on the ground that it would render "toothless" the Order striking multiple paragraphs from the FAC. (See July 17 Joint Letter at 4). As I have indicated both in this Report and Recommendation and previously, I suggested that relief because of Mr. Oberlander's repeated failures to comply with my directions – not based on a finding that any of the allegations in the stricken paragraphs were actually based upon privileged materials. The mere fact that certain paragraphs of the SAC contain allegations that also were made in the FAC is therefore neither surprising nor necessarily objectionable. Indeed, one would expect the allegations of the SAC to at least resemble those previously set forth in the FAC.

I also am not persuaded that the plaintiffs flouted the Order by filing a proposed SAC under seal, rather than filing a heavily-redacted FAC. In fact, it seems

clear that several subsequent events rendered that directive moot. First, several days before the plaintiffs were required to comply with the Order, I directed that, in light of the plaintiffs' substitution of counsel, "no further papers . . . be served or filed," until I had an opportunity to confer with counsel. (ECF No. 139). It therefore is understandable that the plaintiffs chose not to file a redacted version of the FAC on March 30, 2015. Second, at the April 14 conference, I embraced plaintiffs' counsel's offer to draft an SAC, even though I acknowledged that, but for Mr. Simon's substitution, "what would [have] happen[ed] next is a redacted version of the [FAC] presumably would [have been] the subject of a motion to dismiss." (ECF No. 140 at 23, 36-37). It therefore is apparent that I had approved the plaintiffs' decision to draft a new complaint, rather than simply filing the previously-contemplated redacted FAC.

Finally, although the defendants have specifically identified forty-eight allegedly objectionable paragraphs of the SAC, they have failed to meet their burden to demonstrate that any of these paragraphs are based upon privileged communications. See Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 398 (S.D.N.Y. 2006) ("The Court is not convinced at this time that [the defendant] has satisfied its burden of demonstrating grounds for striking certain pleadings. [Defendant] has offered no case law or argument in support of its motion. Nor has it submitted any evidence, in the form of a declaration or otherwise, that the allegations in the complaint contain privileged information."); Ali v. New York City Transit Authority, 176 F.R.D. 68 (E.D.N.Y. 1997) ("[P]laintiff has not met his burden in demonstrating to the court that matter pled in the answers would be inadmissible at trial."). In these circumstances, the defendants' request that this action be dismissed amounts to a suggestion that predecessor counsel's misconduct alone would justify this extreme relief. Absent a showing that the plaintiffs aided and abetted Mr. Oberlander's misconduct, that appears to be overkill. See Nw. Nat. Ins. Co. v. Insco, Ltd., No. 11 Civ. 1124 (SAS), 2011 WL 4552997, at *8-10 (S.D.N.Y. Oct. 3, 2011) (disqualification of counsel is the appropriate sanction for party whose counsel actions created a "serious risk of tainting the underlying proceedings."); Matter of Beiny, 129 A.D.2d 126, 143-44 (1st Dep't 1987) (disqualification of counsel is the appropriate sanction for party whose counsel acted in an improper manner to secure discovery of confidential and privileged material from an adverse party).

In sum, the plaintiffs have consented to the removal of certain objectionable language from the SAC. (See Pls.' July 8 Letter at 8, 16-17; July 17 Joint Letter at 2). I recommend that, subject to those redactions, the proposed SAC be accepted for filing and that it be promptly served on each of the defendants named therein. Thereafter, if any of

the defendants wishes to challenge the sufficiency of the SAC, or raise other concerns, they can seek a pre-motion conference with Your Honor.[2]

Notice of Procedure for Filing
Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield and to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:	New York, New York
	August 13, 2015

_____
FRANK MAAS
United States Magistrate Judge

Copies to All Counsel via ECF

---

[2] I further recommend that the fee application be denied without prejudice to its renewal, if appropriate, at a later time.