

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert S. Wolf
Phone: 212.554.7825;  Fax: 917.206.4325
E-Mail: rwolf@mosessinger.com

July 17, 2015

**REQUEST TO BE FILED UNDER SEAL**

Hon. Frank Maas
Chief United States Magistrate Judge
United States District Court for the Southern
District of New York
500 Pearl Street, Courtroom 20A
New York, NY 10007-1312

RE: *Kriss et al. v. Bayrock Group, LLC, et al.*, 10 Civ. 3959 (LGS) (FM)

Dear Judge Maas:

This firm is co-counsel to Felix Sater ("Sater"), defendant in the above-captioned proceeding. We write to request that Plaintiffs' recently-submitted Second Amended Complaint ("SAC") be rejected for failure to comply with the explicit, unambiguous Order of Judge Schofield, dated March 23, 2015, that Plaintiffs file a redacted version of the First Amended Complaint ("FAC"). Instead, this case should be dismissed with prejudice.

In adopting Your Honor's Report and Recommendation, dated January 14, 2015, in its entirety, Judge Schofield ordered Plaintiffs to "file on ECF and serve on all Defendants the FAC with the paragraphs, footnotes and exhibits listed in footnote 8 of the Report redacted." (Dkt. No. 126 at 12). Footnote 8 of Your Honor's Report states as follows, in full:

> These include paragraphs 12-13, 19-20, 27, 29, 61, 66, 84-85, 87-90, 92, 102-103, 108-118, 120, 122, 125, 127, 130-33, 135-38, 140-46, 167, 201, 220, 224-25, 228, 230-39, 243-47, 252-91, 293-96, 298, 301-08, 310-11, 316, 327, 330, 339, 343, 347, 349, 350-51, 353-54, 358, 361, 365, 373, 375-76, 378-79, 382, 384-90, 393, 396-97, 404-25, 427-28, 430, 432-37, 442-47, 452-53, 456-57, 460-63, 465-76, 483-84, 486-88, 490, 494-99, 501-03, 505-34, 545-56, 567-71, 573-74, 578-90, 593, 597-601, 603-07, 612-22, 624-26, 629, 631-33, 636-39, 641-42, 644, 647-63, 665-66, 669-76, 680-81, 687-89, 692-99, 702-704, 706-13, 729-33, 735, 740, 743-58, and 761-66, as well as footnotes 2, 4, 9-10, 13-16, 18, 23, 25, 28, 30-31, 36, 38-40, 42-44, 45, and Exhibits 2 and 3.

(Dkt. No. 97 at FN 8).

2409015



Hon. Frank Maas
July 17, 2015
Page 2

Rather than submitting a redacted version of the FAC as ordered by Judge Schofield, Plaintiffs have submitted a starkly different complaint with wholly separate claims.  Attached hereto as Exhibit A is a redacted version of the FAC, from which the paragraphs, footnotes and exhibits listed in footnote 8 of the Report have been removed (the "Redacted FAC").  The Redacted FAC is what Plaintiffs were directed to file by this Court and Judge Schofield.  Attached hereto as Exhibit B is the actual SAC that Plaintiffs have submitted.  The two documents are not even remotely similar, either in appearance, form or content.[1]

Indeed, the Redacted FAC appears to be an attempt to assert the same claims as in the original FAC, on behalf of all named plaintiffs against all named defendants, for relief under the RICO statute and 18 U.S.C. §1962(c) and (d), based on the following predicate acts:



---

[1] Plaintiff Jody Kriss recently described Your Honor's orders as follows: "Magistrate Maas has issued transparently illegal and unconstitutional gag orders against the undersigned, without conducting any due process hearings, or making record findings capable of appellate review." See Exhibit C, Affirmation of Richard E. Lerner dated June 22, 2015 in *Lauria v. Kriss*, Index No 152324/2014 (N.Y. Co. Sup. Ct.), at [fn 5].

2409015

Case 1:10-cv-03959-LGS-FM   Document 201   Filed 11/19/15   Page 3 of 6



Hon. Frank Maas
July 17, 2015
Page 3



2409015



Hon. Frank Maas
July 17, 2015
Page 4

In sharp contrast to the Redacted FAC, the SAC appears to be an attempt to assert many entirely different claims, on behalf of different plaintiffs, against different defendants, including:

- Separate claims by each named plaintiff against some, but not all, defendants, for:
  - Fraudulent inducement (Counts Five and Six);
  - Breach of contract (Counts Seven and Eight);
  - Tortious interference with contract (Counts Nine and Ten);
- A conversion claim on behalf of all plaintiffs against all defendants (Count Eleven);
- An aiding and abetting conversion claim on behalf of both plaintiffs against, some, but not all, defendants (Count Twelve);
- A breach of fiduciary duty claim on behalf of both plaintiffs against some, but not all, defendants (Count Thirteen);
- An aiding and abetting breach fiduciary claim on behalf of both plaintiffs against some, but not all, defendants (Count Fourteen);
- An alter ego/veil piercing claim by both plaintiffs against three defendants;
- An unjust enrichment claim by both plaintiffs against all defendants;
- A RICO claim under 1962(c) by Plaintiff Kriss against all defendants except Bayrock Group LLC, based on predicate acts of:
  - Mail fraud;
  - Wire fraud;
  - Transfers of money stolen, converted or taken by fraud in interstate or foreign commerce, in violation of 18 U.S.C. §2314;
  - Sale of securities stolen or unlawfully converted that have crossed a U.S. state or national boundary, in violation of 18 U.S.C. §2315;

2409015



Hon. Frank Maas
July 17, 2015
Page 5

- o An act or threat involving murder and/or extortion, in violation of 18 U.S.C. §1961(a)(A).

Plaintiffs' filing of an entirely new complaint represents a bad faith attempt to circumvent Judge Schofield's Order. At the conference before Your Honor on April 14, 2015, Mr. Simon told the Court, "We're not trying to add new things or prejudice the parties in any way." (April 14, 2015 Transcript, p. 19). Yet that is exactly what he has done. Plaintiffs' filing of the SAC represents yet another "effort to pay lip service to-but not actually comply with- [this Court's] Orders." (Dkt. No. 97 at 10).

While Plaintiffs may protest that they cannot adequately plead their original claims without using the redacted material, this is simply the inevitable result of Plaintiffs' long-standing misconduct. In fact, this Court recognized that such redactions "may leave significant factual gaps in the FAC," but nevertheless found these sanctions appropriate due to Plaintiffs' repeated refusal to comply with the Court orders. (*Id*. at 21). Unsatisfied with the repercussions of their continuous wrongdoing, Plaintiffs' have simply disregarded the Court's Orders and filed an entirely new pleading, without leave, and in a bad faith attempt to avoid the requirements of the Court's Orders.

Complying with Judge Schofield's Order would have foiled Plaintiffs' blatantly extortionist plan. Indeed, the very *purpose* of this litigation was to expose sealed, confidential information pertaining to Sater. Plaintiffs' prior counsel admitted this when he stated:

> [M]y clients are indifferent as to which Defendants write the checks, and if your client can get out of this without paying much, if anything, that's fine with them. They are also well aware that your client lack the means to pay what is demanded, and thus are proposing he pay at least in very principal part with his cooperation, something he will no doubt understand. Start working the phones.
>
> ***
>
> [My clients] simply demand what they are entitled to: 1 billion dimes. At this point, plaintiffs will very favorably consider settling the entirety of all claims known and unknown for their actual damages of $35 million….It is the least amount which plaintiffs would be willing to accept for a **quick settlement that avoids dissemination.**

(*See* Exhibit D, October 18, 2010 Letter from F. Oberlander to B. Herman) (emphasis added).

Indeed, as counsel further stated:

2409015



Hon. Frank Maas
July 17, 2015
Page 6

>If you wish Sater's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. **The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement**.
>
>***
>
>If this case is not settled quickly, it will surely go viral. **If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability.** This is not a threat, it is mathematics. And it is certain.

(*See* <u>Exhibit E</u>, November 9, 2010 Letter from F. Oberlander to B. Herman) (emphasis added).

These proceedings are doomed to repeat themselves unless the SAC is rejected in its entirety. Plaintiffs' goal in initiating this litigation – extorting the defendants by exposing confidential information – cannot be accomplished through the filing of the Redacted FAC. Therefore, Plaintiffs continue to abuse the process by filing this wholly separate, unrelated SAC. Already, counsel for the Bayrock Group and Sater have identified over 40 paragraphs in the SAC that incorporate information that was stricken from the FAC. (Dkt. Nos. 172 and 174).

Rather than venture down the same path that has caused five years of gridlock, the SAC should be rejected and this case should be dismissed in its entirety. Plaintiffs will stop at nothing to make a mockery of federal judicial proceedings, drive up legal costs for Sater, and waste the government's and courts' resources through non-compliance with court orders. There is but one remedy left, and it is dismissal with prejudice.

              Respectfully,

              /s/

              Robert S. Wolf

RSW:rm

cc:  All counsel of record (via E-Mail)

2409015