UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J. L. KRISS and MICHAEL "CHUDI" EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; and BAYROCK WHITESTONE LLC;

                Plaintiffs,

                v.

BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & COMPANY PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC: BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;

                Defendants,
      and

BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC;

                Nominal Defendants (Derivative Plaintiffs).

No. 10-CV-3959

# BAYROCK'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RELIEF

# TABLE OF CONTENTS

                                                                     **Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

    POINT I
PLAINTIFFS ADMIT THAT THE FAC RELIES ON
CONVERTED PRIVILEGED DOCUMENTS ................................................................. 3

    POINT II
THE CRIME-FRAUD EXCEPTION DOES NOT JUSTIFY
PLAINTIFFS' CONVERSION OF BAYROCK'S PRIVILEGED AND
CONFIDENTIAL DOCUMENTS ..................................................................................... 4

    POINT III
NEITHER KRISS NOR BERNSTEIN HAD A RIGHT TO
RETAIN BAYROCK'S PRIVILEGED AND CONFIDENTIAL DOCUMENTS ............. 6

    POINT IV
SCHWARZ DID NOT WAIVE PRIVILEGE OVER THE DOCUMENTS ...................... 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amusement Indus., Inc. v. Stern,*
   07 CIV. 11586 LAK, 2013 WL 498724 (S.D.N.Y. Feb. 11, 2013) ...................................5

*Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice,*
   697 F.3d 184 (2d Cir. 2012) ..........................................................................................8

*Dirks v. SEC,*
   463 U.S. 646 (1983) .......................................................................................................5

*In re 1545 Ocean Ave., LLC,*
   72 A.D.3d 121 (2d Dep't 2010) .....................................................................................7

*In re Richard Roe, Inc.,*
   168 F.3d 69 (2d Cir. 1999) ............................................................................................7

*Lipin v. Bender,*
   84 N.Y.2d 562 (1994) ...................................................................................................4

*Lugosch v. Congel,*
   219 F.R.D. 220 (N.D.N.Y. 2003) ..................................................................................6

*Maldonado v. New Jersey,*
   225 F.R.D. 120 (D.N.J. 2004) .......................................................................................4

*Matter of Beiny,*
   129 A.D.2d 126 (1st Dep't 1987) ..................................................................................4

*Ross v. UKI Ltd.,*
   02 CIV. 9297(WHP)JCF, 2004 WL 67221 (S.D.N.Y. Jan. 15, 2004) ...........................8

*Sobol v. E.P. Dutton, Inc.,*
   112 F.R.D. 99 (S.D.N.Y. 1986) ....................................................................................8

*United States v. Jacobs,*
   117 F.3d 82 (2d Cir. 1997) ............................................................................................5

*United States v. Schwimmer,*
   892 F.2d 237 (2d Cir. 1989) ..........................................................................................8

*United States v. Zolin,*
   491 U.S. 554 (1989) .......................................................................................................5

**STATUTES**

N.Y. Ltd. Liab. Co. Law § 402 ............................................................................................7

N.Y. Ltd. Liab. Co. Law §1102 ...........................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 56(c) ......................................................................................................3

New York Rule of Professional Conduct 3.7(a) ..................................................................4

Defendants Bayrock Group LLC ("BG"), Bayrock Spring Street LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC and Bayrock Merrimac LLC ("Bayrock" or the "Bayrock Entities") submit this memorandum of law in further support of their motion for relief.

## PRELIMINARY STATEMENT

Plaintiffs oppose Bayrock's Motion for relief and attempt to justify their conversion of pilfered documents by portraying themselves as crusading whistleblowers or private attorneys general. They are not. They have filed the instant strike suit to line plaintiffs' pockets, and Bayrock's motion should be granted. Indeed, Plaintiffs' opposition concedes the material facts supporting Bayrock's request for relief:

- Former Bayrock employee Joshua Bernstein failed and refused to return privileged and confidential documents to Bayrock, despite demand being made (Oberlander Decl. ¶ 5);

- Plaintiffs' counsel, Frederick Oberlander, solicited and obtained Bayrock's privileged and confidential materials from Joshua Bernstein (Oberlander Decl. ¶¶ 7-9); and

- Plaintiffs' counsel extensively relied upon and used the privileged and confidential materials in the First Amended Complaint ("FAC") and in Plaintiffs' publicly filed initial complaint (Opp. Br. at 11, 17-18) (*see* the color coded version of the FAC annexed at Exhibit 11 to the Saurack Declaration).

Moreover, in the Eastern District Judge Glasser, after an evidentiary hearing in which Mr. Oberlander testified as a witness already ruled that:

> Mr. Oberlander even if he were an innocent purchaser for value, would not have acquired title to those documents, because Mr. Bernstein had no title to give him. If requests were made of Mr. Oberlander to return those documents and Mr. Oberlander refused, it may be than an action for conversion may be available against Mr. Oberlander.

These facts and rulings facially demonstrate that Bayrock is entitled to the relief sought in its Motion.

1

Plaintiffs' opposition contains three easily dismissed arguments: 1) that the crime-fraud exception justifies their actions; 2) that Bernstein and Kriss had a right to Bayrock's privileged and confidential materials; and 3) that unserved defendant and Bayrock's then General Counsel Julius Schwarz waived Bayrock's privilege by disseminating the initial Complaint to Bayrock's attorneys and accountant co-defendants. First, the crime-fraud exception does not justify Plaintiffs' actions; it allows parties, *only after* a Court has determined that the exception applies, to obtain certain privileged documents in *discovery*. It does *not* permit nor condone the conversion of a party's privileged documents and making such documents public without a Court order. Second, neither Bernstein nor Kriss had a right to use Bayrock's privileged and confidential documents. While Bernstein may have had the ability to access the documents while employed by Bayrock, his right to access the documents indisputably was extinguished after he left Bayrock's employment and Bayrock requested the return of its materials. Similarly, Kriss undeniably was expressly required by his employment agreement to return Bayrock's privileged and confidential information upon termination of his employment. Even if Kriss was a member of any Bayrock entity (which he was not), he did not have the right to waive the privilege on behalf of Bayrock or to use misappropriated privileged information. Third, while Julius Schwarz disseminated the FAC to co-defendants at Oberlander's threatening insistence, there is no waiver because, *inter alia*, the co-defendants were Bayrock's attorneys and accountant – parties to the very privileged communications at issue.

The only remaining issue before the Court is what sanction or combination of sanctions is most appropriate to redress Plaintiffs' illicit actions. Bayrock avers that dismissal is the only sanction that will provide it with complete relief. Plaintiffs and their counsel cannot erase the stolen privileged and confidential information from their memories, and Bayrock will be unfairly disadvantaged if this suit is allowed to proceed subject to any lesser sanction.

2

## ARGUMENT

## POINT I

### PLAINTIFFS ADMIT THAT THE FAC RELIES ON
### CONVERTED PRIVILEGED DOCUMENTS

In its opening brief, Bayrock alleged that Plaintiffs engaged in improper behavior in converting and then using Bayrock's privileged and confidential information. Bayrock supported its position with analysis comparing privileged and confidential documents Bayrock recovered from Bernstein with language and quotations from specific paragraphs in the First Amended Verified Complaint ("FAC") to demonstrate that the source of the allegations indeed was the misappropriated Bernstein materials. Plaintiffs' opposition does not dispute Bayrock's claims, it admits them; and Plaintiffs admit they used privileged documents obtained from Bernstein in a color-coded version of the FAC (annexed at Exhibit 11 to the Saurack Declaration). Plaintiffs do not challenge the ample case law that holds that in such instances, sanctions such as dismissal of a complaint are warranted.[1]

Instead, Plaintiffs attempt to side-step their wrongdoing by wrongly arguing that the use of privileged information in the FAC is warranted because "there are no documents", only "facts", alleged in the FAC and "facts are not privileged".[2] (Opp. Br. ¶ 15.) Plaintiffs' claim,

---

[1] Plaintiffs make the argument that Bayrock's motion is improper because the relief sought by Bayrock must be sought by "a pleading, plenary action or in a counterclaim." (Opp. Br. ¶ 2.) Plaintiffs ignore the case law cited by Bayrock holding that a court has the inherent authority to grant relief requested by Bayrock when a party has acted inappropriately in using another's privileged and confidential information. Plaintiffs also ignore the fact that Judge Schofield specifically referred this issue to Judge Maas for resolution *before* Bayrock answered the FAC, and stayed Bayrock's time to answer the FAC while these issues are being resolved.

[2] Plaintiffs also conclude without basis that Maria Simonchyk is not qualified to submit a supporting declaration on Bayrock's privileged and confidential documents because she is a "clerical worker" who is not part of the "control group" at Bayrock. (Opp. Br. ¶ 14.) It is only required that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." See Fed. R. Civ. Proc. 56(c); Furthermore, Kriss has no basis to conclude that Ms. Simonchyk is merely a clerical worker (which is not the case) since he has not been employed by Bayrock for the last four years. In, addition, Ms. Simonchyk does not purport to make in her declaration a determination that certain documents are privileged. Ms. Simonchyk does state, as she is qualified to do, based on her knowledge and review of Bayrock's documents, the factual bases necessary for claims of privilege – that the communications were to and from Bayrock's counsel, and that the communications were for the purpose of seeking or providing legal advice, or that documents were created in anticipation of litigation.

3

1816888_8

however, simply is not true. Many paragraphs of the FAC excerpt, or quote, large portions of privileged documents.[3] (*See, e.g.,* FAC ¶¶ 287, 288, 310, 472, 474, 747.) Second, it is completely irrelevant whether the actual privileged documents or facts gleaned from the privileged documents are used – both actions are prohibited by the courts. *See e.g., Lipin v. Bender*, 84 N.Y.2d 562 (1994); *Maldonado v. New Jersey*, 225 F.R.D. 120, 125-27 (D.N.J. 2004). In fact, it is because facts learned from privileged documents cannot be excised from a party's or counsel's mind that courts have found that the return of privileged documents is not enough, and that such improper actions requires the dismissal of a complaint, the striking of pleadings and/or the disqualification of counsel.[4] *See e.g., Lipin*, 84 N.Y.2d at 572-7 (dismissing complaint); *Matter of Beiny*, 129 A.D.2d 126, 142 (1st Dep't 1987) (disqualifying law firm who had reviewed opposing party's privileged documents because "there is no way of assuring that the tainted knowledge will not subtly influence its future conduct of the litigation.").

## POINT II

### THE CRIME-FRAUD EXCEPTION DOES NOT JUSTIFY PLAINTIFFS' CONVERSION OF BAYROCK'S PRIVILEGED AND CONFIDENTIAL DOCUMENTS

Plaintiffs also argue – wrongly – that they have a right to use the documents under the crime-fraud exception. In Plaintiffs' view, the crime-fraud exception somehow provides them with blanket authority to convert and use another party's privileged information, without judicial authorization. It does not.

First and foremost, the crime-fraud exception is an exception to the protection given to privileged documents *in discovery*. It most certainly does not permit unregulated and illicit

---

[3] Plaintiffs do not challenge Bayrock's specific designations of privileged documents and thereby have waived their right to do so.

[4] Plaintiffs' Opposition effectively confirms that Oberlander should be disqualified because New York Rule of Professional Conduct 3.7(a) prohibits a lawyer from acting as counsel in a matter where he is also a witness. Oberlander admits in his declaration that he actively participated in the search for Bayrock's privileged and confidential information at Bernstein's apartment (Oberlander Decl. ¶¶ 7-9.); and he indisputably is a witness and participant to the conversion of these documents.

4

investigation of an adversary or potential adversary's privileged materials. A party seeking to use the exception must operate within the rules of discovery, and seek a court order requiring an adverse party to produce privileged documents. The burden on the requesting party is not a light one; a party "must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed—or has been attempted—and that the communications in question were in furtherance of the fraud or crime." *Amusement Indus., Inc. v. Stern*, 07 CIV. 11586 LAK, 2013 WL 498724 (S.D.N.Y. Feb. 11, 2013) (internal citations and quotations omitted). In some cases, the court will seek to examine the documents *in camera* before ruling on the applicability of the crime-fraud exception. *United States v. Zolin*, 491 U.S. 554, 572 (1989); *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997).

Plaintiffs have cited no cases – because they cannot – supporting the use of the crime-fraud exception to excuse, *ex post facto*, a party's use of improper means to obtain privileged documents. What Plaintiffs appear to argue is the absurd proposition that when a party in a *civil* matter claims that documents are allegedly evidence of a crime, that party can use whatever means necessary to obtain those documents – despite ethical rules, discovery procedures, criminal law, and any other limitations to the contrary. (Opp. Br. ¶ 43). Despite Plaintiffs' assurances that "[t]his has been American law since there has *been* American law" (Opp. Br. ¶ 44), Plaintiffs cite no authorities in support of this broad claim. The cases cited by Plaintiffs – *Bartnicki*, *Knoll*, and *Mosallem* – notably concern only the use of *confidential*, not *privileged* documents. In fact, in one bizarre example, Plaintiffs copy and paste a five-page excerpt from an amicus brief submitted in *Dirks v. SEC*, 463 U.S. 646 (1983). (Opp Br. at 11-16.) *Dirks* did not actually concern the crime-fraud exception, but whether a whistleblower could be held liable for providing outsiders with material nonpublic information in violation of federal securities laws. It

5

is not applicable at all to the instant case. Additionally, an amicus brief is not a citable authority, as it is, of course, merely argument.

Although Plaintiffs portray themselves as crusading whistleblowers seeking to expose wrongdoing for the public good, they are not. As demonstrated by Plaintiffs' counsel's email to Sater's counsel that "this is not a $150,000 case anymore" and that his "job is to shake the living daylights" out of defendants, this is clearly a civil case for money damages.[5] As discussed in Bayrock's opposition to Plaintiffs' motion for disqualification, the instant case is a scorched earth strike suit calculated to obtain an exorbitant settlement. The crime-fraud exception simply does not justify Plaintiffs' bad acts in obtaining Bayrock's privileged and confidential documents in this case.

## POINT III

### NEITHER KRISS NOR BERNSTEIN HAD A RIGHT TO RETAIN BAYROCK'S PRIVILEGED AND CONFIDENTIAL DOCUMENTS

Plaintiffs also argue that sanctions are unwarranted because Kriss and Bernstein had a right to Bayrock's privileged and confidential information. First, Plaintiffs argue that Kriss was once jointly represented by the law firm Roberts & Holland at the same time as Bayrock, Schwarz, Sater and Arif, and that Kriss could waive the privilege as to communications made in that joint representation (Opp. Br. ¶ 25). However, a member of a joint defense group may not unilaterally waive the privilege as to all the members of the group. *Lugosch v. Congel*, 219 F.R.D. 220, 238 (N.D.N.Y. 2003). Moreover, Kriss was represented by Roberts & Holland in his capacity as an employee of Bayrock and has no right to waive its privileges.

---

[5]. Plaintiffs have requested to have this matter turned over for criminal investigation (Kriss Decl. ¶ 43). Plaintiffs, however, have had three years to present their case to investigative authorities, but apparently instead chose to pursue their claims for money damages. Threats of criminal prosecution do not belong in this civil proceeding.

6

1816888_8

Kriss' alleged membership in Bayrock (which Bayrock disputes)[6] also did not give Kriss any rights to Bayrock's privileged and confidential information. The BG Operating Agreement attached as an exhibit to the Declaration of Jody Kriss sets forth in Section 4.2 what records it may provide to members; it does not provide that members are entitled to access to Bayrock's privileged and confidential information.[7] Nor does New York law (BG is a New York LLC) provide any statutory right to members to receive privileged information.[8] In any event, Kriss' employment agreement with Bayrock indisputably required him to return Bayrock's confidential information, including privileged information, upon termination of his employment. *Cf. In re 1545 Ocean Ave., LLC*, 72 A.D.3d 121, 129 (2d Dep't 2010) (New York LLC Law sets forth default requirements, and LLC may provide differently).

Plaintiffs also argue that Bernstein had the right to the documents because he was directed by Felix Sater to maintain them as backups as part of his duties as an employee. (Opp. Br. at 10.) While Bernstein may have had the ability to view and maintain the documents while an employee of Bayrock, after Bayrock requested the return of its documents (*see* Exhibit 3 to the Saurack Declaration) upon termination of Bernstein's employment, Bernstein indisputably no longer had a right to retain possession of the privileged and confidential documents.

In addition, Bernstein did not have the authority to waive privilege on behalf of Bayrock as an ex-employee of Bayrock. *In re Richard Roe, Inc.*, 168 F.3d 69 (2d Cir. 1999). In fact,

---

[6] For various reasons set forth in Bayrock's opposition to Plaintiffs' motion to disqualify (Bayrock Opp. at 11 fn. 9), Kriss was not a member of any Bayrock entity and Bayrock is prepared to arbitrate this issue, if so required.

[7] The BG Operating Agreement referenced also does not provide members the right to participate in company litigation. In Section 6.1, it lists matters which require the consent of all members, and appointment of counsel and decisions regarding company litigation are not listed. In addition, N.Y. Ltd. Liab. Co. Law § 402, which sets forth certain actions by an LLC requiring the consent of a majority of members of an LLC, does not require member approval for company litigation.

[8] Section 1102 of the New York Limited Liability Company Act provides that members have access to certain books and records of the company; however, privileged documents are not among those listed.

7

Judge Glasser already has ruled[9] that Bernstein could be held liable for conversion, and consequently, Oberlander could be as well.[10] Judge Buchwald also unsuccessfully earlier urged Mr. Oberlander to purge the FAC of allegations derived from privileged information, referring him to an article on the proper use of "purloined documents." (*see* Exhibit 6 to the Saurack Declaration.)

## POINT IV

## SCHWARZ DID NOT WAIVE PRIVILEGE OVER THE DOCUMENTS

Plaintiffs lastly argue that Julius Schwarz, Bayrock's General Counsel at the time of the allegations, waived the privilege when he forwarded an email attaching a copy of the Verified Complaint to Bayrock's attorneys and accountant – all of whom were named as defendants in the complaint and participated in the various privileged communications at issue. (Opp. Br. ¶ 24.) Schwarz's actions did not waive privilege. First, they allege the complaint was sent to Bayrock's attorneys and accountants and its former employee Felix Sater. Disclosure to one's attorneys does not waive privilege. *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012). Disclosure to accountants who assist counsel in providing tax advice also does not waive privilege. *Ross v. UKI Ltd.*, 02 CIV. 9297(WHP)JCF, 2004 WL 67221 (S.D.N.Y. Jan. 15, 2004). Finally, disclosure to a former employee (such as Felix Sater) for the purpose of preparing a common defense does not waive privilege. *Sobol v. E.P. Dutton, Inc.*, 112 F.R.D. 99, 104 (S.D.N.Y. 1986).[11]

When Schwarz forwarded the complaint, he was doing so under pressure from Oberlander, who threatened to go public with the complaint if Schwarz didn't send the complaint

---

[9] These findings were not mere "colloquy" as Plaintiffs argue, but rather rulings made after a 3-day hearing, in which Oberlander and other witnesses testified under oath.

[10] *See* Exhibit 12 to the Saurack Declaration (excerpts from transcript of oral argument held before the Honorable I. Leo Glasser in *In re: John Doe*, July 20, 2010 at 20:5-10).

[11] In addition, the communication did not waive privilege because it was sent to defendants named in the action – all of whom share a common interest in defending the action. *See United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989).

8

1816888_8

to the other defendants and try to arrange a tolling agreement. Oberlander wrote in the email (attached as Exhibit D to Exhibit 9 to the Saurack Declaration), which he sent to Ron Kriss (a former attorney at defendant Akerman Senterfitt and plaintiff's father) to forward to Schwarz:

> I recommend you forward this to Julius with the comment from me that there are three alternatives here: (a) I file publicly today. (b) I file under seal today. (c) He arrange a tolling agreement with EVERY defendant but nixon peabody.
>
> I don't care how many people he has to get on the phone and how fast he has to work. He had years to give back the money and now it's over.

Because Schwarz disseminated the complaint to co-defendants to try and enter into a tolling agreement with Plaintiffs, the communication is protected under the common interest/joint defense privilege. Lastly, Schwarz disseminated the document under duress from Oberlander, who threatened to file the Complaint *unless* Schwarz disseminated to this group and got them to execute a tolling agreement. Plaintiffs' counsel cannot now use the dissemination they pressured Schwartz into as a "gotcha" to claim waiver.

## **CONCLUSION**

Accordingly, Bayrock respectfully requests that its motion for relief be granted.

Dated: New York, New York
December 6, 2013

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
Walter A. Saurack
Aaron M. Zeisler
Zoë E. Jasper
230 Park Avenue, Suite 1130
New York, New York 10169
Tel: (212) 818-9200

*Attorneys for the Bayrock Defendants*

9