USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                  :
JODY KRISS et al.,                                    :
                                 Plaintiffs,   :
                                                              :        10 Civ. 3959 (LGS) (FM)
                  -against-                  :
                                                              :        **OPINION AND ORDER**
BAYROCK GROUP, LLC, et al.,            :
                                 Defendants.   :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      On July 23, 2013, this matter was referred to Chief Magistrate Judge Frank Maas for general pretrial supervision. Before the Court is a motion to set aside and objections to paragraphs 6 and 7 of Judge Maas's Order, dated April 30, 2015, (the "Order") brought by Plaintiffs' prior counsel Frederick Oberlander and Richard Lerner. Movants object to the requirement (1) that they "surrender to the Court . . . all documents in their possession, custody, or control, and any work product derived therefrom," that they obtained from non-party Joshua Bernstein, former Bayrock Group, LLC employee, or his counsel, "including but not limited to documents downloaded from the Bernstein hard drive" (the "Bayrock Documents"); and (2) that the documents be placed under seal, but that Movants "shall neither maintain a copy of, nor disseminate, any of these documents." For the reasons that follow, the motion to set aside is vacated.

## I. BACKGROUND

### A. This Action, the EDNY Action and Related Appeals

      This action was commenced in May 2010, but suffered five and a half years of protracted litigation before any complaint could remain on the public docket, and before all Defendants could be served. During these years, the litigation centered on the concern that the original

complaint divulged privileged and sealed information from the Bayrock Documents, which had been improperly obtained.

This Opinion deals with the Order, which was a temporary order issued by Judge Maas. For the purposes of this motion, familiarity with this case and related cases is assumed. *See Kriss v. Bayrock Grp. LLC*, No. 10 Civ. 3959, 2014 WL 2212063 (S.D.N.Y. May 29, 2014); *see also Kriss v. Bayrock Grp. LLC*, No. 13 Civ. 03905, 2014 WL 715660 (S.D.N.Y. Feb. 25, 2014) (denying Plaintiffs' motion to remand the action to state court); *Estate of Gottdiener v. Sater*, 35 F. Supp. 3d 386, 389 (S.D.N.Y. 2014) (dismissing Plaintiffs' claims of a substantive RICO violation and conspiracy against the defendants who were partners at a registered securities broker-dealer and the company itself); *on reconsideration*, 35 F. Supp. 3d 402 (S.D.N.Y. 2014) *and aff'd*, 602 F. App'x 552 (2d Cir. 2015); *Roe v. United States*, 428 F. App'x 60, 67-69 (2d Cir. 2011) (holding that the District Court did not err in imposing a permanent injunction against dissemination of Felix Sater's presentence report and remanded to determine whether the dissemination of other sealed documents in Sater's criminal case should be enjoined).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) governs review "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge." Under Rule 72(a), a district court reviews a magistrate judge's orders for clear error. Here, even though no dispositive matter was referred to Judge Maas, the Order could affect Movants' ability to file and maintain other litigation in reliance on the Bayrock Documents. Further, Movants raise First Amendment concerns which require heightened review. *See Safelite Grp., Inc. v. Jepsen*, 764 F.3d 258, 261 (2d Cir. 2014) ("In First Amendment cases, an appellate court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." (internal quotation

marks and citation omitted) (citing *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 486 (1984))). Accordingly, in the fullness of caution, paragraphs 6 and 7 of the Order are reviewed under the de novo standard of Rule 72(b).

**III.   DISCUSSION**

The Order is vacated. Although it was valid as an interim measure, courts do not have the general authority to order the permanent surrender and nondissemination of documents obtained outside the judicial process. Courts do have the inherent power to protect the administration of justice by levying sanctions for attorney misconduct, and by imposing filing restrictions in the face of vexatious litigation. However, the Court must provide notice and an opportunity to be heard before imposing a filing restriction.

**A.   Propriety of the Order as an Interim Measure**

The Order was a proper interim measure. It sought to make the Court the termporary custodian of the Bayrock Documents to prevent harm to Defendants that might come from the further dissemination of those documents, and yet preserved them for Movants should they prevail in their argument of entitlement to them. The Order was not unlike the Court of Appeals' decision temporarily enjoining all parties, including Oberlander, from disseminating the subset of Bayrock Documents sealed in the E.D.N.Y. criminal case until the adjudication of the sealing order was concluded. *See Roe v. United States*, 414 F. App'x 327, 329 (2d Cir. 2011); *see also In re Applications to Unseal*, 568 F. App'x 68 (2d Cir. 2014) (identifying "John Doe" as Felix Sater and, by implication, "Richard Roe" as Oberlander).

**B.   The Order Cannot Be Extended to Provide Permanent Relief**

All parties address in their submissions whether Movants should be permanently ordered to surrender and not disseminate the Bayrock Documents and information contained in them. The Order cannot be converted into a permanent restraint. Courts have only limited authority to

order the permanent surrender and non-dissemination of documents obtained outside the judicial process. Rule 26(c) empowers the court to prohibit the disclosure of documents or information, but only if they were obtained during discovery. *See Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940, 944-46 (2d Cir. 1983) (holding that because the plaintiff's attorney had colleted the defendant's trade data prior to initiating the lawsuit, the information had been "gathered independenly of judicial process" and the court could not exercise control of over it); *Int'l Prods. Corp.v. Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963) (holding that the portion of an order which prohibited the defendants from disclosing certain prediscovery documents constituted a prior restraint on free speech and was not authorized by discovery rules). A court also has the inherent power to prohibit the dissemination of information obtained before the lawsuit if it is contained in or appended to a court document. *See Bridge*, 710 F.2d at 946 ("[S]ince the information reflected in [the document] was gained by [the plaintiff] independently of any judicial processes, and since [the document] carries no appearance of an official court document, the court's nondisclosure order infringed [the plaintiff's] First Amendment rights and was contrary to historic principles of equity.").

In *Bridge*, the Second Circuit vacated the District Court's order prohibiting the plaintiff from disclosing the defendant's alleged trade secret information contained in an exhibit to the complaint. The Second Circuit held that the District Court could prohibit the plaintiff from disseminating the complaint and exhibit, but could not generally proscribe any dissemination of the information. The defendant had not filed a counterclaim for misappropriation of the information, "so any issue as to trade secrets was completely collateral to the underlying dispute, and the court had no basis for granting such relief as an incident to any rights asserted in the action." 710 F.2d at 946. Also, there was no evidence that the plaintiff "had come by the

information by other than legitimate means," and that no evidence had been presented "as to any culpability on [Plaintiff's] part in the acquisition of the information." *Id.* at 946-47.

In the present case, Judge Glasser, in proceedings in the Eastern District of New York concerning a subset of the Bayrock Documents (sealed documents in a criminal action before him), made factual findings that Oberlander knew or should have known that Bernstein did not have any legal right to the documents. According to an affidavit Berstein made out in connection with his settlement of an action against him to recover the Bayrock Documents, Oberlander (1) told him (apparently without legal basis) that Oberlander's client, Kriss in the present case, was entitled to all of the documents beacause he "was a member of Bayrock"; (2) reviewed presumptively privileged documents at Bernstein's apartment after employing search terms that included "Roberts & Holland," Bayrock's outside counsel, invoking the "crime-fraud exception;" (3) asked Bernstein, after using Bernstein's computer to search for the documents, if he had a "keystroke logger" which tracks what someone types on a keyboard. Regarding the sealed documents from Defendant Sater's criminal case, Judge Glasser found that Oberlander publicly filed some of them as attachments to the Complaint in the present case knowing that they were sealed.

Despite court findings and other evidence of apparent wrongdoing, this action provides no occasion to order Movants to return and permanently surrender the Bayrock Documents. As in *Bridge*, there is no misappropriation claim against Movants that would require this Court to adjudicate the respective rights, if any, of Movants, Bayrock and Sater. Indeed, Movants no longer have any connection to this litigation. They are not and never were parties themselves, and they no longer are involved as counsel. Similarly, the Bayrock Documents have no further connection to this action. Plaintiffs, through their new counsel, have agreed to give up any copies of the Bayrock Documents. The Complaint and First Amended Complaint containing

5

information from the Bayrock Documents have been, and continue to be, sealed.  Plaintiffs and their new counsel represent that the operative Second Amended Complaint does not contain or rely on any information from the Bayrock Documents.  In short, Movants and the Bayrock Documents have been removed from this case.  Any adjudication concerning them is collateral, except as it relates to past events.

### C. Limited Non-Dissemination as a Remedy for Attorney Misconduct and/or Vexatious Litigatoin

"The inherent powers of federal courts are those which are necessary to the exercise of all others . . . [for example to] protect[] the due and orderly administration of justice and in maintaining the authority and dignity of the court . . . ."  *Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citations and internal quotations omitted).  "A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices."  *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 386 (2d Cir. 1981) (citations omitted).  One of the court's inherent powers has long been the power to discipline attorneys who appear before it.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (citing *Ex parte Burr,* 22 U.S. (1 Wheat.) 529, 531 (1824)).  A district court may impose sanctions pursuant to its inherent authority, even if other procedural rules authorize sanctions as well.  *See id.* at 49-50.

A sanction against an attorney requires a finding of bad faith, unless the misconduct is not undertaken for the client's benefit.  "Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith," and "inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes."  *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citations omitted); *see also Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (inherent power sanctions are imposable "where the attorney has acted in bad

faith in the actions that led to the lawsuit or in the conduct of the litigation."); *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000) (comparing inherent power and § 1927 sanctions, and concluding that both require a showing of bad faith). "But, when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000).

  An additional basis for relief is a filing injunction based on the court's inherent power to protect the federal courts' Article III functions. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . A history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel is enough." *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984) (internal citation, quotation marks and brackets omitted). In the present case, the concern is not the filing of multiple duplicative or meritless actions because whether the cases have any merit is completely unknown. None of the cases filed by Movants implicating the Bayrock Documents have reached the merits, or even the responsive pleading stage, despite years of litigation. The concern is the filing of multiple actions based on what are essentially stolen documents, followed by a multitude of court proceedings, filings, motions and appeals to deal with the problems raised by the Bayrock Documents without ever reaching an adjudication on the merits.

  A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995) (citation and internal quotation

marks omitted); *see also Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam) (holding as frivolous the litigant's appeal of an injunction requiring him to obtain approval of a magistrate judge prior to filing lawsuits in that judge's district, and warning litigant that continued abuse of the judicial process would result in sanctions).  However, the "unequivocal rule" in the Second Circuit is that a "district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (internal quotation mark and citation omitted).  The same rule requiring notice and an opportunity to be heard should apply to an attorney who has engaged in vexatious litigation.

## IV.    CONCLUSION

For the foregoing reasons, the Order is VACATED.  No later than February 22, 2016, the parties shall file simultaneous briefs, not to exceed 25 pages, to show cause why an order should not be issued forbidding Frederick Oberlander and Richard Lerner from filing any action in federal court that appends any of the Bayrock Documents or relies on information from the Bayrock Documents, and from filing any action in state court without appending the order restricting the filing in federal court.  Each party shall file a 15-page response no later than March 7, 2016.  The opening briefs shall include a detailed factual recitation supported by citations, including a description of the proceedings, findings and appeals in and from all relevant actions including those in the Eastern District of New York and the Second Circuit Court of Appeals.

Apart from the April 30, 2015, Order which is addressed herein, this Order shall not affect the prior order of any court restraining the possession or dissemination of the Bayrock Documents, and shall not be intereperted or deemed to do so without an explicit ruling from a court with authority to issue such a ruling.

Bayrock's motion to dismiss the First Amended Complaint and for other relief, dated October 18, 2013, and filed January 15, 2016, is denied as moot.[1]

The Clerk of Court is directed to close the motions at Docket Nos. 147 and 256.

SO ORDERED.

Dated: February 1, 2016
       New York, New York

                                                               **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] Although the motion apparently was served and submitted to Judge Maas, it was not filed on the docket. Following a January 11, 2016, Order, the Bayrock Defendants filed the motion on January 15, 2016.