```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
-------------------------------------------------------------X    ELECTRONICALLY FILED
                                                :                 DOC #:_____
JODY KRISS, et al.,                             :                 DATE FILED: 2/22/16
                                                :
                        Plaintiffs,             :
                                                :       10 Civ. 03959 (LGS)
        -against-                               :
                                                :                ORDER
BAYROCK GROUP, LLC, et al.,                     :
                                                :
                        Defendants.             :
                                                :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Order on February 1, 2016, the parties were directed to file simultaneous briefs by February 22, 2016, not exceeding 25 pages, to show cause why an order should not be issued forbidding Frederick Oberlander and Richard Lerner from filing any action in federal court that appends any of the Bayrock Documents or relies on information from the Bayrock Documents, and from filing any action in state court without appending the order restricting the filing in federal court;

WHEREAS, on February 12, 2016, Frederick Oberlander requested a two-week extension to respond to the Court's February 1, 2016, Order;

WHEREAS, by Order on February 16, 2016, Oberlander's request was granted, rendering all of the parties' briefs due by March 7, 2016, and all responses due by March 21, 2016;

WHEREAS, by email to Chambers Inbox on February 16, 2016, non-party respondent Richard Lerner submitted a letter motion asking for, in substance: (1) an extension of time to submit the briefs so he may search for counsel; (2) clarification of the Court's February 1, 2016, Order; (3) reconsideration of any factual findings the Court has made with respect to subject

matter of the show cause order; and (4) an evidentiary hearing before the submission of any papers;

WHEREAS, on February 18, 2016, the Bayrock Defendants filed a letter (1) requesting clarification that the two week-extension of the briefing schedule also applied to their briefs and (2) opposing Lerner's request for clarification of the Court's February 1, 2016, Order and Lerner's request for a further extension of the parties' briefing schedule;

WHEREAS, by email to Chambers Inbox on February 22, 2016, Lerner submitted a letter (1) clarifying his request for extension of time and (2) asking that the Bayrock Defendant's objection "be deemed stricken as the rules prohibit opposition to requests for reconsideration/clarification"; it is hereby

**ORDERED** that the time to file the parties' briefs is extended to March 21, 2016; any responses shall be due by April 4, 2016.  It is further

**ORDERED** that, in response to Lerner's request for "clarification of the exact charge that Mr. Oberlander and I are to defend against . . . and precisely all the factual and legal predicates that are elements of it," the parties are advised that the Court may issue the injunction preventing Oberlander and Lerner from using any of the Bayrock Documents in future court proceedings as a sanction, and sanctions are within the Court's inherent power.  It is further

**ORDERED** that Lerner's motion for reconsideration is **DENIED** as the Court has not yet made any factual findings with respect to the subject matter of the show cause order.  It is further

**ORDERED** that Lerner's request for an evidentiary hearing to be held before submission of papers is **DENIED**.  An evidentiary hearing, if warranted, will be held after the parties' submission of their papers and before any injunction is issued.  It is further

**ORDERED** that Lerner's request to strike the Bayrock Defendant's opposition to his motion is **DENIED**.

**ORDERED** that the Clerk of Court file the attached letter submission on ECF, add Richard Lerner as an interested party, and mail a copy of this Order to the pro se non-party respondent Richard Lerner at the address listed on the top of his attached letter submission.  It is further

**ORDERED** that if Lerner proceeds pro se, he is directed to file a notice of appearance as a pro se party by March 21, 2016, and submit a motion for permission to e-file.  The appropriate forms can be found at http://www.nysd.uscourts.gov/forms.php, "Representing Yourself (Pro Se)" and http://www.cand.uscourts.gov/ECF/proseregistration, "E-filing Registration Instructions for Pro Se Litigants."  If Lerner obtains replacement counsel, that counsel is directed to file a notice of appearance as soon as practicable.  Future requests received via Chambers Inbox will not be addressed.

Dated: February 22, 2016
       New York, New York

_____
              **LORNA G. SCHOFIELD**
          **UNITED STATES DISTRICT JUDGE**

# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

**Richard E. Lerner, Esq.**
**122 West 27th Street, 12th Floor**
**New York, New York 10001**
**Phone: 917.584.4864**
**Fax: 347.824.2006**
**richardlerner@msn.com**

**Via Email**                                                                                       February 16, 2016
Hon. Lorna G. Schofield, USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

                Re:       Kriss v. Bayrock, 10 CV 3959
                           **Letter Motion for Enlargement *Sine Die* and for**
                           **Clarification (Reconsideration) of Order ECF 269**

Dear Judge Schofield:

      As I am not a registered ECF filer in this case, this letter is being sent via email, and cc'd to those whose appearances are docketed. For expedience I write in the form of a letter motion, though because this includes a motion for reconsideration I have used five pages. (This Court's Individual Rules allow ten).

      On Friday, Mr. Miller of Blank Rome requested a two-week enlargement of time with respect to the February 2, 2015 Order, ECF 269. Continued research confirms that this will almost certainly be insufficient, but the extent to which that is so isn't and can't be completely clear because of the following considerations which have prompted this request.

      I wish to be represented by counsel, and it is substantially certain that I have that Fifth Amendment right, even though this is not a classic criminal proceeding initiated by the executive branch. I am not represented by Blank Rome and have never been. It will take at least another two weeks for me to obtain counsel and then time for counsel to familiarize himself or herself with these proceedings and move forward. It is taking time because not one lawyer I've talked to

understands what Mr. Oberlander and I are being charged with. Notice and an opportunity to be heard aren't much use if it cannot be determined what to say because one cannot determine what one is alleged to have done.

For example, vexatious litigation is the filing of repetitive meritless papers for an improper purpose. Yet the Order says that that is not charged, and that it is irrelevant whether what we filed had merit. The only thing that seems charged is the two-element allegation that (1) Mr. Oberlander and I filed complaints using information that we **subjectively, actually** knew we shouldn't have used, as we **subjectively, actually** knew there was no colorable basis by which we could have determined otherwise, **plus** (2) as a result courts were tied up for years dealing with it. That's our supposition, one of many possible. There are too many possible to defend against. All anyone can tell is that the Court has issued an order to show cause why Mr. Oberlander and I shouldn't be punished by injunction, but left it to us to figure out what we did that we should not be punished for.

I request clarification of the exact charge that Mr. Oberlander and I are to defend against (of course the burden of proof is not on me or Mr. Oberlander) and precisely all the factual and legal predicates that are elements of it. I presume the Court has not pre-determined any of them, that notice and an opportunity to be heard includes the opportunity to demand findings based on evidentiary proof and conclusions based on proper analysis, as well as to present our own counter- and cross-evidence and argument.

If this is not correct and the Court has already determined anything up to and including the ultimate fact of "vexatiousness," I vehemently object and seek reconsideration thereof so that there is no question of waiver, and ask the Court to set forth what it has already decided and why

it has decided it, so that I may perfect the objection(s). Mr. Oberlander, through counsel, concurs.

For example, searching "Roberts and Holland" is not an element of anything. While it might be *consistent* with a some theory of wrongdoing, it is also consistent with the fact that Kriss – a controlling stakeholder and managing member of a limited liability company, who has the plenary authority to bind the firm, and was already aware that the other three members had operated it through a pattern of international money laundering and tax fraud in aid of organized crime facilitated by Roberts & Holland – properly (through counsel) accessed company records, pursuant to his state law and contractual rights to do so, to stop the crime. This is especially so because Kriss himself was a joint client of Roberts & Holland and thus was entitled to waive privilege, as he did. Thus, no extrapolation may be made from the existence of such a search to any ultimate conclusion of wrongdoing without our having the opportunity to argue and introduce evidence that, for example, our client (through counsel) conducted the search for the very proper purpose of indicting the Roberts & Holland firm and exposing its role in the fraud.

All this is crucial, as equity prohibits imposition of an injunction without evidentiary hearings to resolve factual disputes; affidavits don't suffice.[1] There is no exception for injunctions as a sanction. Case law says that demand for an evidentiary hearing must be made before submission of papers. I so demand, and counsel for Mr. Oberlander joins in this request.

---

[1] See *U.S. v. Microsoft*, 253 F3d 34 (DC 2001) (Failure to hold evidentiary hearing in contemplating injunction violates "cardinal principle…that factual disputes must be heard in an open court and resolved through trial-like evidentiary proceedings.") *U.S. v. McGee*, 714 F2d 607 (CA6 1983) (Evidentiary hearing required before injunction), *Charlton v. E/O Charlton*, 841 F2d 988 (CA9 1988) (Entry…of an injunction requires hearing); *Forts v. Ward*, 566 F2d 849 (CA2 1977) (even if basic facts conceded, dispute as to inferences; right to challenge affiant's veracity; issues of credibility all require hearing).

But we can't perfect the factual disputes or prepare for the requisite evidentiary hearing without knowing the nature and status of the factual predicates.

And the Court hasn't postulated just *any* injunction; rather, the Order contemplates a prior restraint, implicating full First Amendment due process, and a prohibition on petitioning (and, to be complete, a judicial taking). No court may impose such an order, sanction or otherwise, without full adversarial due process. *Carroll v. Princess Anne*, 393 U.S. 175 (1968).

This raises a troubling point further compelling clarification: The Order doesn't match reality. As one example, the Order says that Oberlander told Bernstein "apparently without legal basis" that Kriss had the right to access the Bayrock drive. But Kriss did have such right; indeed, he had the right to have Bernstein turn it over to him entirely as a return of it to Bayrock, based on Kriss's plenary agency authority. But to say this was "apparently without legal basis" is disturbing, as Mr. Oberlander and I filed many papers over the years stating why Kriss had not only the right, but the duty, to access it as he did, **and all were ignored, even though apparently your honor just read one set of such papers**. So it's hard to understand how that Order could say there was "apparently" no legal basis, denying the existence of at least that paper, which at the same time has been kept off docket for years without a sealing order, as the Court itself confirmed.[2]

As another example compelling clarification, the order says Judge Glasser found that Mr. Oberlander knew or should have known that Bernstein had no right to the Sater documents. But that is false; Judge Glasser did **not** find that (and if he did it was not at the requisite evidentiary

---

[2] On ECF 251 the Court asks to review motions filed in 2013 that the Court acknowledges had been ordered off docket, and remained off docket. No sealing order exists. Our opposition to Bayrock's motion to disqualify Mr. Oberlander, contains an analysis of the legal basis of Kriss's and Bernstein's rights and duties to access and deliver those documents, respectively.

level). He merely pontificated: His exact words were, "It *may be* that there is some disciplinary rule, which might be applicable to Mr. Oberlander, who had documents he knew or *perhaps* should have known *may* have been improperly obtained by Bernstein and passed on to him." In any event, it isn't even relevant whether Bernstein stole them, or whether Mr. Oberlander should have known that Bernstein "may" have stolen them. No, what is relevant, if anything, is whether Kriss, through Mr. Oberalnder, had a right to be given them by Bernstein, and if so whether Kriss had a right to use them.

    I ask the time to file briefs be enlarged *sine die* and not set until this Court clarifies the order, which will likely take about as much time as it will for me to obtain counsel, then schedules full evidentiary hearings. I respectfully reserve the right at that time to further insist upon the provision of such additional due process as is or will be apparent.

    Mr. Hoffman of Blank Rome joins in this request in behalf of his client Mr. Oberlander

                          Respectfully submitted,

                          /s/

                          Richard E. Lerner

cc: All Counsel (via email)