UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JODY KRISS and MICHAEL "CHUDI"            :
EJEKAM, et al.,                           :
                                          :   10 CV 3959 (LGS)(FM)
                      Plaintiffs,         :
       -against-                          :   ECF FILING
                                          :
BAYROCK GROUP LLC, et al.,                :
                                          :
                      Defendants.         :
------------------------------------- X

# REPLY MEMORANDUM OF LAW OF NON-PARTY FREDERICK OBERLANDER IN RESPONSE TO COURT'S FEBRUARY 1, 2016 ORDER TO SHOW CAUSE

**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

*Attorneys for Frederick Oberlander*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

    A.    Defendants Fail To Demonstrate Any Factual Or Legal Basis For Imposing the Prior Restraint Sanction ..................................................................................2

        1.    Contrary to Defendants' argument, there has been no findings that Oberlander misappropriated the Bayrock Documents ...............................2

        2.    This Court lacks jurisdiction over Oberlander's alleged compliance with or violation of orders in the Eastern District or the Second Circuit as the Second Circuit has expressly delegated that responsibility to Judge Cogan in the Eastern District .........................................................4

        3.    Since All or Substantially The Bayrock Documents And/Or The Information Contained Therein Are Part of the Public Domain, This Court Lacks A Compelling Interest In Barring Oberlander's Use Of this Information .................................................................................................5

    B.    While Oberlander Does Not Believe Sufficient Legal or Factual Basis Exists For A Sanction, At A Minimum, Before the Court May Impose the Proposed Absolute Prior Restraint on His Speech, Oberlander is Entitled to Precise Notice Of The Charge Against Him, The Source Of Authority For The Sanction, A Full Evidentiary Hearing And The Heightened "Strict Scrutiny" Level Of Proof ........................................................................................................7

## PRELIMINARY STATEMENT

Non-party Frederick Oberlander, formerly counsel for the Plaintiffs in the above captioned matter ("Oberlander"), respectfully submits this Memorandum of Law in response to the March 21, 2016 submissions made on behalf of "the Bayrock Defendants" and defendant Felix Sater ("Sater") to this Court's February 1, 2016 Opinion and Order which, *sua sponte*, directed the "parties" to show cause why Oberlander and Lerner should be prohibited from "filing any action in federal court that appends any of the Bayrock Documents or relies on information from the Bayrock Documents and from filing any action in state court without appending the order restricting the filing in federal court" (the "Sanction"). February 1, 2016 Order, p. 8.

Oberlander respectfully submits that neither the Bayrock Defendants nor Sater have provided this Court with anything close to a legally (or factually) sufficient basis to impose the punitive Sanction against Oberlander. The Bayrock Defendants' argument is that (a) Oberlander "defied" this Court's order by refusing to identify sources for information in complaint, (b) failed to follow orders in the Eastern District, (c) filed "frivolous" appeals and (d) Oberlander has filed a new action which "appears" to reference information from the Bayrock Documents which will require "relitigation" of issues already litigated here and in the Eastern District. Defendant Sater's counsel offers no support for a sanction and instead chooses only to express purported "frustration" that Oberlander and Richard Lerner ("Lerner") have not been criminally prosecuted.

While their submissions are replete with misstatements and distortions of the record, Defendants cannot avoid two realities: (a) despite this Court's ruling that it lacks appropriate subject matter jurisdiction, they nonetheless are trying to get this Court to rule on the propriety of

1

alleged out of court conduct of Oberlander without properly placing that issue before this Court's jurisdiction, (b) they have failed to identify any frivolous filing by Oberlander which remains an absolute legal requirement before any sanction may be issued, and (c) all or substantially all the information in the Bayrock Documents is in the public domain mostly as a result of Sater's actions. Accordingly, while the Court characterizes the proposed Sanction as a filing restriction, in reality, since it merely prohibits Oberlander from using the Bayrock Documents or anything derived from the information contained therein and does not otherwise restrict his right to file any pleading, it would amount to a punitive prior restraint on speech and a taking of Oberlander's property right in the use of such Documents and information notwithstanding this Court's acknowledgement that it lacks the jurisdiction to make such a ruling.

Moreover and, at a minimum, as noted in our initial submission, this Court may not issue an injunction without appropriate notice, factual inquiry and findings based on an evidentiary hearing.

A. Defendants Fail To Demonstrate Any Factual Or Legal Basis For Imposing the Prior Restraint Sanction

Beyond the legal impediments to this Court imposing the prior restraint sanction set forth in the February 1, 2016 Order, in their March 21, 2016 submissions, Defendants fail to demonstrate any factual basis for this Court to issue the sanction. Instead, Defendants rely on mischaracterizations of the record before this and the other Courts in the Eastern District of New York.

1. Contrary to Defendants' argument, there has been no findings that Oberlander misappropriated the Bayrock Documents

The Bayrock Defendants argue that there has been a finding that Oberlander misappropriated the Bayrock Documents. As demonstrated more fully in Oberlander's March 21, 2016 submission, however, this is not true. First and most fundamentally, this Court has

2

already ruled that it lacks the jurisdiction to determine the respective parties' rights to use the information in the Bayrock Documents or their respective property rights to the documents themselves. See Feb. 1, 2016 Order, p. 7. While Defendants could theoretically have invoked the Court's jurisdiction to determine such issue, they declined to do so.

As demonstrated in Oberlander's March 21, 2016 submission, no such finding of fact was made by Judge Glasser in the proceedings concerning the Sater documents which Sater's counsel initiated. Oberlander March 21, 2016 submission, pp. 15-16.

The only evidence the Bayrock Defendants offer for their conclusion that Oberlander purportedly misappropriated such Documents is an affidavit given by Joshua Bernstein. First, Defendants assert that such affidavit proves that Mr. Bernstein himself misappropriated such Documents. Whether that is true or not has not been considered in this Court and, perhaps more significantly, is irrelevant to the question of whether or not Oberlander obtained such Documents improperly. Moreover, despite Defendants' characterizations, the factual assertions in such affidavit, untested in this Court, do not demonstrate that Oberlander misappropriated such documents. For example, Defendants purport to place great weight on Bernstein's assertion that he was told by Oberlander that "stolen documents are admissible in court." That statement, even if actually made by Oberlander, is hardly proof of anything. Moreover, as demonstrated in Oberlander's March 21, 2016 submission, it is also a true statement of New York law. Oberlander March 21, 2016 Submission, p. 17-18.

Defendants also argue that the sanction issued by this Court which resulted in substantial portions of the First Amended Complaint being stricken was somehow a factual finding regarding the right or propriety of Oberlander and/or Plaintiffs' use of the Bayrock Documents. However, the March 23, 2015 Order (ECF 126) expressly disavowed any such basis for its

3

holding and went to great lengths to note that the sanction was based solely on the Court's view that Oberlander had not adequately responded to the Court's direction to specify public sources for certain information contained in the First Amended Complaint. March 23, 2015 Order, p. 11. The Court made no finding on the use of the Bayrock Documents and, as significantly, made no finding as to Oberlander's right to maintain such documents.

> 2. This Court lacks jurisdiction over Oberlander's alleged compliance with or violation of orders in the Eastern District or the Second Circuit as the Second Circuit has expressly delegated that responsibility to Judge Cogan in the Eastern District

Defendants also argue that this Court may issue the prior restraint sanction based on Oberlander's alleged violation of orders issued by Judge Glasser in the matter concerning the Sater documents and allegedly "frivolous" appeals. Absent from Defendants' submission, however, is citation to a specific order of Judge Glasser together with a finding from Judge Glasser that such order had been violated by Oberlander. Moreover, as noted in his March 21, 2016 submission, Oberlander was represented by counsel before Judge Glasser and was not acting *pro se* or on behalf of a client.

Instead, the Bayrock Defendants rely on comments contained in interim rulings by the Second Circuit regarding allegations of Oberlander's conduct before Judge Glasser. It is respectfully submitted that such comments do not amount to factual findings. In fact, as the December 2011 mandate on which the Bayrock Defendants purport to rely made clear, the Second Circuit referred to Judge Brian Cogan responsibility for determining whether Oberlander failed to comply with any order from the Second Circuit or Judge Glasser. December 2011 Mandate. Indeed, as noted more fully in Oberlander's March 21, 2016 submission, the Second Circuit having directed designation of Judge Cogan in that regard, it is respectfully submitted that this is a further reason why this Court should not base any sanction on alleged conduct

4

which is more properly before Judge Cogan. In that respect, the submission by Robert S. Wolf, counsel for Defendant Felix Sater is entirely beside the point. In his affirmation, Wolf professes "frustration" that despite several years and multiple referrals for criminal prosecution by Judge Cogan, the United States Attorneys' offices for the Eastern and Northern Districts of New York have, thus far, declined to proceed with any actions against Oberlander.

Defendants' assertion that Oberlander has filed "frivolous" appeals is simply untrue. There is no such finding or conclusion in any order of the Second Circuit. Indeed, while the Second Circuit in the December 2011 Mandate did comment on the filing of multiple appeals, it declined to do more than issue a "warning." See Sassower, 885 F.2d 9 (2d Cir. 1989)(despite affirming a filing restriction with respect to District Court filings and finding, unlike here, that the appeal therefrom was frivolous, the Second Circuit declined to issue any filing restriction with respect to appellate proceedings). In any event, as noted, this Court lacks jurisdiction to sanction counsel based on conduct on appeal. See Argo Marine Systems, Inc. v. Camar Corp., 755 F.2d 1006, 1015 (2d Cir. 1985); Cheng v. GAF Corp., 713 F.2d 886, 891-892 (2d Cir. 1983).

3. Since All or Substantially The Bayrock Documents And/Or The Information Contained Therein Are Part of the Public Domain, This Court Lacks A Compelling Interest In Barring Oberlander's Use Of this Information

Defendants argue that this Court should issue a prior restraint injunction against Oberlander because Oberlander has commenced an action which "appears" to reference materials and information from the Bayrock Documents. Defendants argue that somehow this will require a court to "relitigate" the issue of whether Oberlander did or did not obtain property rights to use the information in the Bayrock Documents. Defendants' argument makes no sense.

First, as noted above, there has been no determination as to Oberlander's right to use the information in the Bayrock Documents negating any "relitigation" of this issue. More

5

144840.00601/102119654v.1

significantly, as noted in Oberlander's initial submission, all or substantially all of the information on which the First Amended Complaint was based, including the First Amended Complaint itself, has become part of the public domain, through the actions of others.

As noted in Oberlander's initial submission, amongst other means for the information becoming public, Sater made the First Amended Complaint public by filing it on the public record in connection with a retaliatory lawsuit he filed against one of the plaintiffs in "Kriss II" in Israel.[1] It appears that filing and its contents was further disseminated by press services such as the Associated Press. Indeed, *just today*, the front page of the New York Times contains a story about Donald Trump and his connection to Bayrock and Mr. Sater which includes descriptions of both Mr. Sater's criminal history (which the Times reported on as early as 2007) and allegations of wrongdoing against Bayrock including those contained in the First Amended Complaint. See http://www.nytimes.com/2016/04/06/us/politics/donald-trump-soho-settlement.html?hp&action=click&pgtype=Homepage&clickSource=story-heading&module=first-column-region&region=top-news&WT.nav=top-news&_r=0.

Accordingly, regardless of how Oberlander obtained the information in the Bayrock Documents, since such information is now part of the public domain, there can no longer be any question about the use of such information. In view of this, it is respectfully submitted that beyond simply punishing Oberlander which would raise substantial heightened due process concerns as noted below, this Court does not have a compelling interest which could otherwise justify the proposed prior restraint sanction. Indeed, contrary to Defendants' argument, issuing the proposed prior restraint would engender far more litigation. Specifically, that portion of the

---

[1] Upon information and belief, some time well after his Israeli lawsuit was publicly filed, Sater moved to have the First Amended Complaint sealed claiming the public filing had been unintentional notwithstanding the fact that Sater had redacted some portions of it. Sater's motion was denied and, upon information and belief, the documents remain public.

6

144840.00601/102119654v.1

proposed injunction which would bar Oberlander from filing any pleading which "relies on information from the Bayrock Documents" will undoubtedly lead to disputes by Defendants challenging any pleading filed by Oberlander even in the absence of the explicit use of the Bayrock Documents.

B.  While Oberlander Does Not Believe Sufficient Legal or Factual Basis Exists For A Sanction, At A Minimum, Before the Court May Impose the Proposed Absolute Prior Restraint on His Speech, Oberlander is Entitled to Precise Notice Of The Charge Against Him, The Source Of Authority For The Sanction, A Full Evidentiary Hearing And The Heightened "Strict Scrutiny" Level Of Proof

As demonstrated more fully in Oberlander's initial submission, before any sanction may be issued against Oberlander, he is entitled to "[s]pecific notice of the conduct alleged to be sanctionable and the standard by whikech that conduct will be assessed, and an opportunity to be heard on th[e] matter." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997). Where, as here, the sanction being considered amounts to a prior restraint on speech, the resultant impairment of First Amendment rights requires the Court to (a) satisfy heightened strict scrutiny, (b) provide for full adversarial due process including an evidentiary hearing, (c) have clear and convincing evidence of wrongdoing and (d) show that the sanction was the least restrictive means necessary to achieve a compelling interest. *See Carroll v. President and Commissioners of Princess Anne*, 389 U.S. 175, 189 (1968).

Beyond that, it is respectfully submitted that the heightened notice requirements set forth above mandate that the Court must make Oberlander aware of all matters placed before the Court which could bear on the Court's decision whether or not to sanction or on Oberlander's ability to defend himself against such a sanction. In particular, that would include providing him notice of any ex parte communications which do not otherwise appear on the Court's docket. *See Seltzer*,

7

227 F.3d at 43 ("it appears from the record that the district court based its decision to sanction Seltzer, in part, on unidentified information communicated by the clerk to the judge about his conversation with Seltzer. As Seltzer was not told what the clerk said, she had no opportunity to dispute, rebut or explain it."). Indeed, to the extent that any pleadings, motions or proceeding which have not been expressly sealed by order of the Court have not been filed on the Court's public docket, it is respectfully submitted that the Court should direct the clerk to have all such documents filed.

WHEREFORE, non-party Frederick Oberlander respectfully submits that there is no legal or factual basis to justify imposition of a sanction barring his use of the Bayrock Documents or the information contained there and respectfully requests a full opportunity to supplement this submission to the extent necessary to address any other matter which was not explicitly set forth in the February 1, 2016 Order.

Dated: New York, New York
April 6, 2016

                         **BLANK ROME, LLP**

                         By: _____
                              Simon Miller
                         The Chrysler Building
                         405 Lexington Avenue
                         New York, New York 10174
                         (212) 885-5000

                         *Attorneys for Frederick Oberlander*

9

144840.00601/102119654v.1