UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODY KRISS and MICHAEL CHU'DI EJEKAM,<br><br>Plaintiffs,<br><br>v.<br><br>TEVFIK ARIF; FELIX SATTER (aka FELIX SATER); SALVATORE LAURIA; JULIUS SCHWARZ; ALEX SALOMON; JERRY WEINRICH; MEL DOGAN; ELLIOT PISEM; BAYROCK GROUP LLC; BAYROCK OCEAN CLUB LLC; BAYROCK MERRIMAC LLC; BAYROCK CAMELBACK LLC; BAYROCK WHITESTONE LLC; BAYROCK SPRING STREET LLC; SALOMON & CO., P.C.; ROBERTS & HOLLAND LLP; and JOHN DOES 1-100,<br><br>Defendants. | No. 10-CV-3959 (LGS) (FM) |

**THE BAYROCK DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO THE MOTION OF NON-PARTY BRIAN VODICKA
<u>TO INTERVENE AND UNSEAL COURT RECORDS</u>**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

RELEVANT FACTS ................................................................................................................ 2

ARGUMENT ............................................................................................................................ 4

       I.       The Motion for Unsealing Should Be Denied .............................................. 4

       II.      The Bayrock Defendants Have Not Waived Attorney Client Privilege Over the Information Wrongfully Disclosed in the Original Complaint and the FAC ................................................................. 7

CONCLUSION ......................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Austin v. Purcell*,
    478 N.Y.S.2d 64, 66 (N.Y. App. Div. 1984) ................................................................8

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
    814 F.3d 132 (2d Cir. 2016)...................................................................................5, 6

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
    No. 14-CV-6867 (VEC), 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), *aff'd*,
    814 F.3d 132 (2d Cir. 2016)........................................................................................6

*Diversified Group, Inc. v. Daugerdas*,
    304 F. Supp. 2d 507 (S.D.N.Y.2003)..........................................................................7

*Ello v. Singh*,
    531 F. Supp. 2d 552 (S.D.N.Y. 2007).........................................................................7

*Lanza v. New York State Joint Legislative Committee on Government Operations*,
    162 N.Y.S.2d 467 (N.Y. App. Div. 1957), *aff'd*, 143 N.E.2d 772 (N.Y. 1957).........8

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110, 124 (2d Cir. 2006)................................................................................7

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006)........................................................................................5

*In re New York Times Co.*,
    828 F.2d at 116 ..........................................................................................................5

*Pullman v. Alpha Media Pub., Inc.*,
    624 F. App'x 774 (2d Cir. 2015).............................................................................5, 8

*Rapkin v. Rocque*,
    87 F.Supp.2d 140, 143 (D.Conn. 2000).....................................................................7

*United States v. Amodeo*,
    71 F.3d 1044, 1049 (2d Cir.1995)..............................................................................5

Pursuant to the Court's Order, dated March 28, 2016 [ECF 288], Defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Ocean Club LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, Bayrock Merrimac LLC, Tevfik Arif and Julius Schwarz (collectively, the "Bayrock Defendants"), through their undersigned counsel, respectfully submit this memorandum of law in opposition to the motion of non-party Brian Vodicka to intervene and unseal all dockets and records in this action.

## PRELIMINARY STATEMENT

*Pro se* non-party Brian Vodicka – who purports to have no connection to this case – moves to intervene and unseal all records filed in this action, citing his First Amendment right to view court records and the purported public interest in "every paper in every case involving Felix Sater" in light of his purported past relationship with presidential candidate Donald Trump.  No other party has joined in the motion.[1]

Mr. Vodicka's motion should be denied.  Although there is a right of public access to judicial documents, the law is clear that this right is not absolute and that a court has discretion to seal information when necessary to promote higher values.  In this case, the Court has already correctly determined that the sealing of the Original Complaint and the First Amended Complaint was justified.  Both documents improperly disclosed the Bayrock Defendants' purloined privileged and confidential information, as well as highly sensitive information from a sealed criminal case concerning defendant Felix Sater's cooperation as a Government witness.  Other documents that have been filed under seal also refer to the Bayrock Defendants' privileged information.  The Second Circuit has recognized that the protection of attorney-client privileged information and the safety of witnesses are higher values that warrant sealing.  At a minimum,

---

[1] In response to the Court's order dated April 7, 2016, the Miami Herald did not seek to intervene in this case or file a motion for unsealing or join in Mr. Vodicka's motion.

the paragraphs of the First Amended Complaint and corresponding allegations of the Original Complaint that the Court ordered stricken, which contain the Bayrack Defendants' privileged and confidential information, should be redacted as those paragraphs are no longer part of these inoperative complaints and never should have been included in the first place.

Although a redacted version of the Original Complaint appeared on one internet site, after it apparently was inadvertently filed by Sater's attorneys in an action in Israel against one of Mr. Oberlander's clients, this limited public disclosure does not undermine the Court's discretion to maintain the sealing of the Original Complaint. To the extent, however, that the Court decides to unseal any portion of the Original Complaint, the Bayrock Defendants respectfully request that the Court not include in its unsealing order any language that could be interpreted to suggest that the Bayrock Defendants have waived any privilege or work product protection over information that is disclosed in the Original Complaint. It is well-settled that the privilege is not lost where the information is made public by a third party without the consent of the party holding the privilege.

For the reasons below, Vodicka's motion should be denied. The Bayrock Defendants also join in defendant Sater's opposition to the motion.

## **RELEVANT FACTS**

The events surrounding the sealing of the Original Complaint and First Amended Complaint ("FAC") have been subject to extensive briefing by the parties and several opinions by the Court. *See, e.g.*, March 23, 2015 Opinion & Order, [ECF 126] (the "Sanctions Order"), adopting Judge Maas's January 14, 2015 Report and Recommendation [ECF 97]; May 29, 2014 Memorandum Decision and Order [ECF 68].

In summary, plaintiffs' former counsel obtained access to a hard drive of Bayrock documents containing the Bayrock Defendants' privileged and confidential information, as well

as highly sensitive information from a sealed case in the Eastern District of New York. On May 10, 2010, plaintiffs filed the Original Complaint, which used and disclosed a significant amount of that privileged, confidential and sealed information. On May 14, 2010, Judge Buchwald ordered the Original Complaint to be sealed [ECF 3], and later suggested that plaintiffs submit a new complaint specifically citing publicly-available sources for any allegation referring to information or documents that are generally treated as sealed or privileged.

Instead, plaintiffs sought leave to file the FAC, which again was replete with allegations based on the Bayrock Defendants' privileged and confidential information. On May 31, 2013, the Court ordered that the proposed FAC be filed under seal and not be served on any parties except the Bayrock Defendants. [ECF 38.]

For the better part of the next two years, Plaintiffs defied multiple Court orders directing them to identify any public source for the allegations that the Bayrock Defendants contended were based on their stolen privileged and confidential information. Plaintiffs' former counsel also made it a practice of making information public themselves and then seeking to bootstrap that as the basis for seeking to unseal information. *See, e.g.*, *Roe v. United States*, 428 F. App'x 60, 65 (2d Cir. 2011) ("It seems obvious that Oberlander is seeking to fatally undermine the purpose of the injunctions by publicizing information that would render them ineffective."). Ultimately, the Court sanctioned plaintiffs by striking the challenged allegations in the Sanctions Order.

Plaintiffs subsequently obtained new counsel and filed a Second Amended Complaint (which has since been amended again) that Plaintiffs maintain does not refer to or use any of the privileged, confidential or sealed information that was obtained from the Bayrock Defendants'

3

hard drive.  Neither the Original Complaint nor the FAC was ever the subject of a motion to dismiss or any consideration on the merits.

In addition to the sealing of the Original Complaint and the First Amended Complaint, the Court also has permitted the sealing of documents which relate to allegations of the sealed Original Complaint or FAC.  *See, e.g.*, ECF 262 (memo endorsement permitting to be filed under seal specific portions of briefing on sanctions applications that attached a copy of the FAC and referred to allegations struck from the FAC).

On information and belief, a partially-redacted copy of the Original Complaint appeared on the internet in or around December 2015, when it was linked within an article published by the Associated Press.  On information and belief, defendant Felix Sater's attorney had inadvertently filed this copy of the Original Complaint in an action brought in Israel against Ervin Tausky, another client of plaintiffs' former counsel and a named plaintiff in *Kriss II* (13-CV-3905-LGS) and the *Estate of Gottdiener* action (13-CV-1824-LGS).   The Bayrock Defendants had no involvement whatsoever with the inadvertent filing in Israel.

## ARGUMENT

### I. The Motion for Unsealing Should Be Denied

A party who seeks to have a sealed document unsealed bears the burden of demonstrating that "the sealing order was improvidently granted or that the circumstances are extraordinary or that they have a compelling need for the relief." *United States v. Town of Moreau, N.Y.*, 979 F. Supp. 129, 133 (N.D.N.Y. 1997), *aff'd sub nom. United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853 (2d Cir. 1998).  The right of public access to records filed in judicial proceedings is not absolute.  "Though there is a common law presumptive right of access to judicial documents, a court considers the weight to be given to this presumption in light of 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to

4

those monitoring the federal courts.'" *Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (internal citation omitted) (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995). Moreover, "once the weight of the presumption is determined, a court must balance competing considerations against it." *Amodeo,* 71 F.3d at 1049. Similarly, the qualified First Amendment right of access to judicial documents is overcome if sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.,* 828 F.2d at 116).

In this case, the presumption of public access is far outweighed by competing considerations. As an initial matter, although complaints are judicial documents to which the public access presumption applies, *see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016), the weight of that presumption is very weak in this case. Neither the Original Complaint nor the First Amended Complaint was ever operative because the Court immediately ordered them to be sealed and prohibited Plaintiffs from serving them. Consequently, neither complaint was ever subject to a motion to dismiss or otherwise considered on the merits. The allegations of the FAC that were based on the Bayrock Defendants' privileged and confidential information should never have been published by plaintiffs and were ordered stricken. Plaintiffs were only permitted to publicly file a complaint after they retained new counsel who drafted a totally new pleading that is not tainted by the Bayrock Defendants' privileged and confidential information.

This case is distinguishable from *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*. There, the presumption of access to the complaint at issue fell "closer to the top of the spectrum than it does to the bottom – but it still falls somewhere between the two extremes,"

5

where the complaint was voluntarily dismissed early in the case pursuant to a settlement. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *14 (S.D.N.Y. Mar. 18, 2016), *aff'd,* 814 F.3d 132 (2d Cir. 2016). The district court in *Bernstein* noted that it had in fact evaluated the complaint on the merits and made a "concerted and reasoned decision" not to *sua sponte* issue an order to show cause why the complaint should not be dismissed or transferred to another district. *Id*. No such merits evaluation took place in this case.

Even more significantly, there was no contention in *Bernstein* that the complaint improperly contained privileged or highly sensitive sealed information that one party had wrongfully obtained from the other. The Second Circuit placed great emphasis on the absence of such facts in affirming the district court's order in *Bernstein*, stating: "This is not a case in which disclosure would . . . pose a risk to witnesses . . . . Moreover, [] the case does not implicate the duty to protect either privileged attorney-client material or confidential client information." 814 F.3d at 143 (2d Cir. 2016).

By contrast, here the Original Complaint and First Amended Complaint were ordered sealed precisely because they disclosed sensitive information posing a risk to Mr. Sater's safety and also were replete with the Bayrock Defendants' privileged information. As the Second Circuit and district courts have recognized, the protection of attorney-client communications is a higher value that outweighs the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (remanding for determination of whether defendants' documents attached to plaintiffs' summary judgment papers were privileged and noting that this may be a compelling reason to overcome the presumption of public access); *Diversified Group, Inc. v. Daugerdas,* 304 F. Supp. 2d 507, 511 (S.D.N.Y.2003) (stating that it

"would be sufficient to outweigh the presumption of access if the Summary Judgment Documents were replete with privileged attorney-client communications."); *Ello v. Singh*, 531 F. Supp. 2d 552, 584-85 (S.D.N.Y. 2007) ("the public interest in preserving the attorney-client privilege ordinarily outweighs the presumption of access to judicial documents") (*quoting Rapkin v. Rocque,* 87 F.Supp.2d 140, 143 (D.Conn. 2000)).

At a minimum, the Court should keep under seal the paragraphs of the FAC (and corresponding allegations in the Original Complaint) that were ordered stricken by the Court's Sanctions Order, and portions of any other documents that discuss or reference those paragraphs. Those are the paragraphs that contain Bayrock Defendants' purloined privileged and confidential information, which plaintiffs should not have included in their prior pleadings.   As those paragraphs have been stricken, they are no longer a part of these inoperative complaints.

Finally, the fact that a partially-redacted version of the Original Complaint appeared on the internet when it was linked within an online article published by the Associated Press after its inadvertent filing in an action in Israel against another of Mr. Oberlander's clients, does not undermine this Court's discretion to maintain the sealing of the Original Complaint. *See, e.g.*, *Pullman*, 624 F. App'x at 779 (district court did not abuse its discretion in sealing amount of settlement amount even though third party posted such information to an online message forum, and distinguishing precedent in which the court had made the information public through an unsealing order that was accessible on Westlaw and Lexis and was "disseminated prominently" in the media).  Nor does this provide any basis to unseal the FAC.

## II.   The Bayrock Defendants Have Not Waived Attorney Client Privilege Over the Information Wrongfully Disclosed in the Original Complaint and the FAC

Regardless of the outcome of this motion, the Bayrock Defendants respectfully request that the Court's order not include any language which may be interpreted to suggest the

7

Bayrock Defendants' attorney client privilege has been compromised in any way. It is well-settled that the privilege is not lost where the information is made public by a third party without the consent of the party holding the privilege. *See, e.g., Lanza v. New York State Joint Legislative Committee on Government Operations*, 162 N.Y.S.2d 467, 469 (N.Y. App. Div. 1957), *aff'd*, 143 N.E.2d 772 (N.Y. 1957) (attorney-client communications that were wrongfully tape recorded may not be used in a judicial proceeding even though public agency could not be restrained from making the recording public); *Austin v. Purcell*, 478 N.Y.S.2d 64, 66 (N.Y. App. Div. 1984) (concurring opinion) ("It should be noted that although the report was never made public by the appellants, its substance has been reported by at least two daily newspapers. Nevertheless, there is not a scintilla of evidence in the record to indicate that the appellants in any way were responsible for the disclosure to the press and hence, at least on that score, there was no waiver by them. . . . [O]nly the client can waive the privilege."). Neither the plaintiffs' wrongful disclosure of the privileged information in the Original Complaint, nor the posting of a version of that complaint online after it was inadvertently filed without sufficient redaction by Sater in Israel, can operate to waive the Bayrock Defendants' privilege.

## CONCLUSION

For the reasons above, the Bayrock Defendants respectfully request that the Court deny non-party Brian Vodicka's motion to intervene and to unseal court documents.

Dated: New York, New York
      May 16, 2016

SATTERLEE STEPHENS BURKE & BURKE LLP

By: s/ Walter A. Saurack
Walter A. Saurack
230 Park Avenue, Suite 1130

New York, New York 10169
212. 818.9200

*Attorneys for Defendants Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Ocean Club LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, Bayrock Merrimac LLC, Tevfik Arif and Julius Schwarz*

9