

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EN:GKS
F. #1998R01996

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 25, 2016

By Hand and ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: In re Motion for Civil Contempt by John Doe
       Miscellaneous Docket No. 12-557 (BMC)

Dear Judge Cogan:

    The government respectfully submits this response to the Court's March 3, 2016 order to show cause why the documents in the above-referenced action should not be unsealed.[1] Below, the government sets forth relevant background on the issue of sealing from the underlying criminal case, United States v. Sater, 98 CR 1101 (ILG), and a related decision from 2014 of the United States Court of Appeals.[2] The government then attaches a chart that describes its position with respect to the particular documents to which it has access in the above-captioned docket. For the reasons set forth below, the government takes

---

[1] As the Court is aware, the United States Attorney's Office for the Eastern District of New York ("EDNY") has been recused by the Executive Office for United States Attorneys ("EOUSA") from the criminal contempt investigations the Court twice referred to it in connection with this action. EOUSA directed the United States Attorney's Office for the Northern District of New York ("NDNY") to address both referrals. In consultation with NDNY, and with the exception of certain documents relating to the criminal contempt referrals, EDNY has determined that it is appropriate for it to set forth the government's position with respect to the issue of sealing in response to the Court's March 3, 2016 order.

[2] The government has conferred with counsel for Felix Sater, who joins the government in the view that, under the circumstances of the prior proceedings in this case, Sater's identity and connection to the above-captioned docket are both matters of public record. Accordingly, the government refers to Sater by name, rather than John Doe, in this letter.

no position with respect to the majority of such documents. With respect to the balance, the government believes some should remain sealed and the rest should be unsealed in whole or in part.

A.Background

On March 12, 2013 and March 13, 2013, the Honorable I. Leo Glasser issued two orders—one sealed, one unsealed—detailing which documents in the underlying criminal case should remain sealed and which should be unsealed, in whole or in part. Judge Glasser's sealed order sets forth the court's reasoning for the ongoing sealing of certain documents—generally, safety of persons; integrity of law enforcement investigations; and the protection of a cooperator's anonymity. See In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1at 3 (2d Cir. June 5, 2014). In particular, Judge Glasser precluded disclosure of Sater's Presentence Investigation Report ("PSR") and its contents as well as the details of Sater's cooperation with the government. Id.; see also March 3, 2016 Order at 3, In re Motion for Civil Contempt Proceedings by John Doe, 12-MC-557 (BMC) (E.D.N.Y.). That a document reflected the mere fact of Sater's cooperation, Judge Glasser concluded, was not a basis for continued sealing. Id. The respondents in this case appealed Judge Glasser's orders to the Second Circuit, which issued a summary affirmance. In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1 (2d Cir. June 5, 2014). As the Second Circuit noted, Judge Glasser gave detailed reasons for his document-specific rulings and "[g]iven the extent and gravity of Sater's cooperation, . . . these findings [were] sufficient." Id. at 3. As Your Honor has ruled, "Judge Glasser's decision as to which filings should be unsealed in 98-cr-1101 shall determine which filings should be unsealed in 12-mc-557." October 18, 2012 Order, In re Motion for Civil Contempt Proceedings By John Doe, 12-MC-557 (BMC) (E.D.N.Y.).

B.The Government's Position Regarding Sealing

The government has attempted to hew closely to Judge Glasser's reasoning in determining its position as to which documents in the above-referenced action should remain sealed. The attached chart lists the documents in the case to which the government has been granted access as a case participant and the government's position with respect to sealing.[3] [4]

---

[3]Based on the government's discussions with the Office of the Clerk of Court, it appears that certain documents have been filed ex parte, under seal or otherwise in a manner indicating the filing party's intention that the documents not be available to all case participants, including the government. Thus, the government has been unable to review these documents. See Docket Nos. 55, 56, 57, 58, 59, 97, 98, 104, 109, 122-11, 142, 145, 148 and 149. The government stands ready to review these documents if doing so would assist the Court.

[4]As noted above, certain documents pertain to the Court's criminal contempt referrals, in particular status updates provided to the Court by NDNY. See Docket Nos. 39,

In brief, the government's position is based on its interests in protecting the integrity of ongoing criminal investigations and the safety of its cooperating witnesses and their families. Thus, its position may diverge from that of the private parties in this action who may set forth compelling reasons for keeping a particular document under seal that are independent of the government's interests. The government has conferred with counsel for Sater and has also taken into account the fact that a significant amount of information about this case is already in the public domain.

In sum, the government respectfully submits that the Court should apply the same analysis contained in Judge Glasser's 2013 orders. For the limited number of documents that should be kept under seal (in whole or in part), disclosure would represent "a substantial probability of prejudice to a compelling interest of the defendant government or third party," such as the integrity of law enforcement investigations, danger to persons, national security concerns and privacy interests. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); see also United States v. Aref, 533 F.3d 72, 83-83 (2d Cir. 2008); United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

C.  Conclusion

The government will be prepared to address these matters further, as appropriate, at the hearing scheduled for May 10, 2016.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:  ⎯⎯/s/⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Evan M. Norris
G. Karthik Srinivasan
Assistant U.S. Attorneys
(718) 254-7000

Encl.

cc:   Clerk of Court (BMC) (by ECF)
      All counsel of record (by ECF)

---

49, 50, 76, 78, 84, 85 and 87. In light of the recusal, EDNY defers to NDNY to state the government's position regarding sealing with respect to these documents.

3

# ATTACHMENT

The government has categorized the documents as follows:

- **Seal**. In conformity with Judge Glasser's sealing analysis, as affirmed by the Second Circuit, these document should be kept under seal. These documents include the PSR, documents discussing the contents of the PSR and documents discussing the details of Sater's cooperation with the government. These documents also include materials sealed by the Second Circuit or another court in related litigation.

- **Redact**. These documents should be unsealed, but with specific pages or exhibits redacted for the reasons set forth above.

- **Unseal**. In the government's view, these documents should be unsealed either because there is no compelling reason to keep them under seal or because they have been otherwise unsealed in another action or docket.

- **No Position**. The government takes no position as to whether these documents should be kept under seal because these documents do not implicate its significant, but specific, interests in this action.

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 1 | No Position | | |
| 1-1 | No Position | | |
| 1-2 | Seal | | Sealed by Court of Appeals |
| 1-3 | Seal | | Sealed by Court of Appeals |
| 1-4 | No Position | | |
| 2 | No Position | | |
| 3 | No Position | | |
| 4 | No Position | | |
| 5 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 6 | No Position | | |
| 7 | Redact | 2, 3, 4 | Discusses Cooperation & Sealed Court of Appeals Proceedings |
| 7-1 | Unseal | | |
| 7-2 | Seal | | Sealed by Court of Appeals |
| 8 | No Position | | |
| 9 | No Position | | |
| 10 | No Position | | |
| 11 | No Position | | |
| 12 | Redact | 27 (¶ 4) | Discusses Cooperation, PSR |
| 13 | No Position | | |
| 14 | No Position | | |
| 15 | No Position | | |
| 16 | No Position | | |
| 17 | No Position | | |
| 18 | No Position | | |
| 19 | No Position | | |
| 19-1 | No Position | | |
| 20 | No Position | | |
| 21 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 21-1 | Unseal | | |
| 21-2 | Seal | | Sealed by Court of Appeals |
| 22 | No Position | | |
| 23 | Seal | | Discusses Cooperation |
| 24 | Seal | | Discusses Cooperation |
| 25 | Seal | | Discusses Cooperation |
| 26 | Seal | | Discusses Cooperation |
| 27 | No Position | | |
| 28 | No Position | | |
| 29 | No Position | | |
| 30 | Unseal | | |
| 31 | Unseal | | |
| 32 | No Position | | |
| 33 | No Position | | |
| 34 | No Position | | |
| 35 | No Position | | |
| 36 | No Position | | |
| 37 | No Position | | |
| 38 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 40 | No Position | | |
| 41 | No Position | | |
| 42 | Unseal | | |
| 43 | Unseal | | |
| 44 | No Position | | |
| 44-1 | Unseal | | |
| 45 | No Position | | |
| 46 | No Position | | |
| 47 | Redact | 1-23 | Discusses Cooperation & Sealed Court of Appeals Proceedings |
| 48 | No Position | | |
| 51 | No Position | | |
| 52 | No Position | | |
| 53 | Unseal | | |
| 54 | No Position | | |
| 60 | No Position | | |
| 61 | No Position | | |
| 62 | No Position | | |
| 63 | No Position | | |
| 64 | No Position | | |
| 65 | No Position | | |

4

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 66 | No Position | | |
| 67 | No Position | | |
| 68 | No Position | | |
| 69 | Redact | 20-21 | Discusses Cooperation & Sealed Court of Appeals Proceedings |
| 70 | No Position | | |
| 71 | No Position | | |
| 72 | No Position | | |
| 73 | No Position | | |
| 74 | No Position | | |
| 75 | No Position | | |
| 77 | No Position | | |
| 79 | No Position | | |
| 80 | No Position | | |
| 81 | No Position | | |
| 82 | No Position | | |
| 83 | No Position | | |
| 86 | No Position | | |
| 88 | No Position | | |
| 89 | No Position | | |
| 90 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 91 | No Position | | |
| 91-1 | Seal | | Sealed Judge Glasser Order |
| 91-2 | Unseal | | |
| 91-3 | Unseal | | |
| 91-4 | Unseal | | |
| 91-5 | Seal | | Discusses Cooperation, Sealed in Related Case |
| 91-6 | No Position | | |
| 92 | Unseal | | |
| 93 | No Position | | |
| 93-1 | No Position | | |
| 93-2 | No Position | | |
| 94 | No Position | | |
| 95 | No Position | | |
| 96 | No Position | | |
| 99 | No Position | | |
| 100 | No Position | | |
| 101 | No Position | | |
| 102 | No Position | | |
| 103 | No Position | | |
| 105 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 106 | No Position | | |
| 107 | No Position | | |
| 108 | No Position | | |
| 110 | No Position | | |
| 111 | No Position | | |
| 112 | No Position | | |
| 112-1 | Redact[5] | | PSR |
| 112-2 | Unseal | | |
| 112-3 | Unseal | | |
| 112-4 | No Position | | |
| 112-5 | Unseal | | |
| 112-6 | Unseal | | |
| 112-7 | Unseal | | |
| 112-8 | No Position | | |
| 112-9 | No Position | | |
| 112-10 | Seal | | Sealed by Court of Appeals |
| 112-11 | Seal | | Sealed by Court of Appeals |
| 112-12 | Seal | | Sealed by Court of Appeals |

---

[5] Pursuant to the Court's February 2, 2016 order, Dkt. No. 112-1 has been redacted and already ordered to be refiled.

7

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 112-13 | Unseal | | |
| 112-14 | Unseal | | |
| 112-15 | Unseal | | |
| 112-16 | Unseal | | |
| 113 | No Position | | |
| 114 | No Position | | |
| 115 | No Position | | |
| 116 | No Position | | |
| 117 | No Position | | |
| 118 | No Position | | |
| 119 | No Position | | |
| 120 | No Position | | |
| 121 | No Position | | |
| 121-1 | No Position | | |
| 122 | No Position | | |
| 122-1 | Unseal | | |
| 122-2 | Unseal | | |
| 122-3 | No Position | | |
| 122-4 | Unseal | | |
| 122-5 | Unseal | | |
| 122-6 | Unseal | | |
| 122-7 | Unseal | | |

8

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 122-8 | Unseal | | |
| 122-9 | Unseal | | |
| 122-10 | No Position | | |
| 123 | No Position | | |
| 124 | No Position | | |
| 125 | No Position | | |
| 126 | No Position | | |
| 127 | No Position | | |
| 128 | No Position | | |
| 129 | No Position | | |
| 130 | No Position | | |
| 131 | No Position | | |
| 132 | No Position | | |
| 133 | No Position | | |
| 134 | No Position | | |
| 135 | No Position | | |
| 136 | No Position | | |
| 137 | No Position | | |
| 138 | No Position | | |
| 139 | No Position | | |
| 140 | No Position | | |
| 141 | No Position | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 141-1 | Unseal | | |
| 141-2 | No Position | | |
| 141-3 | Seal | | Sealed by Court of Appeals |
| 141-4 | Unseal | | |
| 141-5 | Unseal | | |
| 141-6 | No Position | | |
| 141-7 | Unseal | | |
| 141-8 | No Position | | |
| 143 | No Position | | |
| 144 | No Position | | |
| 146 | No Position | | |
| 146-1 | Seal | | Sealed by Court of Appeals |
| 146-2 | No Position | | |
| 146-3 | No Position | | |
| 146-4 | Unseal | | |
| 146-5 | Seal | | Discusses PSR |
| 146-6 | No Position | | |
| 146-7 | No Position | | |
| 146-8 | Seal | | Sealed by Court of Appeals |
| 146-9 | Unseal | | |

10

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 146-10 | No Position | | |
| 146-11 | Unseal | | |
| 147 | No Position | | |
| 150 | No Position | | |
| 151 | No Position | | |
| 152 | No Position | | |
| 153 | Redact | 6-16 | Sealed Judge Glasser Order |
| 154 | No Position | | |
| 155 | No Position | | |
| 156 | No Position | | |
| 157 | No Position | | |
| 158 | No Position | | |
| 159 | No Position | | |
| 160 | No Position | | |
| 160-1 | Seal | | Sealed by Court of Appeals |
| 160-2 | No Position | | |
| 160-3 | No Position | | |
| 160-4 | Unseal | | |
| 160-5 | Seal | | Sealed by Court of Appeals |
| 160-6 | Unseal | | |

| Dkt. No. | Government's Position | Redact Pages | Reason for Sealing or Redaction |
|---|---|---|---|
| 161 | No Position | | |
| 162 | Unseal | | |
| 163 | No Position | | |