```
                                                                    1

 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2
                - - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,         :    98-CR-1101
 4
                    v.                 :    U.S. Courthouse
 5                                          Brooklyn, New York
     JOHN DOE,                         :
 6                                          June 14, 2010
                    Defendant.         :    12:00 o'clock p.m.
 7
                - - - - - - - - - - - - - - - - - X
 8

 9                    TRANSCRIPT OF MOTION HEARING
                  BEFORE THE HONORABLE I. LEO GLASSER
10                   UNITED STATES SENIOR JUDGE

11
     APPEARANCES:
12

13   For the Movant:               KELLY MOORE, ESQ.
                                   BRIAN HERMAN, ESQ.
14
     For the Respondent:           RICHARD E. LERNER, ESQ.
15                                 LAUREN ROCKLIN, ESQ.

16   For Non-Party Movant:         STAMATIOS STAMOULIS, ESQ.

17
     Court Reporter:               Anthony M. Mancuso
18                                 225 Cadman Plaza East
                                   Brooklyn, New York 11201
19                                 (718) 613-2419

20

21

22
     Proceedings recorded by mechanical stenography, transcript
23   produced by CAT.

24

25
```

1        (Case called; both sides ready.)
2        MS. MOORE:  Kelly Moore and Brian Herman for the
3    movant, John Doe.
4        MR. LERNER:  Richard Lerner of Wilson Elser and
5    Lauren Rocklin for nonparty respondent Frederick Oberlander.
6        MR. STAMOULIS:  Stamatios Stamoulis for Jody Kriss
7    and Michael Ejekam, nonparty movants.
8        MS. MOORE:  Your Honor, we have received the letter
9    of this morning written by Mr. Lerner accusing me of an
10   ethical violation, based on a conversation that I had with
11   Mr. Stamoulis.  As an initial matter, I completely disagree
12   with the characterization of the description of that
13   conversation to which Mr. Lerner was not a party and I believe
14   that if the court were to inquire of Mr. Stamoulis he would
15   advise the court that that description is completely
16   inaccurate.  No threats whatsoever, implicit or explicitly,
17   were made during the course of that conversation.
18       THE COURT:  All right.
19       MR. LERNER:  I will withdraw it based on Ms. Moore's
20   representation to the court.
21       THE COURT:  What was the basis for making that
22   representation to begin with?
23       MS. MOORE:  An e-mail to me which indicated that
24   Ms. Moore had stated to Mr. Stamoulis that the Eastern
25   District attorney was watching this case and that quote there

1  may be indictments and coupled with the settlement proposal
2  offered by Ms. Moore.
3           MR. STAMOULIS:  Your Honor, if may speak to that?
4  I'm Mr. Stamoulis.  I had a very friendly conversation with
5  Ms. Moore that I initiated on behalf of my clients, Mr. Ejekam
6  and Mr. Kriss.  Actually, the reason why I called her is to
7  advise her that Mr. Ejekam was in Africa and there not be any
8  surprise that he was not going to be present to give any
9  testimony here today.
10          That led to a conversation and during that
11 conversation Ms. Moore just gave me information.  When I put
12 the information that she gave me into an e-mail, the tenor and
13 the tone of the conversation didn't translate and I can see
14 why my e-mail could have been misconstrued and it lacked the
15 context.
16          MR. LERNER:  So I apologize to Ms. Moore and the
17 court.
18          THE COURT:  Let me tell you, Mr. Lerner, I read your
19 letter.  I came in rather late this morning, after attending a
20 funeral.  But my recollection is that I have alerted the
21 United States Attorney to this proceeding.  I don't know
22 whether Ms. Moore did or didn't, although I have a
23 recollection of saying cc to Mr. Kaminsky who is an Assistant
24 United States Attorney because I was concerned with the
25 integrity of documents which were sealed and having read some

1  of the things which were annexed to the complaint which
2  clearly reflected that portions of presentence report was
3  divulged, that a cooperation agreement, portions of which may
4  have been divulged. Those two documents, among others, which
5  were sealed, were documents which if divulged, that is the
6  contents, may seriously jeopardize not only the life of the
7  person who was the subject of those documents. In this case
8  it might also significantly affect matters of national
9  interest.
10        Now, I received a letter from you on Friday. It was
11 rather late in the afternoon. I think it was approaching four
12 o'clock. I didn't want to respond to you ex parte and I
13 wasn't about to sit down and start writing letters. I tried
14 to communicate or had my law clerk try and reach Ms. Moore so
15 we could have a conference and that didn't happen.
16        Again, just as I was a little nonplused with the
17 first letter that I received from you, which I made some
18 comment about on Friday. I don't think there's anything in my
19 order, that is, the Temporary Restraining Order, the order to
20 show cause, which would or could preclude a party to whom an
21 order to show cause was addressed from conferring with his
22 lawyer. Nothing in my order which would even hint at
23 precluding Mr. Oberlander, or anybody else to whom that order
24 to show cause was addressed, from conferring with his lawyer.
25 The Sixth Amendment, whether it's applicable or isn't