MANDATE

10-2905-cr, 11-479-cr
USA v. Doe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the ___14th___ day of February two thousand and eleven.

PRESENT:

    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    DENNY CHIN,
                Circuit Judges.

*[FILED FEB 14 2011, Catherine O'Hagan Wolfe, Clerk, SECOND CIRCUIT — 2:45 pm]*

--------------------------------------x

RICHARD ROE,

        *Appellant*,

        v.                                                Nos. 10-2905-cr, 11-479-cr

UNITED STATES OF AMERICA,

        *Appellee*,

JOHN DOE,

        *Defendant-Appellee*.

--------------------------------------x

**FOR RICHARD ROE:**    RICHARD E. LERNER, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY.

**FOR APPELLEE:**    TODD KAMINSKY, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

MANDATE ISSUED ON 02/14/2011

| | | |
|---|---|---|
| 1 | FOR DEFENDANT-APPELLEE: | KELLY ANNE MOORE, Morgan, Lewis & Bockius LLP, New York, NY. |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** following a hearing on the record on February 14, 2011, that an injunction *pendente lite* shall enter to prevent the dissemination by an party, their officers, servants, employees and attorneys, and all who are in active concert or participation with them, of materials placed under seal by orders of this Court or of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

Richard Roe ("Roe") is an attorney at law whose identity is known to all participants in this litigation and who has been given the name "Richard Roe" as a legal placeholder because the disclosure of his true identity in this litigation context may, for the time being, lead to the improper disclosure of the materials at issue here.

Roe appeals from orders of the District Court permanently enjoining distribution of a Presentence Investigation Report ("PSR") prepared for sentencing purposes in a criminal proceeding before Judge Glasser and temporarily enjoining Roe and his clients from further disseminating other sealed documents filed in Doe's criminal proceedings before the District Court (Docket No. 10-2905-cr).

We also have before us a separately docketed but consolidated petition for a writ of mandamus directing the District Court to make public the docket of the criminal case in question (Docket No. 11-479-cr). In turn, the United States (the "government") seeks a temporary injunction, pending the disposition of this appeal, to restrain Roe and his counsel and clients, and all persons acting in concert with them, from the threatened dissemination of the sealed materials at issue here by (1) filing and pursuing civil actions in other federal or state courts in which the sealed materials are annexed to pleadings or otherwise referred to or made public, and (2) by conveying copies of these materials or the contents thereof to third-parties, including the media.

We assume the parties' familiarity with the remaining facts and procedural history of the case.

(i)

We turn first to Roe's petition for a writ of mandamus. The All Writs Act empowers us to "issue all writs necessary or appropriate in aid of [our] respective jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). One such writ is the writ of mandamus, an "extraordinary remedy" that has been used "both at common law and in the federal courts . . . to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Crt. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (brackets and internal quotation marks omitted). We issue a writ of mandamus only in "exceptional circumstances amounting to a judicial 'usurpation of power' or a 'clear abuse of discretion.'" *Id.* (citations and some internal quotation marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or [has] rendered a decision that cannot be located within the range of permissible decisions." (brackets, citations, and internal quotation marks omitted)).

Roe falls well short of his heavy burden to secure a writ of mandamus directed to the District Court. Here, the District Court reviewed the sealed documents and the voluminous submissions by the parties, conducted four days of hearings inquiring into how Roe had obtained the documents and how he intended to use them, and explained in detail and on the record its well-reasoned decision to issue a permanent injunction against further distribution of the PSR and a temporary injunction against further distribution of the other sealed documents. Under the circumstances, we see no basis upon which to conclude that the District Court in any way usurped its power or clearly abused its discretion. *See Cheney*, 542 U.S. at 380. Accordingly, the petition for a writ of mandamus (Docket No. 11-479-cr) is DENIED.

Our decision to deny the petition for a writ of mandamus may be further elaborated in due course in a published opinion.

The docket in this proceedings (Docket No. 11-479-cr) and all documents referenced therein shall remain SEALED until further order of this Court.

(ii)

3  Pending a full review of the merits of Roe's appeal by a panel of this Court, the government, by
4  a sealed motion of January 26, 2010 and accompanying affidavit, requests a _temporary stay_ of the
5  unsealing of Docket No. 10-2905-cr and of the materials placed under seal by Judge Glasser pending the
6  appeal of this matter. In light of the serious, indeed grave, concerns expressed by the United States
7  regarding the possible consequences of unsealing these documents, and the absence of any sufficiently
8  persuasive countervailing considerations expressed by Roe, the government's motion is hereby
9  GRANTED.
10  Accordingly, pursuant to this order and to our orders of January 28, 2011 (granting
11  government's motion for an emergency stay of unsealing the docket in No. 10-2905); February 9, 2011
12  (granting government's motion for an emergency stay of unsealing the docket in No. 11-479 and
13  ordering Roe not to publicly file any additional documents or cases that referred to matters subject to
14  sealing orders in Nos. 10-2905-cr and 11-479-cr); February 10, 2011 (re-emphasizing, _inter alia_, that Roe
15  was not to reveal or distribute sealed documents, nor contents thereof, to any third-parties, including
16  members of the public or the media); and February 11, 2011 (re-emphasizing, _inter alia_, that all previous
17  orders of this Court and of the United States District Court for the Eastern District of New York with
18  respect to the documents at issue remained in full force and effect until further order of this Court), we
19  hereby ORDER that ALL PARTIES, THEIR OFFICERS, AGENTS, SERVANTS, EMPLOYEES,
20  AND ATTORNEYS, AND ALL OTHER PERSONS WHO ARE IN ACTIVE CONCERT OR
21  PARTICIPATION WITH THEM, _see_ Fed. R. Civ. P. 65(d)(2), are TEMPORARILY—and WITHOUT
22  PREJUDICE to any claims or arguments that may be asserted by the parties on the merits of these
23  appeals or on the orders in effect during the consideration of the appeals—ENJOINED from publicly
24  distributing or revealing in any way, to any person, or in any court, proceeding or forum, except to those
25  persons directly involved in the parties' own legal representation, any documents or contents thereof
26  subject to sealing orders in Docket No. 10-2905-cr or in any related proceedings before the District
27  Courts for the Eastern District of New York and Southern District of New York.
28  For the purpose of enforcing this Court's orders and those of the District Court for the Eastern
29  District of New York during the panel's consideration and adjudication of the pending appeal, we

4

1  REMAND the cause (Docket No. 10-2905-cr) to the District Court for the Eastern District of New
2  York with instructions to the Chief Judge of that Court to assign a United States District Judge from
3  that Court with the limited mandate of implementing and overseeing compliance with our orders and
4  the orders previously entered by Judge Glasser. Of course, Judge Glasser, an experienced and able jurist
5  who has shown admirable patience and forbearance in the face of extraordinary provocations, shall
6  retain jurisdiction over the underlying (and long-lived) criminal proceeding involving John Doe.
7  Furthermore, in all other respects and pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir.
8  1994), this panel shall retain jurisdiction over (1) the pending appeal, both for the disposition of the
9  appeal on the merits as well as with respect to any further motions practice; (2) any other appeals from
10  the District Court's order granting the permanent and temporary injunctions at issue; and (3) any
11  appeals arising from any further proceedings in the District Court, including any further petitions for
12  extraordinary writs, including the writ of mandamus.
13
14  (iii)
15  Without in any way limiting the effect of this summary order and the Court's previous orders,
16  we further ORDER:
17  (1) This appeal (Docket No. 10-2905-cr) will be EXPEDITED.
18  (2) The briefing schedule will be as follows:
19  a. Roe's opening brief shall be filed no later than Monday, February 28, 2011.
20  b. The government's opening brief shall be filed no later than Monday, March
21  14, 2011.
22  c. Roe's reply brief shall be filed no later than Monday, March 21, 2011.
23  d. The government's sur-reply brief shall be filed no later than Thursday, March
24  24, 2011.
25

1

2                                    CONCLUSION

3       To summarize:

4       (1) the petition for a writ of mandamus in Docket No. 11-479 is DENIED, and the docket of

5       that case shall remain SEALED pending further order of our Court;

6       (2) the government's motion for a temporary stay of unsealing of the docket in No. 10-2905-cr

7       pending full review of the merits of Roe's appeal is GRANTED;

8       (3) the parties and all who are in active concert or participation with them are TEMPORARILY

9       ENJOINED, pursuant to the terms of the order stated above;

10      (4) we REMAND the cause to the United States District Court for the Eastern District of New

11      York for a limited purpose and under the terms noted above.

12      The limited mandate described above shall issue forthwith.

13

14                                    FOR THE COURT,

                                      Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit