# STORCH AMINI & MUNVES PC

A New York Professional Corporation

John W. Brewer
Member NY Bar

e-mail:  jbrewer@samlegal.com
direct:  212.497.8238

May 24, 2016

**BY EMAIL**

The Honorable Lorna G. Schofield
United States District Court
40 Foley Square, Courtroom 1106
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/16
```

Re: <u>*Kriss et. al. v. Arif et. al.*</u>, No. 10-CV-3959(LGS)(FM) (S.D.N.Y.)

Dear Judge Schofield:

We represent defendants Roberts & Holland LLP and Elliot Pisem (collectively, "R&H") in the above-captioned action, and write to seek the Court's guidance on a small administrative matter that the parties have unfortunately been unable to resolve among themselves.  As the Court may recall, R&H was granted permission (ECF No. 366) to redact certain comparatively minimal portions of its supplemental brief from the publicly-filed copy (ECF No. 370 –the non-public filing of the complete brief under seal is noted at ECF No. 373) that referred to the original complaint (the "OC") filed in this matter in 2010.  The OC itself remains sealed, with the applications to unseal it currently being fully briefed and awaiting hearing and decision by Your Honor.  (The references to the now-superseded OC are in our brief because they are relevant to the issue of whether plaintiffs' current liability theory alleged against R&H in their Third Amended Complaint relates back to the 2010 filing date of the OC for statute of limitations purposes.)

In an ordinary situation where leave to redact sensitive material from the publicly-filed copy of a brief had been granted, I would of course have provided opposing counsel with the full unredacted version of the filing essentially simultaneously with the e-filing of the redacted version.  Here, however, plaintiffs' counsel specifically requested that I not serve them with the full unredacted brief pending further discussion among the parties.  That further discussion eventually reached an impasse, which is why I am writing to advise the Court of the situation and request direction as to how the Court would prefer for us to proceed.  As I understand the positions of the other parties, plaintiffs' current counsel claims to have avoided contact with the privileged and/or otherwise sensitive information misappropriated by plaintiffs' earlier counsel (and improperly included by earlier counsel in the OC), and is concerned that reading the

2 Grand Central Tower  •  140 East 45th Street  •  25th Floor  •  New York  •  NY 10017
main: 212.490.4100  •  fax: 212.490.4208  •  www.samlegal.com

The Honorable Lorna G. Schofield
May 24, 2016
Page 2

redacted portions of our brief that refer to the OC could give rise to a claim by certain other defendants that they have been "tainted" by indirect exposure to the same material their predecessor counsel had misused unless those other parties give advance consent or non-objection to their receipt of R&H's full brief.  For their part, counsel for defendant Felix Sater (who is actively opposing the pending unsealing application, see ECF No. 384) are unwilling to waive any objection (or affirmatively consent) to my provision of an unredacted copy of my brief to plaintiffs' counsel, apparently due to a concern that such non-objection or consent might have a negative collateral effect on their opposition to the unsealing application.  While I do not necessarily agree that the consent of Mr. Sater is required for me to serve an unredacted copy of my brief on plaintiffs' counsel (indeed, I do not necessarily agree that the consent of plaintiffs' counsel themselves is necessary for me to serve my papers on them), I certainly have no desire to create unnecessary difficulties for anyone else, and plaintiffs' counsel apparently remain nervous about the possible collateral consequences of receiving an unredacted copy without the affirmative consent or non-objection of Mr. Sater.

I believe that the redacted references in our brief to the OC (which are set forth in the non-public attachments to my April 26, 2016 letter to the Court as modified by the Court's endorsement on that letter at ECF No. 366) are at a sufficiently high level of generality that they do not disclose the substance of the privileged information wrongly included in the OC.  Thus, it seems to me that the provision of an unredacted copy of the brief to plaintiffs' counsel should not "taint" them with exposure to the privileged information (at least not to any additional degree beyond whatever prior direct or indirect exposure they may have had has tainted them), and likewise should not weaken the position of any of the parties opposing unsealing of the OC itself (and/or any other material that has previously been sealed in this case).[1]  Counsel for the Bayrock entity defendants (who are also opposing the unsealing of the OC) have advised me that they concur in that view and do not object to my provision of an unredacted copy of my brief to plaintiffs' counsel.  If the Court were willing to confirm this view by endorsing this letter with an order providing that receipt by plaintiffs' counsel of an unredacted copy of our brief will neither strengthen nor weaken any other party's position in any of the various other disputes swirling around the sealing issues and/or the ongoing consequences of the original misappropriation of the defendants' privileged and confidential information, I believe that should provide sufficient comfort to all concerned and the practical issue at hand would thus be satisfactorily resolved.

---

[1] The OC was sealed in part because it contains (in addition to other sensitive material) purported quotations from misappropriated privileged and/or confidential emails sent by my clients.  However, since R&H's role in the events that gave rise to this litigation was as outside counsel for certain of the Bayrock entities, the privilege in those emails belongs not to my clients but to their own former clients the Bayrock entities.  For that reason, R&H has not filed its own brief on the unsealing issues but defers to the position taken by the Bayrock entities (whose brief on those issues is ECF No.  383).

The Honorable Lorna G. Schofield
May 24, 2016
Page 3

If the Court does not wish to adopt that approach at this time, then we respectfully request appropriate guidance as to how to proceed. I am happy to either serve or continue to refrain from serving the unredacted brief on plaintiffs' counsel as the Court may direct, as long as any ongoing delay in plaintiffs' receipt of the unredacted brief is not used by them as a justification for seeking a change in the existing briefing schedule on the pending motions to dismiss.

We appreciate the Court's consideration.

Respectfully,

John W. Brewer

cc: Counsel of Record

APPLICATION GRANTED in part.  The R&H Defendants shall not serve an unredacted version of their brief on Plaintiff's Counsel; the redacted version of their brief filed at Docket No. 370 shall suffice. Plaintiffs' non-receipt of the unredacted version of the brief shall not be a basis for any change to the existing briefing schedule on the pending Motions to Dismiss.

Dated:  May 25, 2016
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**