**LSKS LEVINE SULLIVAN KOCH & SCHULZ, LLP**

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax

Katherine M. Bolger
(212) 850--6123
kbolger@lskslaw.com

May 26, 2016

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Kriss et al v. Bayrock Group LLC et al.*, 1:10-cv-3959 (LGS) (FM) Letter from the Associated Press and Telegraph Media Group Seeking To Unseal Original Complaint

Dear Judge Schofield:

We represent non-parties the Associated Press ("AP") and the Telegraph Media Group (the "Telegraph"). The AP and Telegraph are aware of the Motion to Intervene and Unseal Documents currently pending in this Court and the hearing on that motion, currently scheduled for May 31, 2016. The AP and Telegraph write for the limited purpose of requesting that the Original Complaint filed in this action (Dkt. No. 1) be unsealed because it is already public, and has been made public through an official court filing by one of the defendants in this action.

The AP and Telegraph understand that there is a long and complicated history relating to the unsealing of documents in this case, and that the actions of parties to this action are the subject of various injunctions and sealing orders. The AP and the Telegraph, respectfully submit, however, that this history is irrelevant to the present application because the one document sought herein is already a matter of public record, and has already been published and reported on in the media.

As acknowledged by the various Bayrock Defendants (and curiously omitted from filings by Felix Sater), a version of the Original Complaint was openly filed in a district court in Tel Aviv, Israel *by Mr. Sater*. *See* Bayrock Defendants' Memorandum of Law in Opposition to the motion of Non-Party Brian Vodicka to Intervene and Unseal Court Records ("Bayrock Memo.") (Dkt. No. 383) at 4. Neither the Bayrock Defendants nor Mr. Sater appear to claim that document has been subsequently sealed in Israel. Moreover, there is no evidence that this document was in any way filed inadvertently, as the Bayrock Defendants speculate. That minimally-redacted document was the subject of media reporting as far back as December, 2015,



Hon. Lorna G. Schofield<br>
May 26, 2016<br>
Page 2

and the document itself was published long ago in connection with that reporting.  *See* Jeff Horowitz, *Trump picked stock fraud felon as senior advisor*, Associated Press, Dec. 4, 2015, *available at* http://bigstory.ap.org/article/29c255c0b69a48258ecae69a61612537/trump-picked-stock-fraud-felon-senior-adviser.  Its continued sealing now, however, needlessly complicates the ability of the press to report on this publicly-filed document.

As the Second Circuit has explicitly held, once information is public, it remains public, even if a reviewing court would not have authorized its release in the first instance.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential it may have been beforehand, subsequent to publication it was confidential no longer.  It now resides on the highly accessible databases of Westlaw and Lexis and has apparently been disseminated prominently elsewhere.  We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.")  The court further observed that, "[t]his is generally so when the information that is supposed to be confidential— whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb—is publicly disclosed."  *Id.* at 144 n.11 (internal citations omitted).  *See also In re Application to Unseal 98 Cr. 1101*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("Any balancing of the interests here, however, would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed; the cat is out of the bag, the genie is out of the bottle.  Doe's identity and the fact of his conviction was publicly revealed by the Government in a press release, and the docket sheet revealing Doe's identity, conviction, and cooperation is accessible on Westlaw and Lexis.").

Given this unequivocal precedent, the AP and the Telegraph, therefore, respectfully requests that the Court unseal the Original Complaint, made publicly available by Mr. Sater, and further requests that, if this Court finds it helpful, I be permitted to attend the hearing currently scheduled for May 31, 2016 to assert the public's right of access.

Respectfully,<br><br>
LEVINE SULLIVAN KOCH & SCHULZ, LLP<br><br>
By:     /s/*Katherine M. Bolger*<br>
       Katherine M. Bolger

cc:  Counsel of Record via ECF