# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: wsaurack@ssbb.com
Direct Dial: (212) 404-8703

June 13, 2016

**Via ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    1:10-cv-03959, *Kriss et al v. Bayrock Group LLC et al*.
              Order to Unseal the Verified Complaint

Dear Judge Schofield:

      We represent Bayrock Group LLC, Bayrock Spring Street LLC, Bayrock Ocean Club LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, Bayrock Merrimac LLC ("Bayrock") and Tevfik Arif and Julius Schwarz in the above matter.  We write regarding this Court's May 31, 2016 Order (Dkt. No. 394), which unseals the original (now superseded) Complaint in this action to the extent that the original Complaint's contents were publicly disclosed in an Israeli litigation.

      Bayrock supports co-defendant Felix Satter's letter of today requesting that redactions made to the original Complaint when it was inadvertently filed in Israel be maintained when the Court unseals the Original Complaint in this action.  The redacted information relates to Satter's sensitive information that was wrongfully taken from Satter, while working for Bayrock, and then improperly obtained by plaintiffs' former counsel.

      Further, Bayrock reiterates its position that third-party public dissemination of the Original Complaint is not a waiver of Bayrock's privilege over its attorney-client communications that were improperly referenced in the original Complaint, and were in the cache of documents improperly obtained by plaintiffs' former counsel.  Bayrock did not consent to plaintiffs' former counsel obtaining these documents nor did Bayrock consent to or have any role in the public filing of the partially-redacted version of the original Complaint in Israel (nor its subsequent publication on the internet by various news sources).  As discussed in Bayrock's opposition to Mr. Vodicka's unsealing motion, it is well-settled that the privilege is not lost where privileged information is made public by a third party without the consent of the party holding the privilege.  *See, e.g., Lanza v. New York State Joint Legislative Committee on*

SATTERLEE STEPHENS BURKE & BURKE LLP                                                         Page 2
    The Honorable Lorna G. Schofield
    June 13, 2016

*Government Operations*, 162 N.Y.S.2d 467, 469 (N.Y. App. Div. 1957), *aff'd*, 143 N.E.2d 772 (N.Y. 1957).  Accordingly, Bayrock maintains that its privilege over its attorney-client communications remains intact despite the fact that the Original Complaint is being unsealed as a result of its public dissemination by third-parties.

                          Respectfully submitted,

                          Walter A. Saurack

cc:

Counsel of record (by ECF)