UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JODY KRISS and MICHAEL CHU'DI EJEKAM,

               Plaintiffs,                         10-CV-3959 (LGS) (DCF)

          -against-

TEVFIK ARIF; FELIX SATTER (aka FELIX
SATER); SALVATORE LAURIA; JULIUS
SCHWARZ; ALEX SALOMON; JERRY
WEINREICH; MEL DOGAN; ELLIOT PISEM;
BAYROCK GROUP LLC; BAYROCK OCEAN
CLUB LLC; BAYROCK MERRIMAC LLC;
BAYROCK CAMELBACK LLC; BAYROCK WHITESONE
LLC; BAYROCK SPRING STREET, LLC; SALOMON &
CO., P.C.; ROBERTS & HOLLAND LLP; and JOHN DOES
1-100,

               Defendants.

------------------------------------------------------------------X

**ANSWER TO THE THIRD AMENDED COMPLAINT AND COUNTERCLAIMS
OF BAYROCK GROUP LLC, BAYROCK OCEAN CLUB LLC, BAYROCK
MERRIMAC LLC, BAYROCK CAMELBACK LLC, BAYROCK
WHITESONE LLC, BAYROCK SPRING STREET LLC AND TEVFIK ARIF**

      Defendants Bayrock Group LLC, Bayrock Ocean Club LLC, Bayrock Merrimac LLC,

Bayrock Camelback LLC, Bayrock Whitestone LLC and Bayrock Spring Street LLC

(collectively, "Bayrock") and Tevfix Arif ("Arif"), by their attorneys, Satterlee Stephens LLP,

hereby answer the Third Amended Complaint (the "TAC") as follows:

## NATURE OF THE ACTION[1]

      1.     Paragraph 1 of the TAC asserts legal conclusions to which no response is required.

To the extent a response is required, deny each and every allegation contained in Paragraph 1 of

the TAC.

---

     [1] The headings used in the TAC are restated herein for ease of reference only, and
defendants do not admit any statement contained in any of the headings.

2.      Deny each and every allegation contained in Paragraph 2 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit only that Arif formed Bayrock Group L.L.C. ("Bayrock Group") in 2001, that Bayrock Group hired Felix Sater ("Sater") in 2003, that all charges stemming from Arif's arrest in Turkey were dropped, which charges were baseless and are wholly irrelevant to this lawsuit and pleaded by Plaintiffs only to harass and embarrass Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 insofar as they only concern any of the other defendants; aver that Sater's conviction was known to Plaintiff Jody Kriss prior to his employment with Bayrock and did not affect his employment decision, as Kriss has admitted in sworn testimony, and was a public fact announced in a March 2000 Department of Justice press release, and respectfully refer all questions of law to the Court.

3.      Deny each and every allegation contained in paragraph 3 of the TAC, except admit only that Bayrock Group hired Sater in 2003 as an executive, refer to the unspecified "documents" referred to in paragraph 3 as well as to Sater's written employment agreement with Bayrock Group for their contents, and respectfully refer all questions of law to the Court.

4.      Deny each and every allegation contained in Paragraph 4 of the TAC and respectfully refer all questions of law to the Court.

5.      Deny each and every allegation contained in Paragraph 5 of the TAC and respectfully refer all questions of law to the Court.

6.      Deny each and every allegation contained in paragraph 6 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the TAC insofar as they only concern any of the other defendants or unspecified "third parties," aver that,

after an extensive review, the Internal Revenue Service ("IRS") held that the transaction with the FL Group was not a sale of equity interests, as Plaintiffs claim here, but a loan, and that Plaintiff Kriss was aware and approved of the structuring of the FL Group transaction as a loan, and respectfully refer all questions of law to the Court.

7.    Deny each and every allegation contained in paragraph 7 of the TAC to the extent the allegations are directed against Bayrock and Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the TAC insofar as they only concern any of the other defendants or the Plaintiffs, refer to Plaintiffs' respective agreements with Bayrock Group for the contents thereof, and respectfully refer all questions of law to the Court.

8.    Deny each and every allegation contained in paragraph 8 of the TAC to the extent the allegations are directed against Bayrock and Arif, except admit that Bayrock did not "share" the loan proceeds from the FL Group transaction with Plaintiffs and that Bayrock paid Kriss a bonus of $500,000; refer to the loan documentation with FL Group for the contents thereof; aver that, after an extensive review, the IRS held that the transaction with the FL Group was not a sale of equity interests, as Plaintiffs claim here, but a loan, and that Plaintiff Kriss was aware and approved of  the structuring of the FL Group transaction as a loan, refer to Plaintiffs' respective agreements with Bayrock Group for the contents thereof, and respectfully refer all questions of law to the Court.

9.    Deny each and every allegation contained in paragraph 9 of the TAC to the extent the allegations are directed against Bayrock and Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the TAC insofar as they only concern any of the other defendants or the Plaintiffs, refer to the loan documentation

with FL Group for the contents thereof; aver that, after an extensive review, the IRS held that the transaction with the FL Group was not a sale of equity interests, as Plaintiffs claim here, but a loan, and that Plaintiff Kriss was aware and approved of the structuring of the FL Group transaction as a loan, refer to Plaintiffs' respective agreements with Bayrock Group for the contents thereof, and respectfully refer all questions of law to the Court.

10.    Deny each and every allegation contained in paragraph 10 of the TAC.  Further, the allegations in Paragraph 10 are legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

11.    Deny each and every allegation contained in paragraph 11 of the TAC.  Further, the allegations in Paragraph 11 are legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

## JURISDICTION AND VENUE

12.    State that Paragraph 12 of the TAC are legal conclusions to which no response is required and respectfully refer all questions of law to the Court.

13.    State that Paragraph 13 of the TAC are legal conclusions to which no response is required and respectfully refer all questions of law to the Court.

14. State that Paragraph 14 of the TAC are legal conclusions to which no response is required and respectfully refer all questions of law to the Court.

## PARTIES

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the TAC.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the TAC.

4

17.     Deny each and every allegation contained in Paragraph 17 of the TAC, except admit that Arif is a current resident of Istanbul, Turkey and resided in New York between approximately 2002 an 2008 and is a managing member and the chairman of Bayrock Group LLC.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the TAC about the residence of Sater or the existence or contents of any website allegedly operated by Sater; deny the remaining allegations contained in Paragraph 18 of the TAC, except admit that Bayrock Group hired Sater in 2003 as an executive, and aver that Sater has not been employed or otherwise affiliated with Bayrock Group since 2008.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the TAC about the residence of Schwarz and deny the remaining allegations contained in Paragraph 19 of the TAC, except admit that Bayrock Group hired Schwarz in April 2005 as a General Counsel and Executive Vice President.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the TAC.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the TAC, except admit that Alex Salomon ("Salomon") was Bayrock's primary relationship contact from Salomon & Co., Certified Public Accountants, P.C. ("Salomon & Co."), which provided accounting services to Bayrock.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the TAC, except admit that Jerry Weinreich ("Weinreich") provided accounting services to Bayrock through Salomon & Co.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the TAC, except admit that Mel Dogan ("Dogan") has acted as legal counsel to Bayrock on certain legal matters, and deny that he represented Bayrock in connection with the FL Group loan transaction.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the TAC, except admit that Elliot Pisem ("Pisem") represented Bayrock in connection with the FL Group loan transaction.

25.    Deny the allegations contained in Paragraph 25 of the TAC that Bayrock Group L.L.C. ("Bayrock Group") is a Delaware limited liability company and aver that Bayrock Group is a limited liability company organized under the laws of the State of New York and formed on or about July 17, 2001.

26.    Admit the allegations contained in Paragraph 26 of the TAC.

27.    Admit the allegations contained in Paragraph 27 of the TAC.

28.    Admit the allegations contained in Paragraph 28 of the TAC.

29.    Deny the allegation contained in Paragraph 29 of the TAC that Bayrock Spring Street LLC ("Bayrock Spring Street") is a New York limited liability company, aver that Bayrock Spring Street is a limited liability company organized under the laws of Delaware and formed on or about July 12,  2005, and admit that Bayrock Group has always been the managing member of Bayrock Spring Street.

30.    Deny the allegation contained in paragraph 30 of the TAC that Bayrock Whitestone LLC ("Bayrock Whitestone") is a New York limited liability company, aver that Bayrock Whitestone is a limited liability company organized under the laws of Delaware and

formed on or about July 22, 2005, and admit that Bayrock Group has always been the managing member of Bayrock Whitestone.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the TAC.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the TAC, except admit that Roberts & Holland LLP ("Roberts & Holland") represented Bayrock in connection with the FL Group loan transaction.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the TAC.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the TAC.

## SUBSTANTIVE ALLEGATIONS

### I.      Background: Felix Sater

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the TAC.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the TAC.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the TAC.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the TAC and refer to the referenced "criminal complaint" for its contents.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the TAC and refer to the referenced "information" for its contents.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the TAC and refer to the referenced "Docket Report" for its contents.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the TAC and refer to the referenced but unspecified "publicly available documents" for their contents.

## II.     Tevfik Arif and the Formation of Bayrock Group LLC and the Bayrock Group RICO Enterprise

42.     Deny each and every allegation contained in paragraph 42, except admit only that Arif was born in Kazakhstan, was employed as a civilian director within the Soviet Ministry of Commerce and Trade before the dissolution of the USSR, and had business interests in Kazahkstan and Turkey.

43.     Deny each and every allegation contained in Paragraph 43 of the TAC.

44.     Deny each and every allegation contained in Paragraph 44 of the TAC, except admit that Arif purchased the Loehmann's Seaport Plaza in Brooklyn, New York, and sponsored a condominium development in Gravesend, Brooklyn.

45.     Deny each and every allegation contained in Paragraph 45 of the TAC, except admit that Arif formed Bayrock Development LLC as a New York limited liability company in or around July 2001, that the name of the entity changed to Bayrock Group in or around August 2002, that Bayrock Group has developed and financed real estate development projects in several U.S. states.

8

46.    Deny each and every allegation contained in Paragraph 46 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit only that Arif and Sater made one another's acquaintance in or around 2002 and that Bayrock Group hired Sater in 2003, and refer to Sater's written employment agreement with Bayrock Group for its contents.

47.    Deny each and every allegation contained in Paragraph 47 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 insofar as they only concern any of the other defendants.

48.    Deny each and every allegation contained in Paragraph 48 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 insofar as they only concern any of the other defendants.

49.    Deny each and every allegation contained in Paragraph 49 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit that between 2003 and 2006 Bayrock Group formed Bayrock Ocean Club, Bayrock Merrimac, Bayrock Camelback, Bayrock Whitestone and Bayrock Spring Street, which held interests in the following real estate investments, respectively:  Trump Int'l Beach Club (Fort Lauderdale, Fla.); Trump Int'l Hotel & Tower (Fort Lauderdale, Fla.); Trump Phoenix (Phoenix, AZ); Waterpointe (Queens, NY); Trump SoHo (New York, NY).

II.    Response to "Tevfik Arif and the Formulation of Bayrock Group LLC
       and the Bayrock Group RICO Enterprise"

50.    Deny each and every allegation contained in Paragraph 50 of the TAC, except admit that Arif through Bayrock Group controlled Bayrock Ocean Club, Bayrock Merrimac, Bayrock Camelback, Bayrock Whitestone and Bayrock Spring Street.  Further, the allegations in

9

Paragraph 50 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

51.    Deny each and every allegation contained in Paragraph 51 of the TAC to the extent the allegations are directed against Bayrock and Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the TAC insofar as they only concern any of the other defendants. Further, the allegations in Paragraph 51 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

52.    Deny each and every allegation contained in Paragraph 52 of the TAC. Further, the allegations in Paragraph 52 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

53.    Deny each and every allegation contained in Paragraph 53 of the TAC to the extent the allegations are directed against Bayrock or Arif; and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the TAC insofar as they only concern any of the other defendants.   Further, the allegations in Paragraph 53 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

54.    Deny each and every allegation contained in Paragraph 54 of the TAC to the extent the allegations are directed against Bayrock or Arif; and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the TAC insofar as they only concern any of the other defendants.   Further, the allegations in Paragraph 54 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

10

55.     Deny each and every allegation contained in Paragraph 55 of the TAC to the extent the allegations are directed against Bayrock or Arif; and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the TAC insofar as they only concern any of the other defendants.   Further, the allegations in Paragraph 55 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

56.     Deny each and every allegation contained in Paragraph 56 of the TAC to the extent the allegations are directed against Bayrock or Arif; and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the TAC insofar as they only concern any of the other defendants.   Further, the allegations in Paragraph 56 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

**III.     Participating In and/or Managing Bayrock Group, Defendants Perpetrate A Pattern of RICO Predicate Acts from 2003 to at Least 2008**

   A.     *Misrepresentations and Concealment of Material Information To Induce Investors, Lenders and Finance Professionals to Contribute to Bayrock  Group*

57.     Deny each and every allegation contained in Paragraph 57 of the TAC, except admit that from 2003 until the present Arif has been the managing member of Bayrock Group, that Bayrock Group has invested in and developed real estate in several U.S. states, and that Sater was employed as an executive of Bayrock Group between 2003 and 2008.   Further, the allegations in Paragraph 57 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

58.     Deny each and every allegation contained in Paragraph 58 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that between 2003 and 2008 Bayrock entered into transactions with entities and individuals and loan agreements with

financial institutions, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

59. Deny each and every allegation contained in Paragraph 59 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the TAC insofar as they only concern any of the other defendants.

60. Deny each and every allegation contained in Paragraph 60 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the TAC insofar as they only concern any of the other defendants or third parties.

61. Deny each and every allegation contained in Paragraph 61 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the TAC insofar as they only concern any of the other defendants or third parties.

62. Deny each and every allegation contained in Paragraph 62 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the TAC insofar as they only concern any of the other defendants or third parties.

63. Deny each and every allegation contained in Paragraph 63 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the TAC insofar as they only concern any of the other defendants or third parties. Further, the allegations

in Paragraph 63 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

64. Deny each and every allegation contained in Paragraph 64 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that in connection with Bayrock's business Arif occasionally travelled to Florida and remained in communication with employees located at the company's offices in New York and that Arif has investments in Turkey; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the TAC insofar as they only concern any of the other defendants or third parties.

65. Deny each and every allegation contained in Paragraph 65 of the TAC. Further, the allegations in Paragraph 65 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

66. Deny each and every allegation contained in Paragraph 66 of the TAC. Further, the allegations in Paragraph 66 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

67. Deny each and every allegation contained in Paragraph 67 of the TAC. Further, the allegations in Paragraph 67 are legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

> B. *Unbeknownst to Their Victims, Defendants Participate, Manage and Conduct Bayrock Group Flouting Federal and State Law, IRS Regulations and Corporate Formalities.*

Defendants Arif and Satter

68. Deny each and every allegation contained in Paragraph 68 of the TAC, refer to Sater's written employment agreement for its contents, and aver that Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater.

13

69.     Deny each and every allegation contained in Paragraph 69 of the TAC, refer to Sater's written employment agreement for its contents, and aver that Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater.   Further, the allegations in Paragraph 69 contain legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.

70.     Deny each and every allegation contained in Paragraph 70 of the TAC, except admit that Sater received payments from Bayrock Group between 2003 and 2007, aver that Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater, state that the allegations in Paragraph 70 contain legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

71.     Deny each and every allegation contained in Paragraph 71 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that in 2004 a payment of $175,000 was made by Bayrock Group to Sater, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the TAC insofar as they only concern any of the other defendants, aver that Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater and that such payments complied with all applicable legal standards, and respectfully refer all questions of law to the Court.

72.     Deny each and every allegation contained in Paragraph 72 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that Arif received approximately $14 million from Bayrock Group.

Defendants Salomon, Weinreich & Salomon & Co.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the TAC.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the TAC.

75.     Deny each and every allegation contained in Paragraph 75 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit that Salomon & Co. performed accounting work for Bayrock which included preparing financial statements, tax filings and other documents; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 insofar as they only concern any of the other defendants; aver that Sater's conviction was known to Plaintiff Kriss prior to his employment with Bayrock and did not affect his employment decision, as Kriss has admitted in sworn testimony, and was a public fact announced in a March 2000 Department of Justice press release, and that Kriss, as Bayrock's Chief Financial Officer, was aware and approved of all payments made to Sater; and respectfully refer all questions of law to the Court.

Defendant Schwarz

76.     Deny each and every allegation contained in Paragraph 76 of the TAC.

77.     Deny each and every allegation contained in Paragraph 77 of the TAC, except admit that in his role as General Counsel to Bayrock, Schwarz drafted or reviewed transactional documents relating to Bayrock's loans and investments and reviewed and/or negotiated investments made by third parties in Bayrock, and aver that Plaintiff Jody Kriss, as Bayrock's Chief Financial Officer, was responsible for overseeing salary payments, partnership distributions, loans and federal tax filings made by Bayrock.

78.     Deny each and every allegation contained in Paragraph 78 of the TAC, and aver that Plaintiff Kriss, as Bayrock's Chief Financial Officer, was responsible for the the preparation of financial records for Bayrock and overseeing the accounting work performed for Bayrock by Salomon & Co.

15

79.     Deny each and every allegation contained in Paragraph 79 of the TAC, and aver that Plaintiff Kriss, as Bayrock's Chief Financial Officer, was responsible for the the preparation of financial records for Bayrock and overseeing the accounting work performed for Bayrock by Salomon & Co.

## IV.     The Details: The Investor Frauds and Related NSPA Violations

### A.     The Initial Trump Transactions Fraud

80.     Admit the allegation in Paragraph 80 of the TAC that in 2003 Bayrock Group had an office located on the 24th floor of Trump Tower located at 725 Fifth Avenue, New York, New York and that a leasing agent for the building introduced Arif to the President of the Trump Organization.

81.     Deny each and every allegation contained in Paragraph 81 of the TAC, except admit that in or around 2003, the Trump Organization agreed to become involved in Bayrock's real estate development projects in Phoenix, Arizona and Fort Lauderdale, Florida.

82.     Deny each and every allegation contained in paragraph 82 of the TAC.

83.     Deny each and every allegation contained in paragraph 83 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 insofar as they concern third parties, and refer to the transcript of the referenced deposition for its contents.

84.     Deny each and every allegation contained in Paragraph 84 of the TAC and respectfully refer all questions of law to the Court.

85.     Deny each and every allegation contained in Paragraph 85 of the TAC, except admit that Salomon & Co. prepared for Bayrock various documents in connection with Bayrock Camelback LLC and Bayrock Merrimac LLC and refer to those documents for the contents thereof.

86.    Deny each and every allegation contained in Paragraph 86 of the TAC and respectfully refer all questions of law to the Court.

87.    Deny each and every allegation contained in Paragraph 87 of the TAC and respectfully refer all questions of law to the Court.

B.    *Elizabeth Thieriot and Bayrock Ocean Club: The Thieriot Fraud and a Related Interstate Transfer of Stolen/Converted Funds*

88.    Deny each and every allegation contained in Paragraph 88 of the TAC, except admit that Bayrock Group formed Bayrock Ocean Club in August 2003 to hold interests in a real estate development project located at 500 Seabreeze Boulevard in Fort Lauderdale, Florida.

89.    Deny each and every allegation contained in Paragraph 89 of the TAC, except admit that Bayrock Ocean Club and Elizabeth Thieriot ("Thieriot") entered into a written agreement, and refer to that agreement for its contents.

90.    Deny each and every allegation contained in Paragraph 90 of the TAC, except admit that Bayrock Ocean Club and Thieriot entered into a memorandum of understanding dated November 13, 2003, and refer to that memorandum of understanding for its contents.

91.    Deny each and every allegation contained in Paragraph 91 of the TAC.

92.    Deny each and every allegation contained in Paragraph 92 of the TAC, except admit that Thieriot wired approximately $1 million dollars from a California bank account to a bank account specified by Bayrock Ocean Club in New York, and refer to the written agreement with Thieriot for the contents thereof.

93.    Deny each and every allegation contained in Paragraph 93 of the TAC, except admit that Bayrock Ocean Club sent Thieriot a Schedule K-1 for IRS Form 1065 for the calendar year 2003, and refer to the referenced IRS Form 1065 for the contents thereof.

17

94.    Deny each and every allegation contained in Paragraph 94 of the TAC, except admit that in April 2006, Thieriot brought an action against Ocean Club in New York State Supreme Court, County of New York, captioned as *In re Application of Elizabeth L. Thieriot*, Index No. 105434/2006) (the "Thieriot Action"), and refer to the complaint filed in that action for its contents, without admitting the truth thereof.

95.    Refer to the complaint filed in the Thieriot Action for the allegations made therein, without admitting the truth thereof, and otherwise deny the allegations contained in Paragraph 95 of the TAC.

96.    Deny each and every allegation contained in Paragraph 96 of the TAC, except admit that Thieriot received a Schedule K-1 for IRS Form 1065 for 2005 and refer to the K-1 for the contents thereof.

97.    Refer to the complaint filed in the Thieriot Action for the allegations made therein, without admitting the truth thereof, and otherwise deny the allegations contained in Paragraph 97 of the TAC.

98.    Deny each and every allegation contained in Paragraph 98 of the TAC, except admit that approximately $1.5 million was wired by 550 Seabreeze to Bayrock Group's New York account.

99.    Deny each and every allegation contained in Paragraph 99 of the TAC, except admit that Salomon & Co. prepared various documents for Bayrock with respect to Bayrock Ocean Club LLC and 500 Seabreeze LLC and refer to those documents for the contents thereof.

100.    Deny each and every allegation contained in Paragraph 100 of the TAC, except admit that Salomon & Co. prepared various documents for Bayrock with respect to Bayrock Ocean Club LLC and 500 Seabreeze LLC and refer to those documents for the contents thereof.

101. Deny each and every allegation contained in paragraph 101 of the TAC to the extent the allegations are directed against Bayrock and Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the TAC insofar as they only concern any of the other defendants or the Plaintiffs, and respectfully refer all questions of law to the Court.

102. Deny each and every allegation contained in Paragraph 102 of the TAC to the extent the allegations are directed against Bayrock and Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the TAC insofar as they only concern any of the other defendants.   Further, the allegations in Paragraph 102 are legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

103. Deny each and every allegation contained in Paragraph 103 of the TAC to the extent the allegations are directed against Bayrock and Arif, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the TAC insofar as they only concern any of the other defendants.  Further, the allegations in Paragraph 103 are legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

*C.    The Camelback Plaza Fraud and Related Money Transfers*

104. Deny each and every allegation contained in paragraph 104 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit only that Arif and Bayrock Group entered into investment negotiations with Camelback Plaza Development LLC ("Camelback Plaza") in 2003, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 insofar as they only concern any of the other defendants or third parties.

19

105.    Deny each and every allegation contained in Paragraph 105 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit only that Bayrock agreed to contribute at least $4.5 million in equity to the Phoenix property, refer to the referenced approved Chapter 11 Bankruptcy Plan for its contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 insofar as they only concern any of the other defendants or third parties.

106.    Deny each and every allegation contained in Paragraph 106 of the TAC, except admit that Bayrock Group formed Bayrock Camelback in August 2003 to hold Bayrock Group's interests in the Phoenix property.

107.    Refer to the referenced agreements between Bayrock Group and Camelback Plaza for the contents thereof and otherwise deny each and every allegation of Paragraph 107 of the TAC.

108.    Refer to the referenced operating agreement of Camelback Development Partners LLC ("CDP"), including any amendments thereto, for its contents and otherwise deny each and every allegation contained in Paragraph 108 of the TAC, except admit that CDP and Capmark Finance f/k/a  GMAC Mortgage Corporation ("Capmark")  modified the original $12.2 million loan to obtain an additional $5.1 million in financing from Capmark, and aver that this additional loan was reviewed by counsel for the lender and the borrower.

109.    Refer to the referenced complaint and application filed in the Arizona Superior Court for Maricopa County (the "Arizona Action") for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 109 of the TAC.

110.    Refer to the complaint and papers filed in the Arizona Action for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 110 of the TAC.

111.    Refer to the complaint and papers filed in the Arizona Action for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 111 of the TAC.

112.    Refer to the complaint and papers filed in the Arizona Action for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 112 of the TAC.

113.    Refer to the complaint and papers filed in the Arizona Action for their contents without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 113 of the TAC.

114.    Refer to the complaint and papers filed in the Arizona Action for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 114 of the TAC.

115.    Deny each and every allegation contained in Paragraph 115 of the TAC, except admit that Salomon & Co. prepared various documents with respect to Bayrock Camelback LLC and Camelback Development Partner LLC and refer to those documents for the contents thereof, and respectfully refer all questions of law to the Court.

116.    Deny each and every allegation contained in Paragraph 116 of the TAC, except admit that Schwarz participated on behalf of the company in the negotiation of the documents in connection with the additional financing obtained from Capmark by CDP, aver that the law firm

of Perkins Coie participated in the negotiation of the documents on behalf the borrower, refer to those documents for the contents thereof, and respectfully refer all questions of law to the Court.

117. Refer to the complaint and papers filed in the Arizona Action for their contents, without admitting the truth thereof, and otherwise deny each and every allegation contained in Paragraph 117 of the TAC.

118. Deny each and every allegation contained in paragraph 118 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

119. Deny each and every allegation contained in Paragraph 119 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

120. Paragraph 120 of the TAC asserts legal conclusions to which no response is required. To the extent a response is required, deny each and every allegation contained in Paragraph 120 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

D. *Trump SoHo Fraud*

121. Deny each and every allegation contained in Paragraph 121 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 insofar as they only concern any of the other defendants or Plaintiffs, and respectfully refer all questions of law to the Court.

122. Deny each and every allegation contained in Paragraph 122 of the TAC, except admit that Bayrock Group formed Bayrock Spring Street in August 2003 to hold interests in the SoHo project.

123. Deny each and every allegation contained in Paragraph 123 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 insofar as they concern only other defendants or third parties, refer to the transcript of the referenced testimony for the contents thereof, and respectfully refer all questions of law to the Court.

124. Deny each and every allegation contained in Paragraph 124 of the TAC to the extent the allegations are directed against Bayrock and/or Arif, except admit that Sapir Organization transferred money to Bayrock Group or Bayrock Spring Street, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 insofar as they concern only other defendants or third parties, and respectfully refer all questions of law to the Court.

125. Deny each and every allegation contained in Paragraph 125 of the TAC.

126. Deny each and every allegation contained in Paragraph 126 of the TAC,  except admit that the Sapir Organization requested a forensic audit of Bayrock Spring Street.

127. Deny each and every allegation contained in Paragraph 127 of the TAC, except admit that Salomon & Co. prepared various documents in connection with Trump Soho and refer

23

to those documents for the contents thereof, and respectfully refer all questions of law to the Court.

128. Deny each and every allegation contained in Paragraph 128 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

129. Deny each and every allegation contained in Paragraph 129 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

130. Deny each and every allegation contained in Paragraph 130 of the TAC, except admit that Bayrock Spring Street made payments to Fendi Casa to purchase furnishings, material and design services for Trump SoHo, and respectfully refer all questions of law to the Court.

## V.    The Details: The Lender Frauds

131. Deny each and every allegation contained in Paragraph 131 of the TAC, except admit that certain Bayrock entities received financing from financial institutions in connection with real estate investments, and respectfully refer all questions of law to the Court.

132. Admit the allegations of Paragraph 132 of the TAC.

133. Deny each and every allegation contained in Paragraph 133 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the

TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

134.    Deny each and every allegation contained in Paragraph 134 of the TAC, except admit that Salomon & Co. prepared various documents for Bayrock in connection with obtaining financing and refer to those documents for the contents thereof, and respectfully refer all questions of law to the Court.

135.    Deny each and every allegation contained in Paragraph 135 of the TAC, and respectfully refer all questions of law to the Court.

136.    Deny each and every allegation contained in Paragraph 136 of the TAC to the extent that the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations about what "Plaintiff believes," and respectfully refer all questions of law to the Court.

137.    Deny each and every allegation contained in Paragraph 137 of the TAC and respectfully refer all questions of law to the Court.

138.    Deny each and every allegation contained in Paragraph 138 of the TAC and respectfully refer all questions of law to the Court.

**VI.    The Details: The Financial Professional Frauds and Related Violations of the NSPA**

   *A.    The Financial Professional Frauds*

139.    Deny each and every allegation contained in Paragraph 139.

140.    Deny each and every allegation contained in Paragraph 140.

141.    Deny each and every allegation contained in Paragraph 141.

142.    Deny each and every allegation contained in Paragraph 142, except admit that Schwarz in his capacity as Bayrock's General Counsel and Vice President starting in 2005 was involved in the negotiation and/or drafting of agreements between Bayrock Group and Plaintiffs

Kriss and Ejekam and with Woodring, refer to those agreements for the contents thereof, and respectfully refer all questions of law to the Court.

143.    Deny each and every allegation contained in Paragraph 143, aver that Sater's conviction was known to Plaintiff Kriss prior to his employment with Bayrock and did not affect his employment decision, as  Kriss has admitted in sworn testimony, and was a public fact announced in a March 2000 Department of Justice press release, and that Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater, and respectfully refer all questions of law to the Court.

B.    *The Unlawful Conversion and/or Theft of the Finance Professionals'*
    *Membership Interests and Rights in Bayrock Group Investment Entities*

144.    Deny each and every allegation contained in Paragraph 144 of the TAC and respectfully refer all questions of law to the Court.

145.    Deny each and every allegation contained in Paragraph 145 of the TAC, refer to Plaintiffs' and Woodring's respective agreements with Bayrock Group for the contents thereof, aver that Plaintiff Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater, and respectfully refer all questions of law to the Court.

146.    Deny each and every allegation contained in Paragraph 146 of the TAC, refer to Plaintiffs' and Woodring's respective agreements with Bayrock Group for the contents thereof, aver that Plaintiff Kriss as the Chief Financial Officer of Bayrock was aware of and approved all payments made to Sater, and respectfully refer all questions of law to the Court.

147.    Deny each and every allegation contained in paragraph 147 of the TAC, except admit the Kriss was paid a $500,000 bonus in 2007; refer to the loan documentation with the FL Group for the contents thereof; aver that, after an extensive review, the IRS held that the transaction with the FL Group was not a sale of equity interests, as Plaintiffs claim here, but a

loan, and that Plaintiff Kriss was aware and approved of  in the structuring of the FL Group transaction as a loan, refer to Plaintiffs' respective agreements with Bayrock Group for the contents thereof, and respectfully refer all questions of law to the Court.

148.   Deny each and every allegation contained in Paragraph 148 of the TAC to the extent the allegations are directed against Bayrock or Arif, aver that any payments made by Bayrock were legal and proper, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the TAC insofar as they only concern any of the other defendants or others, and respectfully refer all questions of law to the Court.

149.   Deny each and every allegation contained in Paragraph 149 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

150.   Deny each and every allegation contained in Paragraph 150 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the TAC insofar as they only concern any of the other defendants, and respectfully refer all questions of law to the Court.

151.   Deny each and every allegation contained in Paragraph 151 of the TAC, refer to Plaintiffs' and Woodring's respective agreements with Bayrock Group for the contents thereof, and respectfully refer all questions of law to the Court.

152.    Deny each and every allegation contained in Paragraph 152 of the TAC, refer to Bayrock Group's respective agreements with Sater, Kriss and Schwarz for the contents thereof, and respectfully refer all questions of law to the Court.

153.    Deny each and every allegation contained in paragraph 153 of the TAC, refer to the loan documentation with FL Group for the contents thereof, aver that, after an extensive review, the IRS held that the transaction with the FL Group was not a sale of equity interests, as Plaintiffs claim here, but a loan, and that Plaintiff Kriss was aware of and approved of the structuring of the FL Group transaction as a loan, and refer to Plaintiffs' respective agreements with Bayrock Group for the contents thereof.  Further, the allegations in Paragraph 153 contain legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

154.    Refer to the loan documentation with the FL Group for the contents thereof and otherwise deny each and every allegation contained in Paragraph 154 of the TAC, except admit that FL Group transferred funds to Bayrock Group and that Bayrock Group transfeered approximately $1.4 million as a deposit for an investment in Les Ambassador Hotel in Juan Pins, France, and further aver that any transfers of the loan proceeds were appropriate.  Further, the allegations in Paragraph 154 contain legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.

155.    Deny each and every allegation contained in Paragraph 155 of the TAC.

**VII.    The Details: The Fraud Against Plaintiff Jody Kriss**

*A.    The Beginning*

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the TAC.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the TAC.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the TAC.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the TAC.

160.    Deny each and every allegation contained in Paragraph 160 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that in or around Autumn of 2002 Arif inquired about Kriss's ability to assist with a due diligence review in connection with a potential acquisition of a Miami Beach hotel, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the TAC insofar as they only concern any of the other defendants or others.

161.    Deny each and every allegation contained in Paragraph 161 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that on a date in or around December 2002, Kriss, Arif and Satter went on a property tour of a Miami beach hotel and attended several meetings about a potential acquisition of the property, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the TAC insofar as they only concern any of the other defendants.

162.    Deny each and every allegation contained in Paragraph 162 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that Bayrock Group's investment in the Phoenix, Arizona property was managed through Bayrock Camelback, and deny knowledge or information sufficient to form a belief as to the truth of the allegations about communications between Sater and Kriss.

29

B.       *The Initial Bayrock Group/Kriss Agreement*

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the TAC.

164.    Refer to the referenced letter for the contents thereof and otherwise deny the allegations contained in Paragraph 164 of the TAC.

165.    Deny each and every allegation contained in Paragraph 165 of the TAC, except admit that Kriss was hired as Bayrock Group's Director of Finance, that his responsibilities as set forth in his employment agreement were to supervise all of Bayrock's transactions on behalf of and as required by Bayrock, that those responsibilities included (1) analyzing and evaluating new investment  opportunities for Bayrock Group; (2) finding additional sources of capital for Bayrock  Group's investment projects; and (3) overseeing the development process at each of Bayrock Group's Fort Lauderdale, Phoenix and New York City projects, including  obtaining governmental and regulatory approvals, and that Kriss served as Bayrock Group's  Director of Finance through mid-September 2007, when he took a leave of absence from  the company.

166.    Admit the allegations contained in Paragraph 166 of the TAC except deny knowledge of what is meant by the phrase "helped spearhead".

C.       *The 2004 Bayrock Group/Kriss Agreement*

167.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 167 of the TAC.

168.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 168 of the TAC.

169.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 169 of the TAC.

170.    Deny each and every allegation contained in Paragraph 170 of the TAC.

30

D.     *The 2005 Bayrock Group/Kriss Agreement*

171.    Deny each and every allegation contained in Paragraph 171 of the TAC to the extent the allegations are directed against Bayrock or Arif, except admit that Bayrock Group hired Schwarz in 2005 as General Counsel and Executive Vice President, that Schwarz was previously with the law firm of Akerman Senterfitt, that Akerman Senterfitt attorneys (including Plaintiff Kriss's father, Ron Kriss) had represented Bayrock Group in connection with certain transactions, and that Salomon & Co. provided advice to Bayrock in connection with the negotiation of the employment agreement between Schwarz and Bayrock Group; refer to the Schwarz employment agreement for the contents thereof; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the TAC insofar as they only concern any of the other defendants; and refer to the Kriss's and Sater's respective employment agreements with Bayrock Group for their terms.

172.    Deny each and every allegation in Paragraph 172 of the TAC except admit that Kriss's employment agreement was amended and/or restated in 2005.

173.    Refer to the referenced written employment agreements for the contents thereof and otherwise deny the allegations contained in Paragraph 173 of the TAC.

174.    Refer to the referenced written employment agreements for the contents thereof and otherwise deny the allegations contained in Paragraph 174 of the TAC.

175.    Deny each and every allegation contained in Paragraph 175 of the TAC, aver that Sater's conviction was known to Plaintiff Kriss prior to his employment with Bayrock and did not affect his employment decision, as Kriss has admitted in sworn testimony, and was a public fact announced in a March 2000 Department of Justice press release, and that Kriss, as Bayrock's Chief Financial Officer, was aware and approved of all payments made to Sater; and respectfully refer all questions of law to the Court.

176. Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 176 of the TAC, which concern Plaintiff Kriss's purported state of mind, and aver that Bayrock fully complied with the terms of Kriss's employment agreement.

177. Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 177 of the TAC, which concern the purported state of mind of other defendants and are not directed against Bayrock or Arif, and aver that Bayrock fully complied with the terms of Kriss's employment agreement.

178. Deny each and every allegation contained in Paragraph 178 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they concern Plaintiff Kriss's purported state of mind or alternative employment opportunities, and aver that Bayrock fully complied in good faith with the terms of Kriss's employment agreement.

## VIII.    The Details:  The Fraud Against Plaintiff Chu'di Ejekam

179. Deny the allegations contained in Paragraph 179 of the TAC and refer to the alleged 2003 agreement for the contents thereof.

180. Refer to the written agreements between Ejekam and Bayrock Group for the contents thereof, including the services provided by Ejekam, and otherwise deny the allegations contained in Paragraph 180 of the TAC.

181. Deny each and every allegation contained in Paragraph 181 of the TAC.

182. Deny each and every allegation contained in Paragraph 182 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they concern Plaintiff

Ejekam's state of mind, and aver that Bayrock fully complied in good faith with the terms of any agreements with Ejekam.

183.    Deny each and every allegation contained in Paragraph 183 of the TAC, except admit that in 2005 Ejekam procured Gmul, an Israeli investment firm, as a source of capital for the acquisition and development of the property located at 151-46 Sixth Road in Whitestone, Queens, New York, and that Ejekam received a payment of $74,000 for these services, and that Bayrock Group and Ejekam entered into a written agreement relating to the services he provided, and refer to that agreement for the contents thereof.

184.    Deny each and every allegation contained in Paragraph 184 of the TAC, except admit that in 2005 Ejekam identified to Bayrock Group a potential acquisition of the property located at 246 Spring Street, New York, New York, that Bayrock, the Trump Organization and the Sapir Organization participated jointly in a venture to acquire and develop the property into what would become Trump Soho, and that Bayrock Group and Ejekam entered into a written agreement relating to the services he provided, and refer to that agreement for the contents thereof.

185.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 185 of the TAC.

186.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 186 of the TAC.

187.    Refer to the referenced written agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 187 of the TAC.

188.    Deny each and every allegation contained in Paragraph 188 ot the TAC.

33

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the TAC, which concern Plaintiff Ejekam's purported state of mind, and aver that Bayrock fully complied with the terms of the agreements with Ejekam.

190.    Deny each and every allegation contained in Paragraph 190 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the TAC insofar as they only concern any of the other defendants.

IX.    The Details: The Fraud Against Non-Party Beau Woodring

191.    Refer to the referenced agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 191 of the TAC.

192.    Refer to the referenced agreement for the contents thereof and otherwise deny the allegations contained in Paragraph 192 of the TAC.

193.    Deny each and every allegation contained in Paragraph 193 of the TAC.

194.    Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 194 of the TAC, which concern a third party's purported state of mind, and aver that Bayrock fully complied with the terms of the agreement with Woodring.

195.    Admit that in 2005 Bayrock and Woodring entered into a separation agreement, refer to that agreement for the contents thereof and otherwise deny the allegations of Paragraph 195 of the TAC.

196.    Refer to the referenced written agreement for the contents thereof, otherwise deny the allegations contained in Paragraph 196 of the TAC, and respectfully refer all questions of law to the Court.

197.    Deny each and every allegation contained in Paragraph 197.

198.    Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 198 of the TAC, which concern a third party's purported state of mind, and aver that Bayrock fully complied with the terms of the agreement with Woodring.

199.    Deny each and every allegation contained in Paragraph 199 of the TAC to the extent the allegations are directed against Bayrock or Arif, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the TAC insofar as they only concern any of the other defendants, and refer to the referenced agreement for the contents thereof.

X.    **The Details: Culmination of the Finance Professional Frauds and the Related  Theft and/or Unlawful Conversion of Plaintiffs' Membership Interests and   Distributions**

A.    **The FL Group Seeks to Invest $50 Million in Bayrock Group Investments  In Return for a Major Share of Projected Profits Exceeding $200 Million**

200.    Admit that in or around Autumn 2006, Bayrock entered into discussions with the FL Group, an Icelandic investment company, and deny knowledge or information to form a belief as to the remaining allegations contained in Paragraph 200 of the TAC.

201.    Deny each and every allegation contained in Paragraph 201 of the TAC, except admit that in January 2007 Bayrock Group made a presentation to FL Group, and refer to any written materials in connection with the presentation for the contents thereof.

202.    Deny each and every allegation contained in Paragraph 202 of the TAC, except admit that there were communications between Bayrock Group and FL Group about a potential transaction in early 2007, and refer to any written communications between Bayrock Group and FL Group for the contents thereof.

203.    Deny each and every allegation contained in Paragraph 203 of the TAC to the extent it is directed against Bayrock and Arif, and deny knowledge or information sufficient to

35

form a belief as to the truth of the allegations contained in Paragraph 203 of the TAC insofar as they only concern any of the other defendants or third parties.

      B.     *The Finance Professionals' Membership Interests/Profit Participation Rights Pose an Obstacle to the FL Group Investment*

204.    Deny each and every allegation contained in Paragraph 204 of the TAC.

205.    Paragraph 205 of the TAC contains legal conclusions to which no response is required, and Bayrock and Arif respectfully refer all questions of law to the Court.  To the extent a response is required, deny each and every allegation contained in Paragraph 205 of the TAC.

206.    Deny each and every allegation contained in Paragraph 206 of the TAC to the extent it is directed against Bayrock and Arif, except admit that Bayrock and Arif were aware of the terms of the terms of the agreements with Kriss, Ejekam and Woodring and that Bayrock and Arif did not seek to purchase any alleged membership interests from Plaintiffs or any third party, refer to the those agreements for the contents thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the TAC insofar as they only concern any of the other defendants or third parties.

207.    Deny the allegations contained in Paragraph 207 of the TAC and aver  that Plaintiff Kriss approved the FL Group loan transaction and that no third party consents in connection with the transaction were sought or required.

      C.     *The Role Played by Defendants in the FL Group Investment*

208.    Deny each and every allegation contained in Paragraph 208 of the TAC, except admit that Arif executed documents effecting the FL Group loan transaction, that Sater and Plaintiff Kriss participated in negotiations with FL Group, and that that Schwarz, together with Bayrock's external counsel Duval and Stachenfeld and Roberts and Holland, participated in the review, drafting and editing of documents used in the FL Group loan transaction.

36

209.    Deny each and every allegation contained in Paragraph 209 of the TAC to the extent that it is directed against Bayrock or Arif, except admit that Bayrock and Arif were aware of the terms of the agreements with Kriss, Ejekam and Woodring, refer to those agreements for the contents thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the TAC insofar as they only concern any of the other defendants.

210.    Deny each and every allegation contained in Paragraph 210 of the TAC, except deny knowledge or information about the allegation in Paragraph 210 of the TAC as to the knowledge of other defendants.

211.    Deny each and every allegation contained in Paragraph 211 of the TAC, except admit that Pisem and Roberts & Holland represented and advised Bayrock in connection with the FL Group loan transaction and had communications with counsel representing FL Group and that they did not "demand[] that any pre-transaction transfer of membership interests from Plaintiffs and/or Woodring to Bayrock Group," and deny knowledge or information about the allegation in Paragraph 11 of the TAC as to the knowledge of other defendants.

D.    *The FL Group Investment Closes*

212.    Deny each and every allegation contained in Paragraph 212 of the TAC, except admit that in May 2007, Bayrock and FL Group entered into a Loan Agreement, refer to that agreement for the contents thereof, and deny knowledge or information about the purported press release that is partially quoted in Paragraph 212 of the TAC and refer to said press release for the contents thereof.

213.    Deny knowledge or information sufficient to form a belief about the allegation contained in Paragraph 213 of the TAC.

37

214. Deny each and every allegation contained in Paragraph 214 of the TAC, except admit that the FL Group loan transaction closed in May 2007, refer to the transaction documents for the content thereof, and aver that the transfer of the loan proceeds to Bayrock Group was proper, and respectfully refer all questions of law to the Court.

215. Deny each and every allegation contained in paragraph 215 of the TAC, aver that, after an extensive review, the IRS held that the transaction with the FL Group was not a sale of interests, as Plaintiffs claim here, but a loan, and that Plaintiff Kriss was aware and approved of the structuring of the FL Group transaction as a loan, and respectfully refer all questions of law to the Court.

216. Deny each and every allegation contained in Paragraph 216 of the TAC, except admit that FL Group transferred approximately $42.7 million of the loan proceeds to a U.S. bank account in the name of Bayrock Group upon the closing of the FL Group loan transaction, and aver that approximately $7.2 million was transferred directly to a creditor of Bayrock Group to repay an outstanding loan.

217. Deny each and every allegation contained in Paragraph 217 of the TAC to the extent the allegations are directed against Bayrock or Arif, and aver that any distributions of the loan proceeds were lawful and proper.

218. Deny each and every allegation contained in paragraph 218 of the TAC, except admit that Bayrock Group paid Lauria's company a fee of $1.5 million in connection with the FL Group loan transaction, that Sater had initially requested that Lauria be paid a fee of $2.5 million, and that Schwarz objected to this, and aver that Arif made the decision on the amount of the fee.

219. Deny each and every allegation contained in Paragraph 219 of the TAC, except admit that Salomon & Co. received  compensation for its work on the FL Group loan transaction.

220.    Deny each and every allegation contained in Paragraph 220 of the TAC.

E.    *Kriss Seeks Distributions Owed Him under the 2005 Kriss Agreement;  Satter Threatens Kriss with Serious Bodily Harm*

221.    Admit the allegation in Paragraph 221 of the TAC that Kriss sought and received a $500,000 bonus, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 221 of the TAC, including as to the referenced communications between Kriss and his attorney.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the TAC, except admit that Bayrock has not paid distributions to Kriss, and aver that no such distributions are owed.

223.    Deny knowledge or information suficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the TAC.

224.    Admit the allegation contained in Paragraph 224 that Kriss has not performed any services on Bayrock Group's behalf since mid-September 2007, and aver that Kriss took a leave of absence between September 16, 2007 and April 30, 2008, was placed back on Bayrock Group's payroll on May 1, 2008 and terminated on June 11, 2008.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 225 of the TAC.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 226 of the TAC.

227.    Admit the allegation contained in Paragraph 227 of the TAC and state that no distribution is owed to Kriss.

228.    Admit the allegation contained in Paragraph 228 of the TAC and state that no distribution is owed to Ejekam.

39

229. Admit the allegation contained in Paragraph 229 of the TAC and state that no distribution is owed to Woodring.

230. Deny knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 230 of the TAC.

   A.   *The FL Group Investment and Subsequent Money Transfers Constitute  NSPA Violations, RICO Predicate Acts*

231. Deny each and every allegation contained in Paragraph 231 of the TAC and respectfully refer all questions of law to the Court.

232. Deny each and every allegation contained in Paragraph 232 of the TAC and respectfully refer all questions of law to the Court.

233. Paragraph 233 of the TAC contains legal conclusions to which no response is required.  To the extent any response is required, deny each and every allegation contained in Paragraph 233 of the TAC.

234. Paragraph 234 of the TAC contains legal conclusions to which no response is required.  To the extent any response is required, deny each and every allegation contained in Paragraph 234 of the TAC.

235. Paragraph 235 of the TAC contains legal conclusions to which no response is required.  To the extent any response is required, deny each and every allegation contained in Paragraph 235 of the TAC, except admit that portions of the loan proceeds were distributed, transferred or paid from Bayrock Group's account in New York, including as a broker fee in connection with the FL Group loan transaction and in connection with the purchase or attempted purchase of the Hotel Ambassadeur in Juan les Pins, France and the Hotel du Parc in Montreaux, Switzerland.

236.    Paragraph 236 of the TAC contains legal conclusions to which no response is required.  To the extent any response is required, deny each and every allegation contained in Paragraph 236 of the TAC.

## XI.    Arif and Satter's Continued Involvement in Criminal and Fraudulent Acts

237.    Deny each and every allegation contained in Paragraph 237 of the TAC, except admit only that all charges against Arif stemming from his arrest in Turkey were dropped, which charges were baseless and are wholly irrelevant to this lawsuit and pleaded by Plaintiffs only to harass and embarrass Arif.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contain in Paragraph 238 of the TAC.

## COUNT ONE
### (RICO, 18 U.S.C. §1962(c) Plaintiff Kriss Against All Defendants Except Bayrock Group LLC)

239.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-238 of the TAC as if fully set forth herein.

240.    Paragraph 240 of the TAC is a legal conclusion to which no response is required.

241.    Paragraph 241 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 241 of the TAC, except admit that Bayrock has been engaged in real estate finance and development since 2003 and has developed projects in different U.S. states, that Schwarz was an employee of Bayrock Group, and that Salomon & Co. and Roberts & Holland were retained by Bayrock Group as accountants or  attorneys, and respectfully refer all questions of law to the Court.

242.    Paragraph 242 of the TAC contains legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.  To the extent a

response is required, deny each and every allegation contained in Paragraph 242 of the TAC, except admit that Bayrock has engaged in real estate investments that are not at issue in Plaintiffs' claims, and respectfully refer all questions of law to the Court.

243.   Paragraph 243 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 243 of the TAC, and respectfully refer all questions of law to the Court.

244.   Paragraph 244 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 244 of the TAC, and respectfully refer all questions of law to the Court.

245.   Paragraph 245 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 245 of the TAC, and respectfully refer all questions of law to the Court.

246.   Paragraph 246 of the TAC contains legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.  To the extent a response is required, deny each and every allegation contained in Paragraph 246 of the TAC, and respectfully refer all questions of law to the Court.

247.   Paragraph 247 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 247 of the TAC to the extent the allegations are directed against Bayrock or Arif, and deny knowledge or information sufficient form a belief as to the truth of the allegations contained in Paragraph 249 insofar as they concern only other defendants or others.

248.    Paragraph 248 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 248 of the TAC to the extent the allegations are directed against Bayrock or Arif.

249.    Paragraph 249 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 249 of the TAC to the extent the allegations are directed against Bayrock or Arif.

### COUNT TWO
### (RICO, 18 U.S.C. §1962(c) Plaintiff Ejekam Against All Defendants Except Bayrock Group, Ocean Club, Merrimac & Camelback)

250.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-249 of the TAC as if fully set forth herein.

251.    251 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 251 of the TAC.

### COUNT THREE
### (RICO CONSPIRACY, 18 U.S.C. §1962(d), Plaintiff Kriss Against All Defendants Except Bayrock Group)

252.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-251 of the TAC as if fully set forth herein.

253.    Paragraph 253 of the TAC contains legal conclusions to which no response is required; Bayrock and Arif respectfully refer all questions of law to the Court.   To the extent a response is required, deny each and every allegation contained in Paragraph 253 of the TAC.

254.    Paragraph 254 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 254 of the TAC.

43

255.   Paragraph 255 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 255 of the TAC.

## COUNT FOUR
### (RICO CONSPIRACY, 18 U.S.C. §1962(d), Plaintiff Ejekam Against All Defendants Except Bayrock Group, Ocean Club, Merrimac and Camelback)

256.   Arif repeats and realleges his responses to Paragraphs 1-255 of the TAC as if fully set forth herein.  Count Four is not asserted against, or has been dismissed with respect to, Bayrock, and therefore no response by Bayrock to Paragraph 256 of the TAC is required.

## COUNT FIVE
### (Fraudulent Inducement, Plaintiff Kriss Against Defendants Bayrock Group, Arif, Satter, Ocean Club, Merrimac, Camelback, Whitestone & Spring Street)

257.   Bayrock and Arif repeat and reallege their responses to Paragraphs 1-256 of the TAC as if fully set forth herein.

258.   Paragraph 258 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 258 of the TAC.

259.   Paragraph 259 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 259 of the TAC.

## COUNT SIX
### (Fraudulent Inducement, Plaintiff Ejekam Against Defendants Bayrock Group, Arif, Satter, Whitestone & Spring Street)

260.   Bayrock and Arif repeat and reallege their responses to Paragraphs 1-259 of the TAC as if fully set forth herein.

44

261.    Paragraph 261 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 261 of the TAC.

262.    Paragraph 262 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 262 of the TAC.

## COUNT SEVEN
### (Breach of Contract, Plaintiff Kriss Against Defendants Bayrock Group, Arif, Satter, Ocean Club, Merrimac, Camelback, Whitestone & Spring Street)

263.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-262 of the TAC as if fully set forth herein.

264.    Paragraph 264 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 264 of the TAC.

265.    Paragraph 265 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 265 of the TAC.

266.    Paragraph 266 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 266 of the TAC.

## COUNT EIGHT
### (Breach of Contract, Plaintiff Ejekam Against Defendants Bayrock Group, Arif, Satter, Whitestone & Spring Street)

267.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-266 of the TAC as if fully set forth herein.

45

268.   Paragraph 268 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 268 of the TAC.

269.   Paragraph 269 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 269 of the TAC.

270.   Paragraph 270 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 270 of the TAC.

## COUNT NINE
### (Tortious Interference with Contract, Plaintiff Kriss Against Defendants Arif, Satter, Schwarz, Salomon, Weinreich, Dogan, Pisem, Salomon & Co. and Roberts & Holland)

271.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 271 of the TAC is required.

272.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 272 of the TAC is required.

273.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 273 of the TAC is required.

274.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 274 of the TAC is required.

275.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 275 of the TAC is required.

276.   Count Nine of the TAC has been dismissed, and therefore no response to Paragraph 276 of the TAC is required.

277.    Count Nine of the TAC has been dismissed, and therefore no response to

Paragraph 277 of the TAC is required.

278.    Count Nine of the TAC has been dismissed, and therefore no response to

Paragraph 278 of the TAC is required.

279.    Count Nine of the TAC has been dismissed, and therefore no response to

Paragraph 279 of the TAC is required.

## COUNT TEN
### (Tortious Interference with Contract, Plaintiff Ejekam Against Defendants Arif, Satter, Schwarz, Salomon, Weinreich, Dogan, Pisem, Salomon & Co. and Roberts & Holland)

280.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

280 of the TAC is required.

281.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

281 of the TAC is required.

282.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

282 of the TAC is required.

283.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

283 of the TAC is required.

284.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

284 of the TAC is required.

285.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

285 of the TAC is required.

286.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph

286 of the TAC is required.

287.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph 287 of the TAC is required.

288.    Count Ten of the TAC has been dismissed, and therefore no response to Paragraph 288 of the TAC is required.

## COUNT ELEVEN
### (Conversion Against All DEFENDANTS)

289.    Count Eleven of the TAC has been dismissed, and therefore no response to Paragraph 289 of the TAC is required.

290.    Count Eleven of the TAC has been dismissed, and therefore no response to Paragraph 290 of the TAC is required.

291.    Count Eleven of the TAC has been dismissed, and therefore no response to Paragraph 291 of the TAC is required.

## COUNT TWELVE
### (Aiding & Abetting Conversion against Defendants Lauria, Salomon, Weinreich, Dogan, Pisem, Salomon & Co. and Roberts & Holland)

292.    Count Twelve of the TAC was not asserted against Bayrock or Arif and has been dismissed, and therefore no response to Paragraph 292 of the TAC is required.

293.    Count Twelve of the TAC was not asserted against Bayrock or Arif and has been dismissed, and therefore no response to Paragraph 293 of the TAC is required.

294.    Count Twelve of the TAC was not asserted against Bayrock or Arif and has been dismissed, and therefore no response to Paragraph 294 of the TAC is required.

295.    Count Twelve of the TAC was not asserted against Bayrock or Arif and has been dismissed, and therefore no response to Paragraph 295 of the TAC is required.

## COUNT THIRTEEN
### (Breach of Fiduciary Duties Against
### Defendants Arif, Satter, Schwarz, Bayrock Group)

296.    Bayrock and Arif repeat and reallege their responses to Paragraphs 1-295 of the TAC as if fully set forth herein.

297.    Paragraph 297 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 297 of the TAC, except admit that Arif is a member of Bayrock Group and that Bayrock Group is a member of Bayrock Ocean Club, Bayrock Merrimac, Bayrock Camelback, Bayrock Whitestone and Bayrock Spring Street, refer to the respective operating agreements of the referenced companies for the contents thereof, and respectfully refer all questions of law to the Court.

298.    Paragraph 298 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, admit that Bayrock Group has at all times relevant to this litigation been the manager or managing member of Bayrock Ocean Club, Bayrock Merrimac, Bayrock Camelback, Bayrock Whitestone and Bayrock Spring Street, and refer to the respective operating agreements of the referenced companies for the contents thereof.

299.    Paragraph 299 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 299 of the TAC.

300.    Paragraph 300 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 300 of the TAC.

301.    Paragraph 301 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 301 of the TAC.

302.    Paragraph 302 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 302 of the TAC.

## COUNT FOURTEEN
### (Aiding & Abetting Breach of Fiduciary Duties Against Defendants Arif, Satter, Schwarz, Salomon, Weinreich, Dogan, Pisem, Salomon & Co. and Roberts & Holland)

303.    Paragraph 303 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 303 of the TAC.

304.    Paragraph 304 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 304 of the TAC.

## COUNT FIFTEEN
### (Alter Ego/Corporate Veil Piercing Against Defendants Arif, Satter & Schwarz)

305.    Paragraph 305 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 305 of the TAC, except admit that Arif owns the majority of the membership units of Bayrock Group.

306.    Paragraph 306 of the TAC contains legal conclusions to which no response is required.  To the extent a response is required, deny each and every allegation contained in Paragraph 306 of the TAC.

307. Paragraph 307 of the TAC contains legal conclusions to which no response is required. To the extent a response is required, deny each and every allegation contained in Paragraph 307 of the TAC.

308. Paragraph 308 of the TAC contains legal conclusions to which no response is required. To the extent a response is required, deny each and every allegation contained in Paragraph 308 of the TAC.

309. Paragraph 309 of the TAC contains legal conclusions to which no response is required. To the extent a response is required, deny each and every allegation contained in Paragraph 309 of the TAC.

310. Paragraph 310 of the TAC contains legal conclusions to which no response is required. To the extent a response is required, deny each and every allegation contained in Paragraph 310 of the TAC.

**COUNT SIXTEEN**
**(Unjust Enrichment against All DEFENDANTS)**

311. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 311 of the TAC is required.

312. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 312 of the TAC is required.

313. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 313 of the TAC is required.

314. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 314 of the TAC is required.

315. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 315 of the TAC is required.

316. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 316 of the TAC is required.

317. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 317 of the TAC is required.

318. Count Sixteen of the TAC has been dismissed, and therefore no response to Paragraph 318 of the TAC is required.

### AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to Plaintiffs' claims, Defendants Bayrock and Arif do not accept that the assertion of such defenses imposes any burden of proof on them with respect thereto:

### FIRST AFFIRMATIVE DEFENSE

The TAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing or legal capacity to bring some or all of the claims asserted in the TAC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' have failed to plead RICO and other fraud-based claims with the particularity required under Federal Rule of Civil Procedure 9(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations, the statute of repose and/or the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the faithless servant doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, in whole or in part, by Plaintiffs' consent to and approval of all of the acts about which Plaintiffs now complain.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines waiver, equitable estoppel, acquiescence and/or ratification.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, are subject to mandatory arbitration.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages alleged by Plaintiff were not proximately caused by any act or omission or breach of any duty or obligation by Bayrock or Arif.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages alleged by Plaintiffs were proximately caused, in whole or in part, by the negligence or otherwise culpable conduct of Plaintiffs and/or parties other than Bayrock and

53

Arif. Any recovery by Plaintiff from Bayrock and Arif must be reduced in proportion to the negligence or other culpable conduct of Plaintiffs and such other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are speculative, uncertain and contingent, and, thus, are not recoverable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are due to intervening and/or superseding causes, including but not limited to the real estate/financial meltdown that began in 2007.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred completely or in part by settlement, payment and release, and defendants are entitled to a set-off.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud-based claims are legally deficient because Plaintiffs cannot establish that defendants had a duty to disclose and/or failed to disclose to Plaintiffs any information or facts that they did not in fact disclose.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted and/or barred, in whole or in part, by Section 107 of the Private Securities Litigation Reform Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Recovery of some or all of the damages sought by Plaintiff would violate public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

54

Plaintiffs' claims for punitive damages are barred as a matter of law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

With respect to certain of the transactions alleged in the TAC, defendants relied upon

advice of their counsel and/or accountants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve their right to add such other and additional affirmative defenses as

may be applicable based on the facts learned in the course of discovery, trial preparation, or

otherwise.

WHEREFORE, defendants Bayrock and Arif respectfully request that this Court:

i.       Enter judgment on defendants' behalf on every count in Plaintiffs' Third Amended Complaint that is asserted against Bayrock and Arif;

ii.       Dismiss the Third Amended Complaint with prejudice;

iii.       Award defendants' Bayrock and Arif their costs and their attorney fees; and

iv.       Grant defendants Bayrock and Arif such other and further relief as the court deems fair and equitable.

## COUNTERCLAIMS OF DEFENDANT BAYROCK GROUP LLC AGAINST PLAINTIFF JODY KRISS

Defendant and Counterclaim-Plaintiff Bayrock Group L.L.C., by and through its

undersigned counsel, hereby counterclaims against Plaintiff and Counterclaim-Defendant Jody

Kriss ("Kriss"), and for its counterclaims, alleges and prays as follows:

## PARTIES

1.       Bayrock Group L.L.C. ("Bayrock Group") is a limited liability company

organized under the laws of the State of New York and formed on or about July 17, 2001.

2.       On information and belief, Plaintiff Jody Kriss ("Kriss") is an individual residing

in New York.

## BACKGROUND

3.      Kriss was an employee of Bayrock Group from 2003 until June 11, 2008.

4.      On or about November 10, 2005, Kriss and Bayrock Group entered into an Employment Agreement, which has an effective date of February 1, 2003 (the "Kriss Employment Agreement").

5.      In the Employment Agreement, Kriss acknowledged that in the course of his employment he would have access to "Confidential Information" of Bayrock Group.   The agreement defined "Confidential Information" to include, without limitation:  "costs, profits, marketing strategies, sales information, products, operational methods and solicitation strategies. plans for future development, client identification and specifications, project specifications and agreements, and any other business information which is not available to the public and provided to [Kriss] solely in connection with his duties hereunder."

6.      In the Employment Agreement, Kriss further agreed that he "will not use the Confidential Information for his own benefit or for the benefit of any party other than [Bayrock Group], or intentionally disclose the Confidential Information to any person or entity outside of the Company either during or after the term of this Agreement or any subsequent term".

7.       Kriss further agreed in the Employment Agreement that he "will deliver promptly to [Bayrock Group] (and erase from memory on his/her computer or any other electronic memory device) upon termination of employment or at any other time [Bayrock Group] may so request, all names, addresses, phone number, memoranda, notes, records, reports, policy information and other documents (and all copies thereof) in any form whatsoever (including information contained in computer memory or on any computer disks) relating to the Company's business, including without limitation the Confidential Information, which Executive obtained

56

while employed by, or otherwise serving or acting on behalf of, [Bayrock Group] and which [Kriss] may then possess or have under his/her control."

8.      Effective as of September 15, 2007, Kriss was on an upaid leave of absence.

9.      On April 30, 2008, Kriss voluntarily terminated his leave of absence.  He returned to the office for a couple of days in May of 2008.  During that time, upon information and belief, Kriss accessed the e-mail account of the company's general counsel, Julius Schwarz, without authorization, and transferred e-mails to himself and/or made copies of emails, including information that is attorney-client privileged.   Kriss also, upon information and belief, deleted or destroyed all work-related emails and documents from Kriss's own e-mail account and computer.  Further, on information and belief, Kriss tape-recorded a meeting between himself, Schwarz and the company's chairman, Tevfik Arif.   The aforesaid actions by Kriss, upon information and belief, were all undertaken in contemplation of litigation against Bayrock Group, which Kriss commenced in the Delaware later in 2008.

10.     On June 11, 2008, Bayrock Group terminated Kriss for cause and in accordance with the terms to the Employment Agreement.

11.     After his termination, Kriss failed to return to Bayrock Group records and documents relating to the company's business.

12.     Kriss's suit in Delaware state court was dismissed in early 2010 based on a ruling that his claims were subject to mandatory arbitration pursuant to the terms of Kriss's Employment Agreement.

13.     Rather than arbitrate as directed by the Delaware court, Kriss sought out Joshua Bernstein, who was terminated by Bayrock in September 2008.  Prior to his termination, Bernstein had spyware installed on the Bayrock computer system. Through this spyware and

57

other access to Bayrock's electronic files, Bernstein copied from Bayrock's server onto a separate hard drive thousands of Bayrock's privileged and/or confidential documents that Bernstein retained after his termination.  Bernstein's cache of what now is known to be around 175,000 documents apparently included the entire e-mail boxes of Bayrock's general counsel, and Felix Sater.  These contained privileged and highly sensitive, confidential and proprietary information of Bayrock and its employees.

14.    Kriss obtained copies of these documents through his then-attorney, Frederick Oberlander.  On the night of February 28, 2010, and into the early morning of March 1, Oberlander visited Bernstein's apartment and spent several hours running searches for documents.  Among the searches that Bernstein expressly recalled Oberlander making were: "Roberts & Holland", "Duval & Stachenfeld" and "Nixon Peabody" – all outside law firms that represented Bayrock.  Oberlander was specifically searching for Bayrock's attorney-client privileged communications.

15.    Kriss and his co-Plaintiff Michael Ejekam used both the information that Kriss stole from Bayrock Group prior to his termination and the stolen information Kriss received from Bernstein, including Bayrock Group's attorney-client communications and other Confidential Infortmation, to prepare the original complaint commencing this action in May 2010, and Plaintiffs' first amended complaint.

16.    Over the next five years, as the Court has found, Kriss and his attorneys "repeatedly and vexatiously defied the Court's orders" seeking to determine the source of the stolen  information used in the complaints, leading to the impostion of sanctions on Plaintiffs in March 2015.  Throughout this time, Kriss refused Bayrock Group's demands that Kriss return the stolen Bayrock documents to Bayrock Group.

58

## COUNT ONE
## <u>BREACH OF EMPLOYMENT AGREEMENT</u>

17.     The allegations contained in the paragraphs above are incorporated as if fully restated and repeated herein.

18.     Kriss's Employment Agreement with Bayrock Group prohibits him from using for his own benefit or from disclosing the Confidential Information of Bayrock Group.

19.     Kriss's Employment Agreement further required Kriss, upon his termination or at any other time upon Bayrock Group's request, to promptly deliver to Bayrock any documents in his possession relating to Bayrock's business, including Confidential Information, and to destroy any copies thereof.

20.     Kriss breached these provisions of his Employment Agreement by failing to return to Bayrock Group documents within his possession at the time of his termination, including documents Kriss obtained by accessing without authorization the e-mail account of Bayrock Group's general counsel.

21.     Kriss further breached these provisions of his Employment Agreement by disclosing in his original and first amended complaints this stolen and improperly-retained information.

22.      Kriss further breached these provisions of his Employment Agreement by disclosing in his original and first amended complaints the stolen information that Kriss obtained through his then-attorney from Bernstein, which included Bayrock Group's attorney-client communications and other Confidential Information.

23.     Kriss further breached these provisions of his Employment Agreement by refusing Bayrock's demands that Kriss return to Bayrock Group the documents and

communications stolen from Bayrock that were referenced or quoted in Kriss's original and first amended complaints.

24.    As a result of Kriss's breaches of his Employment Agreement, Bayrock Group has been injured in an amount to be determined at trial.

## COUNT TWO
## CONVERSION

25.    The allegations contained in the paragraphs above are incorporated as if fully restated and repeated herein.

26.    Kriss's acts, as alleged above, were intended to and, in fact, did unlawfully take possession of property belonging to Bayrock Group and caused others to take property belonging to Bayrock Group and has destroyed and/or failed such property to Bayrock Group.

27.    As a result of Kriss's acts, Bayrock Group has been injured in an amount to be determined at trial.

WHEREFORE, Defendant and Counterclaim-Plaintiff Plaintiff Bayrock Group demands judgment against Plaintiff and Counterclaim-Defendant Jody Kriss:

A.    Awarding possession to Bayrock Group of all documents, whether in paper or electronic form, relating to the Bayrock Group's business, and directing Kriss and his current and former agents and attorneys to deliver such documents (and all copies thereof), including any devices on which such documents reside, to Bayrock Group;

B.    Actual damages in an amount to be determined at trial;

C.    Statutory damages;

D.    Punitive damages;

E.    Reasonable attorneys' fees and costs; and

60

F.   Such other and further relief as the court deems just and proper.

Dated:  January 6, 2017
         New York, New York


                                       SATTERLEE STEPHENS LLP


                                       By:    *s/ Walter A. Saurack*
                                                Walter A. Saurack
                                       230 Park Avenue, 11th Floor
                                       New York, NY 10169
                                       (212) 818-9200
                                       Attorneys for Bayrock Group LLC, Bayrock Ocean Club
                                       LLC, Bayrock Merrimac LLC, Bayrock Camelback LLC,
                                       Bayrock Whitestone LLC and Bayrock Spring Street LLC