```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
                                          ELECTRONICALLY FILED
------------------------------------- X   DOC #:_____
                                    :     DATE FILED: 5/8/17
JODY KRISS, et al.,                 :
                        Plaintiffs, :
                                    :     10 Civ. 3959 (LGS) (DCF)
            -against-               :
                                    :     OPINION AND ORDER
BAYROCK GROUP LLC, et al.,          :
                        Defendants. :
------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Jody Kriss and Michael Chu'di Ejekam commenced this action asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), and various state laws. The Court previously dismissed some claims and one defendant in an Order and Opinion dated December 2, 2016 (the "Opinion"), *Kriss v. Bayrock Group LLC*, No. 10 Civ. 3959, 2016 WL 7046816 (S.D.N.Y. Dec. 2, 2016). Defendants Felix Satter; Alex Salomon, Jerry Weinreich and Salomon & Co., P.C. (collectively, the "Salomon Defendants"); Elliot Pisem and Roberts & Holland LLP (collectively, the "R&H Defendants"); and Mel Dogan timely move for reconsideration of the Opinion's denial in part of their motion to dismiss the Third Amended Complaint ("TAC"). For the following reasons, the R&H Defendants' and Dogan's motions are granted, and Satter's and the Salomon Defendants' motions are denied.

Familiarity with the Opinion, the underlying facts and procedural history is assumed.

## I. LEGAL STANDARD

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* at 52 (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II. DISCUSSION

As explained below, Satter's and the Salomon Defendants' motions are denied, and the R&H Defendants' and Dogan's motions are granted.

### A. RICO

Satter moves for reconsideration of the order to sustain the RICO claims against him. Satter argues that the Opinion erred in concluding that (1) the TAC adequately alleges violations of the National Stolen Property Act, 18 U.S.C. §§ 2314, 2315 ("NSPA"), as RICO predicate acts and (2) Defendants had a duty to disclose three categories of information under the "special facts doctrine."

#### 1. NSPA Violations

Satter's motion is denied to the extent it seeks reconsideration of the Opinion's conclusion that the TAC adequately alleges NSPA violations as predicate acts.

First, Satter argues that Plaintiffs' alleged membership interests in various Bayrock Entities are not "securities" within the meaning of the NSPA. Defendants raised this argument in

2

their motion to dismiss, but in a single sentence in a footnote with no citations to case law. That alone is reason to deny reconsideration, because a motion for reconsideration is not a vehicle to "plug the gaps of a lost motion." *Almazo v. M.A. Angeliades, Inc.*, No. 11 Civ. 1717, 2016 WL 5719748, at *3 (S.D.N.Y. Sept. 29, 2016).

Satter nonetheless argues that reconsideration is warranted "to correct clear error and prevent manifest injustice." Satter does not meet that standard because, whether or not his reading of the NSPA is correct, it would not change the outcome of the motion to dismiss. The TAC alleges multiple instances of mail or wire fraud as RICO predicate acts, and only two predicate acts are necessary to state a RICO claim. *See* 18 U.S.C. § 1961(5); *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 405 (S.D.N.Y. 2013) (predicate acts requirement satisfied based on several instances of alleged mail or wire fraud). Also, because the TAC pleads both mail or wire fraud and NSPA violations for most of the alleged wrongdoing, dismissing the predicate acts based on NSPA violations would not narrow the scope of the case. Satter's motion to reconsider based on the definition of "securities" is therefore denied, but he may raise this issue on summary judgment.

Second, Satter argues that Plaintiffs' alleged membership interests could not be "stolen" or "converted" within the meaning of the NSPA because their disposition was governed by contract. To the extent Satter argues that Plaintiffs' membership interests had not vested, the Opinion addressed that argument and explained that it involves factual determinations that do not go to the sufficiency of the pleadings at issue on a motion to dismiss. *Kriss*, 2016 WL 7046816, at *14. Satter's alternative argument that Plaintiffs did not have a "present possessory interest" in the membership interests is not persuasive. The cases Satter relies on for this argument involved claims for conversion. *See Orchid Constr. Corp. v. Gonzalez*, 932 N.Y.S.2d 125, 127

(2d Dep't 2011); *Onanuga v. Pfizer, Inc.*, No. 03 Civ. 5405, 2003 WL 22670842, at *4 (S.D.N.Y. Nov. 7, 2003). Under New York law, "[i]ntangible property, such as ownership interests, generally cannot be converted unless a physical or electronic record of the intangible property, such as a stock certificate, is converted." *Kriss*, 2016 WL 7046816, at *22 (citing *Thyroff v. Nationwide Mut. Ins. Co.*, 864 N.E.2d 1272, 1275–78 (N.Y. 2007)). The Opinion recognized that requirement and dismissed Plaintiffs' conversion claims. *Id.* The NSPA, however, applies not only to property that has been "unlawfully converted" but also to property that was "stolen" or "taken." 18 U.S.C. §§ 2314, 2315. These concepts are not limited to the taking of tangible property. *See, e.g.*, *People v. Barden*, 983 N.Y.S.2d 534, 547–48 (1st Dep't 2014) (affirming conviction for possession of stolen property where the property that was stolen was a credit card number, not a physical credit card), *rev'd on other grounds*, 55 N.E.3d 1053 (N.Y. 2016). Accordingly, Satter's motion to reconsider is denied insofar as it concerns the Opinion's conclusion that the TAC adequately alleges NSPA violations as predicate acts.

### 2. Special Facts Doctrine

Satter's motion also is denied to the extent it seeks reconsideration of the Opinion's conclusion that Defendants had a duty to disclose the categories of information referred to in the TAC as the "Material Information," "Bad Faith Practices" and "Illegally-Structured Satter Payments."

The special facts doctrine applies "where one party's superior knowledge of essential facts renders a transaction without disclosure inherently unfair." *Kriss*, 2016 WL 7046816, at *13 (quoting *Connaughton v. Chipotle Mexican Grill, Inc.*, 23 N.Y.S.3d 216, 223 (1st Dep't 2016)). Satter correctly notes that "the doctrine requires satisfaction of a two-prong test: that the material fact was information 'peculiarly within the knowledge' of [defendant], and that the

information was not such that could have been discovered by [plaintiff] through the 'exercise of ordinary intelligence.'" *Jana L. v. W. 129th St. Realty Corp.*, 802 N.Y.S.2d 132, 135 (1st Dep't 2005). The TAC sufficiently alleges both prongs -- that the three categories of information concerned largely private matters and agreements peculiarly within the knowledge of Defendants, and that the information could not have been discovered through the exercise of ordinary intelligence because Defendants allegedly sought to conceal it from not only Plaintiffs and other investors but also government regulators.

None of Satter's arguments to avoid application of the special facts doctrine is persuasive. Satter argues that Plaintiffs had a duty to inquire about the concealed information, and that their failure to do so means that the information is not material to the transaction. The cases Satter cites for support are inapposite and involved information that a prudent person would want to know before entering into the type of transaction at issue in each of those cases. *See JFK Hotel Owner, LLC v. Hilton Hotels Corp.*, 986 N.Y.S.2d 866 (N.Y. Sup. Ct. 2014) (corporate ownership structure of lender in commercial refinance agreement); *Jana L.*, 802 N.Y.S.2d at 135 (claims implicating indemnification agreement in sale of apartment building). If applied to cases like this one, involving alleged purposeful concealment of illegal activities, the duty to inquire would eviscerate the special facts doctrine.

Satter's other arguments pertain to only a fraction of the allegedly concealed information and therefore do nothing to change the outcome of the motion to dismiss. Satter argues that Defendants' alleged intent to renege on their contractual obligations -- one of the Bad Faith Practices -- is not a fact and cannot give rise to a duty to disclose. Even if that is correct, the Bad Faith Practices include other conduct, such as Defendants' alleged agreement to "ignore . . . federal and state law, and IRS regulations."

5

Finally, Satter argues that there could not have been a duty to disclose the Illegally-Structured Satter Payments because no such payments had been made at the time of the negotiations. According to the TAC, the first of the Illegally-Structured Satter Payments was made sometime in 2003, the same year as some of the negotiations on which the fraud claims are based. These allegations are sufficient to state a claim, and the factual determination of the exact timing of the payment and negotiations must await later proceedings. Satter's motion to reconsider the Opinion's conclusion that the Complaint sufficiently alleged Defendants' duty to disclose under the special facts doctrine is denied.

B.   **RICO Conspiracy**

The Salomon Defendants move for reconsideration as to the RICO conspiracy claim arguing that (1) the TAC does not adequately allege a RICO conspiracy and (2) the intracorporate conspiracy doctrine bars the claim against them.[1] The Salomon Defendants' motion is denied insofar as it concerns the RICO conspiracy claim.

The Salomon Defendants misstate the standard for alleging a RICO conspiracy. They argue that "plaintiffs have not pleaded any facts to show that the Salomon Defendants consciously agreed to commit the alleged predicate acts in furtherance of the purported enterprise." That is not the standard following the Supreme Court's decision in *Salinas v. United States*, 522 U.S. 52 (1997). *Salinas* clarified that a RICO conspiracy claim does not require that "each conspirator agreed that he would be the one to commit two predicate acts." *Id.* at 64. Rather, a plaintiff need only allege (and ultimately prove) that the defendant agreed to violate RICO. *Id.* at 63–65. The defendant does not need to know all details of the RICO scheme;

---

[1] The Salomon Defendants also argue that the TAC fails to adequately allege a violation of the NSPA as a RICO predicate act, for essentially the same reasons cited by Satter. As discussed above in connection with Satter's motion, these arguments are rejected.

6

"knowledge of only the general contours of the conspiracy" will suffice. *United States v. Zichettello*, 208 F.3d 72, 100 (2d Cir. 2000). As explained in the Opinion, the TAC adequately alleges a RICO conspiracy claim against the Salomon Defendants under this standard. *Kriss*, 2016 WL 7046816, at *18.

The intracorporate conspiracy doctrine does not bar the RICO conspiracy claim against the Salomon Defendants. "The intracorporate conspiracy doctrine holds that a corporation cannot conspire with its agents." *Id.* at *19 (citing *Turkmen v. Hasty*, 789 F.3d 218, 263 (2d Cir. 2015)). The doctrine also holds that "the officers, agents, and employees of a single corporate entity, each acting within the scope of his employment, are legally incapable of conspiring together." *Reich v. Lopez*, 38 F. Supp. 3d 436, 463 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 71–72 (2d Cir. 1976) ("Although the decision plaintiff challenges reflected the collective judgment of two or more persons, the decision cannot be considered the product of a conspiracy when the board was merely carrying out the corporation's managerial policy." (internal quotation marks omitted)). Courts have applied an exception to this doctrine "when the alleged conspirators are motivated by an improper personal interest separate and apart from that of their principal." *Hicks v. City of New York*, --- F. Supp. 3d ----, No. 15 Civ. 4888, 2017 WL 532304, at *11 (S.D.N.Y. Feb. 8, 2017) (internal quotation marks omitted). The TAC plausibly alleges that the Salomon Defendants' participation in the conspiracy -- preparing accounting documents used in various predicate acts that concealed Satter's ownership and management role and the Illegally-Structured Satter Payments -- was motivated by a personal interest to profit from and conceal the scheme. *See Reich*, 38 F. Supp. 3d at 465 (intracorporate conspiracy doctrine did not bar claim at the pleadings stage where the defendants' alleged participation -- extracting profits for

7

themselves at the corporation's expense and covering up illegal activity -- was based on personal interests, not official duties). Accordingly, the Salomon Defendants' motion for reconsideration as to the RICO conspiracy claim is denied.

      **C.**     **Aiding and Abetting Breach of Fiduciary Duty**

The Salomon Defendants, R&H Defendants and Dogan move for reconsideration of the denial of their motion to dismiss Plaintiffs' aiding and abetting breach of fiduciary duty claim on the grounds that (1) Plaintiffs abandoned the claim by failing to respond to Defendants' arguments, (2) the TAC does not adequately allege the claim and (3) the claim is duplicative of Plaintiffs' breach of contract claim.

"This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed. Application of this proposition is, however, tempered by this Court's discretion . . . ." *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (citations omitted). In the Opinion, the Court exercised its discretion not to deem Plaintiffs' aiding and abetting claim abandoned and instead considered the claim on the merits. *See Kriss*, 2016 WL 7046816, at *23. Defendants' renewed argument on this issue is merely an attempt to relitigate an old issue, which is not appropriate on a motion for reconsideration. *See Analytical Surveys*, 684 F.3d at 52.

As explained in the Opinion, the TAC adequately alleges an aiding and abetting claim as to, among others, the Salomon Defendants, R&H Defendants and Dogan. *Kriss*, 2016 WL 7046816, at *23. Specifically, the TAC alleges underlying breaches of fiduciary duties and enough facts to support a reasonable inference that each of these defendants, by nature of the accounting or legal services they provided to Bayrock Group and the Bayrock Entities, knew of

at least one underlying breach and provided substantial assistance to advance the underlying breach.

Upon reconsideration, however, two of the three breaches of fiduciary duty alleged in the TAC are duplicative of Plaintiffs' breach of contract claims. Under New York law, "[a] cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand." *William Kaufman Org., Ltd. v. Graham & James LLP*, 703 N.Y.S.2d 439, 442 (1st Dep't 2000). Breach of fiduciary duty and breach of contract claims are duplicative where they "are premised upon the same facts and seek the same damages for the alleged conduct." *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 106 (S.D.N.Y. 2013). Here, the breaches of fiduciary duty based on "the FL Group Investment" and "the distribution of proceeds from the FL Group Investment" -- which the TAC alleges interfered with Plaintiffs' membership interests in several Bayrock Entities -- duplicate a portion of Plaintiffs' contract claims, which seek millions of dollars in distributions that Plaintiffs claim they are entitled to based on their membership interests. Accordingly, Plaintiffs' breach of fiduciary duty claim (Count Thirteen) is dismissed to the extent it is based on the FL Group Investment and the distribution of proceeds from the FL Group Investment.

Because the TAC alleges that the R&H Defendants and Dogan were involved only with the FL Group Investment, and not with the Illegally-Structured Satter Payments or any of the other alleged predicate acts, there is no underlying breach of fiduciary duty to support the aiding and abetting claim as to them. Their motions for reconsideration as to the aiding and abetting claim (Count Fourteen) are therefore granted.

As to the Salomon Defendants, however, the TAC alleges that they knew about and provided substantial assistance for the third alleged breach of fiduciary duty -- the Illegally-

9

Structured Satter Payments. Because that alleged breach is not duplicative of Plaintiffs' breach of contract claims, it provides a basis for the aiding and abetting claim against the Salomon Defendants. The Salomon Defendants' motion for reconsideration as to the aiding and abetting is denied.

## III. CONCLUSION

For the foregoing reasons, Defendants Elliot Pisem, Roberts & Holland LLP and Mel Dogan's motions for reconsideration are GRANTED. Defendants Felix Satter, Alex Salomon, Jerry Weinreich and Salomon & Co., P.C.'s motions for reconsideration are DENIED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 444, 446, 448 and 450.

Dated: May 8, 2017
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**