USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JODY KRISS, et al.,                                          :
                                                             :
                                    Plaintiffs,              :   10 Civ. 3959 (LGS) (DCF)
                                                             :
               -against-                                     :   **OPINION AND ORDER**
                                                             :
BAYROCK GROUP LLC, et al.,                                   :
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Jody Kriss and Michael Chu'di Ejekam bring this action against Defendants[1] for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), and various state laws. Defendant Felix Satter in turn asserts a counterclaim against Plaintiffs for abuse of process. Plaintiffs move to dismiss Satter's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] For the reasons stated below, Plaintiffs' motion is granted.

I.   BACKGROUND

The complicated factual allegations and procedural history of this case are set forth in the December 2, 2016, opinion granting in part and denying in part Defendants' motion to dismiss. *See Kriss v. Bayrock Grp. LLC*, No. 10 Civ. 3959, 2016 WL 7046816, at *1–8 (S.D.N.Y. Dec. 2, 2016), *reconsideration granted in part,* 2017 WL 1901966 (S.D.N.Y. May 8, 2017). The

---

[1] As of the date of this Opinion, the remaining Defendants are Tevfik Arif, Felix Satter, Julius Schwarz, Alex Salomon, Jerry Weinreich, Bayrock Group LLC, Bayrock Ocean Club LLC, Bayrock Merrimac LLC, Bayrock Camelback LLC, Bayrock Whitestone LLC, Bayrock Spring Street LLC, Salomon & Co., P.C. and John Does 1–100.

[2] Defendant Bayrock Group also asserts counterclaims against Plaintiff Kriss. Plaintiff Kriss initially moved to dismiss those counterclaims as well but later withdrew the motion.

following facts are taken from Satter's First Amended Answer ("FAA") and are accepted as true for purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

Satter's abuse of process claim rests on the argument that the Third Amended Complaint ("TAC"), which is the operative complaint, includes at least three foundational allegations that are false. Satter alleges that the first such allegation -- that Defendants concealed Satter's 1998 racketeering conviction -- is contradicted by testimony Kriss gave in a 2007 deposition. He alleges that the second allegation -- that between 2003 and 2007 Defendants concealed what the TAC refers to as "Illegally-Structured Satter Payments" -- is contradicted by emails Kriss sent between 2005 and 2007 approving such payments. Finally, he alleges that the third allegation -- that Satter told Kriss in 2003 that Satter was a Bayrock principal -- is contradicted by a required disclosure, which Kriss certified in his capacity as Bayrock Group's Director of Finance, listing Bayrock Group's principals and not including Satter. Satter contends that these false allegations underlie the majority of Plaintiffs' claims against him.

Because Plaintiffs knew these foundational allegations are false, Satter alleges that Plaintiffs filed this action against him for no purpose other than to harm his business, reputation and safety. Satter further alleges that Plaintiffs are using this litigation to publicly disseminate information concerning his past cooperation with prosecutors, which he claims Plaintiffs knew would "endanger [his] life and livelihood" and "serve as the ultimate bargaining chip."

## II. STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013). On a motion to dismiss, a court accepts as

true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party. *Doe*, 831 F.3d at 48.

To survive a motion to dismiss under Rule 12(b)(1), the non-moving party has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). "When subject matter jurisdiction is challenged, we are free to consider materials extrinsic to the complaint." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002); *accord Devi v. Silva*, 861 F. Supp. 2d 135, 143–44 (S.D.N.Y. 2012) (citing *Moser*, 294 F.3d at 339).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

## III. DISCUSSION

The Court has subject matter jurisdiction over the counterclaim, but Plaintiffs' motion to dismiss pursuant to Rule 12(b)(6) is granted because the FAA fails to allege that Plaintiffs misused any legal process that can form the basis of an abuse of process claim. The arguments concerning subject matter jurisdiction are addressed first. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (assuming subject matter jurisdiction to reach the merits "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental

separation of powers principles"); *Carver v. Nassau City Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) ("Normally, in cases involving the issue of Article III subject matter jurisdiction, this issue would have to be addressed first.").

### A. Subject Matter Jurisdiction

The Court has supplemental jurisdiction over Satter's abuse of process claim pursuant to 28 U.S.C. § 1367(a) because the claim derives from the same nucleus of operative fact as Plaintiffs' federal claims.

Section 1367(a) grants supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). The Second Circuit has held that "disputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation marks omitted). Claims derive from a common nucleus of operative fact where "the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.* (alterations omitted); *accord Collins v. City of N.Y.*, 156 F. Supp. 3d 448, 461 (S.D.N.Y. 2016). The Second Circuit has held that state law malpractice claims and fee disputes arising from a federal court action share a common nucleus of operative fact such that the federal court may exercise supplemental jurisdiction over those state law claims. *See Achtman*, 464 F.3d at 336 (alterations omitted) (finding supplemental jurisdiction because "the facts underlying the present malpractice claims and the underlying securities claims substantially overlap, creating a common nucleus of operative fact"); *Shukla v. Sharma*, 586 F. App'x 752, 753–54 (2d Cir. 2014) (summary order)

4

(alterations omitted) ("We have held, in an unbroken line of cases, that a fee dispute between a party and its attorneys shares a common nucleus of operative fact with the underlying action.").

Here, Satter's abuse of process claim is based on Plaintiffs' conduct in this action. His abuse of process claim therefore shares a common nucleus of operative fact with Plaintiffs' federal claims in the same way that a malpractice action or fee dispute shares a common nucleus of operative fact with the underlying action. Accordingly, the Court has supplemental jurisdiction over Satter's abuse of process claim.

### B. Abuse of Process

Satter's abuse of process claim is dismissed because the FAA does not allege that Plaintiffs misused any legal process that is capable of abuse under New York law.

"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 1984); *accord Goldman v. Citicore I, LLC*, 53 N.Y.S.3d 142, 145 (2d Dep't 2017). All three elements are required; "[a] malicious motive alone . . . does not give rise to a cause of action for abuse of process." *Curiano*, 469 N.E.2d at 1326. Regarding the first element, "the process used must involve an unlawful interference with one's person or property." *Id.* (alterations omitted). "Process is a direction or demand that the person to whom it is directed shall perform or refrain from the doing of some described act." *Williams v. Williams*, 246 N.E.2d 333, 335 (N.Y. 1969) (alterations omitted). "[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano*, 469 N.E.2d at 1326.

The FAA fails to plead the first element of abuse of process. As clarified by his opposition to the present motion, Satter's claim is based on "the initiation and subsequent seven-year prosecution of this action," which have compelled him "to appear in court, respond to pleadings, motions, and other judicial orders, produce discovery, and otherwise defend against Plaintiffs' knowingly dishonest allegations." However, the FAA does not allege that Plaintiffs used the type of legal process that can give rise to an abuse of process claim. As noted above, the initiation of an action is not legal process capable of being abused. *See Curiano*, 469 N.E.2d at 1326. Satter has not cited, and research has not uncovered, any cases holding under New York law that filing motions or serving discovery requests qualify as legal process capable of being abused. Generally, the legal process must have been issued by or filed in court. *Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC*, No. 11 Civ. 3327, 2013 WL 417406, at *15 (S.D.N.Y. Feb. 4, 2013); *see Glaser v. Kaplan*, 170 N.Y.S.2d 522, 524–25 (2d Dep't 1958). Abuse of process claims therefore can arise from subpoenas, *see Bd. of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889, AFT AFL-CIO*, 343 N.E.2d 278, 283 (N.Y. 1975), but the FAA does not allege that Plaintiffs used subpoenas or other court-issued process to pursue discovery in this action.

The cases Satter relies on to argue that a discovery request can give rise to an abuse of process claim are unavailing. In *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06 Civ. 1260, 2009 WL 4547792, at *7–8 (E.D.N.Y. Dec. 1, 2009), the court dismissed an abuse of process counterclaim based on discovery requests because defendants failed to plead the third element -- a collateral objective -- and did not hold that discovery requests constitute legal process capable of abuse. The other cases Satter cites do not apply New York law. *See Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 114 (2d Cir. 1996) (Connecticut law); *Gen. Refractories Co.*

*v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 310 (3d Cir. 2003) (Pennsylvania law); *Owens v. Chasko*, No. 11 Civ. 0335, 2011 WL 3163261, at *4 (E.D. Cal. July 26, 2011) (California law).

### C. Leave to Amend

Satter seeks leave to amend the FAA in the event the motion to dismiss is granted. While leave to amend should be "freely give[n] . . . when justice so requires," a court may properly deny leave to amend if the amendment would be futile. *F5 Capital v. Pappas*, 856 F.3d 61, 88–89 (2d Cir. 2017). Satter states that he would amend the FAA to include as processes abused by the Plaintiffs the summons that issued after Plaintiffs filed the TAC and a request for production served in March 2016  As explained above, neither of these actions is legal process capable of abuse under New York law. Satter's motion for leave to amend is therefore denied as futile.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs Jody Kriss and Michael Chu'di Ejekam's motion to dismiss Defendant Felix Satter's counterclaim is GRANTED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 489 and 509.

Dated: September 12, 2017
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7