MANDATE

N.Y.S.D. Case #
10-cv-3959(LGS)

18-914-cv
*Lerner v. Satter*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand nineteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 24 2019

RICHARD E. LERNER,

      *Non-Party-Respondent-Appellant,*      18-914-cv

FREDERICK MARTIN OBERLANDER,

      *Movant-Appellant,*

v.

FELIX SATTER, BAYROCK CAMELBACK, LLC,
BAYROCK MERRIMAC, LLC, BAYROCK OCEAN CLUB
LLC,

1

MANDATE ISSUED ON 07/24/2019

*Defendants-Counter-Claimants-Appellees*,

BAYROCK SPRING STREET, LLC, BAYROCK WHITESTONE, LLC, BAYROCK GROUP LLC,

*Defendants-Nominal Defendants-Counter-Claimants-Appellees*,

SALOMON & COMPANY, P.C.,

*Defendant-Appellee*.[1]

---

**FOR NON-PARTY RESPONDENT-APPELLANT:**      Richard E. Lerner, *pro se*, New York, NY.

**FOR MOVANT-APPELLANT:**      Frederick M. Oberlander, *pro se*, Montauk, NY.

**FOR DEFENDANTS-APPELLEES BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, BAYROCK WHITESTONE LLC, BAYROCK CAMELBACK LLC BAYROCK OCEAN CLUB LLC, AND BAYROCK MERRIMAC LLC:**      Walter A. Saurack, Satterlee Stephens LLP, New York, NY.

**FOR DEFENDANT-APPELLEE SALOMON & COMPANY, P.C.:**      Stephen Jacobs, Landman Corsi Ballaine & Ford P.C., New York, NY.

**FOR DEFENDANT-APPELLEE FELIX SATTER:**      Robert S. Wolf, Moses & Singer LLP, New York, NY.

---

[1] The Clerk of Court is directed to amend the caption as shown above.

Appeal from orders of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Following settlement and entry of final judgment, appellants Frederick Martin Oberlander ("Oberlander") and Richard E. Lerner ("Lerner"), attorneys proceeding *pro se*, appeal from the District Court's March 23, 2015 and February 1, 2016 orders vacating two orders by then-Magistrate Judge Frank Maas directing Oberlander and Lerner to (1) reveal the sources for certain allegations in pleadings filed in this action, (2) turn over certain documents, and (3) refrain from disseminating information contained therein. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

It is well-settled that "[o]ne of the prerequisites to appellate jurisdiction . . . is that the appellant has standing to pursue the appeal." *Concerned Citizens of Cohocton Valley, Inc. v. N.Y. State Dep't of Envtl. Conservation*, 127 F.3d 201, 204 (2d Cir. 1997). And "[b]ecause standing to appeal is conferred only on parties 'aggrieved' by the judgment, a party generally does not have standing to appeal when the judgment terminates the case in his favor." *Id.*; *see also In re O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999) ("It is a fundamental principle of jurisprudence that a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." (internal quotation marks and brackets omitted)). Like most rules, however, this one is subject to limited exceptions. For instance, we have previously held that a prevailing party has standing to appeal when it "is aggrieved by the collateral estoppel effect of a district court's rulings." *In re DES Litig.*, 7 F.3d 20, 23 (2d Cir. 1993). So too when the prevailing party "can show that it is aggrieved by some aspect of the trial court's judgment or decree." *Id.* at 25.

Oberlander and Lerner do not dispute that the two orders from which they appeal were in their favor, and they have failed to show that they are sufficiently "aggrieved" by any aspect of those orders. The purportedly objectionable facet of both orders—the District Court's conclusion that the Magistrate Judge's prohibitions on dissemination were valid interim measures designed to protect the parties from harm—was not necessary to the District Court's decision to vacate the orders and has no conceivable prospective effect. Oberlander and Lerner's claim that they risk future contempt proceedings is puzzling, since there are no longer any orders they might be accused of failing to honor, and they do not claim to have violated the orders when they were in effect. Similarly, their contention that the orders violated their First Amendment rights is meritless. If anything, the District Court's orders had precisely the opposite effect. And to the extent Oberlander and Lerner argue that the Magistrate Judge's orders caused them some nebulous injury, any such claim is moot because those orders have been vacated. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 110 (2d Cir. 2001) (holding that an appeal was moot where "[t]he judgment originally challenged . . . ha[d] been

3

vacated" and therefore "ha[d] no effect"). Because Oberlander and Lerner have failed to demonstrate that they are aggrieved by the District Court's orders, we lack jurisdiction to consider this appeal.

  We have reviewed all of the arguments raised by Lerner and Oberlander with respect to jurisdiction and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit